FILED

1  SEYFARTH SHAW LLP
   Aaron R. Lubeley (SBN 199837)
2  alubeley@seyfarth.com
   Simon L. Yang (SBN 260286)
3  syang@seyfarth.com
   333 South Hope Street, Suite 3900
4  Los Angeles, California 90071
   Telephone: (213) 270-9600
5  Facsimile: (213) 270-9601

6  Attorneys for Defendant
   AIRPORT TERMINAL SERVICES, INC.
7

8

9                  UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11  COLLETTE McDONALD,                    ) CASE NO.
    individually and on behalf of all    )
12  others similarly situated,            ) **NOTICE OF REMOVAL OF CIVIL**
                                          ) **ACTION TO UNITED STATES**
13            Plaintiff,                  ) **DISTRICT COURT (28 U.S.C. §§**
                                          ) **1332, 1441)**
14       v.                               )
                                          ) [Riverside County Superior Court Case
15  AIRPORT TERMINAL SERVICES,            ) No. INC 1108937]
    INC., and DOES 1-100, inclusive,      )
16                                        ) Complaint Filed: November 2, 2011
              Defendants.                 )
17                                        )
                                          )
18

19

20

21

22

23

24

25

26

27

28

                                    DEFENDANT'S NOTICE OF REMOVAL
                          CASE NO. _____

2011 DEC -9 PM 12: 43

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
        RIVERSIDE

BY_____

ED CV 11 - 01946 VAPSPx

1    **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2    **DISTRICT OF CALIFORNIA AND TO PLAINTIFF, COLLETTE**

3    **McDONALD, AND HER ATTORNEYS OF RECORD:**

4          **PLEASE TAKE NOTICE** that Defendant, Airport Terminal Services, Inc.

5    ("ATS"), files this notice of removal pursuant to 28 U.S.C. sections 1332 and

6    1441(a) and (b), based on diversity of citizenship jurisdiction,[1] in order to effect

7    the removal of the above-captioned action from the Superior Court for the County

8    of Riverside to the United States District Court for the Central District of

9    California, and states that the removal is proper for the following reasons:

10    **I.**     **PLEADINGS, PROCESSES, AND ORDERS**

11          1.    On November 2, 2011, Plaintiff, Collette McDonald ("Plaintiff"),

12    filed a purported Class Action Complaint in the Superior Court of California,

13    County of Riverside, entitled "*Collette McDonald v. Airport Terminal Services,*

14    *Inc., and Does 1-100, inclusive*" (the "Complaint"), designated as Riverside

15    Superior Court Case No. INC 1108937 (the "State Court Action").

16          2.    The Complaint alleges at least five purported causes of action as

17    follows:  (1) "Failure to Provide Meal-Period Premium Wages in Violation of

18    California Labor Code §§ 226.7 and 512"; (2) "Failure to Provide Adequate Pay

19    Stubs in Violation of California Labor Code § 226"; (3) "Failure to Reimburse for

20    Uniform-Maintenance Expenses in Violation of California Labor Code § 2802";

21    (4) "Failure to Timely Pay All Wages in Violation of California Labor Code §§

22    201-03"; and (5) "Violation of California Business and Professions Code § 17200

23    *et seq.*"

24          3.    The Complaint also alleges that ATS's alleged conduct "subjects it to

25    civil penalties" under the Labor Code Private Attorneys General Act of 2004

26    ["PAGA"]."  Compl., ¶¶ 8, 10, 12, 13 (citing Cal. Lab. Code § 2698 *et seq.*); *see*

27    _____
  [1] Though not currently removing this matter based on federal-question jurisdiction,

28    ATS notes that Plaintiff's claims are barred by the Airline Deregulation Act, 49
U.S.C. 40101 *et seq.*

1    *also* Compl., ¶¶ 14, 15.  The Complaint alleges that ATS may be subject to civil

2    penalties in connection with alleged violations of California Labor Code sections

3    210, 226.3, and 558 and an Industrial Welfare Commission ("IWC") Wage Order,

4    which is codified at 8 Cal. Code Regs. § 11090. *Id.*

5         4.    On or about November 9, 2011, Plaintiff's counsel served the

6    Summons and Complaint with accompanying documents.  True and correct copies

7    of the (1) Summons, (2) Complaint and Exhibits, (3) Cover Sheet, (4) Certificate,

8    and (5) Notice of Case Assignment that Plaintiff served on ATS are collectively

9    attached hereto as Exhibit 1.

10         5.    On or about November 15, 2011, Plaintiff's counsel served a Proof of

11    Service for the Summons, Complaint, and accompanying documents served on

12    November 9, 2011.  A true and correct copy of the Proof of Service is attached

13    hereto as Exhibit 2.

14         6.    On or about December 8, 2011, ATS filed and served its Answer to

15    the Complaint, a true and correct copy of which is attached hereto as Exhibit 3.

16         7.    The exhibits listed above constitute all prior pleadings, process, and

17    orders filed with any court in this matter.

18    **II.**    **TIMELINESS OF REMOVAL**

19         8.    This Notice of Removal is timely as it is filed within thirty (30) days

20    of ATS's receipt of the Summons and Complaint on November 9, 2011, and within

21    one (1) year of the commencement of this action.  28 U.S.C. § 1446(b).

22    **III.**   **DIVERSITY OF CITIZENSHIP JURISDICTION**

23         9.    This action may be properly removed on the basis of diversity of

24    citizenship jurisdiction, in that it is a civil action between citizens of different

25    states and the amount in controversy exceeds the sum of $75,000, exclusive of

26    interest and costs.  28 U.S.C. §§ 1332(a)(1), 1441(a).

27

28

DEFENDANT'S NOTICE OF REMOVAL
CASE NO. _____

**A.    Plaintiff's Citizenship**

10.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A party's residence is *prima facie* evidence of his or her domicile. *Merricks-Barragan v. Maidenform, Inc.*, 2011 WL 5173653, at *2 (C.D. Cal. Oct. 31, 2011) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

11.    Attached as Exhibit 1 to Plaintiff's Complaint is one of Plaintiff's wage statements.  Though Plaintiff has redacted the address of her residence on Exhibit 1, Plaintiff's residence, as indicated by non-redacted versions of Plaintiff's wage statements, is 401 S. El Cielo Rd. #36, Palm Springs, California  92262.  Declaration of Simon L. Yang ("Yang Decl."), ¶ 2; Declaration of Ruthanne Whitner ("Whitner Decl."), ¶ 4.  Plaintiff's intent to remain domiciled in California is evident from the fact that, although Plaintiff has taken the position that ATS owes her unpaid wages, neither Plaintiff nor her counsel has provided ATS a non-California address to send allegedly unpaid wages.  Yang Decl. ¶ 3.  Nor has Plaintiff or her counsel ever expressed any intention that she does not intend to remain domiciled in California.  Yang Decl. ¶ 3.

12.    Moreover, throughout Plaintiff's employment with ATS, she has, without exception, listed the above California address.  Yang Decl. ¶ 3.  For example, the driver's license Plaintiff presented to ATS in connection with her employment application is a California drivers license.  Yang Decl. ¶ 3.  Similarly, Plaintiff has also provided that address for purposes of her personnel file, payroll checks, state payroll, and tax withholdings, thereby demonstrating "an intent to remain" in California and establishing Plaintiff's domicile in California.  Yang Decl. ¶ 2.  Indeed, as Plaintiff alleges, "Plaintiff was employed by ATS as an

3

1  Airport Agent at Palm Springs in the State of California throughout the relevant

2  period." Compl., ¶ 5.

3      13.  Plaintiff, therefore, is, and at all times since the commencement of this

4  action has been, a citizen and resident of the State of California.

5      **B.**  **ATS's Citizenship**

6      14.  ATS is now, and was at the time of the filing of this action, a citizen

7  of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1).

8  28 U.S.C. § 1332(c)(1).

9      15.  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed

10  to be a citizen of any State by which it has been incorporated and of the State

11  where it has its principal place of business."  ATS is now, and was at all relevant

12  times, incorporated under the laws of the State of Missouri.  Whitner Decl., ¶ 2.

13      16.  With respect to ATS's principal place of business, the Supreme

14  Court's recent decision in *The Hertz Corp. v. Friend*, ___ U.S. __, 130 S. Ct. 1181,

15  175 L. Ed. 2d 1029 (2010), has held that a corporation's "principal place of

16  business" for determining its citizenship is the corporation's "nerve center":

17          We conclude that "principal place of business" is best read as
referring to the place where a corporation's officers direct, control,

18          and coordinate the corporation's activities.  It is the place that Courts
of Appeals have called the corporation's "nerve center."  **And in**

19          **practice it should normally be the place where the corporation**
**maintains its headquarters -- provided that the headquarters is**

20          **the actual center of direction, control, and coordination, i.e., the**
**"nerve center"** . . . .

21

22  *The Hertz Corp.*, 130 S. Ct. at 1192 (emphasis added).

23      17.  Here, ATS's headquarters is located at 111 Westport Plaza Drive,

24  Suite 400, St. Louis, Missouri  63146.  Whitner Decl., ¶ 3.  ATS's corporate

25  officers, including the Chief Executive Office, President, and Vice President of

26  Employee Services, for example, work from this headquarters in St. Louis,

27  Missouri.  *Id.*  These individuals comprise ATS's senior management and are

28  responsible for the direction, control, and coordination of ATS's corporate

4

1   planning and strategy. *Id.* **None** of ATS's senior management works out of

2   California. *Id.*

3       18.   As ATS is incorporated in Missouri and its "actual center of direction,

4   control, and coordination" or "nerve center" is in St. Louis, Missouri, ATS is not a

5   citizen of the State of California.  Rather, ATS is a citizen of the State of Missouri.

6   *The Hertz Corp.*, 130 S. Ct. at 1192.

