1  SEYFARTH SHAW LLP
   Aaron R. Lubeley (SBN 199837)
2  alubeley@seyfarth.com
   Simon L. Yang (SBN 260286)
3  syang@seyfarth.com
   333 South Hope Street, Suite 3900
4  Los Angeles, California 90071
   Telephone: (213) 270-9600
5  Facsimile: (213) 270-9601

6  Attorneys for Defendant
   AIRPORT TERMINAL SERVICES, INC.
7

8

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11 COLLETTE McDONALD,                    CASE NO.    0 1 9 4 6 VAP SPx
   individually and on behalf of all
12 others similarly situated,            DECLARATION OF SIMON L.
                                         YANG IN SUPPORT OF
13          Plaintiff,                   DEFENDANT'S NOTICE OF
                                         REMOVAL OF CIVIL ACTION TO
14     v.                               UNITED STATES DISTRICT
                                         COURT (28 U.S.C. §§ 1332, 1441)
15 AIRPORT TERMINAL SERVICES,
   INC., and DOES 1-100, inclusive,     [Riverside County Superior Court Case
16                                       No. INC 1108937]
          Defendants.
17                                       Complaint Filed: November 2, 2011

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SIMON L. YANG ISO DEFENDANT'S NOTICE OF REMOVAL
CASE NO. _____

1    I, Simon L. Yang, declare as follows:

2

3    1.  I am an attorney licensed to practice law before this Court, and other

4 courts in the State of California, and am an associate of Seyfarth Shaw, LLP,

5 counsel of record for Defendant, Airport Terminal Services, Inc. ("ATS"), in the

6 instant action. I have personal knowledge of all matters set forth herein and, if

7 called upon to do so, I could and would testify competently thereto.

8

9    2.  I have reviewed employment records from Plaintiff's employment

10 with ATS. Plaintiff's residence, as indicated by non-redacted versions of

11 Plaintiff's wage statements, is 401 S. El Cielo Rd. #36, Palm Springs, California

12 92262. Plaintiff has also provided that address for purposes of her personnel file,

13 payroll checks, state payroll, and tax withholdings.

14

15    3.  I also have reviewed the personnel file for Plaintiff, Collette

16 McDonald, during her employment with ATS and reviewed information that

17 Plaintiff submitted to ATS throughout the course of her employment. Plaintiff has,

18 without exception, listed a California address. Plaintiff's personnel file also

19 references Plaintiff's California driver's license. Although Plaintiff has taken the

20 position that ATS owes her unpaid wages, neither Plaintiff nor her counsel has

21 provided ATS a non-California address to send allegedly unpaid wages. Nor has

22 Plaintiff or her counsel ever expressed any intention that she does not intend to

23 remain domiciled in California.

24

25    4.  It would be virtually impossible for Plaintiff in this purported class

26 action to incur less than $75,000 in attorneys' fee. Indeed, in similar

27 circumstances involving an alleged putative class action that was denied class

28 certification but proceeded to try wage-and-hour claims on an individual basis,

DECLARATION OF SIMON L. YANG ISO DEFENDANT'S NOTICE OF REMOVAL
CASE NO. _____

1  Plaintiff's counsel in this case, Harris & Ruble, sought $942,594.25 in attorneys'

2  fees in connection only with the fees in connection with the single plaintiff matter.

3  Attached as Exhibit 1 is a true and correct copy of the pleading in which Plaintiff's

4  counsel requests nearly $1 million in attorneys' fees.

5

6      I declare under the penalty of perjury under the laws of the United States of

7  America and the State of California that the foregoing is true and correct.

8      Executed on this 9th day of December, 2011, at Los Angeles, California.

9

10                   _____

11                      Simon L. Yang

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DECLARATION OF SIMON L. YANG ISO DEFENDANT'S NOTICE OF REMOVAL
CASE NO. _____

# EXHIBIT 1

Case 5:11-cv-01946-VAP-SP    Document 5    Filed 12/09/11    Page 5 of 39    Page ID
#:73
Case 2:08-cv-01408-JHN -SS    Document 255    Filed 11/04/11    Page 1 of 34    Page ID
#:11709

Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: 323.962.3777
Facsimile: 323.962.3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE DRENCKHAHN,<br><br>        Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORP., *et al.*,<br><br>        Defendants. | Case No. CV-08-01408 JHN (SSx)<br><br>**NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF**<br><br>Date:  November 28, 2011<br>Time:  2:00 p.m.<br>Courtroom:  790 |

**NOTICE IS HEREBY GIVEN** that, on November 28, 2011, at 2:00 p.m., in

Courtroom 790 of the above-referenced Court located at 255 East Temple Street, Los

Angeles, California 90012—or on such other date and time as directed by the Court—

Plaintiff Jesse Drenckhahn will move for an order (a) awarding lodestar attorney's fees in

the amount of $529,847, to be adjusted by a reasonable multiplier, and (b) reimbursing

non-taxable costs in the amount of $15,632.  The Motion will be made and based upon

this Notice of Motion; the accompanying Memorandum of Points and Authorities; the

Declaration of Alan Harris in Support of Motion for Award of Attorney's Fees and

/ / / / /

1   Reimbursement of Non-Taxable Costs to Plaintiff, filed herewith; and all of the

2   pleadings, papers, and documents contained in the file of the within action.

3         These documents are filed pursuant to the October 21, 2011, Judgment in favor of

4   Plaintiff, following the conference of counsel pursuant to Local Rule 7-3 on September 3,

5   2011.

6

7   DATED:  November 4, 2011                              HARRIS & RUBLE

8                                                         _____/s/_____

9                                                         Alan Harris

10                                                        David Zelenski
                                                          *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

# *TABLE OF CONTENTS*

I.    Introduction .................................................................................................. 1

II.   Procedural History and Statement of Facts .................................................. 1

III.  Plaintiff's Specific Claims for Relief ........................................................... 4

      A.    Unpaid Overtime ................................................................................ 4

      B.    Compensation for Missed Breaks ....................................................... 6

IV.   Argument ....................................................................................................... 7

      A.    California Law Governs the Award of Attorney's Fees and
            Costs as to Plaintiff's State-Law Claims ........................................... 7

      B.    Plaintiff Is the Prevailing Party Under State Law .............................. 9

      C.    Plaintiff's Lodestar Calculation Is Reasonable ............................... 10

            1.    The Number of Hours Reasonably Expended by
                  Plaintiff's Counsel .................................................................. 11

            2.    Plaintiff's Counsel's Reasonable Hourly Rates ...................... 15

      D.    Apportionment Is Inappropriate ....................................................... 18

      E.    Attorney's Fees May Properly Exceed the Amount of the
            Judgment ........................................................................................... 23

      F.    A Multiplier May Be Applied ........................................................... 24

V.    Conclusion ................................................................................................... 25

i

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

Case 5:11-cv-01946-VAP-SP     Document 5     Filed 12/09/11     Page 8 of 39     Page ID
#:76
Case 2:08-cv-01408-JHN -SS     Document 255     Filed 11/04/11     Page 4 of 34     Page ID
#:11712

# *TABLE OF AUTHORITIES*

*Cases*

Alyeska Pipeline Serv. Co. v. Wilderness Soc'y
    421 U.S. 240 n.31 (1975)............................................................8

Anderson v. Nextel Retail Stores, LLC
    2010 U.S. Dist. LEXIS 71598 (...................................................15, 16

Application Group v. Hunter Group
    61 Cal. App. 4th 881 (1998).......................................................5

Ahendorf & Assocs. Ltd. v. SMI-Hyundai Corp.
    2011 U.S. Dist. LEXIS 80241 (C.D. Cal. filed July 21, 2011)..................16

Bell v. Farmers Ins. Exch.
    87 Cal. App. 4th 805 (2001).......................................................4

Bell v. Vista Unified Sch. Dist.
    82 Cal. App. 4th 672 (2000)......................................................19

Blum v. Stenson
    465 U.S. 886 n.11 (1984).........................................................16

Braun v. Chronicle Publishing Co.
    (1997) 52 Cal. App. 4th 1036.....................................................14

Chacon v. Litke
    181 Cal. App. 4th 1234 (2010)..........................................10, 11, 15, 16

Church of Scientology v. Wollersheim
    42 Cal. App. 4th 628 (1996)......................................................14

City of Burlington v. Dague
    505 U.S. 557 (1992)..............................................................24

Cortez v. Purolator Air Filtration Prods. Co.
    23 Cal. 4th 163 (2000)..........................................................5, 6

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

Crommie v. Cal. Pub. Utils. Comm'n
    840 F. Supp. 719 (N.D. Cal. 1994) ............................................................ 24

Downey Cares v. Downey Cmty. Dev. Comm'n
    196 Cal. App. 3d 983 (1987) .................................................................... 25

Drouin v. Fleetwood Enters.
    163 Cal. App. 3d 486 (1985) .................................................................... 18

Earley v. Superior Court
    79 Cal. App. 4th 1420 (2000) ..................................................................... 4

First Nat'l Bank of Ariz. v. Cont'l Bank
    673 P.2d 938 (1983) ................................................................................. 15

Flannery v. Cal. Highway Patrol
    61 Cal. App. 4th 629 (1998) ..................................................................... 17

Garciano v. Robinson Ford Sales, Inc.
    144 Cal. App. 4th 140 (2006) ............................................................. 10, 18

Gates v. Deukmejian
    987 F.2d 1392 (9th Cir. 1992) ............................................................. 16, 17

Greene v. Dillingham Constr. N.A.
    101 Cal. App. 4th 418 (2002) .................................................................. 21

Hall v. Cole
    412 U.S. 1 (1973) ....................................................................................... 8

Crommie v. Cal. Pub. Utils. Comm'n
    840 F. Supp. 719 (N.D. Cal. 1994) ............................................................ 24

