SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
333 South Hope Street, Suite 3900
Los Angeles, California 90071
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| COLLETTE McDONALD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. EDCV 11-1946 VAP (SPx)<br><br>**NOTICE OF COURT'S STANDING ORDER**<br><br>Complaint Filed: November 2, 2011 |

14039118v.1

1    TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

2        In compliance with Item 13 of the Court's Standing Order, Defendant

3    AIRPORT TERMINAL SERVICES, INC. hereby serves notice of the Court's

4    Standing Order, a true and correct copy of which is attached hereto as Exhibit A.

5

6

7    Dated: December 16, 2011          SEYFARTH SHAW LLP

8                                      By    /s/ Simon L. Yang
9                                             Simon L. Yang
                                       Attorneys for Defendant
10                                     AIRPORT TERMINAL SERVICES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF COURT'S STANDING ORDER
CASE NO. EDCV 11-1946 VAP (SPX)

14039118v.1

# EXHIBIT A

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11   COLLETTE McDONALD,          )   Case No.  EDCV 11-1946VAP(SPx)
     individually and on behalf  )
12   of all others similarly     )   STANDING ORDER
     situated,                   )
13                               )
                    Plaintiff,   )
14                               )
          v.                     )
15                               )
     AIRPORT TERMINAL SERVICES,  )
16   INC., and DOES 1-100,       )
     inclusive,                  )
17                               )
                    Defendant.   )
18

19   _____

20

21          **READ THIS ORDER CAREFULLY.   IT CONTROLS THIS CASE
          AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

22

23        This action has been assigned to the calendar of Judge

     Virginia A. Phillips.
24
          The responsibility for the progress of litigation in the
25
     Federal Courts falls not only upon the attorneys in the action, but
26
     upon the Court as well.  To secure the just, speedy, and
27
     inexpensive determination of every action, (Fed. R. Civ. P. 1), all
28

     s:\vap\1civil\0cvordciv1.frm

counsel are hereby ordered to become familiar with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.*

The Court further orders as follows:

1.  **Service of the Complaint.**  The Plaintiff shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.

2.  **Proposed Orders.**  Each party filing or opposing a motion or seeking the determination of any matter shall serve and file a proposed order which sets forth the relief or action sought and a brief statement of the rationale for the decision, including citation of authorities, that the party requests the Court to adopt.

3.  **Presence of Lead Counsel.**  **All** lead trial counsel must attend any scheduling and pretrial conferences set by the Court. Failure of lead trial counsel to appear for those proceedings is a basis for sanctions.

4.  **Motions.**  Motions shall be filed and set for hearing in accordance with Local Rule 6-1.  Motions will be heard on Mondays commencing at 2:00 p.m.  If Monday is a national holiday, this Court does not hear motions on the succeeding Tuesday.  Any motion noticed for a holiday shall automatically be set to the next Monday without further notice to the parties.  Any opposition or reply

1   papers due on a holiday are due the preceding Friday, not the

2   following Tuesday.  Memoranda of Points and Authorities in support

3   of or in opposition to motions shall not exceed 25 pages.  Replies

4   shall not exceed 12 pages.  Only in rare instances, and for good

5   cause shown, will the Court agree to extend these page limitations.

6   When citing to legal databases, wherever possible cite to Westlaw

7   rather than Lexis.

8       Unless clearly justified under the circumstances of the case,

9   "motions to dismiss or in the alternative for summary adjudication"

10  are discouraged.  These composite motions tend to blur the

11  legitimate distinction[s] between the two motions, which have

12  different purposes.  Frequently, the composite motions introduce

13  evidence that is extrinsic to the pleadings.  On the one hand, such

14  evidence is improper for consideration in a Fed. R. Civ. P.

15  12(b)(6) motion, while on the other hand, treatment of the motion

16  as a Rule 56 motion frequently results in reasonable invocation of

17  Rule 56(f) by the non-moving party.

18      Moreover, Rule 12(b)(6) motions are discouraged unless counsel

19  has a good faith belief that such motion will likely result in

20  dismissal, without leave to amend, of all or at least some of the

21  claims under applicable law.

