Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
82-237 Odlum Drive
Indio, California 92201
Telephone: (760) 342-8074
Facsimile: (760) 863-5868
jpdorigan@aol.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE McDONALD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1–100, inclusive,<br><br>Defendants. | Case No. CV 11-01946 VAP (SPx)<br><br>**NOTICE OF MOTION TO STRIKE DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF COLLETTE McDONALD'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>*Assigned to Hon. Virginia A. Phillips*<br><br>Date: January 30, 2012<br>Time: 2:00 p.m.<br>Courtroom: 2 |

1
NOTICE OF MOT. TO STRIKE DEF. AIRPORT TERMINAL SERVS., INC.'S ANS.

**PLEASE TAKE NOTICE** that, on January 30, 2012, at 2:00 p.m. or as soon thereafter as counsel may be heard, in Courtroom 2 of the above-entitled Court located at 3470 Twelfth Street, Riverside, California 92501, Plaintiff Collette McDonald will move for an order striking certain of the affirmative defenses raised in Defendant Airport Terminal Services, Inc.'s Answer. The Motion will be made pursuant to Federal Rule of Civil Procedure 12 on the ground that the at-issue affirmative defenses are mere conclusions of law and, thus, do not provide fair notice of what, in fact, is being alleged.

The Motion will be made and based upon this Notice and the accompanying Memorandum of Points and Authorities; the Declaration of David Zelenski, filed herewith; all of the pleadings, papers, and documents contained in the file of the within action; and such further evidence or argument as may be presented in support at or before the determination of the Motion.

The required Local Rule 7-3 meet-and-confer of counsel took place on December 12, 2011, and on various dates thereafter. (See Dec. 29, 2011, Decl. of David Zelenski in Supp. of Mot. to Strike Def. Airport Terminal Servs., Inc.'s Ans. to Pl. Collette McDonald's Unverified Compl. for Damages ¶ 2.) Accordingly, Plaintiff met and conferred at least five days prior to the filing this Notice—the amount of time required for motions that "under the F.R.Civ.P. must be filed within a specified period of time." Central Dist. Local R. 7-3.

DATED: December 29, 2012

HARRIS & RUBLE
LAW OFFICES OF JOHN P. DORIGAN
/s/
Alan Harris
David Zelenski
John P. Dorigan
*Attorneys for Plaintiff*

## *TABLE OF CONTENTS*

I.   Introduction ........................................................................................................ 1

II.  Statement of Facts .............................................................................................. 1

III. Argument ............................................................................................................ 2

    A.   The Federal Standard for Granting a Motion to Strike Affirmative Defenses ................................................................................ 2

    B.   ATS's Affirmative Defenses Do Not Provide Plaintiff with Fair Notice ................................................................................................. 3

    C.   California Law Likewise Requires that the Court Strike ATS's Affirmative Defenses ................................................................................. 8

IV.  Conclusion ........................................................................................................ 10

# TABLE OF AUTHORITIES

*Cases*

Advanced Cardiovascular Sys., Inc. v. Scimed Sys., Inc.
   1996 WL 467277 (N.D. Cal. filed July 24, 1996) ................................................................ 3

Ashcroft v. Iqbal
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ................................................ 7

Barnes v. AT&T Pension Benefit Plan
   718 F. Supp. 2d 1167 (N.D. Cal. 2010) ................................................................................. 8

Beaty v. Selinger
   306 F.3d 914 (9th Cir. 2002) ..................................................................................................... 4

Conley v. Gibson
   355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ................................................................. 7

FPI Dev., Inc. v. Nakashima
   231 Cal. App. 3d 367 (1991) ..................................................................................................... 9

Ganley v. County of San Mateo
   2007 WL 902551 (N.D. Cal. filed Mar. 22, 2007) ............................................................. 3

Hayne v. Green Ford Sales, Inc.
   263 F.R.D. 647 (D. Kan. 2009) ................................................................................................ 7

J&J Sports Prods., Inc. v. Montanez
   2010 WL 5279907 (E.D. Cal. filed Dec. 13, 2010) ................................................... 2, 3, 8

Kansas v. Colorado
   514 U.S. 673, 131 L. Ed. 2d 759, 115 S. Ct. 1733 (1995) ............................................... 4

Lehman v. U.S.
   154 F.3d 1010 (9th Cir. 1998) ................................................................................................. 5

