Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
82-237 Odlum Drive
Indio, California 92201
Telephone: (760) 342-8074
Facsimile: (760) 863-5868
jpdorigan@aol.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE McDONALD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1–100, inclusive,<br><br>Defendants. | Case No. CV 11-01946 VAP (SPx)<br><br>**[PROPOSED] ORDER GRANTING MOTION TO STRIKE DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF COLLETTE McDONALD'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>*Assigned to Hon. Virginia A. Phillips*<br><br>Date: January 30, 2012<br>Time: 2:00 p.m.<br>Courtroom: 2 |

    Plaintiff Collette McDonald's Motion to Strike Defendant Airport Terminal Services, Inc.'s Answer came on for hearing in the above-entitled Court on January 30, 2012. Having considered the papers in support of the Motion, the papers submitted in opposition, and the arguments of counsel, the Court rules as follows:

    1.    Defendant's fourth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, fourteenth, nineteenth, and twentieth affirmative defenses are stricken. These defenses have been asserted without reference to any facts in support thereof, depriving Plaintiff of "fair notice" under the Federal Rules of Civil Procedure. See, e.g., J&J Sports Prods., Inc., 2010 WL 5279907 at *1. See also Simmons v. Navajo County, 609 F.3d 1011, 1023 (9th Cir. 2010) (explaining that "'[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense'") (quoting Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979)); Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1048 (N.D. Cal. 2004) (stating that "[a] defense may be struck if it fails to provide 'fair notice' of the basis for the defense") (citing Advanced Cardiovascular Sys., Inc. v. Scimed Sys., Inc., 1996 WL 467277 at *3 (N.D. Cal. filed July 24, 1996)). Accordingly, as pled, the defenses contravene federal pleading standards, and they must be stricken. See Fed. Rs. Civ. Proc. 8(c), 12(f). See also Barnes v. AT&T Pension Benefit Plan, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (requiring affirmative defenses to satisfy Twombly and Iqbal standards).

    2.    Alternatively, Defendant's fourth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, fourteenth, nineteenth, and twentieth affirmative defenses contravene pleading standards under the California Code of Civil Procedure. See Cal. Civ. Proc. Code §§ 430.20 (stating that "[a] party against whom an answer has been filed may object[] by demurrer . . . upon . . . the . . . ground [that t]he answer is uncertain," e.g., that it is "ambiguous and unintelligible"), 431(g) (stating that "defenses shall be separately stated[] and [that they] shall refer to the causes of action which they are intended to answer"), 435(b) (stating that "[a]ny party, within the time allowed to respond to a pleading [including an answer] may serve and file a notice of motion to strike the whole

or any part thereof"). To the extent that California law applies to determining the sufficiency of Defendant's Answer, the defenses must be stricken for failure to plead facts constituting a defense. See FPI Dev., Inc. v. Nakashima, 231 Cal. App. 3d 367, 384 (1991) (explaining that, under California law, a defense must be pled "'as carefully and with as much detail as the facts which constitute the cause of action . . . alleged in the complaint'") (quoting Pomeroy, Code Remedies § 563 (5th ed. 1929)).

3. Pursuant to Federal Rule of Civil Procedure 81, Defendant is ordered to file an amended answer conforming to federal pleading requirements within ten days of the date of this Order. See J&J Sports Prods., Inc., 2010 WL 5279907 at *1 (explaining that leave to amend should freely be granted as to stricken pleadings). Insofar as Defendant intends on reasserting the stricken affirmative defenses, Defendant (a) must provide the factual bases for each such defense and (b) must specify to which of Plaintiff's claims each defense applies.

4. The ninety-day class-certification deadline specified in Central District Local Rule 23-3 shall run from the date that Defendant files its amended answer. This will ameliorate the prejudice Plaintiff has suffered with respect to awaiting service of a proper responsive pleading. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (explaining that the purpose of a motion to properly define the issues raised by a litigation).

DATED: _____

               Hon. Virginia A. Phillips
               *DISTRICT COURT JUDGE*