Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
82-237 Odlum Drive
Indio, California 92201
Telephone:  (760) 342-8074
Facsimile:  (760) 863-5868
jpdorigan@aol.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE McDONALD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1–100, inclusive,<br><br>Defendants. | Case No. CV 11-01946 VAP (SPx)<br><br>**DECLARATION OF DAVID ZELENSKI IN SUPPORT OF MOTION TO STRIKE DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF COLLETTE McDONALD'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>*Assigned to Hon. Virginia A. Phillips*<br><br>Date:  January 30, 2012<br>Time:  2:00 p.m.<br>Courtroom:  2 |

**DAVID ZELENSKI** declares under penalty of perjury of the laws of the United States and the State of California as follows:

1. I am a member in good standing of the State Bar of California and am one of the attorneys for Plaintiff Collette McDonald in the above-captioned action. If sworn as a witness, I could competently testify to each and every fact set forth herein from my own personal knowledge.

2. On December 12, 2011, I e-mailed Simon Yang of Seyfarth Shaw LLP—one of the attorneys representing Defendant Airport Terminal Services, Inc. ("ATS") in the above-captioned matter—concerning Plaintiff's position that certain of ATS's affirmative defenses should be stricken for lack of fair notice. A true and correct copy of that e-mail is attached hereto as **Exhibit 1**. I copied Aaron Lubeley of Seyfarth Shaw LLP—another attorney representing ATS in the above-captioned matter—on the e-mail. The purpose of the e-mail was to meet and confer pursuant to Central District of California Local Rule 7-3 as to the filing of a motion to strike. After outlining Plaintiff's position, the e-mail invited further discussion from ATS's counsel in an effort to resolve the dispute without resort to motion practice. The e-mail specifically requested that ATS's counsel respond by December 19, 2011.

3. ATS's counsel did not respond to my e-mail until December 19, 2011, when Mr. Yang telephoned me. I explained to Mr. Yang that the purpose of Plaintiff's proposed motion was not to have ATS's defenses stricken with prejudice; instead, the intent was to have ATS provide Plaintiff with fair notice of the factual bases supporting the defenses, as well as notice concerning which defenses applied to which claims. I specifically noted that it would be difficult to examine ATS during the discovery phase of this litigation without some understanding of which defenses applied to which claims, as well as how those defenses, in fact, applied. Mr. Yang and I then agreed to continue our discussion on December 20, 2011, when Mr. Lubeley would be available to participate in a further meet-and-confer.

4. On December 20, 2011, as planned, Mr. Lubeley and I continued the meet-

and-confer process.  As before, I explained that Plaintiff merely sought to have ATS provide Plaintiff with fair notice of the factual bases supporting the defenses, as well as notice concerning which defenses applied to which claims.  After discussing matters, Mr. Lubeley stated that he would provide me with correspondence further outlining ATS's position.  I explained to Mr. Lubeley that I would be out of town on account of the holiday until December 28, 2011, and that it would facilitate possible resolution of this matter if the correspondence were e-mailed to my office (so that I could review ATS's position while I was out of town).  I followed up our meet-and-confer discussion with an e-mail memorializing ATS's offer to provide additional correspondence, a true and correct copy of which is attached hereto as **Exhibit 2**.  To date, however, I have not received any e-mails from Mr. Lubeley.  I also have not received any e-mails from Mr. Yang.  In addition, my colleagues at Harris & Ruble have informed me that Harris & Ruble has not received any hard-copy correspondence from ATS's counsel.  Similarly, my co-counsel in this action—John Dorigan of the Law Offices of John P. Dorigan—has informed me that he has not received any correspondence from ATS's counsel.  Upon my return to Los Angeles on December 28, 2011, I reviewed Harris &Ruble's incoming mail for the period of time since December 21, 2011.  As of the execution of this Declaration, I have not seen any incoming mail from ATS's counsel.

  I have read the foregoing, and the facts set forth therein are true and correct of my own personal knowledge.  Executed December 29, 2011, in the County of Los Angeles, State of California.

               /s/
               David Zelenski