# Dave Zelenski

| | |
|---|---|
| From: | Dave Zelenski |
| Sent: | Monday, December 12, 2011 5:55 PM |
| To: | Yang, Simon |
| Cc: | 'alubeley@seyfarth.com'; Alan Harris; 'Jpdorigan@aol.com' |
| Subject: | McDonald v. Airport Terminal Servs., Inc.:  Meet-and-Confer re Def.'s Ans.; Early Meeting of Counsel |

| | |
|---|---|
| AmicusFileIds: | 1850 |
| AmicusFileName: | ATS ads. McDonald (Palm Springs) |
| AmicusId: | 189823 |
| AmicusStatus: | Saved |

Simon:

Hope all is well.

This e-mail constitutes Plaintiff's meet-and-confer pursuant to Local Rule 7-3 with respect to Defendant's December 8, 2011, Answer to Plaintiff Collette McDonald's Unverified Complaint for Damages in the above-referenced matter.  It is our position that many of the affirmative defenses specified in Defendant's Answer are insufficient, not having been pled with the requisite specificity under either federal or state law.  We would like to resolve these deficiencies without having to resort to a motion to strike.

Under federal law, an affirmative defense must be pled with enough specificity and factual particularity to provide a plaintiff with "fair notice" of the defense being advanced.  *See*, *e.g.*, *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048–49 (N.D. Cal. 2004).  In *Qarbon.com Inc.*, the court struck affirmative defenses of waiver, estoppel, and unclean hands, explaining that "[a] [mere] reference to a doctrine, like a reference to statutory provisions, is insufficient notice."  As in *Qarbon.com Inc.*, Defendant's purported affirmative defenses of "failure to exhaust administrative remedies," "expense reimbursement," "laches," "unclean hands," "waiver," "estoppel," "consent," "ratification," "preemption," "offset," and "failure to mitigate" merely reference doctrines without providing any factual bases for the defenses.  These defenses (as pled) are likewise improper under California law.  *See*, *e.g.*, *FPI Dev., Inc. v. Nakashima*, 231 Cal. App. 3d 367, 384 (1991).  Accordingly, although Defendant was entirely within its rights to make the pre-removal "general denial" specified in the Answer, it was improper for Defendant to serve an Answer containing affirmative defenses without laying the factual groundwork therefor.  We are confident that, under Federal Rule of Civil Procedure 81, the Court will order Defendant to file a new answer specifying the bases for the articulated defenses.

We are also confident that the Court will strike Defendant's affirmative defense that "PAGA penalties [are] unconstitutional."  Simply put, as pled, the Complaint does not include a PAGA claim for relief.  The defense is thus entirely irrelevant, and it should be struck.

If you would like to discuss this matter further with us so that we can resolve this matter without resort to motion practice, please let us know when you are available between now and December 19, 2011.  If we do not hear from you by then, we will file our motion with the Court.

On a related note, given that the clock is now running under Local Rule 23-3 as to the filing of a class-certification motion, we would like to schedule the early meeting of counsel under Rule 26(f) so that the parties can begin discovery.  What dates work on your end between now and December 19, 2011, for that conference?  Please let us know at your earliest convenience.  Thanks, Simon.

Dave Zelenski
HARRIS & RUBLE
6424 Santa Monica Boulevard

Los Angeles, California 90038
323.962.3777 Tel.
323.962.3004 Fax
www.harrisandruble.com

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and, as such, is privileged and confidential.  If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, he or she is hereby notified that receipt of this document is in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail and delete the original message.