Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
82-237 Odlum Drive
Indio, California 92201
Telephone: (760) 342-8074
Facsimile: (760) 863-5868
jpdorigan@aol.com

*Attorneys for Plaintiff*

## ~~SUPERIOR~~UNITED STATES DISTRICT COURT ~~OF THE STATE~~

## CENTRAL DISTRICT OF CALIFORNIA

## ~~COUNTY OF RIVERSIDE~~

| | |
|---|---|
| COLLETTE McDONALD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1–100, inclusive,<br><br>Defendants. | Case No. ~~-~~ EDCV 11-01946 VAP (SPx)<br><br>**FIRST AMENDED** COMPLAINT<br><br>~~[Class Action]~~<br><br>1.  Failure to Provide Meal-Period Premium Wages in Violation of California Labor Code §§ 226.7 and 512<br><br>2.  Failure to Provide Adequate Pay Stubs in Violation of California Labor Code § 226<br><br>3.  Failure to Reimburse for Uniform-Maintenance Expenses in Violation of California Labor Code § 2802<br><br>4.  Failure to Timely Pay All Wages in Violation of California Labor Code §§ 201–03<br><br>5.  Violation of California Business and Professions Code § 17200 *et seq.*<br><br>6.  Civil Penalties Pursuant to California Labor Code § 2698 *et seq.* |

Formatted: Font: Not Bold

Formatted: Header, Centered, Line spacing: Exactly 12 pt, No widow/orphan control

Formatted: Indent: Left: 0", Hanging: 0.28"

**DEMAND FOR JURY TRIAL**

Collette McDonald, individually, on behalf of the general public, and on behalf of all other similarly situated current and former employees of Airport Terminal Services, Inc. ("ATS"), seeking a preliminary and permanent injunction with respect to the violations alleged herein, states as follows:

### JURISDICTION AND VENUE

1.    This is a class action brought against ATS, a corporation, and DOES 1–100 on behalf of a Class of all persons employed by ATS in California and commonly referred to as Agents, Lead Agents, Supervisor Agents, Ramp Agents, Ramp Leads, Ramp Supervisors, Cargo Agents, Cargo Leads, Cargo Supervisors, Passenger Service Agents, Passenger Service Leads, Passenger Service Supervisors, Station Agents, Lead Station Agents, Supervisor Station Agents, Cabin Grooming Agents, Lead Cabin Grooming Agents, and Supervising Cabin Grooming Agents (collectively referred to as "Airport Agents") since approximately ~~October 12~~November 2, 2007.

2.    This action alleges that ATS (1) failed to pay earned wages to Airport Agents on account of late, curtailed, or missed meal periods; (2) failed to provide Airport Agents with proper wage statements; (3) failed to provide Airport Agents with funds to maintain their uniforms; (4) failed to provide Airport Agents with proper seating; and (5) engaged in unfair, unlawful, and/or fraudulent business practices in violation of California law to the detriment of Airport Agents and the general public.

3.    This class-action suit is founded upon violations of the California Labor Code, the California Code of Regulations (Industrial Welfare Commission Order 9), and the California Business and Professions Code.  The monetary damages and restitution sought by Plaintiff and the Class exceed the minimal jurisdictional amounts.

4.    Plaintiff is informed and believes, and based thereon alleges, that venue is proper in that ATS is a corporation that is authorized to conduct—and that does conduct—significant amounts of business in Riverside County, California.  The corporate

1    policies, whether real or implied, pursuant to which ATS's liability arises were applied in

2    Riverside County.  Venue is proper in this judicial district pursuant to California Business

3    & Professions Code section 17203 and California Code of Civil Procedure sections

4    395(a) and 395.5.  ATS maintains an office, transacts business, has an agent, or is found

5    in the County of Riverside, and ATS is within the jurisdiction of this Court for purposes

6    of service of process.  The unlawful acts alleged herein have had a direct effect on, and

7    were committed within, the County of Los Angeles, State of California.

