Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
82-237 Odlum Drive
Indio, California 92201
Telephone:  (760) 342-8074
Facsimile:  (760) 863-5868
jpdorigan@aol.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE McDONALD, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>      v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1–100, inclusive,<br><br>             Defendants. | Case No. EDCV 11-01946 VAP (SPx)<br><br>**FIRST AMENDED COMPLAINT**<br><br>1.  Failure to Provide Meal-Period Premium Wages in Violation of California Labor Code §§ 226.7 and 512<br><br>2.  Failure to Provide Adequate Pay Stubs in Violation of California Labor Code § 226<br><br>3.  Failure to Reimburse for Uniform-Maintenance Expenses in Violation of California Labor Code § 2802<br><br>4.  Failure to Timely Pay All Wages in Violation of California Labor Code §§ 201–03<br><br>5.  Violation of California Business and Professions Code § 17200 *et seq.*<br><br>6.  Civil Penalties Pursuant to California Labor Code § 2698 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Collette McDonald, individually, on behalf of the general public, and on behalf of all other similarly situated current and former employees of Airport Terminal Services, Inc. ("ATS"), seeking a preliminary and permanent injunction with respect to the violations alleged herein, states as follows:

### *JURISDICTION AND VENUE*

1.     This action was filed by Plaintiff in Riverside County Superior Court on November 2, 2011.  Thereafter, on or about December 9, 2011, ATS removed the action to this Court on the basis of diversity-of-citizenship jurisdiction.

### *INTRODUCTION*

2.     This is a class action brought against ATS, a corporation, and DOES 1–100 on behalf of a Class of all persons employed by ATS in California and commonly referred to as Agents, Lead Agents, Supervisor Agents, Ramp Agents, Ramp Leads, Ramp Supervisors, Cargo Agents, Cargo Leads, Cargo Supervisors, Passenger Service Agents, Passenger Service Leads, Passenger Service Supervisors, Station Agents, Lead Station Agents, Supervisor Station Agents, Cabin Grooming Agents, Lead Cabin Grooming Agents, and Supervising Cabin Grooming Agents (collectively referred to as "Airport Agents") since approximately November 2, 2007.

3.     This action alleges that ATS (1) failed to pay earned wages to Airport Agents on account of late, curtailed, or missed meal periods; (2) failed to provide Airport Agents with proper wage statements; (3) failed to provide Airport Agents with funds to maintain their uniforms; (4) failed to provide Airport Agents with proper seating; and (5) engaged in unfair, unlawful, and/or fraudulent business practices in violation of California law to the detriment of Airport Agents and the general public.

4.     This class-action suit is founded upon violations of the California Labor Code, the California Code of Regulations (Industrial Welfare Commission Order 9), and the California Business and Professions Code.  The monetary damages and restitution sought by Plaintiff and the Class exceed the minimal jurisdictional amounts.

/ / / / /

### *PARTIES AND SUBSTANTIVE ALLEGATIONS*

5.     Plaintiff was employed by ATS as an Airport Agent at Palm Springs in the State of California throughout the relevant period.  Plaintiff brings this action on behalf of herself, on behalf of all others similarly situated, and pursuant to California Business and Professions Code section 17200 *et seq*.

6.     Plaintiff is informed and believes, and based thereon alleges, that ATS and DOES 1–100 are corporations that conduct significant amounts of business within Riverside County and are primarily involved in the airline business providing passenger flight service at Palm Springs (PSP) and at least the following, additional locations within the State of California:  Burbank (BUR), Ontario (ONT), San Diego (SAN), San Jose (SJC), and Santa Ana (SNA).  ATS offers passenger check-in and ticketing, passenger boarding, VIP lounge staffing, baggage services, aircraft loading and unloading, aircraft marshaling, aircraft pushback, aircraft fueling, aircraft deicing, aircraft cabin cleaning, cargo warehouse functions (receiving and delivery, and document processing.