7       **C.    Doe Defendants' Citizenship**

8       19.   The presence of Doe defendants in this case has no bearing on

9   diversity of citizenship for removal.  28 U.S.C. § 1441(a) ("For purposes of

10  removal under this chapter, the citizenship of defendants sued under fictitious

11  names shall be disregarded.").

12      20.   Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and

13  unknown defendants should be disregarded for purposes of establishing removal

14  jurisdiction under 28 U.S.C. § 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d

15  1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a

16  removal petition).  Thus, the existence of Doe defendants 1 through 100, inclusive,

17  does not deprive this Court of jurisdiction.

18      **D.    Amount In Controversy**

19      21.   While ATS denies any liability as to Plaintiff's claims, the amount in

20  controversy requirement is satisfied because "it is more likely than not" that the

21  amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v.*

22  *Monumental Life Ins.*, 95 F.3d 856, 862 (9th Cir. 1996) ("[D]efendant must

23  provide evidence establishing that it is 'more likely than not' that the amount in

24  controversy exceeds [the threshold] amount.").

25      22.   As explained by the Ninth Circuit, "the amount-in-controversy inquiry

26  in the removal context is not confined to the face of the complaint."  *Valdez v.*

27  *Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may

28  consider facts presented in the removal petition.)

DEFENDANT'S NOTICE OF REMOVAL
CASE NO. _____

23.    In addition, a court may require parties to submit evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) *quoting Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995).  Affidavits can serve as the evidence to establish particular elements of damages. *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 201 (2d Cir. 1982).

24.    The gravamen of Plaintiff's Complaint is that ATS (1) failed to provide meal period premium wages between October 12, 2007, and the present (Compl., ¶¶ 7, 8); (2) failed to provide adequate pay stubs between October 12, 2007, and the present; (Compl., ¶¶ 9, 10); (3) failed to reimburse for business expenses in connection with uniforms (Compl., ¶¶ 11, 12); and (4) failed to timely pay wages (Compl., ¶¶ 13).

25.    The Complaint seeks to recover meal period premium wages, wage statement penalties, waiting-time penalties, injunctive relief, restitution and disgorgement of all sums obtained through allegedly unfair business practices, and attorneys' fees and costs. *See* Compl., Prayer for Relief.  The Complaint also seeks to recover PAGA civil penalties.  Compl., ¶¶ 8, 10, 12, 13; *see also* Compl., ¶¶ 14, 15.

26.    **Meal Period Damages.**  Plaintiff seeks to recover penalties on behalf of herself for alleged violations of California Labor Code section 226.7, for failure to provide premium wages for missed meal periods.

27.    The statute of limitations for recovery of Labor Code section 226.7 pay is three years. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations.").  Because Plaintiff filed her Complaint on November 2, 2011, Plaintiff may seek meal period premium wages for the period from November 2, 2008, through the present. Because Plaintiff has alleged an unfair business practices claim (Compl., ¶¶ 45,

6

46), however, Plaintiff likely will seek restitution of meal period premium wages for the period from November 2, 2007, through November 1, 2008, pursuant to the four-year statute of limitations for unfair business practice claims.  Cal. Bus. & Prof. Code § 17208.

28.    Courts have assumed a 100% violation rate in calculating the amount in controversy for removal purposes when the complaint does not allege a more precise calculation.  *See, e.g.*, *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate"); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (concluding that plaintiff was the "master of [her] claims, and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.").  Here, Plaintiff simply alleges that ATS denied her meal period premium wages without specifying the frequency of such alleged denials.  As such, it is appropriate, for the purposes of determining the amount in controversy, to use a 100% violation rate.

29.    As demonstrated by Exhibit 1 of the Complaint, ATS paid Plaintiff $16.50 per hour.  Compl., Ex. 1.  Plaintiff alleges that she has been employed by ATS "throughout the relevant period."  Compl., ¶ 5.  Since November 2, 2007, there have been approximately 214 weeks.  Plaintiff generally has worked five day work weeks throughout her employment.  Whitner Decl., ¶ 5.  As a result, Plaintiff seeks meal period penalties for approximately 1070 work days.  As Plaintiff alleges she is entitled to penalties in the amount of one hour of pay per work day, Plaintiff's meal period claim puts $17,655 in controversy.[2]  *See* Cal. Lab. Code §

---

[2] 1070 work days x 1 hour of premium pay per work day with missed meal period x $16.50 per hour = $17,655.

7

226.7 (providing one hour of premium pay for each work day in which a meal period is not provided).

30.    **Wage Statement Penalties**.  Plaintiff also seeks to recover penalties on behalf of herself for alleged violations of California Labor Code section 226, for failure to provide accurate wage statements that comply with the requirements of the California Labor Code.

31.    The statute of limitations for recovery of penalties under Labor Code § 226 is one year.  Cal. Civ. Proc. Code § 340(a).  Because Plaintiff filed her Complaint on November 2, 2011, Plaintiff may seek wage statement penalties for the period from November 2, 2010, through the present.  Because Plaintiff has alleged an unfair business practices claim (Compl., ¶¶ 45, 46), however, Plaintiff likely will seek restitution of wage statement penalties for the period from November 2, 2007, through November 1, 2010, pursuant to the four-year statute of limitations for unfair business practice claims.  Cal. Bus. & Prof. Code § 17208.

32.    Courts have assumed a 100% violation rate in calculating the amount in controversy for removal purposes when the complaint does not allege a more precise calculation.  *See, e.g., Coleman*, 730 F. Supp. 2d at 1150 ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate"); *Muniz*, 2007 WL 1302504, at *4 (concluding that plaintiff was the "master of [her] claims, and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.").

33.    California Labor Code section 226(e) provides that damages are the greater of all actual damages or $50 for the first violation and $100 for every violation thereafter, per employee, up to $4,000.  Cal. Lab. Code § 226(e).  Since

DEFENDANT'S NOTICE OF REMOVAL
CASE NO. _____

1    one year prior to the filing of the Complaint, there have been 56 pay periods.[3]

2    Thus, the total potential amount in controversy for these penalties would be the

3    above the statutory maximum of $4,000.[4]  As a result, Plaintiff's wage statement

4    claim puts $4,000 in controversy.

5       34.    **Expense Reimbursement**.  Plaintiff also seeks to recover allegedly

6    unreimbursed business expenses in connection with maintaining her uniform for

7    ATS.  Cal. Lab. Code § 2802.

8       35.    Plaintiff, however, has not provided enough information in the

9    Complaint for ATS to be able to calculate how much, if anything, the expense

10    reimbursement claim puts in controversy.

11       36.    **Waiting-Time Penalties**.  Plaintiff also seeks to recover waiting-time

12    penalties for an alleged failure to timely pay "wages of an employee who is

13    discharged or who quits."  Cal. Lab. Code § 203.

14       37.    Plaintiff, however, alleges that she has been employed by ATS

15    "throughout the relevant period."  Compl., ¶ 5.  Assuming Plaintiff's allegations

16    are incorrect, Plaintiff, if prevailing on this claim, would be entitled to recover 30

17    days of wages as waiting-time penalties.  Based on the fact that ATS paid Plaintiff

18    $16.50 per hour, the waiting-time penalties claim puts an additional $3,960 in

19    controversy.[5]

20       38.    **Attorneys' Fees**.  Plaintiff also seeks to recover her attorneys' fees.

21    *See* Compl., ¶¶ 35, 39, 46.  Attorneys' fees are properly considered in calculating

22    the amount in controversy for purposes of removal on grounds of diversity

23    jurisdiction.  *See, e.g.*, *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.

24    1982), *cert. denied*, 459 U.S. 945 (1982) (attorneys' fees may be taken into

25    account to determine jurisdictional amount); *Galt G/S v. JSS Scandinavia*, 142

---

[3] Defendant has had at least 56 pay periods since November 2, 2010.  Whitner Decl., ¶ 8.

[4] $50 x 1 Initial Pay Period + $100 x 55 Subsequent Pay Periods = $5,550.

[5] 30 days x 8 hours per day x $16.50 per hour = $3,960.

9

DEFENDANT'S NOTICE OF REMOVAL
CASE NO. _____

1  F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included

2  in amount in controversy, regardless of whether such an award is discretionary or

3  mandatory).

4      39.    It would be virtually impossible for Plaintiff in this purported class

5  action to incur less than $75,000 in attorneys' fees.  Yang Decl. ¶ 4.  Even in single

6  plaintiff wage-and-hour cases, courts have awarded attorneys' fees far in excess of

7  $75,000.  *See, e.g., Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, *4

8  (N.D. Cal. 2010) ("[A] typical individual wage and hour case generates fees in

9  excess of $100,000.");  *Good Nite Inn Mgmt., Inc. v. Ahmed*, 2011 WL 2565257,

10  *1-2, 12 (Cal. Ct. App. 1st Dist. June 29, 2011) (affirming award of attorneys' fees

11  of $210,625.75 to single plaintiff who prevailed on missed break claim).

12      40.    In this case, the fees will undoubtedly exceed $75,000.  Indeed, in

13  similar circumstances involving an alleged putative class action that was denied

14  class certification but proceeded to try wage-and-hour claims on an individual

15  basis, Plaintiff's counsel--though limiting his requested fees to work spent on the

16  individual, non-class claims--sought $942,594.25 in attorneys' fees.  Yang Decl. ¶

17  4 and Ex. 1.

18      41.    Further, Plaintiff alleges that this case is appropriate for class

19  certification.  It is inconceivable that a class-action jury trial of this type could be

20  completed for less than $75,000 in attorneys' fees incurred on Plaintiff's behalf.

21      42.    **PAGA Penalties**.  In addition to the meal period premium wages,

22  wage statement penalties, expense reimbursement, waiting-time penalties, and

23  attorneys' fees, Plaintiff alleges that she is entitled to recover PAGA civil penalties

24  for ATS's purported violations of California Labor Code sections 210, 226.3, and

25  558 and an Industrial Welfare Commission ("IWC") Wage Order, which is

26  codified at 8 Cal. Code Regs. § 11090.  Compl., ¶¶ 8, 10, 12, 13 (citing Cal. Lab.