Hamed v. Macy's W. Stores, Inc.
    2011 U.S. Dist. LEXIS 125838 (N.D. Cal. filed Oct. 31, 2011) ............................ 20, 22

Harris v. Investors' Business Daily, Inc.
    138 Cal. App. 4th 28 (2006) ...................................................................... 5

Hensley v. Eckerhart
    461 U.S. 424 (1983) .......................................................................... 7, 20, 21

Horsford v. Bd. of Trustees of Cal. State Univ.
   132 Cal. App. 4th 359 (2005) ................................................................. 11, 12, 13, 24

Indus. Welfare Comm'n v. Superior Court
   27 Cal. 3d 690 (1980) ...................................................................................... 9

Jones v. City of Los Angeles
   2011 U.S. Dist. LEXIS 68416 (C.D. Cal. filed June 24, 2011) ..................... 16

Ketchum v. Moses
   24 Cal. 4th 1122 (2001) ........................................................................ 11, 14, 25

LA Printex Indus., Inc. v. Willaim Carter Co.
   2010 U.S. Dist. LEXIS 130529 (C.D. Cal. filed Dec. 1, 2010) .................... 16

Lusardi Constr. Co. v. Aubry
   1 Cal. 4th 976 (1992) ...................................................................................... 9

Mangold v. Cal. Pub. Utils. Comm'n
   67 F.3d 1470 (9th Cir. 1995) ......................................................................... 8

Margolin v. Reg'l Planning Comm'n
   134 Cal. 3d 999 (1982) .................................................................................. 15

Martino v. Denevi
   182 Cal. App. 3d 553 (1986) ......................................................................... 14

Mateyko v. Felix
   924 F.2d 824 (9th Cir. 1990) ......................................................................... 9

McKee v. Comm'r of Soc. Sec.
   2008 U.S. Dist. LEXIS 86793 (M.D. Fla. filed Sept. 30, 2008) .................... 7

Meister v. Regents of Univ. of Cal.
   67 Cal. App. 437 (1998) ..................................................................... 10, 11, 24

MRO Commc'ns, Inc. v. AT&T Corp.
   197 F.3d 1276 (9th Cir. 1999) ....................................................................... 8

Murphy v. Kenneth Cole Prods., Inc.
   40 Cal. 4th 1094 (2007) .............................................................................. 7, 9

iv

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

Nightengale v. Hyundai Motor America.
   31 Cal. App. 4th (1994) ................................................................ 24

Pellegrino v. Robert Half Internat'l, Inc.
   182 Cal. App. 4th 278 (2010) ................................... 5, 14, 22, 23, 25

PLCM Group, Inc. v. Drexler
   22 Cal. 4th 1084 (2000) .............................................................. 15

Pom Wonderful, LLC v. Purely Juice, Inc.
   2008 U.S. Dist. LEXIS 110460 (C.D. Cal. filed Sept. 22, 2080) ................ 16

Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n
   163 Cal. App. 4th 550 (2008) .................................................. 12, 13

Raining Data Corp. v. Barrenechea
   175 Cal. App. 4th 1363 (2009) ..................................................... 14

Ramirez v. Yosemite Water Co.
   20 Cal. 4th 785 (1999) ................................................................ 8

Reynolds Metals Co. v. Alperson
   25 Cal. 3d 124 (1979) ............................................................... 18

Richardson v. Alaska Airlines, Inc.
   750 F.2d 763 (9th Cir. 1984) ........................................................ 4

Samson v. NAMA Holdings, Inc.
   2009 U.S. Dist. LEXIS 114494 (C.D. Cal. filed Aug. 10, 2009) ................ 16

Saunders v. Superior Court
   27 Cal. App. 4th 832 (1994) ......................................................... 5

Sav-On Drug Stores, Inc. v. Superior Court
   34 Cal. 4th 319 (2004) ................................................................ 8

Serrano v. Priest
   20 Cal. 3d 25 (1977) ......................................................... 10, 11, 24

Serrano v. Unruh
   32 Cal. 3d 621 (1982) .......................................................... 11, 24

<u>Stokus v. Marsh</u>
 217 Cal. App. 3d 647 (1990) ................................................................. 15, 24

<u>Sundance v. Municipal Court</u>
 192 Cal. App. 3d 268, 237 Cal. Rptr. 269 (1987) .................................... 21

<u>Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.</u>
 106 Cal. App. 4th 1219 (2003) ................................................................. 14

<u>U.S. v. Standard Oil Co.</u>
 603 F.2d 100 (9th Cir. 1979) ...................................................................... 8

<u>United Mine Workers v. Gibbs</u>
 383 U.S. 715 (1966) ...................................................................................... 8

<u>United Parcel Serv. Wage & Hour Cases,</u>
 196 Cal. App. 4th 57 (June 2011) .............................................................. 6

<u>Vo v. Las Virgenes Municipal Water District</u>
 79 Cal. App. 4th 440 (2000) ..................................................................... 24

<u>Winterrowd v. Am. Gen. Annuity Ins. Co.</u>
 556 F.3d 815 (9th Cir. 2009) ................................................................... 19


***Statutes***

29 U.S.C. § 216 ............................................................................................. 4

Cal. Bus. & Prof. Code § 17200 ............................................................... 5, 6

Cal. Bus. & Prof. Code § 17208 .................................................................. 6

Cal. Civ. Proc. Code § 338 ........................................................................... 6

Cal. Lab. Code § 90.5 ................................................................................... 9

Cal. Lab. Code § 203 ................................................................................... 19

Cal. Lab. Code § 218.5 .................................................................... 7, 8, 9, 24

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

Cal. Lab. Code § 226.7 ................................................................................ 6, 10

Cal. Lab. Code § 512 ......................................................................................... 6

Cal. Lab. Code § 218.6 ...................................................................................... 5

Cal. Lab. Code § 1194 .............................................................. 4, 5, 8, 10, 24

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

Case 5:11-cv-01946-VAP-SP    Document 5    Filed 12/09/11    Page 14 of 39    Page ID
#:82
Case 2:08-cv-01408-JHN -SS    Document 255    Filed 11/04/11    Page 10 of 34    Page ID
#:11718

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Introduction.

In connection with the $57,108.13 Judgment secured by counsel for Plaintiff Jesse Drenckhahn in the above-captioned matter, the Court should award his counsel a lodestar of $529,847 in attorney's fees, to be adjusted by a reasonable multiplier, and $15,632 non-taxable costs.[1]  In this action, Plaintiff alleged that he had been misclassified as "exempt" by his former employer, Defendant Costco Wholesale Corporation ("Costco"), and that he was therefore owed compensation for unpaid overtime and missed breaks. His overtime claim was brought under both state and federal law, while his break claim was brought solely under state law.  After a six-day trial, the jury and the Court returned a Judgment in favor of his state-law overtime claim and his state-law breaks claims, awarding him nearly one year's worth of salary.  As explained more fully below, the relevant state-law statutes permit prevailing employees to recover their attorney's fees and costs of suit in actions for unpaid wages.  Accordingly—and in light of the outstanding result achieved—Plaintiff is entitled to the requested amounts, all of which were reasonably incurred in bringing this matter to closure.[2]

## II.    Procedural History and Statement of Facts.

Plaintiff commenced this action in state court on December 26, 2007, originally on behalf of himself and a putative Class of similarly situated employees.  (Dec. 26, 2007, Compl. at 1.)  Claiming diversity as to his state-law claims, Costco removed the matter to this Court on February 28, 2008.  (See Feb. 28, 2008, Notice of Removal ¶¶ 6–12.)

As noted above, Plaintiff's claims included causes of action for unpaid overtime and improper breaks.  (See Dec. 26, 2007, Compl. ¶¶ 46–63, 69–73, 74–82.)  Plaintiff also brought two derivative claims:  one for improper wage statements, and one for waiting-time penalties.  (See Dec. 26, 2007, Compl. ¶ 64–68, 83–86.)  Plaintiff's wage-

---

[1] On October 31, 2011, Plaintiff filed a Notice of Application to the Clerk for his taxable costs.  (See generally Oct. 31, 2011, Notice of Application to the Clerk to Tax Costs.)  The $4,122.80 in taxable costs have not been duplicated in the present request.
[2] The Judgment is all the more remarkable given that the statutory period covered by Plaintiff's claims covers less than two years worth of work.

Case 5:11-cv-01946-VAP-SP    Document 5    Filed 12/09/11    Page 15 of 39    Page ID
#:83
Case 2:08-cv-01408-JHN -SS    Document 255    Filed 11/04/11    Page 11 of 34    Page ID
#:11719

1    statement claim was dismissed early in the litigation by way of a Motion to Dismiss.[3]

2    (May 15, 2008, Order re Def.'s Mot. to Dismiss or Strike at 5:15–6:7.)  His derivative

3    waiting-time claim, which was tried to the jury together with his underlying overtime and

4    breaks claims, was ultimately denied by the jury.  (Jan. 13, 2011, Phase-Two Verdict

5    Forms at 5.)

6         Prior to trial, on September 14, 2010, the Court granted a Motion by Costco to

7    decertify the Class alleged in the Complaint.  (See generally Sept. 14, 2010, Order

8    Granting Def.'s Mot. to Decertify Collective Action.)  Accordingly, when this action

9    proceeded to trial, it concerned only Plaintiff's individual claims for unpaid overtime,

10   improper breaks, and waiting-time penalties.  As to these individual claims, trial

11   commenced on January 4, 2011 (see Jan. 4, 2011, Civil Minutes), and concluded on

12   January 13, 2011 (see Jan. 13, 2011, Civil Minutes).  Again, Plaintiff successfully

13   secured a $57,108.13 Judgment compensating him for unpaid overtime and for missed

14   breaks.  (See generally Oct. 21, 2011, J. in Favor of Pl.)