22      **Motions for Summary Judgment or Partial Summary Judgment:**  No

23  party may file more than one motion pursuant to Fed. R. Civ. P. 56

24  regardless of whether such motion is denominated as a motion for

25  summary judgment or summary adjudication.  Parties offering

26  evidence in support of, or in opposition to, a Rule 56 motion  must

27  cite to specific page and line numbers in depositions and paragraph

28  numbers in affidavits.  Furthermore, such evidence must be

1    authenticated properly.  The Court directs the parties to become

2    familiar with <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764 (9th

3    Cir. 2002).

4         **Withdrawal or Non-Opposition of Motions:  In the event**

5    **that the parties are able to resolve a pending motion, *they must***

6    ***notify the Court* approximately one week before the hearing date.**

7    Sanctions may issue for failure to comply with this requirement, or

8    the broader requirement in Local Rule 7-16 that any party who

9    intends either to withdraw a motion, to not oppose a motion, or to

10   seek a continuance of the hearing date for a motion, **must notify**

11   **the court by noon on the Tuesday preceding the hearing date.**

12

13        **6.    Electronic filing.**  As of January 1, 2008, the United

14   States District Court for the Central District of California will

15   implement mandatory electronic filing ("e-filing") of documents in

16   all new and pending civil cases.  Information about the Court's

17   Electronic Case Filing system, is available on the Court's website

18   at www.cacd.uscourts.gov/cmecf.

19        The "e-filing" of all documents required to be "e-filed" in

20   this matter pursuant to General Order No. 07-08 shall be completed

21   by **<u>4:00 p.m. on the date due</u>**.  Any documents "e-filed" after 4:00

22   p.m. on the date due will be considered **untimely**.

23

24        **7.    Courtesy copies.    Counsel shall provide one conformed**

25   **courtesy copy of any "e-filed" document.**  Such courtesy copies

26   shall be delivered to the "Courtesy Box," located outside of

27   Courtroom 2 on the 2nd floor at the United States District Court,

28

Case 5:11-cv-01946-VAP-SP    Document 7    Filed 12/14/11    Page 5 of 10    Page ID #:115

1  3470 Twelfth Street, Riverside, California 92501, no later than

2  noon of the day following "e-filing."

3

4      **8.   Discovery.**  All discovery matters have been referred to a

5  United States Magistrate Judge (see initial designation following

6  the case number) to hear all discovery disputes.  The words

7  "DISCOVERY MATTER" shall appear in the caption of all documents

8  relating to discovery to insure proper routing.  Counsel are

9  directed to contact the Magistrate Judge Courtroom Deputy Clerk for

10 the assigned Magistrate Judge to schedule matters for hearing.

11      The decision of the Magistrate Judge shall be final, subject

12 to modification by the District Court only where it has been shown

13 that the Magistrate Judge's order is clearly erroneous or contrary

14 to law.

15      Any party may file and serve a motion for review and

16 reconsideration before this court.  The party seeking review must

17 do so within ten (10) days of service upon the party of a written

18 ruling or within ten (10) days of an oral ruling that the

19 Magistrate Judge states will not be followed by a written ruling.

20 The motion must specify which portions of the text are clearly

21 erroneous or contrary to law and the claim must be supported by

22 points and authorities.  A copy of the moving papers and responses

23 shall be delivered to the Magistrate Judge's clerk for review upon

24 the filing of the required documents.

25

26      **9.   *Ex Parte* Applications.**  *Ex parte* applications are

27 considered on the papers and are not usually set for hearing.

28 Counsel are advised that this Court allows *ex parte* applications

Case 5:11-cv-01946-VAP-SP   Document 7   Filed 12/14/11   Page 6 of 10   Page ID #:116

1   solely for extraordinary relief -- sanctions may be imposed for

2   misuse of *ex parte* applications.   See In re Intermagnetics America,

3   Inc., 101 B.R. 191 (Bankr. C.D. Cal. 1989).   Counsel also should

4   become familiar with Mission Power Engineering Co. v. Continental

5   Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995), regarding *ex parte*

6   applications.