Lemmermann v. Blue Cross Blue Shield of Wis.
   713 F. Supp. 2d 791 (E.D. Wis. 2010) .................................................................................. 9

Lusardi Constr. Co. v. Aubry
   1 Cal. 4th 976 (1992) ........................................................................................... 6

Palmer v. Oakland Farms, Inc.
   2010 WL 2605179 (W.D. Va. filed June 24, 2010) ....................................... 8

Plumbers & Steamfitters, Local 290 v. Duncan
   157 Cal. App. 4th 1083 (2007) ......................................................................... 6

Qarbon.com Inc. v. eHelp Corp.
   315 F. Supp. 2d 1046 (N.D. Cal. 2004) ................................................... 3, 4, 6

Racick v. Dominion Law Assocs.
   270 F.R.D. 228 (E.D.N.C. 2010) ..................................................................... 8

Simmons v. Navajo County
   609 F.3d 1011 (9th Cir. 2010) .......................................................................... 3

Simpson v. Vill. of Riverside
   746 F. Supp. 2d 956 (N.D. Ill. 2010) .............................................................. 9

Sun Microsystems, Inc. v. Dataram Corp.
   1997 WL 50272 (N.D. Cal. filed Feb. 4, 1997) ............................................. 5

U.S. v. Hemmen
   51 F.3d 883 (9th Cir. 1995) .............................................................................. 5

U.S. v. King Features Entm't, Inc.
   843 F.2d 394 (9th Cir. 1988) ............................................................................ 5

Whittlestone, Inc. v. Handi-Craft Co.
   618 F.3d 970 (9th Cir. 2010) ............................................................................ 8

Wyshak v. City Nat'l Bank
   607 F.2d 824 (9th Cir. 1979) ....................................................................... 3, 7

***Statutes***

28 U.S.C. § 1332 .......................................................................................................... 2

28 U.S.C. § 1441 ................................................................................................... 2

Cal. Civ. Code § 1565 .......................................................................................... 6

Cal. Civ. Code § 1567 .......................................................................................... 6

Cal. Civ. Proc. Code § 430.20 ............................................................................. 9

Cal. Civ. Proc. Code § 431 .............................................................................. 9, 10

Cal. Civ. Proc. Code § 435 .................................................................................. 9

*Rules*

Central Dist. Local R. 23-3 .................................................................................. 6

Fed. R. Civ. Proc. 8 ........................................................................................... 7, 8

Fed. R. Civ. Proc. 12 ..................................................................................... 2, 3, 8

Fed. R. Civ. Proc. 81 ............................................................................................ 8

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Introduction.

The Answer filed by Defendant Airport Terminal Services, Inc. ("ATS") to Plaintiff Collette McDonald's Complaint includes a laundry list of twenty-two separate affirmative defenses, none of which are asserted with *any* factual support. As explained below, such a boilerplate defensive practice is improper under both federal and state law. ATS's affirmative defenses should therefore be stricken.[1]

### II.  Statement of Facts.

Plaintiff commenced this putative class action against her former employer, ATS, in Riverside County Superior Court on November 2, 2011. (See generally Nov. 2, 2011, Compl.) She alleges that ATS has a company policy of recording whenever its employees work through their statutorily required meal breaks. (See Nov. 2, 2011, Compl. ¶ 8 & Ex. 1 at 2.) She also alleges that, despite keeping track of all such instances on employee time sheets, ATS never pays statutorily required "premium" wages to employees for inadequate meal breaks. (See Nov. 2, 2011, Compl. ¶ 8 & Ex. 1 at 1.) Plaintiff therefore contends that ATS's employees are entitled to an hour's worth of premium wages under the California Labor Code for each instance that their time sheets reflect a non-provided meal period. (See Nov. 2, 2011, Compl. ¶¶ 8, 32–35.)

In addition to the meal-period claim, Plaintiff alleges that ATS improperly requires its employees to maintain their uniforms without any reimbursement. (See Nov. 2, 2011, Compl. ¶ 12.) She contends that this is a violation of California's expense-reimbursement statute, entitling employees to the damages set forth therein. (See Nov. 2, 2011, Compl. ¶¶ 40–41.) Finally, Plaintiff alleges three additional claims stemming from ATS's meal-period and uniform-maintenance policies:  one for the failure to provide adequate pay stubs to employees, another for the failure to provide all wages due and

---

[1] This action was originally filed in state court but was removed by ATS one day after the Answer was filed. As explained below, both federal law and state law prohibit the naked recitation of affirmative defenses without an accompanying specification of supporting facts.

owing to former employees, and another for unfair competition. (See Nov. 2, 2011, Compl. ¶¶ 36–39, 42–46.)