8             ***PARTIES AND SUBSTANTIVE ALLEGATIONS***

9         5.      Plaintiff was employed by ATS as an Airport Agent at Palm Springs in the

10    State of California throughout the relevant period.  Plaintiff brings this action on behalf

11    of herself, on behalf of all others similarly situated, and pursuant to California Business

12    and Professions Code section 17200 *et seq*.

13         6.      Plaintiff is informed and believes, and based thereon alleges, that ATS and

14    DOES 1–100 are corporations that conduct significant amounts of business within

15    Riverside County and are primarily involved in the airline business providing passenger

16    flight service at Palm Springs (PSP) and at least the following, additional locations within

17    the State of California:  Burbank (BUR), Ontario (ONT), San Diego (SAN), San Jose

18    (SJC), and Santa Ana (SNA).  ATS offers passenger check-in and ticketing, passenger

19    boarding, VIP lounge staffing, baggage services, aircraft loading and unloading, aircraft

20    marshaling, aircraft pushback, aircraft fueling, aircraft deicing, aircraft cabin cleaning,

21    cargo warehouse functions (receiving and delivery, and document processing.

22         7.      Plaintiff contends that she was not provided with all required wages under

23    California law on account of ATS's failure to provide adequate meal-break

24    compensation.  Under the California Labor Code, "[a]ll wages . . . earned by any person

25    in any employment are due and payable twice during each calendar month, on days

26    designated in advance by the employer as the regular paydays."  Cal. Lab. Code § 204(a).

27    Compensation for missed meal periods constitutes wages within the meaning of section

28    220 *et seq*. of the California Labor Code.   As to such wages, section 512 of the Labor

Code provides, in relevant part:

> An employer may not employ an employee for a work period of more than
> five hours per day without providing the employee with a meal period of not
> less than 30 minutes, except that if the total work period per day of the
> employee is no more than six hours, the meal period may be waived by
> mutual consent of both the employer and employee.  An employer may not
> employ an employee for a work period of more than 10 hours per day
> without providing the employee with a second meal period of not less than
> 30 minutes, except that if the total hours worked is no more than 12 hours,
> the second meal period may be waived by mutual consent of the employer
> and the employee only if the first meal period was not waived.

Id. § 512(a).  Similarly, Industrial Welfare Commission ("IWC") Wage Order 9 states, in pertinent part, that "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes."  8 Cal. Code Regs. 11090 § 11(A).  Furthermore, according to section 226.7 of the Labor Code, "[i]f an employer fails to provide an employee a meal period . . . in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period . . . is not provided."  Cal. Lab. Code § 226.7(b).

8.    The nature of the work at ATS is such that there are times when Airport Agents may not be able to take lunch breaks.  However, during the period of time commencing four years prior to the filing of the original Complaint to the present, ATS failed to provide Plaintiff and Airport Agents with meal-period premium wages for those occasions on which they were not provided with adequate meal periods.  ATS failed to provide such wages despite the fact that it kept track of those instances so that it could reverse the automatic meal-period deduction taken by its payroll system each workday.  For example, attached hereto as Exhibit 1 is a printout of Plaintiff's pay stub for the weekly pay period of February 28, 2011, through March 6, 2011, along with a copy of

her corresponding "Employee Weekly Time Sheet."  The documents reflect the fact that, although Plaintiff was not provided with an adequate meal period on February 28, 2011, she was not provided with an accompanying meal-period premium wage.  On information and belief, Plaintiff alleges that, during the period of time commencing four years prior to the filing of the original Complaint to the present, ATS likewise failed to provide other Airport Agents in California with meal-period premium wages for inadequate meal breaks.  In addition to subjecting ATS to compensatory and restitutionary damages, ATS's failure to provide such compensation subjects it to civil penalties.  See Cal. Lab. Code §§ 210, 558, 2698 *et seq.*; 8 Cal. Code Regs. 11090 § 20.