7.     Plaintiff contends that she was not provided with all required wages under California law on account of ATS's failure to provide adequate meal-break compensation.  Under the California Labor Code, "[a]ll wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."  Cal. Lab. Code § 204(a).  Compensation for missed meal periods constitutes wages within the meaning of section 220 *et seq*. of the California Labor Code.   As to such wages, section 512 of the Labor Code provides, in relevant part:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day

without providing the employee with a second meal period of not less than

30 minutes, except that if the total hours worked is no more than 12 hours,

the second meal period may be waived by mutual consent of the employer

and the employee only if the first meal period was not waived.

Id. § 512(a).  Similarly, Industrial Welfare Commission ("IWC") Wage Order 9 states, in pertinent part, that "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes."  8 Cal. Code Regs. 11090 § 11(A).  Furthermore, according to section 226.7 of the Labor Code, "[i]f an employer fails to provide an employee a meal period . . . in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period . . . is not provided."  Cal. Lab. Code § 226.7(b).

8.    The nature of the work at ATS is such that there are times when Airport Agents may not be able to take lunch breaks.  However, during the period of time commencing four years prior to the filing of the original Complaint to the present, ATS failed to provide Plaintiff and Airport Agents with meal-period premium wages for those occasions on which they were not provided with adequate meal periods.  ATS failed to provide such wages despite the fact that it kept track of those instances so that it could reverse the automatic meal-period deduction taken by its payroll system each workday.  For example, attached hereto as Exhibit 1 is a printout of Plaintiff's pay stub for the weekly pay period of February 28, 2011, through March 6, 2011, along with a copy of her corresponding "Employee Weekly Time Sheet."  The documents reflect the fact that, although Plaintiff was not provided with an adequate meal period on February 28, 2011, she was not provided with an accompanying meal-period premium wage.  On information and belief, Plaintiff alleges that, during the period of time commencing four years prior to the filing of the original Complaint to the present, ATS likewise failed to provide other Airport Agents in California with meal-period premium wages for inadequate meal breaks.  In addition to subjecting ATS to compensatory and

restitutionary damages, ATS's failure to provide such compensation subjects it to civil penalties.  See Cal. Lab. Code §§ 210, 558, 2698 *et seq.*; 8 Cal. Code Regs. 11090 § 20.

9.     In addition to failing to provide adequate meal-period premium wages, Plaintiff contends that ATS failed to provide her with adequate pay stubs.  In this regard, section 226 of the California Labor Code provides:

(a)     Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e)    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g)    An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.  Similarly, IWC Wage Order 9 requires an employer to keep time records of meal periods unless all operations cease during such periods.  See 8 Cal. Code Regs. 11090 § 7(A)(3).

10.    On information and belief, Plaintiff contends that ATS failed to provide Airport Agents with the data required by section 226 of the California Labor Code and IWC Wage Order 9.  For example, Exhibit 1 hereto fails to indicate that Plaintiff is owed additional wages on account of working through meal periods.  In addition to subjecting ATS to the damages specified in section 226(e), ATS's failure to provide such information subjects it to civil penalties.  See Cal. Lab. Code §§ 226.3, 2698 et seq.; 8 Cal. Code Regs. 11090 § 20.

11.    In addition to failing to provide adequate meal-period premium wages and failing to provide adequate pay stubs, Plaintiff contends that ATS failed to reimburse her for the maintenance of her uniform.  In this regard, section 2802 of the Labor Code states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in the direct consequence of the discharge of his or her duties."  Id. § 2802(a).  Similarly, Wage Order 9 provides that, "[w]hen uniforms are required by the employer to be worn by the employee as a condition of employment, such

uniforms shall be provided and maintained by the employer."  8 Cal. Code Regs. 11090
§ 9(A).

12.    On information and belief, Plaintiff contends that ATS failed to reimburse
Airport Agents for the maintenance of their uniforms.  In addition to subjecting ATS to
damages, ATS's failure to provide such reimbursement subjects it to civil penalties.  See
Cal. Lab. Code § 2698 et seq.; 8 Cal. Code Regs. 11090 § 20.