27  Code § 2698 *et seq.*); *see also* Compl., ¶¶ 14, 15.

28

10

DEFENDANT'S NOTICE OF REMOVAL
CASE NO. _____

1       43.    PAGA authorizes "aggrieved employees," acting as a private

2  attorneys general, to assess and collect civil penalties for violations of the

3  California Labor Code. Cal. Lab. Code § 2698 *et seq.* Under PAGA, Plaintiff may

4  seek penalties in the sum of one hundred dollars ($100) per aggrieved employee,

5  per pay period, for an initial Labor Code violation, and two hundred dollars ($200)

6  for each subsequent violation per aggrieved employee, per pay period. Cal. Lab.

7  Code § 2699(f)(2).

8       44.    When determining the amount in controversy for PAGA penalties,

9  courts aggregate the amount of total penalties that can be sought by the aggrieved

10  employees. *Thomas v. Aetna Health of California, Inc.*, 2011 WL 2173715, at *19

11  (E.D. Cal. June 2, 2011)("[A] PAGA claim is common and undivided because the

12  right to pursue the action derives solely from the LWDA's interest in enforcement

13  of the Labor Code . . . . Like a typical shareholders' derivative suit where the

14  jurisdictional amount in controversy is predicated on the damages sustained by the

15  corporation -- as opposed to the named individual shareholder -- the amount at

16  stake in a PAGA claim is predicated on the total amount of the penalties that can

17  be sought by the aggrieved employees as the proxy of the LWDA."); *see also*

18  *Butterworth v. American Eagle Outfitters, Inc.*, 2011 WL 4905641, at *5 (E.D.

19  Cal. Oct. 14, 2011) (aggregating all penalties to be paid in connection with PAGA

20  claim in calculating amount in controversy for removal purposes).

21       45.    Here, Plaintiff seeks to recover PAGA penalties on behalf of "[a]ll

22  persons employed by ATS in California and commonly referred to as Agents, Lead

23  Agents, Supervisor Agents, Ramp Agents, Ramp Leads, Ramp Supervisors, Cargo

24  Agents, Cargo Leads, Cargo Supervisors, Passenger Service Agents, Passenger

25  Service Leads, Passenger Service Supervisors, Station Agents, Lead Station

26  Agents, Supervisor Station Agents, Cabin Grooming Agents, Lead Cabin

27  Grooming Agents, and Supervising Cabin Grooming Agents [since] October 12,

28

11

DEFENDANT'S NOTICE OF REMOVAL
CASE NO. _____

1    2007." Compl., ¶ 19. There are at least 864 persons that ATS has employed in the

2    aforementioned positions since November 2, 2007. Whitner Decl., ¶ 6.

3        46.    The statute of limitations for recovery of PAGA penalties is one year.

4    Cal. Civ. Proc. Code § 340; *see also Thomas v. Home Depot USA Inc.*, 527 F.

5    Supp. 2d 1003, 1007 (N.D. Cal. 2007) (holding PAGA statute of limitations is one

6    year and rejecting claim that relevant limitations period is that of the underlying

7    claims). ATS has had at least 56 pay periods since November 2, 2010. Whitner

8    Decl., ¶ 6.

9        47.    Assuming only one violation of the California Labor Code or WC

10   Wage Order per employee per pay period during the one-year PAGA limitations

11   period, potential PAGA penalties alone amount to at least $9,590,400.[6]

12       48.    The entire $9,590,400 in potential PAGA penalties is to be considered

13   in calculating the amount in controversy. *See, e.g., Schiller v. David's Bridal, Inc.*,

14   2010 WL 2793650, at *8 (E.D. Cal. Jul. 14, 2010) ("[I]t makes little difference

15   whether the LWDA shares in this recovery—Plaintiff, by alleging PAGA

16   penalties, has put 100% of the PAGA penalties in controversy.").[7]

17       49.    The PAGA claim alone satisfies the amount in controversy

18   requirement. *See, e.g., Butterworth v. American Eagle Outfitters, Inc.*, 2011 WL

19   4905641, at *5 (E.D. Cal. Oct. 14, 2011) ("Therefore, based only on the PAGA

20   penalties related to the failure to provide seating claim, the Court finds that

21   Defendant has shown that it is more likely than not that the amount in controversy

22   exceeds $5,000,000."). Even if just 25% of the putative class had Labor Code

23

24

25   [6] This amount is calculated as follows: (864 allegedly aggrieved employees x $100
     civil penalty for initial violations x 1 initial pay periods) + (864 allegedly
26   aggrieved employees x $200 civil penalty for subsequent violations x 55
     subsequent pay periods).
27   [7] Under the PAGA statute, a bounty equal to 25% of the total value of PAGA
     penalties is paid to "aggrieved employee(s) and 75% to the State." Cal. Lab. Code
28   § 2699(i).

12

DEFENDANT'S NOTICE OF REMOVAL
CASE NO. _____

1  violations in just 10% of their pay periods, potential PAGA penalties alone would

2  still amount to at least $194,400.[8]

3       50.    Accordingly, since the amount in controversy exceeds $75,000, the

4  requirements for removal under 28 U.S.C. Sections 1332(a) and 1441(a) are

5  satisfied and this Court has original jurisdiction.

6  **IV.    ALL NECESSARY PARTIES HAVE JOINED IN THIS REMOVAL**

7       51.    As noted above, ATS has been served with the documents in this

8  action.

9       52.    The existence of Doe defendants 1 through 100, inclusive, does not

10  deprive this Court of jurisdiction. *See* 28 U.S.C. § 1441(a) ("For purposes of

11  removal under this chapter, the citizenship of defendants sued under fictitious

12  names shall be disregarded."); *see also Fristos*, 615 F.2d at 1213 (explaining that

13  unnamed defendants are not required to join in a removal petition).

14       53.    Thus, all necessary parties have joined in this removal.

15  **V.    VENUE**

16       54.    As discussed above, Plaintiff is a resident of Southern California,

17  residing at 401 S. El Cielo Rd. #36, Palm Springs, California  92262.  Yang Decl.,

18  ¶ 2; Whitner Decl., ¶ 4.

19       55.    Plaintiff originally filed this action in the Superior Court of the State

20  of California, County of Riverside.  The County of Riverside lies within the

21  jurisdiction of the United States District Court, Central District of California.

22       56.    Therefore, without waiving ATS's right to challenge, among other

23  things, personal jurisdiction or venue by way of a motion or otherwise, venue lies

24  in the Central District of this Court, pursuant to 28 U.S.C. sections 84(c), 1441(a),

25  and 1446(a).  This Court is the United States District Court for the district within

26

27  [8] This amount is calculated as follows:  (216 allegedly aggrieved employees x $100 civil penalty for initial violations x 1 initial pay periods) + (216 allegedly

28  aggrieved employees x $200 civil penalty for subsequent violations 4 subsequent pay periods).

DEFENDANT'S NOTICE OF REMOVAL
CASE NO. _____

which the State Court Action is pending.  Thus, venue lies in this Court pursuant to 28 U.S.C. Section 1441(a).

## VI.     SERVICE OF NOTICE OF REMOVAL ON STATE COURT

57.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required under 28 U.S.C. Section 1446(d).

58.     WHEREFORE, ATS prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.


Dated: December 9, 2011               SEYFARTH SHAW LLP


                                      By _____
                                          Aaron R. Lubeley
                                          Simon L. Yang
                                          Attorneys for Defendant
                                          AIRPORT TERMINAL SERVICES, INC.

DEFENDANT'S NOTICE OF REMOVAL
CASE NO. _____

# EXHIBIT 1

*11-9    2:50 pm*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AIRPORT TERMINAL SERVICES, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

COLLETTE MCDONALD, individually, and on behalf of all others
similarly situated.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 02 2011

C. Perez

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of California

for the County of Riverside
46-200 Oasis Street, Indio, CA 92201

CASE NUMBER:
*(Número del caso):* **INC 1 1 0 8 9 3 7**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del demandante, o del demandante que no tiene abogado, es):*
Harris & Ruble, 6424 Santa Monica Boulevard, Los Angeles, CA 90038 (323) 962-3777

DATE: November 2, 2011          Clerk, by _____, Deputy
*(Fecha)* **NOV 02 2011**          *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Airport Terminal Services, Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
82-237 Odlum Drive
Indio, California 92201
Telephone: (760) 342-8074
Facsimile: (760) 863-5868
jpdorigan@aol.com

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 02 2011

C. Perez

*Attorneys for Plaintiff*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| COLLETTE McDONALD, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AIRPORT TERMINAL SERVICES, INC., and DOES 1–100, inclusive, <br><br> Defendants. | Case No. INC 1 1 0 8 9 3 7 <br><br> **COMPLAINT** <br><br> *[Class Action]* <br><br> 1.  Failure to Provide Meal-Period Premium Wages in Violation of California Labor Code §§ 226.7 and 512 <br><br> 2.  Failure to Provide Adequate Pay Stubs in Violation of California Labor Code § 226 <br><br> 3.  Failure to Reimburse for Uniform-Maintenance Expenses in Violation of California Labor Code § 2802 <br><br> 4.  Failure to Timely Pay All Wages in Violation of California Labor Code §§ 201–03 <br><br> 5.  Violation of California Business and Professions Code § 17200 *et seq.* <br><br> **DEMAND FOR JURY TRIAL** |

Collette McDonald, individually, on behalf of the general public, and on behalf of all other similarly situated current and former employees of Airport Terminal Services, Inc. ("ATS"), seeking a preliminary and permanent injunction with respect to the violations alleged herein, states as follows:

### JURISDICTION AND VENUE

1.    This is a class action brought against ATS, a corporation, and DOES 1–100 on behalf of a Class of all persons employed by ATS in California and commonly referred to as Agents, Lead Agents, Supervisor Agents, Ramp Agents, Ramp Leads, Ramp Supervisors, Cargo Agents, Cargo Leads, Cargo Supervisors, Passenger Service Agents, Passenger Service Leads, Passenger Service Supervisors, Station Agents, Lead Station Agents, Supervisor Station Agents, Cabin Grooming Agents, Lead Cabin Grooming Agents, and Supervising Cabin Grooming Agents (collectively referred to as "Airport Agents") since approximately October 12, 2007.