15        In connection with the Judgment, Plaintiff now seeks lodestar attorney's fees in the

16   amount of $529,847 and non-taxable costs in the amount of $15,632.  These fees and

17   costs specifically exclude amounts incurred in connection with the procedural matters

18   involved in prosecuting the decertified class-wide claims.  Accordingly, as to pre-

19   decertification matters, Plaintiff seeks fees and costs only for the time that would have

20   been expended even in the absence of class-wide treatment (or other adjustment).  Those

21   matters, which are detailed in the accompanying Declaration of Alan Harris, can be

22   summarized as follows:

23        1.    Initial meetings with the client and execution of the retainer:  1.7

24        hours.

25        2.    Drafting, filing, and serving the Complaint; and reviewing Costco's

26        Answer to the Complaint:  21 hours (adjusted).

27   _____

     [3] Plaintiff is not claiming any time spent opposing Costco's Motion to Dismiss.
28   Indeed, as explained more fully below, Plaintiff is generally not claiming any time for
     any unsuccessful matters.

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

3.     Discovery:  93 hours (adjusted).

4.     Issues involving related cases, removal, transfer, and reassignment:
14 hours.

5.     Preparing for and attending the scheduling conference:  7 hours.

6.     Negotiating and executing the Protective Order:  3 hours (adjusted).

7     Settlement and mediation:  5 hours (adjusted).

8.     Legal research and opposing Costco's Motion for Summary Judgment
as to Plaintiff's individual claims:  58 hours.

9.     Trial preparation, including research and drafting of Jury Instructions
and Motions in Limine, selecting Trial Exhibits, designating depositions for
use at trial, and preparing Plaintiff's expert witness:  88 hours (adjusted).

10.     Ex Parte Applications:  12 hours (adjusted).

(See Nov. 4, 2011, Decl. of Alan Harris in Supp. of Mot. for Award of Att'ys Fees and Reimbursement of Non-Taxable Costs to Pl. ("Nov. 4, 2011, Harris Decl.") ¶¶ 11.)  As explained below, given these hours, the total lodestar for relevant time spent before decertification—that is, for time spent through September 14, 2010—is $157,236.

As to post-decertification matters, Plaintiff seeks fees and costs associated with the 663 hours spent preparing for and attending mediation; preparing Motions in Limine, Exhibit Lists, Witness Lists, Memoranda of Contentions of Fact and Law, and Trial Briefs; opposing Costco's Motions in Limine; reviewing Costco's Exhibit Lists, Witness Lists, Memoranda of Contentions of Fact and Law, and Trial Briefs; attending the final pre-trial conference; engaging in final trial preparation; attending trial; preparing pre-Judgment, post-trial briefing; engaging in post-trial settlement negotiations; drafting the Judgment; and preparing the Bill of Non-Taxable Costs and this Motion for attorney's fees.  (See Nov. 4, 2011, Harris Decl. ¶ 10.)  Given these hours, the total lodestar for relevant time spent on post-decertification matters, including all trial and post-trial matters, is $372,611.  Accordingly, the total lodestar for the fee is $529,847.

/ / / / /

3

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

Case 5:11-cv-01946-VAP-SP    Document 5    Filed 12/09/11    Page 17 of 39    Page ID
#:85
Case 2:08-cv-01408-JHN-SS    Document 255    Filed 11/04/11    Page 13 of 34    Page ID
#:11721

1    **III.    *Plaintiff's Specific Claims for Relief.***

2        **A.    *Unpaid Overtime.***

3        As noted above, Plaintiff brought his claim for unpaid overtime under both federal

4    law and state law.  The relevant body of federal law—the Fair Labor Standards Act

5    ("FLSA")—states that "[a]ny employer who [fails to pay overtime compensation to a

6    non-exempt employee] shall be liable to the employee . . . in the amount of . . . [his or

7    her] unpaid overtime compensation."  29 U.S.C. § 216(b).  The FLSA contains a one-way

8    fee-shifting provision in favor of employees, not employers.  See id. (stating that "[t]he

9    court in such action shall, in addition to any judgment awarded *to the plaintiff* or

10   plaintiffs, allow a reasonable attorney's fee to be paid *by the defendant*, and costs of the

11   action") (emphasis supplied).  See also, e.g., Richardson v. Alaska Airlines, Inc., 750

12   F.2d 763, 767 (9th Cir. 1984) (stating that "[a] prevailing *employer* may not recover

13   attorney's fees in an action under the FLSA") (emphasis in original).

14       The relevant body of state law—the California Labor Code—similarly permits an

15   employee to bring "a civil action" to recover "the full amount of [his or her] overtime

16   compensation, . . . reasonable attorney's fees, and costs of suit."  Cal. Lab. Code

17   § 1194(a).  Like the FLSA, then, the Labor Code's attorney-fee provision for unpaid-

18   overtime actions is entirely one-way, in favor of the employee.  See Bell v. Farmers Ins.

19   Exch., 87 Cal. App. 4th 805, 829 (2001) (stating that "Labor Code section 1194 is a 'one-

20   way' fee-shifting statute, which gives employees the right to recover reasonable attorney

21   fees in a successful suit for overtime compensation[] without giving employers any

22   corresponding right in the event of a successful defense"); Earley v. Superior Court, 79

23   Cal. App. 4th 1420, 1429 (2000) (stating that, "if an employee is unsuccessful in a suit

24   for . . . overtime, section 1194 does *not* permit a prevailing employer to recover fees or

25   costs").

26       In addition to bringing his claim for unpaid overtime under the Labor Code,

27   Plaintiff also brought it by way of the California Business and Professions Code's unfair-

28   competition statute, section 17200 *et seq.*  Section 17200 defines "unfair competition" as

Case 5:11-cv-01946-VAP-SP   Document 5   Filed 12/09/11   Page 18 of 39   Page ID
#:86
Case 2:08-cv-01408-JHN -SS   Document 255   Filed 11/04/11   Page 14 of 34   Page ID
#:11722

1   "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code

2   § 17200. In effect, "[a]n action based on this state statute 'borrows' violations of other

3   laws when committed pursuant to business activity." Harris v. Investors' Business Daily,

4   Inc., 138 Cal. App. 4th 28, 32–33 (2006). See also Application Group v. Hunter Group,

5   61 Cal. App. 4th 881, 907 (1998) (explaining that "'[t]he "unlawful" practices prohibited

6   by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state,

7   or municipal, statutory, regulatory, or court-made'") (quoting Saunders v. Superior Court,

8   27 Cal. App. 4th 832, 838–39 (1994)). The California Supreme Court has explained that

9   unpaid wages are recoverable under section 17200 et seq., see Cortez v. Purolator Air

10  Filtration Prods. Co., 23 Cal. 4th 163, 177–78 (2000), thereby authorizing Plaintiff's

11  claim herein.

12        As to unfair competition, Plaintiff notes that, although attorney's fees and costs are

13  not awardable per se under the Business and Professions Code, they are recoverable if the

14  unfair-competition claim shares "an issue [in] common" with a simultaneously brought

15  claim permitting a fee recovery. Pellegrino v. Robert Half Internat'l, Inc., 182 Cal. App.

16  4th 278, 288 (2010). Accordingly, as explained more fully below, because Plaintiff's

17  unfair-competition claim was joined with his successful, "interrelated" overtime claim

18  under the Labor Code, attorney's fees are indirectly recoverable under the Business and

19  Professions Code. Pellegrino, 182 Cal. App. 4th at 278.

20        Plaintiff hereby seeks attorney's fees and costs in connection with his state-law-

21  based overtime claim. Again, after a six-day trial, Judgment was entered in Plaintiff's

22  favor for unpaid overtime under state law. (See Oct. 21, 2011, J. in Favor of Pl. at 4:20–

23  21.) The total overtime damages awarded, $52,952.21, can be divided into three

24  components: a Labor Code component in the amount of $21,100.51, a Business and

25  Professions Code component in the amount of $10,493.89, and a prejudgment-interest

26  component in the amount of $21,357.81.[4] (See Oct. 21, 2011, J. in Favor of Pl. at 2:14–

27  ────────────

28  [4] The Labor Code expressly permits the collection of prejudgment interest in unpaid-
overtime actions. See Cal. Lab. Code §§ 218.6, 1194(a). Costco did not object to the
inclusion of interest in the Judgment.

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

Case 5:11-cv-01946-VAP-SP    Document 5    Filed 12/09/11    Page 19 of 39    Page ID
#:87
Case 2:08-cv-01408-JHN -SS    Document 255    Filed 11/04/11    Page 15 of 34    Page ID
#:11723

1   3:18.) The $21,100.51 amount was computed based on the jury's verdict that, on

2   average, Plaintiff had worked eleven overtime hours per workweek during the relevant

3   statutory period. (Jan. 13, 2011, Phase-Two Verdict Forms at 2:4–5.) Likewise, the

4   $10,493.89 amount was computed based on the Court's finding that, on average, Plaintiff

5   had worked eleven overtime hours per workweek during the relevant statutory period.[5]

6   (See Aug. 24, 2011, Findings of Fact and Conclusions of Law Regarding the UCL Claim

7   at 1 n.1 & 5:10–6:2.)