7        Counsel's attention is directed to Local Rule 7-19.   The

8   moving party shall serve the opposing party by facsimile

9   transmission and shall notify the opposition that opposing papers

10   must be filed not later than twenty-four hours following such

11   facsimile service.   The moving party's declaration in support of an

12   *ex parte* application shall show compliance with Local Rule 7-19 and

13   this Order, failing which the application shall be DENIED. If

14   counsel does not intend to oppose an *ex parte* application, they

15   must so inform the Courtroom Deputy Clerk, (951) 328-4461.   As with

16   all motion papers, counsel must deliver a conformed courtesy copy

17   of the papers to the "Courtesy Box", located outside of Courtroom 2

18   on the 2nd floor at United States District Court, 3470 Twelfth

19   Street, Riverside, California 92501.   Counsel will be notified by

20   the Courtroom Deputy Clerk of the Court's ruling or of a hearing

21   time and date should the Court determine that a hearing is

22   necessary.

23

24        **10.   Stipulations.**   Counsel requesting a continuance must

25   submit a stipulation, with a detailed declaration of the basis for

26   the requested continuance or extension of time, and a proposed

27   order.   Continuances will be granted only upon a showing of good

28   cause, focusing on the diligence of the party seeking the

Case 5:11-cv-01946-VAP-SP    Document 7    Filed 12/14/11    Page 7 of 10    Page ID #:117

1  continuance and any prejudice that may result if the continuance is

2  denied.   Any continuances that are requested without an

3  accompanying declaration will be rejected without notice to the

4  parties.   The Court sets **firm** trial dates and will not change them

5  without a showing of good cause.

6

7      **11.  Applications to File Under Seal.**   Parties are reminded

8  that court proceedings are presumptively public, and no document

9  shall be filed under seal without request for a court order that is

10  narrowly tailored to cover only the document, the particular

11  portion of the document, or category of documents for which good

12  cause exists for filing under seal.   To that end, if a party wishes

13  to file a document under seal, that party shall first file a

14  written request for a sealing order setting forth the good cause

15  and accompanied by a proposed order that is narrowly tailored as

16  specified above.

17      If the sole ground for the sealing order is that the opposing

18  party (or non-party) has designated the document as confidential,

19  the opposing party (or non-party) shall file a declaration

20  establishing good cause for the sealing along with a proposed

21  order, or shall withdraw the designation.   The declaration shall be

22  filed within five days of service on the opposing party (or non-

23  party) of the request for a sealing order.   If the declaration is

24  not filed as required, the Court may order that the document be

25  filed in the public record.

26      **Use of Sealed Documents in Motion Papers:** The Court cautions

27  parties that documents designated as confidential that are attached

28  as exhibits to case-dispositive motions, or redacted portions of

1   case-dispositive briefs that contain confidential information, must

2   meet the high "compelling reasons" threshold.  See Kamakana v. City

3   of Honolulu, 447 F.3d 1172 (9th Cir. 2006).  A good cause showing,

4   without more, will not satisfy a compelling reasons test, but will

5   only suffice to maintain the confidentiality of documents attached

6   to *non-dispositive* motions.  Documents designated as confidential

7   in conjunction with case-dispositive motions or briefs that do not

8   satisfy the compelling reasons test may accordingly be re-

9   designated as public information upon proper request.  See Foltz v.

10  State Farm Mut. Automobile Ins. Co., 331 F.3d 1122 (9th Cir. 2003).

11      **Use of Sealed or Confidential Documents at Trial:**

12  Notwithstanding any provision of a protective order to the

13  contrary, any document, whether previously designated confidential

14  or previously sealed, will be unsealed and will lose its

15  confidential status if offered as an exhibit at trial, absent a

16  showing of the "most compelling" reasons.  See Manual for Complex

17  Litigation § 21.432; Foltz, 331 F.3d at 1135-36.  Any party

18  believing that a document, portions thereof, or witness testimony

19  should remain confidential or sealed during trial must request in

20  advance of trial that the court take extraordinary measures, such

21  as closing the courtroom to the public or sealing the trial

22  transcript, to protect the confidentiality of that information.