On December 9, 2011, ATS removed Plaintiff's action to this Court. (See generally Dec. 9, 2011, Notice of Removal of Civil Action to U.S. Dist. Court (28 U.S.C. §§ 1332, 1441) ("Dec. 9, 2011, Notice of Removal").) Only one day earlier, ATS had filed its Answer to the Complaint in state court. (See Dec. 9, 2011, Notice of Removal ¶ 6 & Ex. 3.) Instead of specifically denying the individual allegations of the Complaint, the Answer contains a "general denial" as to "each and every purported cause of action contained in [the] Complaint." (Dec. 9, 2011, Notice of Removal Ex. 3 at ¶ 1.) In addition, the Answer sets forth twenty-two affirmative defenses, none of which contain any facts supporting their applicability. (See generally Dec. 9, 2011, Notice of Removal Ex. 3.)

As explained below, federal law requires defendants to articulate the specific bases for affirmative defenses. Because ATS has not provided any facts whatsoever to support its defenses, they must be stricken as improper. Furthermore, because California law also requires that affirmative defenses be pled with specificity, it is irrelevant that ATS filed its Answer in state court prior to removal. In other words, ATS's Answer fails to meet California-law requirements and, therefore, must be stricken under that standard as well.

### III. Argument.

#### A. *The Federal Standard for Granting a Motion to Strike Affirmative Defenses.*

Federal Rule of Civil Procedure 12 permits courts to "strike from a pleading an insufficient defense." Fed. R. Civ. Proc. 12(f). Generally speaking, a motion to strike will only be granted if the insufficiency of the defense is "clearly apparent." J&J Sports Prods., Inc. v. Montanez, 2010 WL 5279907 at *1 (E.D. Cal. filed Dec. 13, 2010). This means *either* that the defense is "insufficient as a matter of law" *or* that it has been "insufficiently pled." Id.

On the one hand, a defense is insufficient as a matter of law if "'there are no

1  questions of fact, [] any questions of law are clear and not in dispute, and [] under no
2  circumstances could the defense succeed.'" Id. (quoting Ganley v. County of San Mateo,
3  2007 WL 902551 at *1 (N.D. Cal. filed Mar. 22, 2007).  A defense has been
4  insufficiently pled, on the other hand, if it "fails to provide [the] plaintiff with fair notice
5  of the defense asserted." J&J Sports Prods., Inc., 2010 WL 5279907 at *1.  See also
6  Simmons v. Navajo County, 609 F.3d 1011, 1023 (9th Cir. 2010) (explaining that "'[t]he
7  key to determining the sufficiency of pleading an affirmative defense is whether it gives
8  plaintiff fair notice of the defense'") (quoting Wyshak v. City Nat'l Bank, 607 F.2d 824,
9  827 (9th Cir. 1979)); Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1048 (N.D.
10 Cal. 2004) (stating that "[a] defense may be struck if it fails to provide 'fair notice' of the
11 basis for the defense") (citing Advanced Cardiovascular Sys., Inc. v. Scimed Sys., Inc.,
12 1996 WL 467277 at *3 (N.D. Cal. filed July 24, 1996)).  Plaintiff contends that ATS's
13 fourth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, fourteenth, nineteenth, and
14 twentieth affirmative defenses fail to lay any factual foundation and, therefore, fail to
15 provide her with fair notice.  Accordingly, these defenses are insufficiently pled, and they
16 should be stricken pursuant to Rule 12.

**B.    *ATS's Affirmative Defenses Do Not Provide Plaintiff with Fair Notice.***

The following affirmative defenses asserted by ATS fail to provide Plaintiff with fair notice under the Federal Rules of Civil Procedure:

- fourth affirmative defense, failure to exhaust administrative remedies;
- sixth affirmative defense, expense reimbursement;
- seventh affirmative defense, laches;
- eighth affirmative defense, unclean hands;
- ninth affirmative defense, waiver;
- tenth affirmative defense, estoppel;
- eleventh affirmative defense, consent;
- twelfth affirmative defense, ratification;
- fourteenth affirmative defense, preemption;

- nineteenth affirmative defense, offset; and
- twentieth affirmative defense, failure to mitigate.