9.    In addition to failing to provide adequate meal-period premium wages, Plaintiff contends that ATS failed to provide her with adequate pay stubs.  In this regard, section 226 of the California Labor Code provides:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked

1  at each hourly rate by the employee.  The deductions made from payments

2  of wages shall be recorded in ink or other indelible form, properly dated,

3  showing the month, day, and year, and a copy of the statement or a record of

4  the deductions shall be kept on file by the employer for at least three years at

5  the place of employment or at a central location within the State of

6  California.

7  . . . .

8  (e) An employee suffering injury as a result of a knowing and intentional

9  failure by an employer to comply with subdivision (a) is entitled to recover

10  the greater of all actual damages or fifty dollars ($50) for the initial pay

11  period in which a violation occurs and one hundred dollars ($100) per

12  employee for each violation in a subsequent pay period, not exceeding an

13  aggregate penalty of four thousand dollars ($4,000), and is entitled to an

14  award of costs and reasonable attorney's fees.

15  . . . .

16  (g) An employee may also bring an action for injunctive relief to ensure

17  compliance with this section, and is entitled to an award of costs and

18  reasonable attorney's fees.

19  Cal. Lab. Code § 226.  Similarly, IWC Wage Order 9 requires an employer to keep time

20  records of meal periods unless all operations cease during such periods.  See 8 Cal. Code

21  Regs. 11090 § 7(A)(3).

22       10.    On information and belief, Plaintiff contends that ATS failed to provide

23  Airport Agents with the data required by section 226 of the California Labor Code and

24  IWC Wage Order 9.  For example, Exhibit 1 hereto fails to indicate that Plaintiff is owed

25  additional wages on account of working through meal periods.  In addition to subjecting

26  ATS to the damages specified in section 226(e), ATS's failure to provide such

27  information subjects it to civil penalties.  See Cal. Lab. Code §§ 226.3, 2698 *et seq.*; 8

28  Cal. Code Regs. 11090 § 20.

11.     In addition to failing to provide adequate meal-period premium wages and failing to provide adequate pay stubs, Plaintiff contends that ATS failed to reimburse her for the maintenance of her uniform.  In this regard, section 2802 of the Labor Code states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in the direct consequence of the discharge of his or her duties."  Id. § 2802(a).  Similarly, Wage Order 9 provides that, "[w]hen uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer."  8 Cal. Code Regs. 11090 § 9(A).

12.     On information and belief, Plaintiff contends that ATS failed to reimburse Airport Agents for the maintenance of their uniforms.  In addition to subjecting ATS to damages, ATS's failure to provide such reimbursement subjects it to civil penalties.  See Cal. Lab. Code § 2698 et seq.; 8 Cal. Code Regs. 11090 § 20.

13.     On account of ATS's failure to reimburse Airport Agents for the maintenance of their uniforms, as well as ATS's failure to provide meal-period premium wages, ATS is liable to former employees—including Plaintiff herself—for continuing wages pursuant to sections 201 through 203 of the Labor Code.  Section 201 of the Labor Code states that, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).  Similarly, section 202 of the Labor Code provides that, "[i]f an employee . . . quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."  Id. § 202(a).  According to section 203 of the Labor Code, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201[ or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than

1    30 days." Id. § 203(a).  In addition to subjecting ATS to damages, ATS's failure to

2    timely pay all outstanding wages upon the termination of employment subjects it to civil

3    penalties. See Cal. Lab. Code § 2698 et seq.

4        14.    In addition to failing to provide meal-period premium wages, failing to

5    provide adequate pay stubs, and failing to reimburse uniform-maintenance expenses,

6    Plaintiff contends that ATS failed to provide her with adequate seating.  In this regard,

7    IWC Wage Order 9 states that "[a]ll working employees shall be provided with suitable

8    seats when the nature of the work reasonably permits the use of seats."  8 Cal. Code

9    Regs. 11090 § 14(A).

10        15.    On information and belief, Plaintiff contends that ATS failed to provide

11    adequate seating to Airport Agents.  This subjects ATS to civil penalties.  See 8 Cal.