13.    On account of ATS's failure to reimburse Airport Agents for the
maintenance of their uniforms, as well as ATS's failure to provide meal-period premium
wages, ATS is liable to former employees—including Plaintiff herself—for continuing
wages pursuant to sections 201 through 203 of the Labor Code.  Section 201 of the Labor
Code states that, "[i]f an employer discharges an employee, the wages earned and unpaid
at the time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).
Similarly, section 202 of the Labor Code provides that, "[i]f an employee . . . quits his or
her employment, his or her wages shall become due and payable not later than 72 hours
thereafter, unless the employee has given 72 hours previous notice of his or her intention
to quit, in which case the employee is entitled to his or her wages at the time of quitting."
Id. § 202(a).  According to section 203 of the Labor Code, "[i]f an employer willfully
fails to pay, without abatement or reduction, in accordance with Sections 201[ or]
202, . . . any wages of an employee who is discharged or who quits, the wages of the
employee shall continue as a penalty from the due date thereof at the same rate until paid
or until an action therefor is commenced; but the wages shall not continue for more than
30 days."  Id. § 203(a).  In addition to subjecting ATS to damages, ATS's failure to
timely pay all outstanding wages upon the termination of employment subjects it to civil
penalties.  See Cal. Lab. Code § 2698 et seq.

14.    In addition to failing to provide meal-period premium wages, failing to
provide adequate pay stubs, and failing to reimburse uniform-maintenance expenses,
Plaintiff contends that ATS failed to provide her with adequate seating.  In this regard,
IWC Wage Order 9 states that "[a]ll working employees shall be provided with suitable

seats when the nature of the work reasonably permits the use of seats." 8 Cal. Code
Regs. 11090 § 14(A).

15.    On information and belief, Plaintiff contends that ATS failed to provide
adequate seating to Airport Agents.  This subjects ATS to civil penalties.  <u>See</u> 8 Cal.
Code Regs. 11090 § 20.

16.    Plaintiff is informed and believes, and based thereon alleges, that ATS's
labor practices and all other aspects of its operations, as well as the job duties of Airport
Agents, are stringently controlled and monitored pursuant to uniform standards
established by ATS that apply throughout the company and certainly throughout
California.  Plaintiff is informed and believes, and based thereon alleges, that ATS
requires compliance with detailed standards for completing assigned tasks and running its
operations.  As a result, ATS's stations in California function and operate in substantially
the same manner and cause Airport Agents to be similarly situated regardless of location.

17.    Plaintiff is informed and believes and based thereon alleges that ATS
uniformly applies policies and procedures to all Airport Agents with respect to
compensation for missed meal periods.

18.    Plaintiff is further informed and believes that ATS uniformly applies
policies and procedures to all Airport Agents with respect to the maintenance of
employment records.  As a direct and proximate result of the unlawful actions of ATS, as
alleged herein above and below, Plaintiff and Members of the Class have suffered and
continue to suffer damages.

### *CLASS-ACTION ALLEGATIONS*

19.    The Federal Rules of Civil Procedure provide:

(a)    Prerequisites.  One or more members of a class may sue or be
sued as representative parties on behalf of all members only if:  (1) the class
is so numerous that joinder of all members is impracticable; (2) there are
questions of law or fact common to the class; (3) the claims or defenses of
the representative parties are typical of the claims or defenses of the class;

and (4) the representative parties will fairly and adequately protect the interests of the class.

(b)    Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if:

(1)    prosecuting separate actions by or against individual class members would create a risk of:  (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2)    the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3)    the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:  (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. Proc. 23.  Pursuant to rule 23, Plaintiff seeks to represent the following Class:

FIRST AM. COMPL.

All persons employed by ATS in California and commonly referred to as Agents, Lead Agents, Supervisor Agents, Ramp Agents, Ramp Leads, Ramp Supervisors, Cargo Agents, Cargo Leads, Cargo Supervisors, Passenger Service Agents, Passenger Service Leads, Passenger Service Supervisors, Station Agents, Lead Station Agents, Supervisor Station Agents, Cabin Grooming Agents, Lead Cabin Grooming Agents, and Supervising Cabin Grooming Agents from approximately November 2, 2007, to the date of the filing of a motion for class certification.

20.    The proposed Class is ascertainable in that its Members can be identified using information contained in ATS's payroll and personnel records.

21.    The Members of the Class are sufficiently numerous in that joinder of all such Members would be impracticable.  Further, the disposition of the claims of the Class in a class action will provide substantial benefits to both the parties and the Court.