2.    This action alleges that ATS (1) failed to pay earned wages to Airport Agents on account of late, curtailed, or missed meal periods; (2) failed to provide Airport Agents with proper wage statements; (3) failed to provide Airport Agents with funds to maintain their uniforms; (4) failed to provide Airport Agents with proper seating; and (5) engaged in unfair, unlawful, and/or fraudulent business practices in violation of California law to the detriment of Airport Agents and the general public.

3.    This class-action suit is founded upon violations of the California Labor Code, the California Code of Regulations (Industrial Welfare Commission Order 9), and the California Business and Professions Code. The monetary damages and restitution sought by Plaintiff and the Class exceed the minimal jurisdictional amounts.

4.    Plaintiff is informed and believes, and based thereon alleges, that venue is proper in that ATS is a corporation that is authorized to conduct—and that does conduct—significant amounts of business in Riverside County, California. The corporate policies, whether real or implied, pursuant to which ATS's liability arises were applied in Riverside County. Venue is proper in this judicial district pursuant to California Business

1    & Professions Code section 17203 and California Code of Civil Procedure sections

2    395(a) and 395.5.  ATS maintains an office, transacts business, has an agent, or is found

3    in the County of Riverside, and ATS is within the jurisdiction of this Court for purposes

4    of service of process.  The unlawful acts alleged herein have had a direct effect on, and

5    were committed within, the County of Los Angeles, State of California.

6                    *PARTIES AND SUBSTANTIVE ALLEGATIONS*

7         5.    Plaintiff was employed by ATS as an Airport Agent at Palm Springs in the

8    State of California throughout the relevant period.  Plaintiff brings this action on behalf

9    of herself, on behalf of all others similarly situated, and pursuant to California Business

10   and Professions Code section 17200 *et seq.*

11        6.    Plaintiff is informed and believes, and based thereon alleges, that ATS and

12   DOES 1–100 are corporations that conduct significant amounts of business within

13   Riverside County and are primarily involved in the airline business providing passenger

14   flight service at Palm Springs (PSP) and at least the following, additional locations within

15   the State of California:  Burbank (BUR), Ontario (ONT), San Diego (SAN), San Jose

16   (SJC), and Santa Ana (SNA).  ATS offers passenger check-in and ticketing, passenger

17   boarding, VIP lounge staffing, baggage services, aircraft loading and unloading, aircraft

18   marshaling, aircraft pushback, aircraft fueling, aircraft deicing, aircraft cabin cleaning,

19   cargo warehouse functions (receiving and delivery, and document processing.

20        7.    Plaintiff contends that she was not provided with all required wages under

21   California law on account of ATS's failure to provide adequate meal-break

22   compensation.  Under the California Labor Code, "[a]ll wages . . . earned by any person

23   in any employment are due and payable twice during each calendar month, on days

24   designated in advance by the employer as the regular paydays."  Cal. Lab. Code § 204(a).

25   Compensation for missed meal periods constitutes wages within the meaning of section

26   220 *et seq.* of the California Labor Code.  As to such wages, section 512 of the Labor

27   Code provides, in relevant part:

28        An employer may not employ an employee for a work period of more than

1    five hours per day without providing the employee with a meal period of not

2    less than 30 minutes, except that if the total work period per day of the

3    employee is no more than six hours, the meal period may be waived by

4    mutual consent of both the employer and employee.  An employer may not

5    employ an employee for a work period of more than 10 hours per day

6    without providing the employee with a second meal period of not less than

7    30 minutes, except that if the total hours worked is no more than 12 hours,

8    the second meal period may be waived by mutual consent of the employer

9    and the employee only if the first meal period was not waived.

10    Id. § 512(a).  Similarly, Industrial Welfare Commission ("IWC") Wage Order 9 states, in

11    pertinent part, that "[n]o employer shall employ any person for a work period of more

12    than five (5) hours without a meal period of not less than 30 minutes."  8 Cal. Code Regs.

13    11090 § 11(A).  Furthermore, according to section 226.7 of the Labor Code, "[i]f an

14    employer fails to provide an employee a meal period . . . in accordance with an applicable

15    order of the Industrial Welfare Commission, the employer shall pay the employee one

16    additional hour of pay at the employee's regular rate of compensation for each work day

17    that the meal period . . . is not provided."  Cal. Lab. Code § 226.7(b).

18        8.    The nature of the work at ATS is such that there are times when Airport

19    Agents may not be able to take lunch breaks.  However, during the period of time

20    commencing four years prior to the filing of the Complaint to the present, ATS failed to

21    provide Plaintiff and Airport Agents with meal-period premium wages for those

22    occasions on which they were not provided with adequate meal periods.  ATS failed to

23    provide such wages despite the fact that it kept track of those instances so that it could

24    reverse the automatic meal-period deduction taken by its payroll system each workday.

25    For example, attached hereto as Exhibit 1 is a printout of Plaintiff's pay stub for the

26    weekly pay period of February 28, 2011, through March 6, 2011, along with a copy of

27    her corresponding "Employee Weekly Time Sheet."  The documents reflect the fact that,

28    although Plaintiff was not provided with an adequate meal period on February 28, 2011,

1   she was not provided with an accompanying meal-period premium wage.  On

2   information and belief, Plaintiff alleges that, during the period of time commencing four

3   years prior to the filing of the Complaint to the present, ATS likewise failed to provide

4   other Airport Agents in California with meal-period premium wages for inadequate meal

5   breaks.  In addition to subjecting ATS to compensatory and restitutionary damages,

6   ATS's failure to provide such compensation subjects it to civil penalties.  See Cal. Lab.

7   Code §§ 210, 558, 2698 et seq.; 8 Cal. Code Regs. 11090 § 20.

8        9.        In addition to failing to provide adequate meal-period premium wages,

9   Plaintiff contends that ATS failed to provide her with adequate pay stubs.  In this regard,

10  section 226 of the California Labor Code provides:

11        (a) Every employer shall, semimonthly or at the time of each payment of

12        wages, furnish each of his or her employees, either as a detachable part of

13        the check, draft, or voucher paying the employee's wages, or separately

14        when wages are paid by personal check or cash, an itemized statement in

15        writing showing (1) gross wages earned, (2) total hours worked by the

16        employee, except for any employee whose compensation is solely based on

17        a salary and who is exempt from payment of overtime under subdivision (a)

18        of Section 515 or any applicable order of the Industrial Welfare

19        Commission, (3) the number of piece-rate units earned and any applicable

20        piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

21        provided, that all deductions made on written orders of the employee may be

22        aggregated and shown as one item, (5) net wages earned, (6) the inclusive

23        dates of the period for which the employee is paid, (7) the name of the

24        employee and his or her social security number, (8) the name and address of

25        the legal entity that is the employer, and (9) all applicable hourly rates in

26        effect during the pay period and the corresponding number of hours worked

27        at each hourly rate by the employee.  The deductions made from payments

28        of wages shall be recorded in ink or other indelible form, properly dated,

showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.  Similarly, IWC Wage Order 9 requires an employer to keep time records of meal periods unless all operations cease during such periods.  See 8 Cal. Code Regs. 11090 § 7(A)(3).

10.    On information and belief, Plaintiff contends that ATS failed to provide Airport Agents with the data required by section 226 of the California Labor Code and IWC Wage Order 9.  For example, Exhibit 1 hereto fails to indicate that Plaintiff is owed additional wages on account of working through meal periods.  In addition to subjecting ATS to the damages specified in section 226(e), ATS's failure to provide such information subjects it to civil penalties.  See Cal. Lab. Code §§ 226.3, 2698 et seq.; 8 Cal. Code Regs. 11090 § 20.

11.    In addition to failing to provide adequate meal-period premium wages and failing to provide adequate pay stubs, Plaintiff contends that ATS failed to reimburse her

1    for the maintenance of her uniform. In this regard, section 2802 of the Labor Code states

2    that "[a]n employer shall indemnify his or her employee for all necessary expenditures or

3    losses incurred by the employee in the direct consequence of the discharge of his or her

4    duties." Id. § 2802(a). Similarly, Wage Order 9 provides that, "[w]hen uniforms are

5    required by the employer to be worn by the employee as a condition of employment, such

6    uniforms shall be provided and maintained by the employer." 8 Cal. Code Regs. 11090

7    § 9(A).

8        12.    On information and belief, Plaintiff contends that ATS failed to reimburse

9    Airport Agents for the maintenance of their uniforms. In addition to subjecting ATS to

10   damages, ATS's failure to provide such reimbursement subjects it to civil penalties. See

11   Cal. Lab. Code § 2698 et seq.; 8 Cal. Code Regs. 11090 § 20.

12       13.    On account of ATS's failure to reimburse Airport Agents for the

13   maintenance of their uniforms, as well as ATS's failure to provide meal-period premium

14   wages, ATS is liable to former employees—including Plaintiff herself—for continuing

15   wages pursuant to sections 201 through 203 of the Labor Code. Section 201 of the Labor

16   Code states that, "[i]f an employer discharges an employee, the wages earned and unpaid

17   at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a).

18   Similarly, section 202 of the Labor Code provides that, "[i]f an employee . . . quits his or

19   her employment, his or her wages shall become due and payable not later than 72 hours

20   thereafter, unless the employee has given 72 hours previous notice of his or her intention

21   to quit, in which case the employee is entitled to his or her wages at the time of quitting."