8       ***B.   Compensation for Missed Breaks.***

9       In addition to prevailing on his state-law claim for unpaid overtime, Plaintiff

10  prevailed on the other underlying claim that went to trial: his state-law claim for missed

11  breaks.[6] Under the Labor Code, "[a]n employer may not employ an employee for a work

12  period of more than five hours per day without providing the employee with a meal

13  period of not less than [thirty] minutes." Cal. Lab. Code § 512(a). If an employee is not

14  provided the requisite breaks, then he or she is entitled to an extra hour of compensation

15  for each day that the break is not provided. Id. § 226.7(b).[7] In addition, because that

16

17      [5] Although the end goal of Plaintiff's unfair-competition claim is the same as his
    Labor Code claim—the collection of unpaid overtime—the two differ in that section
18  17200 et seq. carries a four-year statute of limitations, Cal. Bus. & Prof. Code § 17208,
    compared to the three-year limitations period under the Labor Code, see Cal. Civ. Proc.
19  Code § 338. In addition, unlike the overtime claim under the Labor Code, the overtime
    claim under the Business and Professions Code is equitable in nature, Cortez, 23 Cal. 4th
20  at 178. This explains why the Business and Professions Code claim was tried separately
    by the Court, rather than by the jury. In sum, Plaintiff's Labor Code claim covers the
21  period from December 26, 2004 (three years prior to the filing of the Complaint), to
    October 23, 2005 (the last date of Plaintiff's employment with Costco), while the
22  Business and Professions Code claim covers the period from December 26, 2003 (four
    years prior to the filing of the Complaint), to December 26, 2004. (Aug. 24, 2011,
23  Findings of Fact and Conclusions of Law Regarding the UCL Claim at 1 n.1.)
        [6] Unlike his overtime claim, Plaintiff's claim for missed breaks did not involve any
24  alleged violations of federal law.
        [7] Plaintiff's claim was for missed meal breaks and missed rest breaks. (Compl. ¶¶ 74–
25  82.) Although the jury awarded damages for missed meal breaks, it declined awarding
    damages for missed rest breaks. (See Jan. 13, 2011, Phase-Two Verdict Forms at 3–4.)
26  However, it was only after this case went to trial that the California Court of Appeal
    determined that section 226.7 entitles employees up to two premium payments per
27  workday—one for the failure to provide one or more meal periods, and another for the
    failure to provide one or more rest periods. United Parcel Serv. Wage & Hour Cases, 196
28  Cal. App. 4th 57, 70 (June 2011).

Case 5:11-cv-01946-VAP-SP    Document 5    Filed 12/09/11    Page 20 of 39    Page ID
#:88
Case 2:08-cv-01408-JHN -SS    Document 255    Filed 11/04/11    Page 16 of 34    Page ID
#:11724

1    extra hour of compensation "is a premium *wage* intended to compensate employees," <u>see</u>

2    <u>Murphy v. Kenneth Cole Prods., Inc.</u>, 40 Cal. 4th 1094, 1114 (2007) (emphasis supplied),

3    any action seeking its collection is "an[] action brought for the nonpayment of wages,"

4    entitling successful employees to their "reasonable attorney's fees and costs," Cal. Lab.

5    Code § 218.5.

6        After the six-day trial, Judgment was entered in Plaintiff's favor for missed meal

7    breaks under the Labor Code.[8] (<u>See</u> Oct. 21, 2011, J. in Favor of Pl. at 4:21–22.)  The

8    total meal-break damages awarded, $4,155.92, can be divided into two components:  a

9    damages component in the amount of $2,557.49, and a prejudgment-interest component

10   in the amount of $1,598.43.  (<u>See</u> Oct. 21, 2011, J. in Favor of Pl. at 4:4–18.)  The

11   $2,557.49 amount was computed based on the jury's verdict that, on average, Plaintiff

12   had worked two days each week during the relevant statutory period without receiving

13   proper meal breaks.  (Jan. 13, 2011, Phase-Two Verdict Forms at 2:4–5.)  Plaintiff hereby

14   seeks attorney's fees and costs in connection with his state-law break claim.

15   **IV.    Argument.**

16       **A.    *California Law Governs the Award of Attorney's Fees and Costs as to***

17               ***Plaintiff's State-Law Claims.***

18       Generally speaking, the so-called "American rule" of litigation requires parties to

19   bear their own litigation expenses, including attorney's fees and non-taxable costs,

20   regardless of whether they win or lose.  <u>E.g.</u>, <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429

21   (1983), <u>abrogated on other grounds as stated in</u> <u>McKee v. Comm'r of Soc. Sec.</u>, 2008

22   U.S. Dist. LEXIS 86793 at *8–9 (M.D. Fla. filed Sept. 30, 2008).  That "rule," however,

23   is subject to three significant exceptions, meaning that fee-and-cost recoveries are

24   appropriate (a) when the losing party "'has acted in bad faith, vexatiously, wantonly, or

25   for oppressive reasons'"; (b) when an "enforceable contract" provides for the recovery of

26

27       [8] As with Plaintiff's overtime claim, Plaintiff had also brought a claim for missed
     breaks under the Business and Professions Code.  (Dec. 26, 2007, Compl. ¶ 89.)  That

28   claim, which was not tried before the jury, was separately denied by the Court.  (Aug. 24,
     2011, Findings of Fact and Conclusions of Law at 6:3–7:3.)

7

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

1    fees and costs; or (c) when "a statute" provides for the shifting of fees to the losing party.

2    See, e.g., U.S. v. Standard Oil Co., 603 F.2d 100, 103 (9th Cir. 1979) (quoting Hall v.

3    Cole, 412 U.S. 1, 5 (1973)).  For present purposes, the third "exception" applies.

4         As explained above, the California Labor Code expressly authorizes the recovery

5    of attorney's fees and expenses for both Plaintiff's overtime claim and his break claim.

6    See Cal. Lab. Code §§ 218.5, 1194(a).  In diversity actions, as well as in actions where a

7    district court has chosen to exercise its pendent jurisdiction over state-law claims, state

8    substantive law governs the award of attorney's fees and related non-taxable expenses.[9]

9    Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995) (in determining

10   how to calculate attorney's fees, stating that "Erie principles apply in equally in the

11   context of pendent jurisdiction") (citing United Mine Workers v. Gibbs, 383 U.S. 715

12   (1966).  Indeed, as the Ninth Circuit has explained, "[i]n an[y] action where a district

13   court is exercising its subject matter jurisdiction over a state law claim, so long as 'state

14   law does not run counter to a valid federal statute or rule of court, and usually it will not,

15   state law denying the right to attorney's fees or giving a right thereto, which reflects a

16   substantial policy of the state, should be followed.'"  MRO Commc'ns, Inc. v. AT&T

17   Corp., 197 F.3d 1276, 1281 (9th Cir. 1999) (quoting Alyeska Pipeline Serv. Co. v.

18   Wilderness Soc'y, 421 U.S. 240, 259 n.31 (1975)).

19        As to Plaintiff's claims, the State of California has time and again articulated a

20   strong public policy in favor of protecting employees.  As explained by the California

21   Supreme Court, "Labor Code section 1194 confirms a 'clear public policy . . . that is

22   specifically directed at the enforcement of California's minimum wage and overtime laws

23   for the benefit of workers.'"  Sav-On Drug Stores, Inc. v. Superior Court, 34 Cal. 4th

24   319, 340 (2004) (ellipsis in original).  See also Ramirez v. Yosemite Water Co., 20 Cal.

25   4th 785, 794 (1999) (stating that "'past decisions . . . teach that in light of the remedial

26   nature of the legislative enactments authorizing the regulation of wages, hours and

27   working conditions for the protection and benefit of employees, the statutory provisions

28   _____
     [9] As noted above, Costco removed Plaintiff's action from state court.

1    are to be liberally construed with an eye to promoting such protection'") (quoting <u>Indus.</u>

2    <u>Welfare Comm'n v. Superior Court</u>, 27 Cal. 3d 690, 702 (1980)) (ellipsis in original);

3    <u>Lusardi Constr. Co. v. Aubry</u>, 1 Cal. 4th 976, 985 (1992) (explaining that "[t]he

4    Legislature has declared that it is the public policy of California 'to vigorously enforce

5    minimum labor standards in order to ensure employees are not required or permitted to

6    work under substandard unlawful conditions, and to protect employers who comply with

7    the law from those who attempt to gain competitive advantage at the expense of their

8    workers by failing to comply with minimum labor standards'") (quoting Cal. Lab. Code

9    § 90.5).  Such a public policy covers not only claims for overtime, but claims for

10   improper breaks.  <u>See</u> <u>Murphy</u>, 40 Cal. 4th at 1104 (noting that "the language of section

11   226.7 [concerning missed meal breaks] . . . is to be interpreted broadly in favor of

12   protecting employees").

13          Given the strong public policy, Plaintiff is entitled to his reasonable attorney's fees

14   and costs of suit for his overtime and break claims.[10]

15          **B.      *Plaintiff Is the Prevailing Party Under State Law.***

16          Generally speaking, only a "prevailing party" is entitled to its fees and costs.

17   However, "[s]tatutory provisions authorizing attorney fees to the 'prevailing party' are

18   *not* subject to the definition of 'prevailing party' in the general costs statute."  William E.

19   Wegner, *et al.*, <u>California Practice Guide:  Civil Trials and Evidence</u> ¶ 17:153.1 (The

20   Rutter Group 2011) (emphasis supplied).  What matters for purposes of determining the

21   entitlement to fees and costs, in other words, is who prevailed on the *particular statutory*

22   *claim authorizing the fee-and-cost request.*  <u>See</u> <u>Garciano v. Robinson Ford Sales, Inc.</u>,

---

[10] It is important to note that this is *not* a case where Plaintiff is attempting to "sneak in" his request for attorney's fees through the FLSA's fee-shifting provision.  In this regard, the Ninth Circuit has held that, when a plaintiff wins a state-law claim *without* a fee-shifting provision but loses on a federal claim *with* a fee-shifting provision, he or she is not entitled to fees by claiming that the state-law claim is so related to the federal-law claim that a fee award would be appropriate.  <u>See</u> <u>Mateyko v. Felix</u>, 924 F.2d 824, 828 (9th Cir. 1990).  Unlike in <u>Mateyko</u>, the state statutes underlying Plaintiff's claims *expressly provide* for the recovery of attorney's fees and costs.  Indeed, Costco itself requested attorney's fees for defending this action, thus triggering the fee-shifting provision in Labor Code section 218.5.  (<u>See</u> May 27, 2008, Def.'s Ans. to Compl. at 10:17.)