23  The request must be made in writing and filed no later than the

24  date on which pretrial papers are due.

25      If previously sealed documents are ordered unsealed for use at

26  trial, counsel for the party offering the document as evidence

27  shall, within two business days of the conclusion of the trial,

28  identify which entries on the docket represent the exhibits

1  actually received.  Counsel are required to cooperate with the

2  deputy clerk in order to complete the unsealing process in cases

3  involving voluminous sealed documents.

4

5      **12.  Removed Actions.**  Any answers filed in state court must

6  be re-filed in this Court (separately) as a supplement to the

7  petition.  Any pending motions must be re-noticed in accordance

8  with Local Rule 6-1.

9

10      **13.  Communications with Chambers.**  Counsel shall not attempt

11  to contact the Court or its staff by telephone or by any other *ex*

12  *parte* means.  Counsel must list their facsimile transmission

13  numbers along with their telephone numbers on their papers.

14

15      **14.  Notice of this Order.**  Counsel for plaintiff, or

16  plaintiff, if appearing on his or her own behalf, shall immediately

17  serve this Order on all parties, including any new parties to the

18  action.  If this case came to the Court by noticed removal, the

19  removing defendant shall serve this Order on all other parties.

20

21      **15.  Internet Site.**  Counsel are directed to review the

22  Central District's website for additional information.  The address

23  is "http://www.cacd.uscourts.gov".

24

25

26

27  Dated: _December 14, 2011_

28  VIRGINIA A. PHILLIPS
   United States District Judge

s:\vap\1civil\0cvordciv1.frm                    9

1

2

3

4

*Co pies of the Local Rules are available on our website at "http://www.cacd.uscourts.gov" or they may be purchased from one of the following:

5

6    Los Angeles Daily Journal
     915 East 1st Street
     Los Angeles, California  90012

7

8    West Publishing Company
     610 Opperman Drive
     Post Office Box 64526

9    St. Paul, Minnesota  55164-0526

10   Metropolitan News
     210 South Spring Street

11   Los Angeles, California  90012

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA     )
                        )   ss

3

COUNTY OF LOS ANGELES   )

4

      I am a resident of the State of California, over the age of eighteen years, and not a party

5

to the within action. My business address is Seyfarth Shaw LLP, 333 S. Hope Street, Suite 3900, Los Angeles, California 90071. On December 16, 2011, I served the within documents:

6

NOTICE OF COURT'S STANDING ORDER

7

☐ I sent such document from facsimile machine (213) 270-9601. I certify that said

8

transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and

9

receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

10

☒ by placing the document(s) listed above in a sealed envelope with postage thereon

11

fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

12

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

13

☐ by placing the document(s) listed above, together with an unsigned copy of this

14

declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth

15

below.

☒ electronically by using the Court's ECF/CM System.

16

17

Alan Harris, Esq.                             John P. Dorigan

18

David Zelenski, Esq.                     Law Offices of John P. Dorigan
HARRIS & RUBLE                         82-237 Odlum Drive

19

6424 Santa Monica Blvd.              Indio, CA 92201
Los Angeles, CA 90038               Tel: (760) 342-8074

20

Tel: (323) 962-3777                    Fax: (760) 863-5868
Fax: (323) 962-3004

21

      I am readily familiar with the firm's practice of collection and processing correspondence

22

for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

23

motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

24

      I declare under penalty of perjury under the laws of the State of California that the above

25

is true and correct.

Executed on December 16, 2011, at Los Angeles, California.

26

27

                                              Elsa J. Terre

28

**PROOF OF SERVICE**