As to each of these defenses, ATS simply refers to a legal doctrine. There are no allegations explaining why any of these defenses applies to the case at bar, let alone any facts going to the specific elements constituting each defense. As explained in Qarbon.com Inc.—a case in which the court struck the affirmative defenses of waiver, estoppel, and unclean hands—this is not enough. See Qarbon.com Inc., 315 F. Supp. 2d at 1049 (stating that "[a] reference to a doctrine, like a reference to statutory provisions, is insufficient notice" and that, "[b]ecause [the defendant] simply refers to the doctrines without setting forth the elements of its affirmative defenses, [it] does not provide 'fair notice' of its defenses").

Take, for example, ATS's affirmative defense of laches. As explained by the Ninth Circuit, "[t]he affirmative defense of laches '"requires proof of (1) lack of diligence by the party against whom the defense is asserted[] and (2) prejudice to the party asserting the defense."'" Beaty v. Selinger, 306 F.3d 914, 926 (9th Cir. 2002) (quoting Kansas v. Colorado, 514 U.S. 673, 687, 131 L. Ed. 2d 759, 115 S. Ct. 1733 (1995)). With respect to this defense, ATS simply states that "Plaintiff and putative class members have delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant, and Plaintiff and putative class members' claims are barred by the equitable doctrine of laches." (Dec. 9, 2011, Notice of Removal Ex. 3 at 2:17–19.) All ATS has done, then, is recite the *legal* elements of a laches claim. There is no *factual* specification as to how Plaintiff "unreasonably delayed," nor of how ATS suffered any prejudice. Furthermore, there is no indication in the Answer as to which of Plaintiff's claims this defense applies. Does it apply only to her meal-period claim? Does it apply instead to her reimbursement claim? To her pay-stub claim? Her final-wages claim? Her unfair-competition claim? Does it apply to all of them? If so, how? Without this information, how can Plaintiff properly examine ATS as to this defense?

The same can be said for the other affirmative defenses identified above. As to

ATS's ninth affirmative defense of waiver, for instance, ATS merely states that "[t]he Complaint, and each purported cause of action alleged therein, is [sic] barred by the doctrine of waiver." (Dec. 9, 2011, Notice of Removal Ex. 3 at 2:26–27.) According to the Ninth Circuit, "[w]aiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." U.S. v. King Features Entm't, Inc., 843 F.2d 394, 399 (9th Cir. 1988). Not only does ATS fail to allege that Plaintiff intended to relinquish a right, ATS fails even to specify which rights, in fact, were relinquished. Plaintiff's right to meal periods? Her right to expense reimbursement? Her right to accurate pay stubs? Her overall right to minimum labor standards? Indeed, the Answer does not even bother to specify the legal elements of a waiver defense, let alone the factual bases therefor.

Ditto for estoppel, ATS's tenth affirmative defense. As to this defense, ATS states only that "[t]he Complaint, and each purported cause of action alleged therein, is [sic] barred as against Defendant by the doctrine of estoppel." (Dec. 9, 2011, Notice of Removal Ex. 3 at 3:3–4.) But to which type of estoppel is ATS referring? Equitable estoppel? If so, ATS is required to allege "'that (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it so intended, (3) the party invoking estoppel [is] ignorant of the true facts, and (4) he or she . . . detrimentally rel[ied] on the former's conduct.'" Lehman v. U.S., 154 F.3d 1010, 1016 (9th Cir. 1998) (quoting U.S. v. Hemmen, 51 F.3d 883, 892 (9th Cir. 1995)). See also Sun Microsystems, Inc. v. Dataram Corp., 1997 WL 50272 at *3–4 (N.D. Cal. filed Feb. 4, 1997) (explaining that a party must plead each element of estoppel to survive a motion to strike). As with waiver, ATS has failed even to state the legal elements of an estoppel defense, much less the facts supporting those elements. This defense is therefore insufficient as pled, and it should be stricken.