12    Code Regs. 11090 § 20.

13        16.    Plaintiff is informed and believes, and based thereon alleges, that ATS's

14    labor practices and all other aspects of its operations, as well as the job duties of Airport

15    Agents, are stringently controlled and monitored pursuant to uniform standards

16    established by ATS that apply throughout the company and certainly throughout

17    California.  Plaintiff is informed and believes, and based thereon alleges, that ATS

18    requires compliance with detailed standards for completing assigned tasks and running its

19    operations.  As a result, ATS's stations in California function and operate in substantially

20    the same manner and cause Airport Agents to be similarly situated regardless of location.

21        17.    Plaintiff is informed and believes and based thereon alleges that ATS

22    uniformly applies policies and procedures to all Airport Agents with respect to

23    compensation for missed meal periods.

24        18.    Plaintiff is further informed and believes that ATS uniformly applies

25    policies and procedures to all Airport Agents with respect to the maintenance of

26    employment records.  As a direct and proximate result of the unlawful actions of ATS, as

27    alleged herein above and below, Plaintiff and Members of the Class have suffered and

28    continue to suffer damages.

1   / / / / /

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS-ACTION ALLEGATIONS**

19.     This action may properly be maintained as a class action pursuant to section 382 of the California Code of Civil Procedure.  The Class is defined as:

> All persons employed by ATS in California and commonly referred to as Agents, Lead Agents, Supervisor Agents, Ramp Agents, Ramp Leads, Ramp Supervisors, Cargo Agents, Cargo Leads, Cargo Supervisors, Passenger Service Agents, Passenger Service Leads, Passenger Service Supervisors, Station Agents, Lead Station Agents, Supervisor Station Agents, Cabin Grooming Agents, Lead Cabin Grooming Agents, and Supervising Cabin Grooming Agents from approximately ~~October 12~~November 2, 2007, to the date of the filing of a motion for class certification.

20.     The proposed Class is ascertainable in that its Members can be identified using information contained in ATS's payroll and personnel records.

21.     The Members of the Class are sufficiently numerous in that joinder of all such Members would be impracticable.  Further, the disposition of the claims of the Class in a class action will provide substantial benefits to both the parties and the Court.

22.     The provisions of the California Labor Code upon which Plaintiff bases her claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

23.     The nature of this action and the laws available to Plaintiff and Class Members make the class-action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  Further, this case involves a large corporate defendant and a large number of individual employees with many relatively small claims.  If each employee were required to file an individual lawsuit, ATS would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the

*Formatted: Indent: First line: 0"*

1  limited resources of each individual plaintiff with its vastly superior legal and financial
2  resources.

3      24.    Requiring each Member of the Class to pursue an individual remedy would
4  also discourage the assertion of lawful claims by employees who would be disinclined to
5  file an action against their former and/or current employer for real and justifiable fear of
6  retaliation and permanent damage to their careers with respect to subsequent
7  employment.

8      25.    Moreover, the prosecution of separate actions by individual Class Members
9  would create a substantial risk of inconsistent or varying adjudications with respect to
10  individual Class Members against ATS.

11      26.    There is a well-defined community of interest in the questions of law and
12  fact involved affecting the parties to be represented.  The questions of law and fact
13  common to the Class predominate over questions that may impact individual Class
14  Members.  These common questions include whether ATS's policy of never providing
15  meal-period premium wages for documented inadequate meal breaks violates the
16  California Labor Code's express requirement that wages be provided for missed meal
17  breaks, as well as the requirement that pay stubs reflect all compensation due and owing.
18  The common questions also include whether ATS is required to reimburse Airport
19  Agents for uniform-cleaning costs, as well as whether the failure to reimburse for such
20  costs (as well as the failure to provide meal-period premium wages) constitutes a failure
21  to pay all outstanding wages upon the termination of employment.  Finally, the common
22  questions also include whether ATS's policy constitutes unfair competition.

23      27.    Proof of a common business practice or factual pattern that Plaintiff
24  experienced is representative of that experienced by the Class and will establish the right
25  of each Class Member to recover on the causes of action alleged.