22.    The provisions of the California Labor Code upon which Plaintiff bases her claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

23.    The nature of this action and the laws available to Plaintiff and Class Members make the class-action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  Further, this case involves a large corporate defendant and a large number of individual employees with many relatively small claims.  If each employee were required to file an individual lawsuit, ATS would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior legal and financial resources.

24.    Requiring each Member of the Class to pursue an individual remedy would

also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers with respect to subsequent employment.

25. Moreover, the prosecution of separate actions by individual Class Members would create a substantial risk of inconsistent or varying adjudications with respect to individual Class Members against ATS.

26. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions that may impact individual Class Members. These common questions include whether ATS's policy of never providing meal-period premium wages for documented inadequate meal breaks violates the California Labor Code's express requirement that wages be provided for missed meal breaks, as well as the requirement that pay stubs reflect all compensation due and owing. The common questions also include whether ATS is required to reimburse Airport Agents for uniform-cleaning costs, as well as whether the failure to reimburse for such costs (as well as the failure to provide meal-period premium wages) constitutes a failure to pay all outstanding wages upon the termination of employment. Finally, the common questions also include whether ATS's policy constitutes unfair competition.

27. Proof of a common business practice or factual pattern that Plaintiff experienced is representative of that experienced by the Class and will establish the right of each Class Member to recover on the causes of action alleged.

28. Such a pattern, practice, and uniform administration of illegal corporate policies with respect to employee compensation, as described herein, creates an entitlement in common for Plaintiff and the Class to recover in a civil action the unpaid balance of the full amount of the compensation owing, including interest thereon, reasonable attorney's fees, and costs of suit according to the mandate of the California Labor Code section 218.5. Furthermore, Plaintiff and the Class are entitled in common to

restitution and disgorgement of funds withheld improperly by Defendant ATS. Accordingly, Plaintiff on behalf of the Class will seek the creation of a common fund made up of the aforementioned damages.

29.    Plaintiff asserts claims that are typical of those of the Class because she was employed by ATS as an Airport Agent at Palm Springs, she was subjected to ATS's uniform policies and procedures, and she was similarly injured as a result of ATS's actions.

30.    Plaintiff will fairly and adequately represent and protect the interests of the Class in that she has no disabling conflicts of interest that would be antagonistic to other Members of the Class. Moreover, Plaintiff seeks relief that is not antagonistic or adverse to the Members of the Class in that the infringement of her rights and the damages that she suffered are typical of all other Members of the Class. Additionally, Plaintiff has retained counsel that is competent and experienced in class-action litigation.

31.    Plaintiff and Class Members have all similarly suffered irreparable harm and damages as a result of ATS's unlawful and wrongful conduct. This action will provide substantial benefits to both the Class and the public because, absent this action, ATS's unlawful conduct will continue un-remedied and uncorrected. In point of fact, any violation of an IWC Wage Order regulating the working conditions of employees is a violation of the Labor Code, as well as a misdemeanor punishable by fine. See Cal. Lab. Code §§ 1198–99.

### FIRST CLAIM FOR RELIEF

*Failure to Provide Meal-Period Premium Wages*

*In Violation of California Labor Code §§ 226.7 and 512*

32.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

33.    Within the four years before the filing of the original Complaint, ATS has employed Plaintiff and Class Members as Airport Agents throughout the State of California to conduct and transact its airline operations.

34.     On shifts where Airport Agents are required to take meal periods in accordance with California law but are deprived of the opportunity to take them, Airport Agents are not paid meal-period premium wages.  Those instances are recorded in ATS's payroll system.  Under the California Labor Code and the IWC's Wage Order, Airport Agents are therefore entitled to one additional hour of pay at their respective regular rates of compensation for each day that they were deprived of meal periods.  See Cal. Lab. Code §§ 512, 226.7; 8 Cal. Code Regs. 11090 § 11(A).

35.     Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful, and Plaintiff and Class Members are entitled to recover in a civil action the unpaid balance of the full amount of the meal-period premiums owing, reasonable attorney's fees, and costs of suit pursuant to the California Labor Code.  Plaintiff and the Class request such a recovery.