22   Id. § 202(a). According to section 203 of the Labor Code, "[i]f an employer willfully

23   fails to pay, without abatement or reduction, in accordance with Sections 201[ or]

24   202, . . . any wages of an employee who is discharged or who quits, the wages of the

25   employee shall continue as a penalty from the due date thereof at the same rate until paid

26   or until an action therefor is commenced; but the wages shall not continue for more than

27   30 days." Id. § 203(a). In addition to subjecting ATS to damages, ATS's failure to

28   timely pay all outstanding wages upon the termination of employment subjects it to civil

1    penalties.  See Cal. Lab. Code § 2698 *et seq.*

2        14.    In addition to failing to provide meal-period premium wages, failing to

3    provide adequate pay stubs, and failing to reimburse uniform-maintenance expenses,

4    Plaintiff contends that ATS failed to provide her with adequate seating.  In this regard,

5    IWC Wage Order 9 states that "[a]ll working employees shall be provided with suitable

6    seats when the nature of the work reasonably permits the use of seats."  8 Cal. Code

7    Regs. 11090 § 14(A).

8        15.    On information and belief, Plaintiff contends that ATS failed to provide

9    adequate seating to Airport Agents.  This subjects ATS to civil penalties.  See 8 Cal.

10   Code Regs. 11090 § 20.

11       16.    Plaintiff is informed and believes, and based thereon alleges, that ATS's

12   labor practices and all other aspects of its operations, as well as the job duties of Airport

13   Agents, are stringently controlled and monitored pursuant to uniform standards

14   established by ATS that apply throughout the company and certainly throughout

15   California.  Plaintiff is informed and believes, and based thereon alleges, that ATS

16   requires compliance with detailed standards for completing assigned tasks and running its

17   operations.  As a result, ATS's stations in California function and operate in substantially

18   the same manner and cause Airport Agents to be similarly situated regardless of location.

19       17.    Plaintiff is informed and believes and based thereon alleges that ATS

20   uniformly applies policies and procedures to all Airport Agents with respect to

21   compensation for missed meal periods.

22       18.    Plaintiff is further informed and believes that ATS uniformly applies

23   policies and procedures to all Airport Agents with respect to the maintenance of

24   employment records.  As a direct and proximate result of the unlawful actions of ATS, as

25   alleged herein above and below, Plaintiff and Members of the Class have suffered and

26   continue to suffer damages.

27   / / / / /

28

### CLASS-ACTION ALLEGATIONS

19.    This action may properly be maintained as a class action pursuant to section 382 of the California Code of Civil Procedure. The Class is defined as:

> All persons employed by ATS in California and commonly referred to as Agents, Lead Agents, Supervisor Agents, Ramp Agents, Ramp Leads, Ramp Supervisors, Cargo Agents, Cargo Leads, Cargo Supervisors, Passenger Service Agents, Passenger Service Leads, Passenger Service Supervisors, Station Agents, Lead Station Agents, Supervisor Station Agents, Cabin Grooming Agents, Lead Cabin Grooming Agents, and Supervising Cabin Grooming Agents from approximately October 12, 2007, to the date of the filing of a motion for class certification.

20.    The proposed Class is ascertainable in that its Members can be identified using information contained in ATS's payroll and personnel records.

21.    The Members of the Class are sufficiently numerous in that joinder of all such Members would be impracticable. Further, the disposition of the claims of the Class in a class action will provide substantial benefits to both the parties and the Court.

22.    The provisions of the California Labor Code upon which Plaintiff bases her claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

23.    The nature of this action and the laws available to Plaintiff and Class Members make the class-action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. Further, this case involves a large corporate defendant and a large number of individual employees with many relatively small claims. If each employee were required to file an individual lawsuit, ATS would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the

1  limited resources of each individual plaintiff with its vastly superior legal and financial

2  resources.

3      24.    Requiring each Member of the Class to pursue an individual remedy would

4  also discourage the assertion of lawful claims by employees who would be disinclined to

5  file an action against their former and/or current employer for real and justifiable fear of

6  retaliation and permanent damage to their careers with respect to subsequent

7  employment.

8      25.    Moreover, the prosecution of separate actions by individual Class Members

9  would create a substantial risk of inconsistent or varying adjudications with respect to

10  individual Class Members against ATS.

11      26.    There is a well-defined community of interest in the questions of law and

12  fact involved affecting the parties to be represented.  The questions of law and fact

13  common to the Class predominate over questions that may impact individual Class

14  Members.  These common questions include whether ATS's policy of never providing

15  meal-period premium wages for documented inadequate meal breaks violates the

16  California Labor Code's express requirement that wages be provided for missed meal

17  breaks, as well as the requirement that pay stubs reflect all compensation due and owing.

18  The common questions also include whether ATS is required to reimburse Airport

19  Agents for uniform-cleaning costs, as well as whether the failure to reimburse for such

20  costs (as well as the failure to provide meal-period premium wages) constitutes a failure

21  to pay all outstanding wages upon the termination of employment.  Finally, the common

22  questions also include whether ATS's policy constitutes unfair competition.

23      27.    Proof of a common business practice or factual pattern that Plaintiff

24  experienced is representative of that experienced by the Class and will establish the right

25  of each Class Member to recover on the causes of action alleged.

26      28.    Such a pattern, practice, and uniform administration of illegal corporate

27  policies with respect to employee compensation, as described herein, creates an

28  entitlement in common for Plaintiff and the Class to recover in a civil action the unpaid

1   balance of the full amount of the compensation owing, including interest thereon,

2   reasonable attorney's fees, and costs of suit according to the mandate of the California

3   Labor Code section 218.5.  Furthermore, Plaintiff and the Class are entitled in common to

4   restitution and disgorgement of funds withheld improperly by Defendant ATS.

5   Accordingly, Plaintiff on behalf of the Class will seek the creation of a common fund

6   made up of the aforementioned damages.

7       29.    Plaintiff asserts claims that are typical of those of the Class because she was

8   employed by ATS as an Airport Agent at Palm Springs, she was subjected to ATS's

9   uniform policies and procedures, and she was similarly injured as a result of ATS's

10  actions.

11      30.    Plaintiff will fairly and adequately represent and protect the interests of the

12  Class in that she has no disabling conflicts of interest that would be antagonistic to other

13  Members of the Class.  Moreover, Plaintiff seeks relief that is not antagonistic or adverse

14  to the Members of the Class in that the infringement of her rights and the damages that

15  she suffered are typical of all other Members of the Class.  Additionally, Plaintiff has

16  retained counsel that is competent and experienced in class-action litigation.

17      31.    Plaintiff and Class Members have all similarly suffered irreparable harm and

18  damages as a result of ATS's unlawful and wrongful conduct.  This action will provide

19  substantial benefits to both the Class and the public because, absent this action, ATS's

20  unlawful conduct will continue un-remedied and uncorrected.  In point of fact, any

21  violation of an IWC Wage Order regulating the working conditions of employees is a

22  violation of the Labor Code, as well as a misdemeanor punishable by fine.  See Cal. Lab.

23  Code §§ 1198–99.

### FIRST CAUSE OF ACTION

*Failure to Provide Meal-Period Premium Wages*

*In Violation of California Labor Code §§ 226.7 and 512*

27      32.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

28  herein.

33.     Within the four years before the filing of this Complaint, ATS has employed Plaintiff and Class Members as Airport Agents throughout the State of California to conduct and transact its airline operations.

34.     On shifts where Airport Agents are required to take meal periods in accordance with California law but are deprived of the opportunity to take them, Airport Agents are not paid meal-period premium wages.  Those instances are recorded in ATS's payroll system.  Under the California Labor Code and the IWC's Wage Order, Airport Agents are therefore entitled to one additional hour of pay at their respective regular rates of compensation for each day that they were deprived of meal periods.  See Cal. Lab. Code §§ 512, 226.7; 8 Cal. Code Regs. 11090 § 11(A).

35.     Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful, and Plaintiff and Class Members are entitled to recover in a civil action the unpaid balance of the full amount of the meal-period premiums owing, reasonable attorney's fees, and costs of suit pursuant to the California Labor Code.  Plaintiff and the Class request such a recovery.

### SECOND CAUSE OF ACTION

*Failure to Provide Adequate Pay Stubs*

*In Violation of California Labor Code § 226*

36.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

37.     The California Labor Code requires employers to furnish each employee with an itemized statement on a semi-monthly basis or with each paycheck showing the gross wages earned, net wages earned, and all applicable deductions.  See Cal. Lab. Code § 226(a).  Furthermore, as noted above, IWC Wage Order 9 requires employers to maintain time records showing when employees begin and end their meal breaks.  See 8 Cal. Code Regs. 11090 § 7(A)(3).  Labor Code section 226 requires employers to provide access to such records.  See Cal. Lab. Code § 226(b).  Airport Agents are not exempt from this requirement and therefore are entitled to receive a statement of the hours they

1  worked with each paycheck and to have access to such records upon request.

2       38.    Insofar as ATS automatically deducts minutes of paid time for meal periods

3  taken by its employees, it is required to show this deduction on employees' itemized

4  statements, per section 226. Also, insofar as California law provides that the additional

5  one-hour meal-period premium is a wage, ATS is required to show this sum on its

6  itemized wage statements.

7       39.    Plaintiff and Class Members were injured by ATS's failure to maintain and

8  provide adequate payroll records, and they are therefore entitled to seek the amounts set

9  forth in Labor Code section 226(e), including reasonable attorney's fees and costs of suit.

10  In addition, Plaintiff requests injunctive relief pursuant to Labor Code section 226(g).

11                        *THIRD CAUSE OF ACTION*

12             *Failure to Reimburse for Uniform-Maintenance Expenses*

13                *In Violation of California Labor Code § 2802*

14       40.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

15  herein.