9

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

1    144 Cal. App. 4th 140, 151–52 (2006) (in reversing a trial court's determination that a

2    defendant was the "prevailing party," explaining that "[t]he relevant inquiry . . . [i]s

3    whether as a practical matter [the plaintiff] was the prevailing party with respect to her

4    causes of action . . . under which she sought attorney fees," not whether the defendant

5    had successfully defended against "causes of action for which there was no entitlement to

6    attorney fees"). That Plaintiff prevailed on his statutory overtime claim and his statutory

7    meal-break claim means he is "unequivocally" the "prevailing party . . . for purposes of

8    entitlement to reasonable attorney fees under [sections 226.7 and 1194 of the Labor

9    Code]." Id. at 152. He is therefore entitled to fees and costs regardless of the outcome

10    on the FLSA claim and regardless of decertification.

11        **C.    *Plaintiff's Lodestar Calculation Is Reasonable.***

12        In California, statutory attorney's fees are calculated pursuant to the lodestar or

13    "touchstone" method:

14        The "touchstone" or "lodestar" method of determining reasonable attorney's

15        fees was endorsed by the California Supreme Court in Serrano v. Priest

16        (1977) 20 Cal. 3d 25. In that case, there was no statutory authority for an

17        attorney's fee award, but the California Supreme Court held that an award

18        was proper.[11] The court held that the trial court had properly calculated the

19        award by computing a "touchstone" amount based on "a careful compilation

20        of the time spent and reasonable hourly compensation" and augmenting or

21        diminishing this touchstone amount based on a number of "relevant factors."

22        (Serrano at pp. 48–49.) "'Anchoring the analysis to this [touchstone]

23        concept is the *only way* of approaching the problem that can claim

24

-------

25       [11] Serrano's methodology has been expressly extended to statutory fee awards. See Meister v. Regents of Univ. of Cal., 67 Cal. App. 437, 448–49 (1998) (stating that "[w]e

26    are persuaded . . . that the California Supreme Court intended its lodestar method to apply to a statutory attorney's fee award unless the statutory authorization for the award

27    provided for another method of calculation."). See also Chacon v. Litke, 181 Cal. App. 4th 1234, 1259 (2010) (stating that, in "Ketchum v. Moses, [] 24 Cal. 4th 1122 [(2001),

28    the California Supreme Court] 'reaffirmed the primacy of the lodestar method for all fee-shifting statutes'").

objectivity, a claim which is obviously vital to the prestige of the bar and the courts.' . . ." (<u>Serrano</u> at p. 48, fn. 23, citation omitted, italics added.)  None of the "relevant factors" pertinent to augmentation or diminution of the touchstone amount involved a consideration of whether the attorneys had acted reasonably in expending the "time spent" on the litigation.  (<u>Serrano</u> at p. 49.) . . .

> Subsequently, the California Supreme Court added a few refinements to these standards for setting the amount of an attorney's fee award.
>
> "'[U]nless special circumstances would render such an award unjust,'" "parties who qualify for a fee should recover for all hours *reasonably spent* . . . .'" (<u>Serrano v. Unruh</u> (1982) 32 Cal. 3d 621, 633, 639, italics added.)

<u>Meister</u>, 67 Cal. App. 4th at 446–47 (emphasis in original) (internal references omitted).

### *1.    The Number of Hours Reasonably Expended by Plaintiff's Counsel.*

Under the lodestar method, before "augmenting" the fees based on the various <u>Serrano</u> "factors," <u>id.</u> at 447,[12] attorney's fees are calculated by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate of compensation." <u>Chacon</u>, 181 Cal. App. 4th at 1259 (citing <u>Ketchum</u>, 24 Cal. 4th at 1136).  As to the number of hours, although a court has discretion to decide whether time was reasonably expended, "the [California] Supreme Court clearly has indicated that [such] discretion . . . is . . . to be exercised so as to *fully* compensate counsel for the prevailing party." <u>Horsford v. Bd. of Trustees of Cal. State Univ.</u>, 132 Cal. App. 4th 359, 395 (2005) (emphasis supplied).  Attorney time records are, of course, the "starting point" for a court's determination of how much time was expended, <u>id.</u> at 397, and such records enjoy a "presumption of credibility," <u>id.</u> at 396.  More specifically, "the verified time statements of [] attorneys, as officers of the court, are entitled to credence in the

---

[12] Adjustments to the lodestar—"multipliers"—are described in this Memorandum, *infra*.

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

1  absence of a clear indication the records are erroneous." Id.  Whether an attorney's

2  records are erroneous requires an *affirmative* showing by the opposing party based on

3  actual *evidence*, not mere speculation.  See Premier Med. Mgmt. Sys., Inc. v. Cal. Ins.

4  Guarantee Ass'n, 163 Cal. App. 4th 550, 562 (2008) (explaining that, when a fee request

5  is supported by appropriate documentation and declarations, successful attacks require

6  the submission of actual "evidence").  Accordingly, although duplicative work "is not

7  compensable" under the lodestar method, id., a court must be presented with an

8  "evidentiary basis" to conclude that multiple attorneys working on the same matter are, in

9  fact, duplicating effort rather than engaging in "collaborative" work, id. at 562.

10     Consider, for example, the specific holding in Horsford.  In Horsford, the

11  California Court of Appeal reversed a trial court's conclusion that the prevailing

12  plaintiffs' fees should be reduced as duplicative.  See Horsford, 132 Cal. App. 4th at 396.

13  As explained by Court of Appeal:

14        The [trial] court pointed to several specific instances in which it appeared all

15        three [plaintiffs'] attorneys had billed for reviewing the same discovery

16        request from defendants; the court stated generally that there were many

17        such instances.  As a result, "the billing records of plaintiffs' counsel [were]

18        given little weight."  In addition, the court determined that it was not

19        "necessary" that plaintiffs have three attorneys present for much of the trial

20        and two attorneys for many of the depositions.  The court then determined

21        that, because the time records were not "a hundred percent reliable," the

22        court was "left . . . having to arrive at the attorneys' fees in another

23        way." . . .

24           . . . .

25        Instead of a presumption of credibility, the trial court often assumed

26        the opposite.  In one instance, the court noted that [plaintiffs' attorney]

27        Murray recorded two hours for reading an opposition to a motion for

28        protective order (29 pages) and preparation of notes for discussion with

12

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

1   [plaintiffs' attorneys] Gordon and Johnson. The next day, Gordon billed

2   three and a half hours for review and research concerning the opposition.

3   That same day, Johnson recorded two and a half hours for reviewing and

4   editing "opp. To mtn for prot. Order 18 pg." The court determined that this

5   was "billing[] for overlapping work." *It is not at all unreasonable, however,*

6   *to interpret this sequence of time records as reflecting completely ordinary*

7   *practice in a law firm handling a case of this magnitude:* The opposition

8   points and authorities are delivered to the senior partner, who reviews the

9   document and makes notes for a meeting with his subordinates. At that

10   meeting, he or she assigns one attorney to research and draft a reply to the

11   opposition and a third attorney to edit and cite check the reply before it goes

12   out. The total time billed for review of the 29-page opposition and

13   preparation of the 18-page reply is eight hours. (Murray's fee declaration

14   indicates this type of supervision structure within the plaintiffs' litigation

15   team, and stated there were "a vast number [of acts] which I have not shown

16   time for but which I have participated in.") . . .

17        If eight hours for preparing the reply memorandum is excessive, it is

18   not excessive by much. The eight-hour total might have been reduced

19   through an exercise of the trial court's discretion—but the court did not

20   exercise its discretion to do so. Instead, it used its negative interpretation of

21   the records as a basis for disregarding the time records completely. There

22   was no basis inherent in this series of records for the court's negative

23   interpretation of them, much less a basis for disregarding them completely.

24   <u>Horsford</u>, 132 Cal. App. 4th at 396–97. <u>See also</u> <u>Premier Med. Mgmt. Sys., Inc.</u>, 163

25   Cal. App. 4th at 562 ("Appellants have presented no evidence to refute the declarations

26   by counsel for respondents explaining that the time spent on drafting the motion reflected

27   the division of labor and the collaborative nature of the joint defense. We are presented

28   with no evidentiary basis to second-guess the conclusion of the trial court that the

13
MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

1   collaboration on joint documents was not duplicative; we have no basis to reverse that

2   decision as an abuse of discretion.  (See Tuchscher Development Enterprises, Inc. v. San

3   Diego Unified Port Dist. (2003) 106 Cal. App. 4th 1219, 1248 [argument that billing is

4   duplicative and unreasonable, unsupported by citation to record or explanation of which

5   fees were challenged gives no basis to disturb trial court's discretionary fee ruling];

6   Braun v. Chronicle Publishing Co. (1997) 52 Cal. App. 4th 1036, 1052–1053 [absent

7   evidence that fee award was based on unnecessary or duplicative work, the award will be

8   affirmed]; Church of Scientology v. Wollersheim (1996) 42 Cal. App. 4th 628, 659,

9   disapproved on other grounds in Equilon Enterprises v. Consumer Cause, Inc. (2002) 29

10  Cal.4th 53, 68, fn. 5 [fee award affirmed where plaintiff has not presented any evidence

11  in the record that the award was based upon unnecessary or duplicative work or any other

12  improper basis].)") (bracketed material in original).