Plaintiff could run through the same exercise for each and every one of the above-identified affirmative defenses. In each instance, however, she would reach the same

conclusion: Based on the bare-bones nature of the defenses, Plaintiff has no idea of what their factual bases are, let alone against which claims ATS is planning on asserting them.[2] Things are made even more difficult by the class-wide nature of Plaintiff's claims, and she should not be forced to pursue expensive, possibly fruitless discovery as to herself and the Class regarding ATS's affirmative defenses without some demonstration that ATS is entitled to raise them in the first place. Indeed, under the Central District's Local Rules, Plaintiff is presently required to file a class-certification motion no later than March 8, 2012. See Central Dist. Local R. 23-3 (requiring certification motions to be filed within a ninety-day time limit); Hon. William W Schwarzer, *et al.*, California Practice Guide: Federal Civil Procedure Before Trial ¶ 10:565 (The Rutter Group 2011) (explaining that the ninety-day deadline runs from the date of removal). She should not be forced to spend her limited time poring over obtuse defenses that have no factual support. Given the Local Rule's time constraints, Plaintiff has already been prejudiced by the lack of notice provided in ATS's Answer. How can she even begin proper discovery without an understanding of what ATS's true defenses actually are? Consequently, the Court should strike ATS's Answer and order the filing of a new responsive pleading that properly apprises Plaintiff of ATS's defenses.

By granting the Motion, the Court will further the purpose of the Federal Rules. It is axiomatic that "[a]ffirmative defenses are governed by the same pleading standard as complaints." Qarbon.com Inc., 315 F. Supp. 2d at 1049. In other words:

> Federal Rule of Civil Procedure 8 governs pleading whether by complaint or answer. Rule 8(c) specifically addresses affirmative defenses

---

[2] Consent, for example, means a capable, deliberate, and voluntary agreement in some act or purpose, characterized by free action. See Cal. Civ. Code §§ 1565–67. How would such a defense play into any of the claims alleged by Plaintiff? In point of fact, could Plaintiff even legally consent to minimum-labor-standards violations? See Plumbers & Steamfitters, Local 290 v. Duncan, 157 Cal. App. 4th 1083, 1088 (2007) (explaining that "[t]he Legislature has declared that it is the public policy of California 'to vigorously enforce minimum labor standards in order to ensure employees are not required or *permitted* to work under substandard unlawful conditions'") (quoting Lusardi Constr. Co. v. Aubry, 1 Cal. 4th 976, 985 (1992)) (emphasis supplied). This defense highlights the boilerplate, kitchen-sink nature of ATS's pleading.

and requires that a party "affirmatively state any avoidance or affirmative defense" in the responsive pleading. Fed. R. Civ. P. 8(c)(1). In pleading an affirmative defense, a defendant must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests. Wyshak, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); see also Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 649 (D. Kan. 2009) (holding that Rule 8 requires a "short and plain" statement so as to give the opposing party fair notice).

Before 2007, the fair notice pleading standard was set forth in Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Under Conley, the court was only permitted to dismiss claims for relief when "it appeared beyond doubt that the plaintiff could prove no set of facts in support of his [or her] claim which would entitle him to relief." Id. However, in 2007, the Supreme Court, in Twombly, departed from the Conley standard, requiring that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. While a plaintiff need not provide detailed factual allegations, he [or she] does need to allege the grounds for entitlement to relief beyond mere labels and conclusions. Id. at 555. In 2009, the Supreme Court, in Ashcroft v. Iqbal, [556] U.S. [662], 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), clarified Twombly holding that Twombly was based on its interpretation and application of Federal Rule of Civil Procedure 8, thereby extending Twombly's pleading standard to all civil cases.

Since 2009, courts have been left to decide whether Twombly and Iqbal apply to the pleading of affirmative defenses. While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the

vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses.

Barnes v. AT&T Pension Benefit Plan, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010).

As courts have noted, "what is good for the goose is good for the gander," and "'it makes neither sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for [his or] her claim under one pleading standard and then permit a defendant under another pleading standard simply to suggest that some defense may apply in the case.'" Racick v. Dominion Law Assocs., 270 F.R.D. 228, 233 (E.D.N.C. 2010) (quoting Palmer v. Oakland Farms, Inc., 2010 WL 2605179 at *4 (W.D. Va. filed June 24, 2010)). As explained above, ATS has outright failed to provide a single fact in support of any of its affirmative defenses. The defenses should therefore be stricken, which will "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[3] Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (explaining that the purpose of a Rule 12 motion to strike is to avoid the unnecessary waste of resources).