26      28.    Such a pattern, practice, and uniform administration of illegal corporate
27  policies with respect to employee compensation, as described herein, creates an
28  entitlement in common for Plaintiff and the Class to recover in a civil action the unpaid

1  balance of the full amount of the compensation owing, including interest thereon,

2  reasonable attorney's fees, and costs of suit according to the mandate of the California

3  Labor Code section 218.5.  Furthermore, Plaintiff and the Class are entitled in common to

4  restitution and disgorgement of funds withheld improperly by Defendant ATS.

5  Accordingly, Plaintiff on behalf of the Class will seek the creation of a common fund

6  made up of the aforementioned damages.

7       29.    Plaintiff asserts claims that are typical of those of the Class because she was

8  employed by ATS as an Airport Agent at Palm Springs, she was subjected to ATS's

9  uniform policies and procedures, and she was similarly injured as a result of ATS's

10  actions.

11      30.    Plaintiff will fairly and adequately represent and protect the interests of the

12  Class in that she has no disabling conflicts of interest that would be antagonistic to other

13  Members of the Class.  Moreover, Plaintiff seeks relief that is not antagonistic or adverse

14  to the Members of the Class in that the infringement of her rights and the damages that

15  she suffered are typical of all other Members of the Class.  Additionally, Plaintiff has

16  retained counsel that is competent and experienced in class-action litigation.

17      31.    Plaintiff and Class Members have all similarly suffered irreparable harm and

18  damages as a result of ATS's unlawful and wrongful conduct.  This action will provide

19  substantial benefits to both the Class and the public because, absent this action, ATS's

20  unlawful conduct will continue un-remedied and uncorrected.  In point of fact, any

21  violation of an IWC Wage Order regulating the working conditions of employees is a

22  violation of the Labor Code, as well as a misdemeanor punishable by fine.  See Cal. Lab.

23  Code §§ 1198–99.

24           ***FIRST CAUSE OF ACTION***

25        *Failure to Provide Meal-Period Premium Wages*

26      *In Violation of California Labor Code §§ 226.7 and 512*

27      32.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

28  herein.

33. Within the four years before the filing of ~~this~~the original Complaint, ATS has employed Plaintiff and Class Members as Airport Agents throughout the State of California to conduct and transact its airline operations.

34. On shifts where Airport Agents are required to take meal periods in accordance with California law but are deprived of the opportunity to take them, Airport Agents are not paid meal-period premium wages. Those instances are recorded in ATS's payroll system. Under the California Labor Code and the IWC's Wage Order, Airport Agents are therefore entitled to one additional hour of pay at their respective regular rates of compensation for each day that they were deprived of meal periods. See Cal. Lab. Code §§ 512, 226.7; 8 Cal. Code Regs. 11090 § 11(A).

35. Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful, and Plaintiff and Class Members are entitled to recover in a civil action the unpaid balance of the full amount of the meal-period premiums owing, reasonable attorney's fees, and costs of suit pursuant to the California Labor Code. Plaintiff and the Class request such a recovery.

### SECOND CAUSE OF ACTION

*Failure to Provide Adequate Pay Stubs*

*In Violation of California Labor Code § 226*

36. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

37. The California Labor Code requires employers to furnish each employee with an itemized statement on a semi-monthly basis or with each paycheck showing the gross wages earned, net wages earned, and all applicable deductions. See Cal. Lab. Code § 226(a). Furthermore, as noted above, IWC Wage Order 9 requires employers to maintain time records showing when employees begin and end their meal breaks. See 8 Cal. Code Regs. 11090 § 7(A)(3). Labor Code section 226 requires employers to provide access to such records. See Cal. Lab. Code § 226(b). Airport Agents are not exempt from this requirement and therefore are entitled to receive a statement of the hours they

1   worked with each paycheck and to have access to such records upon request.

2       38.     Insofar as ATS automatically deducts minutes of paid time for meal periods

3   taken by its employees, it is required to show this deduction on employees' itemized

4   statements, per section 226.  Also, insofar as California law provides that the additional

5   one-hour meal-period premium is a wage, ATS is required to show this sum on its

6   itemized wage statements.