### SECOND CLAIM FOR RELIEF

*Failure to Provide Adequate Pay Stubs*

*In Violation of California Labor Code § 226*

36.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

37.     The California Labor Code requires employers to furnish each employee with an itemized statement on a semi-monthly basis or with each paycheck showing the gross wages earned, net wages earned, and all applicable deductions.  See Cal. Lab. Code § 226(a).  Furthermore, as noted above, IWC Wage Order 9 requires employers to maintain time records showing when employees begin and end their meal breaks.  See 8 Cal. Code Regs. 11090 § 7(A)(3).  Labor Code section 226 requires employers to provide access to such records.  See Cal. Lab. Code § 226(b).  Airport Agents are not exempt from this requirement and therefore are entitled to receive a statement of the hours they worked with each paycheck and to have access to such records upon request.

38.     Insofar as ATS automatically deducts minutes of paid time for meal periods taken by its employees, it is required to show this deduction on employees' itemized

statements, per section 226.  Also, insofar as California law provides that the additional one-hour meal-period premium is a wage, ATS is required to show this sum on its itemized wage statements.

39.     Plaintiff and Class Members were injured by ATS's failure to maintain and provide adequate payroll records, and they are therefore entitled to seek the amounts set forth in Labor Code section 226(e), including reasonable attorney's fees and costs of suit. In addition, Plaintiff requests injunctive relief pursuant to Labor Code section 226(g).

### THIRD CLAIM FOR RELIEF

*Failure to Reimburse for Uniform-Maintenance Expenses*

*In Violation of California Labor Code § 2802*

40.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

41.     The California Labor Code requires and IWC Wage Order 9 require employers to reimburse employees for the maintenance of employee uniforms.  See Cal. Lab. Code § 2802; 8 Cal. Code Regs. 11090 § 9(A).  Plaintiff and Class Members have not been compensated for the maintenance of their uniforms.  They are therefore entitled to damages, including interest thereon, and they request such relief.

### FOURTH CLAIM FOR RELIEF

*Failure to Timely Pay All Wages*

*In Violation of California Labor Code §§ 201–03*

42.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

43.     As noted above, section 203 of the Labor Code states that, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  Cal. Lab. Code § 203(a).  By failing to pay meal-period premium wages as

alleged above to Class Members, as well as by failing to reimburse Class Members for uniform-maintenance costs, ATS has willfully failed to pay all wages due and owing to those Class Members who are no longer employed by ATS.

44.    Plaintiff and Class Members are therefore entitled to seek the amounts set forth in Labor Code section 203(e).

### FIFTH CLAIM FOR RELIEF

*Violation of California Business and Professions Code § 17200 et seq.*

45.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

46.    California Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff alleges that ATS has engaged in unfair business practices in California by the above-described failure to pay meal-period premium wages to Airport Agents, as well as by the above-described failure to reimburse Airport Agents for uniform-maintenance costs.

47.    ATS's actions entitle Plaintiff and Class Members to seek the remedies available pursuant to section 17200 *et seq.* Plaintiff seeks full restitution of said amounts from ATS, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by ATS by means of the unfair practices complained of herein. Plaintiff, on behalf of herself and other similarly situated employees, as well as on behalf of the general public, further seeks attorney's fees and costs pursuant to sections 218.5 of the California Labor Code and 1021.5 of the California Code of Civil Procedure. In addition, Plaintiff seeks the appointment of a receiver as necessary. Finally, Plaintiff seeks an injunction to remedy and prevent ATS's improper practices.

### SIXTH CLAIM FOR RELIEF

*Civil Penalties Pursuant to California Labor Code § 2698* et seq.

48.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

1  herein.

2  49.  Pursuant to section 2699.3(a)(1) of the Labor Code, on approximately

3  December 30, 2011, Plaintiff gave written notice by certified mail to the California Labor

4  and Workforce Development Agency ("LWDA") of the specific provisions of the Labor

5  Code alleged to have been violated by ATS, including the facts and theories set forth in

6  the original Complaint.  Also on December 30, 2011, Plaintiff gave written notice by

7  certified mail to ATS of the specific provisions of the Labor Code alleged to have been

8  violated by ATS.