16       41.    The California Labor Code requires and IWC Wage Order 9 require

17  employers to reimburse employees for the maintenance of employee uniforms. See Cal.

18  Lab. Code § 2802; 8 Cal. Code Regs. 11090 § 9(A). Plaintiff and Class Members have

19  not been compensated for the maintenance of their uniforms. They are therefore entitled

20  to damages, including interest thereon, and they request such relief.

21                        *FOURTH CAUSE OF ACTION*

22                   *Failure to Timely Pay All Wages*

23                *In Violation of California Labor Code §§ 201–03*

24       42.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

25  herein.

26       43.    As noted above, section 203 of the Labor Code states that, "[i]f an employer

27  willfully fails to pay, without abatement or reduction, in accordance with Sections 201

28  [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the

1   employee shall continue as a penalty from the due date thereof at the same rate until paid

2   or until an action therefor is commenced; but the wages shall not continue for more than

3   30 days." Cal. Lab. Code § 203(a). By failing to pay meal-period premium wages as

4   alleged above to Class Members, as well as by failing to reimburse Class Members for

5   uniform-maintenance costs, ATS has willfully failed to pay all wages due and owing to

6   those Class Members who are no longer employed by ATS.

7        44.   Plaintiff and Class Members are therefore entitled to seek the amounts set

8   forth in Labor Code section 203(e).

9                          ***FIFTH CAUSE OF ACTION***

10       *Violation of California Business and Professions Code § 17200 et seq.*

11       45.   California Business and Professions Code section 17200 *et seq.* prohibits

12   acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or

13   practice." Cal. Bus. & Prof. Code § 17200. Plaintiff alleges that ATS has engaged in

14   unfair business practices in California by the above-described failure to pay meal-period

15   premium wages to Airport Agents, as well as by the above-described failure to reimburse

16   Airport Agents for uniform-maintenance costs.

17       46.   ATS's actions entitle Plaintiff and Class Members to seek the remedies

18   available pursuant to section 17200 *et seq.* Plaintiff seeks full restitution of said amounts

19   from ATS, as necessary and according to proof, to restore any and all amounts—

20   including interest—withheld, acquired, or converted by ATS by means of the unfair

21   practices complained of herein. Plaintiff, on behalf of herself and other similarly situated

22   employees, as well as on behalf of the general public, further seeks attorney's fees and

23   costs pursuant to sections 218.5 of the California Labor Code and 1021.5 of the

24   California Code of Civil Procedure. In addition, Plaintiff seeks the appointment of a

25   receiver as necessary. Finally, Plaintiff seeks an injunction to remedy and prevent ATS's

26   improper practices.

27                          ***PRAYER FOR RELIEF***

28   **WHEREFORE,** Plaintiff prays for judgment as follows:

1     1.     That the Court certify the class action described in this Complaint.

2     2.     With respect to the First Cause of Action, that the Court enter judgment in favor of Plaintiff and the Class for meal-period premium damages, interest thereon, and reasonable attorney's fees and costs, all according to proof, for the period of time from three years prior to the filing of the Complaint to date.

3.     With respect to the Second Cause of Action, that the Court enter judgment in favor of Plaintiff and the Class for pay-stub damages, reasonable attorney's fees, and costs of suit, all according to proof, for the period of time from three years prior to the filing of the Complaint to date, as well as injunctive relief.

4.     With respect to the Third Cause of Action, that the Court enter judgment in favor of Plaintiff and the Class for uniform-reimbursement expenses, interest thereon, and reasonable attorney's fees and costs, all according to proof, for the period of time from three years prior to the filing of the Complaint to date.

5.     With respect to the Fourth Cause of Action, that the Court enter judgment in favor of Plaintiff and the Class for continuing-wage damages, reasonable attorney's fees, and costs of suit, all according to proof, for the period of time from three years prior to the filing of the Complaint to date.

6.     With respect to the Fifth Cause of Action, that it be adjudged that ATS's violations of sections 201, 202, 203, 204, 226.7, 512, and 2802 of the California Labor Code constitute violations of section 17200 *et seq.* of the California Business and Professions Code. Accordingly, Plaintiff requests that the Court order Defendant to pay restitution to Members of the Class in the form of the compensation retained by ATS for the period of time from four years prior to the filing of the Complaint to date. Furthermore, Plaintiff requests that the Court issue an order or decree pursuant to section 17203 of the Business and Professions Code that enjoins ATS from pursuing its practice of violating sections 201, 202, 203, 204, 226.7, 512, and 2802 of the Labor Code. Finally, Plaintiff requests that the Court award Plaintiff her reasonable attorney's fees and costs incurred in the prosecution of the Fifth Cause of Action.

1      7.    For such further relief as the Court may order, including reasonable

2  attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the

3  California Labor Code, as well as section 1021.5 of the California Code of Civil

4  Procedure.

5

6  DATED:  October 26, 2011          HARRIS & RUBLE

7                                 LAW OFFICES OF JOHN P. DORIGAN

8

9                                 Alan Harris

                                   David Zelenski

10                               John P. Dorigan

11                               *Attorneys for Plaintiff*

12               ***DEMAND FOR JURY TRIAL***

13  Plaintiff demands a trial by jury as to all counts.

14

15  DATED:  October 26, 2011          HARRIS & RUBLE

16                                   LAW OFFICES OF JOHN P. DORIGAN

17

18                                 Alan Harris

19                                 David Zelenski

                                 John P. Dorigan

20                               *Attorneys for Plaintiff*

21

22

23

24

25

26

27

28

# EXHIBIT 1



111 Westport Plaza · Suite 400
St. Louis, Missouri 63146

00871286

| EARNINGS | HRS/UNIT | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|----------|----------|----------|-------|------------|---------|-------|
| REGULAR | 39.8000 | 16.6500 | 662.67 | FED TAX | 76.37 | 354.51 |
| OVERTIME | 1.3000 | 24.9750 | 32.47 | FICA EE | 28.35 | 155.05 |
| SHIFTAMNT | | | 8.00 | MEDICARE E | 9.79 | 53.52 |
| | | | | CA WH TAX | 22.54 | 88.54 |
| | | | | CA SDI | 8.43 | 46.98 |
| | | | | DIR DEP A | 529.71 | 2993.14 |
| | | | | UHC EE | 25.02 | 200.16 |
| | | | | METLIFE EE | 2.93 | 23.44 |
| Total | 41.1000 | | 703.14 | Total | 703.14 | 3915.34 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|----------|-----------|-------|
| VAC AVAIL | 44.4604 | |
| ---------- | | |
| UHC EE ER | 50.1200 | 400.9600 |
| METLFEE ER | 2.8200 | 22.5600 |

DIR DEP A : 9562

Attend. Points - Week: 0.00   YTD: 2.00

NET PAY: 529.71
YTD GROSS: 3,915.34
PAY PERIOD: 02/28/2011 thru 03/06/2011
CHECK DATE: 03/11/2011

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---------------|----------|-----|------|--------|
| Collette McDonald | 000200871286 | 88 | 4085 | 9610016573 |



111 Westport Plaza · Suite 400
St. Louis, Missouri 63146

DATE          AMOUNT
03/11/2011   ****VOID***

PAY *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

TO THE ORDER OF

Collette McDonald


AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

```
PR_0193                                    P A Y R O L L                                    Page  1
                                      Employee Weekly Time Sheet                            03/07/2011
                                                                                           12:30:34
88  ************************************************************************************************  88


        Employee: McDonald, Collette                      Swipe Card: 00014605      Id: 9610016573
        Status: (01) ACTIVE, FT   Job Class: (4602) PAX SUPV   Dept.: (4085  ) 4085-PAX   Rule: (E ) 8 HR W/1


                                    Week Begin    Week End
                                    ----------    ----------
                                    02/28/2011    03/06/2011


                      Pay                                 Hol.  Hol.  Hol.  3 Hr Min  -- PTO --        Inc.
DOW  MM/DD  Day Status  Group  Start  End   Reg.  OT   DT  Wrk.  WOT   WDT   Use? Amt  Cd.  Hrs.  JCLS  Fac.  MD?  Attnd.Cd
---  -----  ----------  -----  -----  ----- ----  ----  --  ----  ----  ----  ---- ---  ---  ----  ----  ---   ---  --------
Mon  02/28  Work        REG    05:25  14:44  8.0  1.2                                                      88   No
Tue  03/01  Work        REG    04:59  13:58  8.0                                                          88   Yes
Wed  03/02  Off
Thu  03/03  Off
Fri  03/04  Work        REG    04:57  14:04  8.0  0.1                                                      88   Yes
Sat  03/05  Work        REG    04:58  07:58  3.0                                                          88
Sat  03/05  Work        REG    09:56  14:45  4.8                                                          88
Sun  03/06  Work        REG    04:57  13:58  8.0                                                          88   Yes
                                            ----  ----  ---- ----  ----  ----       ---        ----
                                            39.8  1.3   0.0  0.0   0.0   0.0        0.0        0.0  Total Hours: 41.1


DOW  MM/DD  Day Status   Start   Note
---  -----  ----------   -----   ----------------------------------------------------------------------
Mon  02/28  Work         05:25   NO LUNCH FORM
```

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Alan Harris (SBN 146079) John P. Dorigan (SBN) 98964 | |

HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, CA 90038

TELEPHONE NO.: (323) 962-3777   FAX NO.: (323) 962-3004
ATTORNEY FOR *(Name)*: Plaintiff Collette McDonald

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 46-200 Oasis Street
MAILING ADDRESS: 46-200 Oasis Street
CITY AND ZIP CODE: Indio, CA
BRANCH NAME: Indio Branch

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | INC 110 8937 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☐ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*:
5. This case ☑ is  ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 2, 2011

John P. Dorigan
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

## SUPERIOR COURT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA

| | | | |
|---|---|---|---|
| ☐ **BANNING** 135 N. Alessandro Road, Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Road, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 North Broadway, Blythe, CA 92225 | ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | ☐ **RIVERSIDE** 4175 Main St., Riverside, CA 92501 |
| ☒ **INDIO** 46-200 Oasis St., Indio, CA 92201 | ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 |
| ☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA  92553 | |

Name and Address          Alan Harris, Esq.
Harris & Ruble
6424 Santa Monica Boulevard
Los Angeles, CA 90038

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 0 2 2011

C. Perez

Attorney for Plaintiff
or Party without Attorney

COLLETTE MCDONALD, individually, and on
behalf of all others similarly situated,

                                   Plaintiff(s)

VS.