13         As noted above, according to Plaintiff's counsel's time records, which were

14  recorded contemporaneously with the work itself,[13] Plaintiff's counsel expended a total of

15  307 adjusted hours on pre-decertification matters and 663 hours on post-decertification

16  matters—a total of 970 hours.[14]  Again, the only time reflected in the records is time that

17  would have been expended even in the absence of class-wide treatment.  In this regard,

18  Plaintiff notes that his counsel spent a total of 1,568 hours in this case, meaning that

19  Plaintiff's counsel has *reduced* its actual hours by 598 to reflect decertification and

20  otherwise.  In effect, then, Plaintiff's counsel is only seeking fees and costs for the time

21         [13] Even if Plaintiff's counsel had not kept the detailed records now before the Court,
22  that would not be a bar to an attorney-fee recovery.  See Raining Data Corp. v.
    Barrenechea, 175 Cal. App. 4th 1363, 1375 (2009) (stating that "[t]he law is clear . . . that
23  an award of attorney fees may be based on counsel's declarations, without production of
    detailed time records"); Martino v. Denevi, 182 Cal. App. 3d 553, 559 (1986) (explaining
24  that, "in California, an attorney need not submit contemporaneous time records in order
    to recover attorney fees").
25         [14] This includes the time spent preparing this Motion for attorney's fees and costs.  In
    this regard, a prevailing party is entitled to seek "attorneys' fees for [the] time spent
26  pursuing [an] attorneys' fees award."  Pellegrino, 182 Cal. App. 4th at 294 (explaining
    that, "'follow[ing] the rule of the overwhelming majority of courts that have considered
27  the question . . . [the California Supreme Court has held] that, absent circumstances
    rendering the award unjust, fees recoverable . . . ordinarily include compensation for all
28  hours reasonably spent, including those necessary to establish and defend the fee claim'")
    (quoting Ketchum, 24 Cal. 4th at 1141) (ellipses in original).

1   spent on the pre-filing evaluation of Plaintiff's claims and on the actual litigation of the

2   non-class claims that went to trial. See Stokus v. Marsh, 217 Cal. App. 3d 647, 656

3   (1990) (in allowing fees on pre-filing work, explaining that "'the better view is that pre-

4   complaint investigation and evaluation of the potential claim is part of the process and

5   expense of litigation'" and that "'a contrary decision would encourage the filing of

6   complaints with little or no investigation or evaluation as to the validity of the claim'")

7   (quoting First Nat'l Bank of Ariz. v. Cont'l Bank, 673 P.2d 938, 944 (1983)). This is

8   entirely reasonable—particularly given the contentious nature of the litigation and

9   Costco's steadfast refusal to settle, which obviously increased the number of hours

10   Plaintiff's counsel was required to spend on litigating the case. (See Nov. 4, 2011, Harris

11   Decl. ¶ 9.)

### 2.   *Plaintiff's Counsel's Reasonable Hourly Rates.*

13   With more-than-adequate evidence before the Court demonstrating the number of

14   hours reasonably expended by Plaintiff's counsel herein, the Court should proceed to the

15   second step under the lodestar method: calculating a reasonable hourly rate. A

16   "reasonable hourly rate" is the "prevailing [rate] in the community for similar work."

17   PLCM Group, Inc. v. Drexler, 22 Cal. 4th 1084, 1095 (2000) (citing Margolin v. Reg'l

18   Planning Comm'n, 134 Cal. 3d 999, 1004 (1982)). In other words, the "reasonable

19   hourly rate" is the community's "market" rate. Chacon, 181 Cal. App. 4th at 1260. This

20   rule "applies regardless of whether the attorneys claiming fees charge nothing for their

21   services, charge at below-market or discounted rates, represent the client on a straight

22   contingent fee basis, or are in-house counsel.'" Id.

23   Recently—in connection with a wage-and-hour dispute, no less—the Central

24   District of California approved attorney hourly rates ranging from $450 to $515 for

25   associates, and $655 to $750 for partners. Anderson v. Nextel Retail Stores, LLC, 2010

26   U.S. Dist. LEXIS 71598 at *10–11 (C.D. Cal. filed June 30, 2010) (listing hourly rates),

27   24 (describing the action as "straightforward wage-and-hour litigation"). In first

28   determining what the "prevailing market rates" were, the Anderson court explained that

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

Case 5:11-cv-01946-VAP-SP    Document 5    Filed 12/09/11    Page 29 of 39    Page ID
#:97
Case 2:08-cv-01408-JHN -SS    Document 255    Filed 11/04/11    Page 25 of 34    Page ID
#:11733

1    "[t]he relevant community" means the "'attorneys practicing in the forum district'—that
2    is, the Central District of California." Id. at *6 (quoting Gates v. Deukmejian, 987 F.2d
3    1392, 1405 (9th Cir. 1992)). The Anderson court then approved the $450-to-$750 range
4    of rates as "within the 'prevailing market rates in the relevant community.'" Anderson,
5    2010 U.S. Dist. LEXIS 71598 at *11 (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11
6    (1984)).

7        As to the relevant community for the above-captioned action—like the matter in
8    Anderson, the Central District of California—Judge Morrow approved rates of $700 and
9    $800 for senior attorneys in Samson v. NAMA Holdings, Inc., 2009 U.S. Dist. LEXIS
10   114494 (C.D. Cal. filed Aug. 10, 2009). Samson, 2009 U.S. Dist. LEXIS 114494 at *14–
11   17. Legal-assistant rates between $90 and $270 per hour were also approved in Samson.
12   Id. at *18. Similarly, in Pom Wonderful, LLC v. Purely Juice, Inc., 2008 U.S. Dist.
13   LEXIS 110460 (C.D. Cal. filed Sept. 22, 2008), Judge Snyder approved partner rates of
14   $450 to $750 per hour and associate rates of $325 to $425 per hour, basing her decision
15   "on the Court's familiarity with the rates charged by other firms in the Los Angeles legal
16   community." Pom Wonderful, LLC, 2008 U.S. Dist. LEXIS 110460 at *11–12. Judge
17   Wright likewise approved rates of up to $725 per hour as reasonable based on "the
18   Court's familiarity with the prevailing market rates in the Central District of California."
19   Ashendorf & Assocs. Ltd. v. SMI-Hyundai Corp., 2011 U.S. Dist. LEXIS 80241 at *6–7
20   (C.D. Cal. filed July 21, 2011). Judge Real also recently approved rates ranging up to
21   $725 per hour as reflective of the Central District's "current market rate." Jones v. City
22   of Los Angeles, 2011 U.S. Dist. LEXIS 68416 at *4–6 (C.D. Cal. filed June 24, 2011).
23   Finally, in 2010, Judge Walter approved hourly attorney rates in the Central District of up
24   to $738 per hour, as well as paralegal rates of up to $229.50 per hour. L.A. Printex
25   Indus., Inc. v. William Carter Co., 2010 U.S. Dist. LEXIS 130529 at *6–7 (C.D. Cal.
26   filed Dec. 1, 2010).

27        Here, the requested hourly rates of Plaintiff's counsel, Harris & Ruble, fall within
28   the range of rates approved by the Central District of California—again, the relevant

"community" for purposes of determining market rates.  The hourly rates of each attorney, law clerk, and assistant of Harris & Ruble who worked on this case are:

| Name | Experience | Hourly Rate |
|---|---|---|
| Alan Harris | Partner (37 years) | $800 |
| Lisa Owen | Associate (11 years) | $550 |
| Jonathan Ricasa | Associate (9 years) | $475 |
| Abigail Treanor | Associate (8 years) | $430 |
| Priya Mohan | Associate (8 years) | $430 |
| David Zelenski | Associate (8 years) | $430 |
| Matthew Kavanaugh | Associate (6 years) | $355 |
| Marcella Ruble | Partner (25 years) | $225 |
| Dennis Bjorklund | Clerk/Paralegal | $210 |
| Law Clerks | ----- | $210 |
| Kathryn Abrams | Clerk/Paralegal | $200 |
| Admin. Assistants | ----- | $125 |
| Audrey Hwang | Admin. | $125 |

(See Nov. 4, 2011, Harris Decl. ¶¶ 5–8, 14.)  These are Harris & Ruble's customary hourly rates,[15] and they have been approved by other state and federal courts in Los Angeles.  (Nov. 4, 2011, Harris Decl. ¶ 9.)  Under California law, these factors also counsel in favor of awarding the requested fees.  See, e.g., Flannery v. Cal. Highway Patrol, 61 Cal. App. 4th 629, 632–33, 647 (1998) (explaining that a court may consider "the skill and experience of the attorneys," as well as the attorneys' "customary billing rates," when calculating "the reasonable hourly rate component of the lodestar").  In addition, Harris & Ruble's rates fall well-within the range of rates cited by various recent

---

[15] In order to account for the time-value of money, courts look to rates at the time of the prevailing party's fee application, not at the time the litigation began.  See Gates, 987 F.2d at 1406–07.

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

Case 5:11-cv-01946-VAP-SP    Document 5    Filed 12/09/11    Page 31 of 39    Page ID
#:99
Case 2:08-cv-01408-JHN -SS    Document 255    Filed 11/04/11    Page 27 of 34    Page ID
#:11735

1    surveys on the issue of attorney's fees. (See Nov. 4, 2011, Harris Decl. ¶¶ 16–19 (citing

2    articles and surveys).)  Indeed, according to a recognized expert on attorney billing,

3    Harris & Ruble's above-noted hourly rates are, in fact, the prevailing market rates. (See

4    Nov. 4, 2011, Harris Decl. ¶ 20.)

5         Perhaps of greater import, however, is the overall mixed hourly rate: $546.  This

6    rate is quite reasonable and is clearly comparable to those recently approved by the

7    Central District.  The Court should thus approve the requested attorney-fee lodestar of

8    $529,847.