### C. *California Law Likewise Requires that the Court Strike ATS's Affirmative Defenses.*

ATS may attempt to argue that, because it served its Answer prior to removal, it was not required to comply with federal affirmative-defense standards. Rule 81 of the Federal Rules of Civil Procedure, however, expressly empowers courts to order that parties re-plead after removal. See Fed. R. Civ. Proc. 81(c)(2). Such re-pleading is particularly warranted here, where ATS waited until the second-to-last day to serve its Answer and then removed the action on the immediately following day. (See Dec. 9, 2011, Notice of Removal ¶¶ 4–6, 8 (noting that Plaintiff served her Complaint on November 9, 2011; that ATS served its Answer twenty-nine days thereafter; and that

---

[3] Of course, given that "the purpose of pleading an affirmative defense is simply to give fair notice . . . of the defense being asserted," J&J Sports Prods., Inc., 2010 WL 5279907 at *1, Plaintiff is not requesting that the defenses be struck with prejudice. Instead, Plaintiff is merely requesting that the defenses be struck as currently pled and that ATS be required to file a new answer specifying the factual bases, if any, therefor.

ATS removed this action on the thirtieth day).)  Simply put, under the Federal Rules, pleading should not be used as a strategic device to "hide the ball," enabling a party to obscure its intended facts until the very last minute, all to the opposition's prejudice.  Cf. Simpson v. Vill. of Riverside, 746 F. Supp. 2d 956, 962 (N.D. Ill. 2010) (explaining that, "[w]hen a claim is not 'clearly articulated [by a party, the party] cannot advance such a claim to survive summary judgment, as [the party]'s pleadings must 'give the [opposing party] fair notice'") (quoting Lemmermann v. Blue Cross Blue Shield of Wis., 713 F. Supp. 2d 791, 813 (E.D. Wis. 2010)).

In any event, even if California law—as opposed to federal law—applied to determining the sufficiency of ATS's affirmative defenses, the result would be the same: The defenses would be stricken.  In this regard, California law permits challenges to a defendant's answer, including challenges to the affirmative defenses raised therein.  See Cal. Civ. Proc. Code §§ 430.20 (stating that "[a] party against whom an answer has been filed may object[] by demurrer . . . upon . . . the . . . ground [that t]he answer is uncertain," e.g., that it is "ambiguous and unintelligible"), 431(g) (stating that "defenses shall be separately stated[] and [that they] shall refer to the causes of action which they are intended to answer"), 435(b) (stating that "[a]ny party, within the time allowed to respond to a pleading [including an answer] may serve and file a notice of motion to strike the whole or any part thereof").  See also Hon. Robert I Weil & Hon. Ira A. Brown, Jr., California Practice Guide:  Civil Procedure Before Trial ¶ 7:35 (The Rutter Group 2011) (explaining that "[a] demurrer can be an effective tool for eliminating 'boilerplate' affirmative defenses that often appear in answers (e.g., 'waiver,' 'estoppel,' 'unclean hands,' etc.)" and that "[a] demurrer may be made on the ground of failure to plead sufficient facts to constitute a defense").)

As under federal law, California law requires that any defense in an answer be averred with facts "'as carefully and with as much detail as the facts which constitute the cause of action . . . alleged in the complaint.'"  FPI Dev., Inc. v. Nakashima, 231 Cal. App. 3d 367, 384 (1991) (quoting Pomeroy, Code Remedies § 563 (5th ed. 1929)).  As

explained above, ATS's beyond-conclusory defenses state no facts whatsoever. Indeed, ATS fails even to designate to which specific claims the defenses apply, in contravention of section 431 of the California Code of Civil Procedure. The defenses therefore fail under California law, and they should be stricken by the Court.

## IV.   *Conclusion.*

The speculative and conclusory nature of ATS's Answer, while all-too common in boilerplate defensive pleadings, serves only to delay the efficient resolution of this action. This contravenes the purpose behind the Federal Rules of Civil Procedure, and it thwarts Plaintiff's right to fair notice of ATS's defenses. Plaintiff's Motion should therefore be granted, and the fourth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, fourteenth, nineteenth, and twentieth affirmative defenses should be stricken. In addition, to ameliorate the prejudice Plaintiff has suffered on account of having to await service of a proper responsive pleading, the class-certification deadline specified by the Local Rules should not begin running until the date that ATS files its amended answer.

DATED:  December 29, 2012               HARRIS & RUBLE
                                        LAW OFFICES OF JOHN P. DORIGAN
                                        _____/s/_____
                                        Alan Harris
                                        David Zelenski
                                        John P. Dorigan
                                        *Attorneys for Plaintiff*

10
NOTICE OF MOT. TO STRIKE DEF. AIRPORT TERMINAL SERVS., INC.'S ANS.