7       39.     Plaintiff and Class Members were injured by ATS's failure to maintain and

8   provide adequate payroll records, and they are therefore entitled to seek the amounts set

9   forth in Labor Code section 226(e), including reasonable attorney's fees and costs of suit.

10  In addition, Plaintiff requests injunctive relief pursuant to Labor Code section 226(g).

11                    ***THIRD CAUSE OF ACTION***

12           *Failure to Reimburse for Uniform-Maintenance Expenses*

13              *In Violation of California Labor Code § 2802*

14      40.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

15  herein.

16      41.     The California Labor Code requires and IWC Wage Order 9 require

17  employers to reimburse employees for the maintenance of employee uniforms.  See Cal.

18  Lab. Code § 2802; 8 Cal. Code Regs. 11090 § 9(A).  Plaintiff and Class Members have

19  not been compensated for the maintenance of their uniforms.  They are therefore entitled

20  to damages, including interest thereon, and they request such relief.

21                   ***FOURTH CAUSE OF ACTION***

22                 *Failure to Timely Pay All Wages*

23             *In Violation of California Labor Code §§ 201–03*

24      42.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

25  herein.

26      43.     As noted above, section 203 of the Labor Code states that, "[i]f an employer

27  willfully fails to pay, without abatement or reduction, in accordance with Sections 201

28  [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the

1  employee shall continue as a penalty from the due date thereof at the same rate until paid
2  or until an action therefor is commenced; but the wages shall not continue for more than
3  30 days." Cal. Lab. Code § 203(a). By failing to pay meal-period premium wages as
4  alleged above to Class Members, as well as by failing to reimburse Class Members for
5  uniform-maintenance costs, ATS has willfully failed to pay all wages due and owing to
6  those Class Members who are no longer employed by ATS.

7      44.    Plaintiff and Class Members are therefore entitled to seek the amounts set
8  forth in Labor Code section 203(e).

9                          ***FIFTH CAUSE OF ACTION***
10          *Violation of California Business and Professions Code § 17200 et seq.*

11      45~~45~~. Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth
12  herein.

13      46.    California Business and Professions Code section 17200 *et seq.* prohibits
14  acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or
15  practice." Cal. Bus. & Prof. Code § 17200. Plaintiff alleges that ATS has engaged in
16  unfair business practices in California by the above-described failure to pay meal-period
17  premium wages to Airport Agents, as well as by the above-described failure to reimburse
18  Airport Agents for uniform-maintenance costs.

19      46~~46~~. ATS's actions entitle Plaintiff and Class Members to seek the remedies
20  available pursuant to section 17200 *et seq.* Plaintiff seeks full restitution of said amounts
21  from ATS, as necessary and according to proof, to restore any and all amounts—
22  including interest—withheld, acquired, or converted by ATS by means of the unfair
23  practices complained of herein. Plaintiff, on behalf of herself and other similarly situated
24  employees, as well as on behalf of the general public, further seeks attorney's fees and
25  costs pursuant to sections 218.5 of the California Labor Code and 1021.5 of the
26  California Code of Civil Procedure. In addition, Plaintiff seeks the appointment of a
27  receiver as necessary. Finally, Plaintiff seeks an injunction to remedy and prevent ATS's
28  improper practices.

*SIXTH CAUSE OF ACTION*

*Civil Penalties Pursuant to California Labor Code § 2698 et seq.*

48.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

49.    Pursuant to section 2699.3(a)(1) of the Labor Code, on approximately December 30, 2011, Plaintiff gave written notice by certified mail to the California Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code alleged to have been violated by ATS, including the facts and theories set forth in the original Complaint.  Also on December 30, 2011, Plaintiff gave written notice by certified mail to ATS of the specific provisions of the Labor Code alleged to have been violated by ATS.