9  50.  On approximately January 24, 2012, Doug Hoffner, Undersecretary of the

10  LWDA, sent a letter by certified mail to Plaintiff and ATS stating that the LWDA did not

11  intend to investigate the alleged violations, a true and correct copy of which is attached

12  hereto as Exhibit 2.  Accordingly, Plaintiff "may as a matter of right amend [the] existing

13  [C]omplaint to add a cause of action arising under [the Labor Private Attorneys General

14  Act ("LCPAGA")]."  Cal. Lab. Code § 2699.3(a)(2)(C).  The LCPAGA establishes civil

15  penalties for violations of the Labor Code, including the violations alleged in this

16  Complaint.

17  51.  Plaintiff contends that sections 201, 202, 210, 226, 226.3, 512, 558, 1198,

18  2802, and 2699 of the Labor Code enable her to recover civil penalties, as well as

19  attorney's fees and costs, from ATS through a civil action on behalf of herself and other

20  aggrieved employees.

21  ***PRAYER FOR RELIEF***

22  **WHEREFORE**, Plaintiff prays for judgment as follows:

23  1.  That the Court certify the class action described in this Complaint.

24  2.  With respect to the first claim for relief, that the Court enter judgment in

25  favor of Plaintiff and the Class for meal-period premium damages, interest thereon, and

26  reasonable attorney's fees and costs, all according to proof, for the period of time from

27  three years prior to the filing of the original Complaint to date.

28  3.  With respect to the second claim for relief, that the Court enter judgment in

favor of Plaintiff and the Class for pay-stub damages, reasonable attorney's fees, and costs of suit, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date, as well as injunctive relief.

4. With respect to the third claim for relief, that the Court enter judgment in favor of Plaintiff and the Class for uniform-reimbursement expenses, interest thereon, and reasonable attorney's fees and costs, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date.

5. With respect to the fourth claim for relief, that the Court enter judgment in favor of Plaintiff and the Class for continuing-wage damages, reasonable attorney's fees, and costs of suit, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date.

6. With respect to the fifth claim for relief, that it be adjudged that ATS's violations of sections 201, 202, 203, 204, 226.7, 512, and 2802 of the California Labor Code constitute violations of section 17200 *et seq.* of the California Business and Professions Code. Accordingly, Plaintiff requests that the Court order Defendant to pay restitution to Members of the Class in the form of the compensation retained by ATS for the period of time from four years prior to the filing of the original Complaint to date. Furthermore, Plaintiff requests that the Court issue an order or decree pursuant to section 17203 of the Business and Professions Code that enjoins ATS from pursuing its practice of violating sections 201, 202, 203, 204, 226.7, 512, and 2802 of the Labor Code. Finally, Plaintiff requests that the Court award Plaintiff her reasonable attorney's fees and costs incurred in the prosecution of the Fifth Cause of Action.

7. With respect to the sixth claim for relief, that the Court award Plaintiff and other aggrieved former and current employees their civil penalties, attorney's fees, and costs of suit, all according to proof, pursuant to section 2699 of the Labor Code.

/ / / / /

8.    For such further relief as the Court may order, including reasonable attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the California Labor Code, as well as section 1021.5 of the California Code of Civil Procedure.

DATED: _____, 2012              HARRIS & RUBLE
                                       LAW OFFICES OF JOHN P. DORIGAN

                                       _____
                                       Alan Harris
                                       David Zelenski
                                       John P. Dorigan
                                       *Attorneys for Plaintiff*

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all counts.

DATED: _____, 2012              HARRIS & RUBLE
                                       LAW OFFICES OF JOHN P. DORIGAN

                                       _____
                                       Alan Harris
                                       David Zelenski
                                       John P. Dorigan
                                       *Attorneys for Plaintiff*