AIRPORT TERMINAL SERVICES, INC., and DOES
1-100, inclusive,

                                   Defendant(s)

CASE NO. **INC** 1 1 0 8 9 3 7

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the

Riverside County Superior Court for the following reason:

☒  The action arose in this judicial district.

☐  The action concerns real property located in this judicial district.

☐  The defendant resides in this judicial district.

Dated:  November 2, 2011

John P. Dorigan

Signed by: _____
ATTORNEY FOR PLAINTIFF(S)
OR PARTY WITHOUT ATTORNEY

Collette McDonald, et al.

(Rev. 7-1-03)          **CERTIFICATE OF COUNSEL**          RI-030

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
46-200 Oasis Street
Indio, CA  92201
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

COLLETTE MCDONALD VS AIRPORT TERMINAL SERVICES

CASE NO. INC 1108937

This case is assigned to the HONORABLE Judge Harold W Hopp
in Department 2G as the case management department.
The Case Management Conference is scheduled for 04/30/12
at  8:30 in Department 2G.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be
filed in accordance with that section.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing NOTICE OF
ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES AND CASE
MANAGEMENT CONFERENCE (CRC 3.722) on this date, by depositing said
copy as stated above.

Court Executive Officer/Clerk

Date:  11/02/11               By: _____
                                  CYNTHIA C PEREZ, Deputy Clerk

ac: cmc,cmcb,ntit,cmcc

# EXHIBIT 2

 **CT Corporation**

**Service of Process Transmittal**
11/17/2011
CT Log Number 519507824

**TO:**     Vince Knipp
            Airport Terminal Services, Inc.
            111 Westport Plz, Ste. 400
            Saint Louis, MO 63146-3014

**RE:**     **Process Served in California**

**FOR:**    Airport Terminal Services, Inc. (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Collette McDonald, individually and on behalf of all others similarly situated, Pltf. vs. Airport Terminal Services, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Proofs of Service |
| **COURT/AGENCY:** | Riverside County - Superior Court - Indio, CA<br>Case # INC1108937 |
| **NATURE OF ACTION:** | Employee Litigation - Proofs of Service of Summons |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 11/17/2011 postmarked on 11/15/2011 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Dave Zelenski<br>Harris & Ruble<br>6424 Santa Monica Boulevard<br>Los Angeles, CA 90038<br>323-962-3777 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 797751827721 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  2 / KM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
11/17/2011
CT Log Number 519507824

**TO:**  Vince Knipp
Airport Terminal Services, Inc.
111 Westport Plz, Ste. 400
Saint Louis, MO 63146-3014

**RE:**  **Process Served in California**

**FOR:**  Airport Terminal Services, Inc. (Domestic State: MO)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Complaint, Exhibit(s), Cover Sheet, Certificate, Notice | By Process Server on 11/09/2011 at 16:18 | Vince Knipp Airport Terminal Services, Inc. | 519462010 |

Page 2 of 2 / KM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>DAVE ZELENSKI                    SBN: 231768<br>HARRIS & RUBLE, ATTORNEYS AND COUNSELORS AT LAW<br>6424 SANTA MONICA BLVD.  LOS ANGELES, CA 90038<br><br>TELEPHONE NO.: (323) 962-3777      FAX NO. *(Optional)*:  (323) 962-3004<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  : | FOR COURT USE ONLY |

| |
|---|
| Riverside County Superior Court - Historic Courthouse |
| STREET ADDRESS: 4060 Main St. |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Riverside, CA 92501 |
| BRANCH NAME: |

| | |
|---|---|
| PLAINTIFF/PETITIONER:  COLLETTE McDONALD | CASE NUMBER: |
| DEFENDANT/RESPONDENT:  AIRPORT TERMINAL SERVICES, INC. | INC1108937 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:        ATS |

*(Separate proof of service is required for each party served.)*

DATE: 4-30-12
TIME: 8:30 m
DEPT: 2C

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*:
      **Civil Case Cover Sheet; Certificate of Counsel; Notice of Case Assignment**
3. a.  Party served *(specify name of party as shown on documents served)*:
   **AIRPORT TERMINAL SERVICES, INC.**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
       item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
       **MARIA SANCHEZ - PERSON AUTHORIZED TO ACCEPT SERVICE**

4. Address where the party was served: **CT CORPORATION SYSTEM**
   **818 W. 7TH STREET**
   **LOS ANGELES, CA 90017**

5. I served the party *(check proper box)*
   a. ☒ by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to
       receive service of process for the party (1) on *(date)*: 11/9/2011     (2) at *(time)*: 2:50 PM

   b. ☐ by substituted service.  On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or
       in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
            person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
            abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box.  I informed him of
            her of the general nature of the papers.

   (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
            place where the copies were left (Code Civ. Proc., §415.20).  I mailed the documents on
            *(date)*:  from *(city)*:                                        or ☐ a declaration of mailing is attached.

   (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10<br><br>POS010-1/LA111091114A |

| PETITIONER: COLLETTE McDONALD | CASE NUMBER: |
|---|---|
| RESPONDENT: AIRPORT TERMINAL SERVICES, INC. | INC1108937 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                  (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed *Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☒ as occupant.
d. ☒ On behalf of *(specify):* **AIRPORT TERMINAL SERVICES, INC.**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
a. Name: **De'Andre Johnson - Janney & Janney Attorney Service, Inc.**
b. Address: **1545 Wilshire Blvd., Suite 311  Los Angeles, CA 90017**
c. Telephone number: **(213) 628-6338**
d. The fee for service was: **$ 56.00**
e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
        (i) ☐ owner    ☒ employee    ☐ independent contractor.
        (ii) Registration No.: **140/6700**
        (iii) County: **Los Angeles**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: **11/10/2011**

**Janney & Janney Attorney Service, Inc.**
**1545 Wilshire Blvd., Suite 311**
**Los Angeles, CA 90017**
**(213) 628-6338**

_____
    De'Andre Johnson                          *(SIGNATURE)*
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

1  

2  

3  *PROOF OF SERVICE*

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 6424 Santa Monica Boulevard, Los Angeles, California 90038. On November 15, 2011, I served the within documents:  **PROOF OF SERVICE OF SUMMONS.**

4  

5  I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the above-referenced documents would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

6  

7  CT CORPORATION SYSTEM
Registered Agent for Airport Terminal Services, Inc.
818 West 7th Street
Los Angeles, California 90017

8  

9  I declare under penalty of perjury that the above is true and correct.  Executed on November 15, 2011, at Los Angeles, California.

10  

11  David Zelenski

12  

13  

14  

15  

16  

17  

18  

19  

20  

21  

22  

23  

24  

25  

26  

27  

28  

PROOF OF SERVICE OF SUMMONS

# EXHIBIT 3

1    **SEYFARTH SHAW LLP**
Aaron R. Lubeley (State Bar No. 199837)
2    Simon L. Yang (State Bar No. 260286)
333 South Hope Street, Suite 3900
3    Los Angeles, California 90071
Telephone:    (213) 270-9600
4    Facsimile:    (213) 270-9601

5
Attorneys for Defendant
6    AIRPORT TERMINAL SERVICES, INC.

7

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 08 2011

C. LUNA

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF RIVERSIDE**

10

Electronic Signature
Civil Code 1633.7

11   COLLETTE McDONALD, individually and on       Case No. INC 1108937
     behalf of all others similarly situated,
12                                                *[Class Action]*
                    Plaintiff,
13                                                **DEFENDANT AIRPORT TERMINAL**
         v.                                       **SERVICES, INC.'S ANSWER TO**
14                                                **PLAINTIFF COLLETTE**
     AIRPORT TERMINAL SERVICES, INC., and         **McDONALD'S UNVERIFIED**
15   DOES 1-100, inclusive,                        **COMPLAINT FOR DAMAGES**

16                  Defendants.

17                                                Complaint Filed:    November 2, 2011
                                                  Discovery Cutoff:   Not set
18                                                Trial Date:         Not set

19

20

21

22

23

24

25

26

27                                               RECEIVED

28                                               DEC 08 2011
     13987694v.2
     ─────────────────────────────────────────────────────────────────
     **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**
                                                               By

1       Defendant Airport Terminal Services, Inc. ("ATS" or "Defendant"), for itself and no

2  other entity or individual, hereby answers the unverified Complaint for Damages ("Complaint")

3  filed on behalf of Plaintiff, Collette McDonald ("Plaintiff"), as follows:

4                                **GENERAL DENIAL**

5        1.      Defendant denies, generally and specifically, each and every allegation, and each

6  and every purported cause of action contained in Plaintiff's Complaint.  Defendant further

7  denies, generally and specifically, that Plaintiff has been damaged in any amount, or at all, by

8  reason of any alleged acts or omissions of Defendant.  Defendant further denies, generally and

9  specifically, that Plaintiff has suffered any damages or is entitled to any other legal or equitable

10  relief or restitution within the jurisdiction of this Court.

11        2.      In further answer to the Complaint, and as separate and distinct affirmative or

12  other defenses, Defendant alleges as follows:

13                               **FIRST DEFENSE**

14                 **(Failure to State a Cause of Action)**

15        3.     The Complaint, and each purported cause of action alleged therein, fails to state

16  facts sufficient to constitute any cause of action upon which relief can be granted.