9    **D.    _Apportionment Is Inappropriate._**

10        Costco will no doubt argue that the requested fee-and-cost amount should be

11   reduced because the jury (a) did not award any damages under the FLSA, (b) did not

12   award any damages for missed rest breaks, and (c) did not award any waiting-time

13   damages.  Costco will also likely argue that Plaintiff's hours should be reduced because

14   the Court, in separately ruling on Plaintiff's unfair-competition claim, only found liability

15   for unpaid overtime, not for missed breaks.[16]  This would be a mistake.

16        Under California law—again, the relevant law for purposes of ruling on the present

17   fee-and-cost request—the rule is clear that "'[a]ttorney's fees need _not_ be apportioned

18   when incurred for representation on an issue common to both a cause of action in which

19   fees are proper and one in which they are not allowed.'"  Graciano, 144 Cal. App. 4th at

20   158–59 (quoting Reynolds Metals Co. v. Alperson, 25 Cal. 3d 124 129–30 (1979))

21   (emphasis supplied).  See also Drouin v. Fleetwood Enters., 163 Cal. App. 3d 486, 493

22   (1985) (stating that "[a]ttorneys fees need not be apportioned between distinct causes of

23   action where plaintiff's various claims involve a common core of facts or are based on

24   _____

25   [16] Costco may also argue that fees and costs should be reduced because his Class was
     decertified.  However, as explained above, what matters for purposes of attorney's fees
26   and costs is whether Plaintiff prevailed on the particular statutory cause of action
     permitting attorney's fees. See Garciano, 144 Cal. App. 4th at 151–52.  Because Plaintiff
27   prevailed on his overtime claim and his meal-break claim, the statutory bases of which
     _mandate_ the payment of attorney's fees to prevailing employees, Plaintiff is entitled to
28   the requested amounts.  In any event, Plaintiff has excised those portions of billable time
     associated with the prosecution of class-wide allegations.

1   related legal theories"); <u>Bell v. Vista Unified Sch. Dist.</u>, 82 Cal. App. 4th 672, 687 (2000)

2   (stating that "[a]pportionment is not required when the claims for relief are so intertwined

3   that it would be impracticable, if not impossible, to separate the attorney's time into

4   compensable and noncompensable units"). <u>See also</u> <u>Winterrowd v. Am. Gen. Annuity</u>

5   <u>Ins. Co.</u>, 556 F.3d 815, 827–28 (9th Cir. 2009) ("Under California law, '[i]t is only when

6   a plaintiff has achieved limited success or has failed with respect to distinct and unrelated

7   claims, that a reduction from the lodestar is appropriate.' 'However, where a lawsuit

8   consists of related claims, a plaintiff who has won substantial relief should not have his

9   [or her] attorney's fee reduced simply because the [trial] court did not adopt each

10  contention raised.' The party seeking fees is not required to show the reasonableness of

11  every failed claim.") (bracketed material in original) (internal citations omitted).

12          Because Plaintiff's claims for overtime and missed breaks all stem from the same

13  nucleus of facts—indeed, because *every* claim asserted by Plaintiff is derivative of the

14  main allegation that Costco had improperly classified him as an exempt employee—

15  apportionment would be improper. For instance, under the Labor Code, waiting-time

16  damages are only available to an employee who has not received all of his or her wages.

17  <u>See</u> Cal. Lab. Code § 203(a). Obviously, this required Plaintiff to prove that he had not

18  been paid all of his overtime, which, in turn, required a finding that he was a non-exempt

19  employee under the overtime laws. Similarly, in order to prevail on his meal-break

20  claim, Plaintiff also needed to prove that was a non-exempt employee. In point of fact, as

21  argued by Costco in its Memorandum of Contentions of Fact and Law, because

22  "California meal period requirements do not apply to exempt employees[,] . . .

23  Plaintiff['s] claim for [the] failure to provide adequate meal periods fails." (Aug. 23,

24  2010, Def. Costco's Local R. 16-4 Mem. of Contentions of Fact and Law at 11:22–27.)

25          Simply put, this is not a case where Plaintiff alleged, say, an unsuccessful

26  defamation claim simultaneously with his claim for unpaid overtime. Instead, all of the

27  claims were interrelated, building off of the core overtime allegation. Accordingly, the

28  requested fees and costs, if reduced at all, should only be trimmed by a small percentage,

19

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

Case 5:11-cv-01946-VAP-SP    Document 5    Filed 12/09/11    Page 33 of 39    Page ID
#:101
Case 2:08-cv-01408-JHN -SS    Document 255    Filed 11/04/11    Page 29 of 34    Page ID
#:11737

1    no more than ten to fifteen percent.  This was the recent holding in <u>Hamed v. Macy's</u>

2    <u>West Stores, Inc.</u>, 2011 U.S. Dist. LEXIS 125838 (N.D. Cal. filed Oct. 31, 2011), a case

3    in which the district court—much like the present Court—was required to apply

4    California law.  As explained in <u>Hamed</u>:

5        In <u>Hensley</u>, the Supreme Court explained that where a plaintiff presents in

6        one lawsuit "distinctly different claims for relief that are based on different

7        facts and legal theories," a reduction in the lodestar may be appropriate if the

8        plaintiff prevailed on only some of the claims.  461 U.S. at 434–35.  The

9        reason for such a reduction is that time spent on the unrelated claim cannot

10       be considered to have been expended upon the ultimate result achieved.  <u>Id.</u>

11       *The Court noted, however, that such cases involving unrelated claims were*

12       *not likely to arise with great frequency.*  <u>Id.</u> . . .

13           Defendant asserts that district courts applying California law have

14   implemented a percentage reduction to the reasonable fee award when

15   Plaintiff prevailed on only one cause of action.  <u>See</u>, <u>e.g.</u>, <u>Beecham v. City</u>

16   <u>of West Sacramento</u>, 2009 U.S. Dist. LEXIS 111572, at *14–16 (E.D. Cal.

17   Nov. 16, 2009) (court reduced total fee award by 50% because of limited

18   success at trial); <u>Anderson v. Am. Airlines, Inc.</u>, 2008 U.S. Dist. LEXIS

19   111065, at *25 (N.D. Cal. Nov. 5, 2008) (court reduced time spent on

20   dismissed claims by 50%).  Defendant argues that because only one out of

21   Plaintiff's five causes of action was actually decided by the jury at trial,

22   much of Plaintiff's counsel's work cannot reasonably be compensated.

23   Opposition at 8.  The Court agrees *in part.*

24           In this case, three of Plaintiff's five claims were dismissed on

25   summary judgment, and one was dismissed after trial on Defendant's

26   Motion for Judgment as a Matter of Law. . . .  *However, the Court*

27   *recognizes the fact that attorneys must pursue all available theories in*

28   *pursuit of clients' objectives since it is impossible to know in advance which*

1     *theories will prevail,* <u>Greene</u>, 101 Cal. App. 4th at 424, *and notes Plaintiff's*

2     *counsel's claim that they have the right to recover for all hours reasonably*

3     *spent in pursuit of the litigation, including hours reasonably spent on legal*

4     *theories or arguments that ultimately were unsuccessful,* <u>Sundance v.</u>

5     <u>Municipal Court</u>, 192 Cal. App. 3d 268, 273–74, 237 Cal. Rptr. 269

6     (1987). . . .

7        The other standard the Court must use to decide the amount of

8     reduction of the overall award is the degree to which the unsuccessful claims

9     are related to the successful one.  <u>Hensley</u>, 461 U.S. at 434–35.  Plaintiff's

10     one successful claim—age discrimination—arose out of the same overall

11     course of conduct pertaining to her failed claims of:  national origin

12     discrimination, disability discrimination, violation of public policy based on

13     national origin and disability, failure to accommodate, and retaliation for

14     requesting accommodation.  However, several of these claims involved

15     substantially different legal theories. . . .  In the absence of sanctionable

16     actions, and based upon the circumstances of this case, the Court instead

17     reduces the hours by ten percent.  In the Court's view, this reduction

18     represents a reasonable estimation of the work done on the dismissed claims

19     that would not have otherwise occurred, and accounts for the limited lack of

20     success.

21  <u>Hamed</u>, 2011 U.S. Dist. LEXIS 125838 at *20–24 (emphasis supplied) (internal citations

22  omitted).  Similar to the prevailing plaintiff in <u>Hamed</u>, Plaintiff herein is entitled under

23  California law "to recover for all hours reasonably spent in pursuit of the litigation,

24  including hours reasonably spent on legal theories or arguments that ultimately were

25  unsuccessful." Also similar to the plaintiff in <u>Hamed</u>, Plaintiff's successful claims "arose

26  out of the same overall course of conduct pertaining to [his] failed" claims.  Unlike the

27  plaintiff in <u>Hamed</u>, however, Plaintiff's claims *all* involve the same fundamental legal

28  theory:  Costco's misclassification of Plaintiff as an overtime-exempt employee.

1    Compare id. at *24 (stating that the plaintiff's claims "involved substantially different

2    legal theories"), 1 (identifying the plaintiff's disparate claims for relief, including age

3    discrimination, disability discrimination, national-origin discrimination, retaliation, and

4    violation of public policy).  Plaintiff's hours, therefore, should not be reduced.  If they

5    are, the reduction should not exceed the ten-percent amount applied in Hamed.

6          This conclusion is echoed in the recent California Court of Appeal decision of

7    Pellegrino v. Robert Half International, Inc., 182 Cal. App. 4th 278 (2010)—a wage-and-

8    hour action concerning, much like the within action, the interplay between overtime

9    exemptions and California's unfair-competition law.  In Pellegrino, six plaintiffs sued

10   their former employer for various Labor Code violations, as well as for unfair

11   competition under the Business and Professions Code.  Pellegrino, 182 Cal. App. 4th at

12   282.  As in the within action, "[t]he trial court bifurcated plaintiffs' equitable claims for

13   unfair competition from the remaining claims, and the parties first tried to the trial court

14   [the defendant]'s affirmative defense that plaintiffs were exempt employees."  Id.  The

15   plaintiffs prevailed at trial and successfully moved for attorney's fees.  Id.  The employer

16   then appealed, challenging the award of attorney's fees on the ground that the trial court

17   had "failed to sufficiently discount a portion of plaintiffs' attorney fees to account for the

18   trial on the unfair competition claims for which no attorney fees were available."  Id.  The

19   California Court of Appeal, however, agreed with the trial court, stating that the trial

20   court had "not err[ed] by reducing the lodestar amount by no more than 15 percent to

21   reflect the parties' litigation of the unfair competition claims, because the legal and

22   factual issues presented in those claims were interrelated with those issues presented by

23   plaintiffs' wage and hour claims (for which attorney fees are available)."[17]  Id. at 283.