50.    On approximately January 24, 2012, Doug Hoffner, Undersecretary of the LWDA, sent a letter by certified mail to Plaintiff and ATS stating that the LWDA did not intend to investigate the alleged violations, a true and correct copy of which is attached hereto as Exhibit 2.  Accordingly, Plaintiff "may as a matter of right amend [the] existing [C]omplaint to add a cause of action arising under [the Labor Private Attorneys General Act ("LCPAGA")]."  Cal. Lab. Code § 2699.3(a)(2)(C).  The LCPAGA establishes civil penalties for violations of the Labor Code, including the violations alleged in this Complaint.

51.    Plaintiff contends that sections 201, 202, 210, 226, 226.3, 512, 558, 1198, 2802, and 2699 of the Labor Code enable her to recover civil penalties, as well as attorney's fees and costs, from ATS through a civil action on behalf of herself and other aggrieved employees.

*PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.    That the Court certify the class action described in this Complaint.

2.    With respect to the First Cause of Action, that the Court enter judgment in favor of Plaintiff and the Class for meal-period premium damages, interest thereon, and

16

reasonable attorney's fees and costs, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date.

3.     With respect to the Second Cause of Action, that the Court enter judgment in favor of Plaintiff and the Class for pay-stub damages, reasonable attorney's fees, and costs of suit, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date, as well as injunctive relief.

4.     With respect to the Third Cause of Action, that the Court enter judgment in favor of Plaintiff and the Class for uniform-reimbursement expenses, interest thereon, and reasonable attorney's fees and costs, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date.

5.     With respect to the Fourth Cause of Action, that the Court enter judgment in favor of Plaintiff and the Class for continuing-wage damages, reasonable attorney's fees, and costs of suit, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date.

6.     With respect to the Fifth Cause of Action, that it be adjudged that ATS's violations of sections 201, 202, 203, 204, 226.7, 512, and 2802 of the California Labor Code constitute violations of section 17200 *et seq.* of the California Business and Professions Code.  Accordingly, Plaintiff requests that the Court order Defendant to pay restitution to Members of the Class in the form of the compensation retained by ATS for the period of time from four years prior to the filing of the original Complaint to date. Furthermore, Plaintiff requests that the Court issue an order or decree pursuant to section 17203 of the Business and Professions Code that enjoins ATS from pursuing its practice of violating sections 201, 202, 203, 204, 226.7, 512, and 2802 of the Labor Code. Finally, Plaintiff requests that the Court award Plaintiff her reasonable attorney's fees and costs incurred in the prosecution of the Fifth Cause of Action.

7.     7.     With respect to the Sixth Cause of Action, that the Court award Plaintiff and other aggrieved former and current employees their civil penalties, attorney's fees, and costs of suit, all according to proof, pursuant to section 2699 of the

1    Labor Code.

2        8.        For such further relief as the Court may order, including reasonable

3    attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the

4    California Labor Code, as well as section 1021.5 of the California Code of Civil

5    Procedure.

6

7    DATED:  October 26, 2011March 12, 2012                HARRIS & RUBLE

8                                                                     LAW OFFICES OF JOHN P. DORIGAN

9    —————LAW OFFICES OF JOHN P. DORIGAN

10                                                                         /s/ Alan Harris

11                                                                  Alan Harris
                                                                     David Zelenski
12                                                                   John P. Dorigan
                                                                     *Attorneys for Plaintiff*
13

14                              ***DEMAND FOR JURY TRIAL***

15    Plaintiff demands a trial by jury as to all counts.

16

17    DATED:  October 26, 2011March 12, 2012                HARRIS & RUBLE

18                                                                     LAW OFFICES OF JOHN P. DORIGAN

19                                                                     LAW OFFICES OF JOHN P. DORIGAN

20                                                                              /s/ Alan Harris

21

22                                                                  Alan Harris
                                                                     David Zelenski
23                                                                   John P. Dorigan
                                                                     *Attorneys for Plaintiff*

24

25

26

27

28

Formatted: Line spacing:  single

Formatted: Line spacing:  Exactly 24 pt

Formatted: Underline

Formatted: Line spacing:  Exactly 16 pt