EXHIBIT 1



**ATS**
AIRPORT TERMINAL SERVICES
111 Westport Plaza • Suite 400
St. Louis, Missouri 63146

00871286

| EARNINGS | HRS/UNIT | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|---|---|---|---|---|---|---|
| REGULAR | 39.8000 | 16.6500 | 662.67 | FED TAX | 76.37 | 354.51 |
| OVERTIME | 1.3000 | 24.9750 | 32.47 | FICA EE | 28.35 | 155.05 |
| SHIFTAMNT | | | 8.00 | MEDICARE E | 9.79 | 53.52 |
| | | | | CA WH TAX | 22.54 | 88.54 |
| | | | | CA SDI | 8.43 | 46.98 |
| | | | | DIR DEP A | 529.71 | 2993.14 |
| | | | | UHC EE | 25.02 | 200.16 |
| | | | | METLIFE EE | 2.93 | 23.44 |
| Total | 41.1000 | | 703.14 | Total | 703.14 | 3915.34 |

| BENEFITS | HRS/DLLRS | Y-T-D | |
|---|---|---|---|
| VAC AVAIL | 44.4604 | | DIR DEP A : 9562 |
| ---------- | | | |
| UHC EE ER | 50.1200 | 400.9600 | |
| METLFEE ER | 2.8200 | 22.5600 | Attend. Points - Week: 0.00  YTD: 2.00 |

NET PAY: 529.71
YTD GROSS: 3,915.34
PAY PERIOD: 02/28/2011 thru 03/06/2011
CHECK DATE: 03/11/2011

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---|---|---|---|---|
| Collette McDonald | 000200871286 | 88 | 4085 | 9610016573 |

---

**ATS**
AIRPORT TERMINAL SERVICES
111 Westport Plaza • Suite 400
St. Louis, Missouri 63146

DATE            AMOUNT
03/11/2011    ****VOID***

PAY *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

Collette McDonald

TO THE ORDER OF 

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

```
PR_0193                              P A Y R O L L                              Page   1
                              Employee Weekly Time Sheet                        03/07/2011
                                                                               12:30:34
88 *********************************************************************************************** 88


        Employee: McDonald, Collette              Swipe Card: 00014605      Id: 9610016573
        Status: (01) ACTIVE, FT   Job Class: (4602) PAX SUPV   Dept.: (4085  ) 4085-PAX    Rule: (E ) 8 HR W/1


                              Week Begin    Week End
                              ----------    ----------
                              02/28/2011    03/06/2011


                 Pay                               Hol. Hol. Hol. 3 Hr Min  -- PTO --       Inc
DOW  MM/DD  Day Status   Group Start  End   Reg.  OT   DT  Wrk. WOT  WDT  Use? Amt Cd. Hrs. JCLS Fac. MD?  Attnd.Cd
---  -----  ------------ ----- -----  ----- ----  ---- --- ---- ---- ---- ---- --- --- ---- ---- ---- ---  --------
Mon  02/28  Work         REG   05:25  14:44  8.0  1.2                                               88   No
Tue  03/01  Work         REG   04:59  13:58  8.0                                                    88   Yes
Wed  03/02  Off
Thu  03/03  Off
Fri  03/04  Work         REG   04:57  14:04  8.0  0.1                                               88   Yes
Sat  03/05  Work         REG   04:58  07:58  3.0                                                    88
Sat  03/05  Work         REG   09:56  14:45  4.8                                                    88
Sun  03/06  Work         REG   04:57  13:58  8.0                                                    88   Yes
                                           ---- ---- --- ---- ---- ---- --- ---- ----
                                           39.8 1.3  0.0 0.0  0.0  0.0  0.0      0.0 Total Hours: 41.1


DOW  MM/DD  Day Status   Start  Note
---  -----  ------------ -----  --------------------------------------------------------------------------------
Mon  02/28  Work         05:25  NO LUNCH FORM
```

# EXHIBIT 2



**STATE OF CALIFORNIA**
## Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

January 24, 2012                                              **CERTIFIED MAIL**

Law Office of John P. Dorigan
82237 Odlum Drive
Indio, CA  92201

RE: Employer:    Airport Terminal Services
RE: Employee(s): Collette McDonald
RE: LWDA  No:   9704

This is to inform you that the Labor and Workforce Development Agency (LWDA) received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked December 30, 2011, and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "…civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code."  Labor Code Section 2699(l) specifies "[T]he superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement. Please be certain to reference the above LWDA assigned Case Number in any future correspondence.

Sincerely,

*Doug Hoffner*

Doug Hoffner
Undersecretary

Cc:   Airport Terminal Services
      111 Westport Plaza Drive, Suite 400
      St. Louis, MO 63146