17                          **SECOND DEFENSE**

18                 **(Statutes Of Limitations)**

19        4.     The Complaint, and each purported cause of action alleged therein, is barred by

20  the applicable statute of limitations for each alleged cause of action, including without limitation,

21  California Code of Civil Procedure §§ 312, 338, 339, 340, and 343 and California Business and

22  Professions Code § 17208.

23                           **THIRD DEFENSE**

24                   **(Good-Faith Dispute)**

25        5.     Plaintiff and putative class members' claims are barred in whole or in part

26  because a good faith dispute exists regarding whether any wages are due.  8 Cal. Code Reg.

27  §13520.

28

## FOURTH DEFENSE

### (Failure to Exhaust Administrative Remedies)

6.    Plaintiff and putative class members failed to exhaust their administrative remedies, or did not exhaust those remedies in a timely manner as required by law, and therefore, the legal causes of action are barred.

## FIFTH DEFENSE

### (Failure to Take Meal and Rest Periods)

7.    Plaintiff and putative class members' claim for failure to provide meal and rest periods or premium payments is barred to the extent Plaintiff and putative class members chose not to take such meal and rest periods.

## SIXTH DEFENSE

### (Expense Reimbursement)

8.    The claim for unreimbursed expenses fails to the extent that Defendant has paid enhanced compensation to cover expenses actually and necessarily incurred.

## SEVENTH DEFENSE

### (Laches)

9.    Plaintiff and putative class members have delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant, and Plaintiff and putative class members' claims are barred by the equitable doctrine of laches.

## EIGHTH DEFENSE

### (Unclean Hands)

10.    The Complaint, and each purported cause of action alleged therein, is barred as against Defendant by the doctrine of unclean hands.

## NINTH DEFENSE

### (Waiver)

11.    The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of waiver.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

**TENTH DEFENSE**

**(Estoppel)**

12.    The Complaint, and each purported cause of action alleged therein, is barred as against Defendant by the doctrine of estoppel.

**ELEVENTH DEFENSE**

**(Consent)**

13.    Defendant alleges, based on information and belief, that the claims of Plaintiff and putative class members are barred to the extent they consented to or authorized the actions of Defendant alleged in the Complaint, which actions Defendant denies.

**TWELFTH DEFENSE**

**(Ratification)**

14.    The Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiff and putative class members ratified Defendant's alleged actions.

**THIRTEENTH DEFENSE**

**(No Penalty)**

15.    Plaintiff and putative class members are not entitled to any penalty award under the California Labor Code sections referenced in the Complaint because, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code or the applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that it did not violate the provisions of the California Labor Code or the applicable wage orders, if any.

**FOURTEENTH DEFENSE**

**(Preemption)**

16.    The Complaint, and each purported cause of action alleged therein, is barred to the extent that it is preempted by the Airline Deregulation Act or other applicable federal law or regulation.

13987694v.2

3

**FIFTEENTH DEFENSE**

**(Injunctive Relief - No Standing)**

17.    Plaintiff and putative class members lack standing to seek injunctive relief and civil penalties or damages under relevant portions of the California Labor Code, including but not limited to sections 203 and 226, and California Business & Professions Code § 17200 *et seq.* (the "UCL"), because, *inter alia*, Plaintiff and putative class members have not suffered any injury in fact or lost money or property as a result of any unfair competition, or no penalties are available under the statutes Plaintiff and putative class members sue upon.

**SIXTEENTH DEFENSE**

**(Injunctive Relief Improper)**

18.    Plaintiff and putative class members' claims for injunctive and equitable relief are barred because Plaintiff has an adequate and complete remedy at law or because Plaintiff cannot make the requisite showing to obtain injunctive relief in a labor dispute under California Labor Code § 1138.1, *et seq.*

**SEVENTEENTH DEFENSE**

**(No UCL Standing)**

19.    Plaintiff and putative class members' claims under the UCL are barred to the extent that they lack standing to sue pursuant to California Business & Professions Code §§ 17203 and 17204.

**EIGHTEENTH DEFENSE**

**(No Recovery Under UCL)**

20.    Plaintiff and putative class members improperly seek, through the cause of action under the UCL, to recover monies that are not recoverable under the UCL.

**NINETEENTH DEFENSE**

**(Offset)**

21.    To the extent that Plaintiff and putative class members are entitled to restitution, damages, or penalties, Defendant is entitled to an offset for any overpayments of wages or other consideration previously provided to Plaintiff or putative class members.

13987694v.2

4

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**

1

## TWENTIETH DEFENSE

2

### (Failure to Mitigate)

3        22.      Plaintiff and putative class members are not entitled to recover the amount of

4    damages from Defendant as alleged in the Complaint, or any damages, due to their continuous

5    failure to make reasonable efforts to mitigate or minimize the damages that they have allegedly

6    incurred.  Plaintiff and putative class members also have failed to maintain or submit records that

7    show their alleged damages or restitution so that the amount may be reasonably calculated.

8

## TWENTY-FIRST DEFENSE

9

### (PAGA Penalties Unconstitutional)

10       23.      PAGA does not provide a valid legal basis for Plaintiff and putative class

11   members' claim because it is unconstitutional on the basis that it violates the separation of

12   powers doctrine.

13

## TWENTY-SECOND DEFENSE

14

### (Excessive Penalties Unconstitutional)

15       24.      The penalties claimed by Plaintiff, as applied to her and all others she purports to

16   represent by this action, are excessive and thus violate Defendant's rights under state and federal

17   Constitutions.

18

## RESERVATION OF RIGHTS

19       25.      Defendant does not presently know all of the facts and circumstances respecting

20   Plaintiff's claims.  Defendant may have additional, as yet unidentified defenses available.

21   Defendant, therefore, reserves the right to amend or add additional affirmative defenses, as they

22   become known.

23

## PRAYER

24   WHEREFORE, Defendants pray for judgment as follows:

25       1.       That Plaintiff take nothing by way of her Complaint;

26       2.       That judgment be entered in favor of Defendant and against Plaintiff on all causes

27   of action;

28

13987694v.2

5

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**

1      3.     That Defendant be awarded reasonable attorneys' fees according to proof,

2  including fees under California Labor Code section 218.5;

3      4.     That Defendant be awarded the costs of suit incurred herein; and

4      5.     That Defendant be awarded such other and further relief as the Court may deem

5  appropriate.

6  DATED: December 8, 2011              **SEYFARTH SHAW LLP**

7

8                                      By: _____
                                            AARON R. LUBELEY
9                                            SIMON L. YANG
                                        Attorneys for Defendant
10                                     AIRPORT TERMINAL SERVICES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13987694v.2                                6

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                              )   Ss
COUNTY OF LOS ANGELES   )

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 333 S. Hope Street, Suite 3900, Los Angeles, California 90071. On December 8, 2011, I served the within documents:

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF COLLETTE MCDONALD'S UNVERIFIED COMPLAINT FOR DAMAGES**

☐   I sent such document from facsimile machine (213) 270-9601. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐   electronically by using the Court's ECF/CM System.

| | |
|---|---|
| Alan Harris, Esq. | John P. Dorigan |
| David Zelenski, Esq. | Law Offices of John P. Dorigan |
| HARRIS & RUBLE | 82-237 Odlum Drive |
| 6424 Santa Monica Blvd. | Indio, CA 92201 |
| Los Angeles, CA 90038 | Tel: (760) 342-8074 |
| Tel: (323) 962-3777 | Fax: (760) 863-5868 |
| Fax: (323) 962-3004 | |

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on December 8, 2011, at Los Angeles, California.

*Elsa J. Terre*
                                Elsa J. Terre

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES**

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 333 S. Hope Street, Suite 3900, Los Angeles, California  90071.  On December 9, 2011, I served the within documents:

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT (28 U.S.C. §§ 1332, 1441)**

☐    I sent such document from facsimile machine (213) 270-9601.  I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐    electronically by using the Court's ECF/CM System.

Alan Harris, Esq.                     John P. Dorigan
David Zelenski, Esq.                  Law Offices of John P. Dorigan
HARRIS & RUBLE                        82-237 Odlum Drive
6424 Santa Monica Blvd.               Indio, CA  92201
Los Angeles, CA 90038                 Tel:  (760) 342-8074
Tel: (323) 962-3777                   Fax: (760) 863-5868
Fax: (323) 962-3004

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 9, 2011, at Los Angeles, California.

_Elsa J. Terre_ (signature)
_____
Elsa J. Terre

13970467v.1                           DEFENDANT'S NOTICE OF REMOVAL
                                      CASE NO. _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 1946 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
    **312 N. Spring St., Rm. G-8**
    **Los Angeles, CA 90012**

[ ] **Southern Division**
    **411 West Fourth St., Rm. 1-053**
    **Santa Ana, CA 92701-4516**

[X] **Eastern Division**
    **3470 Twelfth St., Rm. 134**
    **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
COLLETTE McDONALD, individually and on behalf of all others similarly situated

**DEFENDANTS**
AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
HARRIS & RUBLE
Alan Harris (SBN 146079); David Zelenski (SBN 231768)
6424 Santa Monica Bvd., Los Angeles, CA 90038
Telephone: (323) 962-3777
Facsimile: (323) 962-3004

Attorneys (If Known)
SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN: (199837)
Simon L. Yang (SBN: (260286)
333 S. Hope Street, Suite 3900; Los Angeles, CA 90071
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ MONEY DEMANDED IN COMPLAINT: $ Excess of 75,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441, and 1446 (Diversity).

**VII. NATURE OF SUIT** (Place an X in one box only.)

*(nature of suit checkbox table)*

☒ 442 Employment

**FOR OFFICE USE ONLY:** Case Number:  CV 11 - 01946 VAP SPx

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   13992962v.1   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTY OF RIVERSIDE | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | MISSOURI |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTY OF RIVERSIDE | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  December 9, 2011
Simon L. Yang

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com