24         As explained in Pellegrino:

25              Here, the factual and legal issues surrounding [the defendant]'s

26         liability for violation of unfair competition and for plaintiffs' wage and hour

27   _____

28   [17] The Court of Appeal then went on to uphold the trial court's award of a "multiplier" to the calculated lodestar amount.  Pellegrino, 182 Cal. App. 4th at 283.  Multipliers are discussed in Memorandum, infra.

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

Case 5:11-cv-01946-VAP-SP    Document 5    Filed 12/09/11    Page 36 of 39    Page ID
#:104
Case 2:08-cv-01408-JHN -SS    Document 255    Filed 11/04/11    Page 32 of 34    Page ID
#:11740

1    claims could not be more interrelated—in order for plaintiffs to prove unfair

2    competition, they had to prove [the defendant had] violated the wage and

3    hour claims upon which the unfair competition claims were based.  The only

4    issue tried to the court was whether [the defendant had] proved its

5    affirmative defense that plaintiffs qualified under the administrative

6    exemption.  As [the defendant] asserted the exemption as an affirmative

7    defense to all claims in this case (other than the claims based on [the

8    defendant]'s failure to pay commissions), the applicability of the exemption

9    to plaintiffs was thus an issue common to legal and equitable claims.

10         [The defendant] contends apportionment was appropriate because

11    plaintiffs' unfair competition claims had a four-year statute of limitations as

12    opposed to the three-year statute of limitations that applied to the wage and

13    hour claims.  But, notwithstanding the commonality of the legal and factual

14    issues in the unfair competition claims and the wage and hour claims at

15    issue, the trial court decreased the lodestar figure by 15 percent to account

16    for the unfair competition claims.  [The defendant] does not explain how the

17    15 percent reduction was unsatisfactory in accounting for the differential

18    between the claims' respective statutes of limitations.  On this record, the

19    trial court did not abuse its discretion by declining to further reduce the

20    lodestar  figure.

21    Id. at 289.  Accordingly, to the extent Plaintiff's requested hours are reduced, the

22    reduction should not exceed the amount specified in Pellegrino.

23         *E.    Attorney's Fees May Properly Exceed the Amount of the Judgment.*

24         Costco may also attempt to argue that Plaintiff's counsel's fees should be reduced

25    because they exceed the $58,000 Judgment.  California law is clear, however, that courts

26    should *not* "cap" fee awards at the size of the recovery.[18]  As explained above, "'parties

27

28    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
      [18] Obviously, such a rule would create a ceiling applicable only to plaintiffs' attorneys
      while simultaneously permitting the defense bar to bill as many hours as possible.

                                           23

Case 5:11-cv-01946-VAP-SP    Document 5    Filed 12/09/11    Page 37 of 39    Page ID
#:105
Case 2:08-cv-01408-JHN -SS    Document 255    Filed 11/04/11    Page 33 of 34    Page ID
#:11741

1    who qualify for a fee should recover for *all* hours reasonably spent.'" <u>Meister</u>, 67 Cal.

2    App. 4th at 447 (quoting <u>Serrano</u>, 32 Cal. 3d at 633) (emphasis supplied); <u>Horsford</u>, 132

3    Cal. App. 4th at 395 (stating that "the [California] Supreme Court clearly has indicated

4    that [such] discretion . . . is . . . to be exercised so as to *fully* compensate counsel for the

5    prevailing party") (emphasis supplied). <u>Cf.</u> <u>Stokus</u>, 217 Cal. App. 3d at 654 (explaining

6    that "'a successful plaintiff who is entitled to recover attorney fees as costs is entitled to

7    recover all such fees which are reasonable and which bear a rational relationship to the

8    substantive recovery," as "[t]o deny a prevailing party, who has figuratively been

9    "papered to death" by an opposing party, the right to recover its reasonable attorney fees

10   would be patently unreasonable"). There are numerous instances—including the cases

11   cited above in this Memorandum—in which attorney's fees greatly exceed the damages

12   recovered by the prevailing plaintiffs. Without belaboring the point, Plaintiff also cites to

13   <u>Nightengale v. Hyundai Motor America.</u>, 31 Cal. App. 4th at 99 (1994), in which the

14   court awarded fees of $75,648 on a $6,264 judgment, and to <u>Vo v. Las Virgenes</u>

15   <u>Municipal Water District</u>, 79 Cal. App. 4th 440 (2000), in which the court upheld a

16   $470,000 award of attorney's fees on a judgment of less than $40,000. Plaintiff herein

17   should likewise recover his full fee.

18        **F.     *A Multiplier May Be Applied.***

19        Although the Supreme Court has held that contingency-fee multipliers are

20   unavailable under *federal* fee-shifting statutes, <u>City of Burlington v. Dague</u>, 505 U.S. 557

21   562–66 (1992), such enhancements are permitted under *state* fee-shifting statutes, <u>see</u>,

22   <u>e.g.</u>, <u>Serrano</u>, 20 Cal. 3d at 49; <u>Crommie v. Cal. Public Utils. Comm'n</u>, 840 F. Supp. 719,

23   725–26 (N.D. Cal. 1994) (in applying California law, concluding that the use of a

24   multiplier was appropriate). Again, because Plaintiff succeeded on state statutory

25   grounds (which expressly provide for fee awards to prevailing parties), this Court should

26   award fees based on the applicable state statutes: Labor Code sections 218.5 and 1194.

27        Under state law, a multiplier is appropriate in this case. Whether a multiplier

28   should be applied depends on "'(1) the novelty and difficulty of the questions involved,

Case 5:11-cv-01946-VAP-SP    Document 5    Filed 12/09/11    Page 38 of 39    Page ID
#:106
Case 2:08-cv-01408-JHN -SS    Document 255    Filed 11/04/11    Page 34 of 34    Page ID
#:11742

1  (2) the skill displayed in presenting them, (3) the extent to which the nature of the

2  litigation precluded other employment by the attorneys, [and] (4) the contingent nature of

3  the fee award.'" Pellegrino, 182 Cal. App. 4th at 290–91 (quoting Ketchum, 24 Cal. 4th

4  at 1132). As in Pellegrino—which, again, was an overtime-exemption action—the Court

5  should conclude that the four factors weigh in Plaintiff's favor. See Pellegrino, 182 Cal.

6  App. 4th at 291, 296 (stating that "the record supports the court's finding" that a 1.75

7  multiplier generally applies, reversing only the finding that the multiplier applies to the

8  fee request). For instance, according to the Pellegrino court, that the employees had been

9  classified as exempt "resulted in [the defendant's] not maintaining time and wage

10  records, creating the difficult task of reconstructing records to determine the extent of the

11  wages . . . owed." Id. at 291. That same factor is relevant here. Also present is the fact

12  that Plaintiff's counsel took this case on a purely contingent basis, meaning that they

13  have worked for *nearly four years* without receiving any pay whatsoever. See Downey

14  Cares v. Downey Cmty. Dev. Comm'n, 196 Cal. App. 3d 983, 998 (1987) (explaining

15  that the delay in payment is a "permissible" multiplier factor). Given the results of this

16  case, in which Plaintiff himself is receiving almost a full year's worth of pay for less than

17  two year's worth of claims, a multiplier of up to 1.75 is appropriate.

18  **V.    *Conclusion.***

19       Despite repeated attempts by Plaintiff to settle this case, Costco demanded that the

20  matter be litigated to its completion. Indeed, Costco refused to settle this case even after

21  Judgment was entered in Plaintiff's favor, nearly a year ago. Costco should thus be held

22  accountable for the fees and non-taxable expenses incurred in the prosecution this action.

23  Under the circumstances, the Court should award the entire lodestar, adjusted upward by

24  a modest multiplier approaching the 1.75 figure used in Pellegrino.

25

26  DATED: November 4, 2011                    HARRIS & RUBLE

27                                            _____/s/_____

28                                            Alan Harris, David Zelenski
                                              *Attorneys for Plaintiff*

MOT. FOR AWARD OF ATT'YS FEES AND REIMBURSEMENT OF NON-TAXABLE COSTS TO PL.

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                                              )  ss
COUNTY OF LOS ANGELES  )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 333 S. Hope Street, Suite 3900, Los Angeles, California 90071. On December 9, 2011, I served the within documents:

DECLARATION OF SIMON L. YANG IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT
(28 U.S.C. §§ 1332, 1441)

☐  I sent such document from facsimile machine (213) 270-9601. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐  electronically by using the Court's ECF/CM System.

Alan Harris, Esq.                          John P. Dorigan
David Zelenski, Esq.                     Law Offices of John P. Dorigan
HARRIS & RUBLE                         82-237 Odlum Drive
6424 Santa Monica Blvd.             Indio, CA 92201
Los Angeles, CA 90038               Tel: (760) 342-8074
Tel: (323) 962-3777                     Fax: (760) 863-5868
Fax: (323) 962-3004

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 9, 2011, at Los Angeles, California.

_____
Elsa J. Terre

13999772v.1

DECLARATION OF SIMON L. YANG ISO DEFENDANT'S NOTICE OF REMOVAL CASE NO. _____