Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
82-237 Odlum Drive
Indio, California 92201
Telephone: (760) 342-8074
Facsimile: (760) 863-5868
jpdorigan@aol.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE McDONALD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1–100, inclusive,<br><br>Defendants. | Case No. EDCV 11-01946 VAP (SPx)<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Failure to Provide Meal-Period Premium Wages in Violation of California Labor Code §§ 226.7 and 512<br><br>2. Failure to Provide Adequate Pay Stubs in Violation of California Labor Code § 226<br><br>3. Failure to Reimburse for Uniform-Maintenance Expenses in Violation of California Labor Code § 2802<br><br>4. Failure to Timely Pay All Wages in Violation of California Labor Code §§ 201–03<br><br>5. Violation of California Business and Professions Code § 17200 *et seq.*<br><br>6. Civil Penalties Pursuant to California Labor Code § 2698 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Collette McDonald, individually, on behalf of the general public, and on behalf of all other similarly situated current and former employees of Airport Terminal Services, Inc. ("ATS"), seeking a preliminary and permanent injunction with respect to the violations alleged herein, states as follows:

### JURISDICTION AND VENUE

1.    This action was filed by Plaintiff in Riverside County Superior Court on November 2, 2011.  Thereafter, on or about December 9, 2011, ATS removed the action to this Court on the basis of diversity-of-citizenship jurisdiction.

### INTRODUCTION

2.    This is a class action brought against ATS, a corporation, and DOES 1–100 on behalf of a Class of all persons employed by ATS in California and commonly referred to as Agents, Lead Agents, Supervisor Agents, Ramp Agents, Ramp Leads, Ramp Supervisors, Cargo Agents, Cargo Leads, Cargo Supervisors, Passenger Service Agents, Passenger Service Leads, Passenger Service Supervisors, Station Agents, Lead Station Agents, Supervisor Station Agents, Cabin Grooming Agents, Lead Cabin Grooming Agents, and Supervising Cabin Grooming Agents (collectively referred to as "Airport Agents") since approximately November 2, 2007.

3.    This action alleges that ATS (1) failed to pay earned wages to Airport Agents on account of late, curtailed, or missed meal periods; (2) failed to provide Airport Agents with proper wage statements; (3) failed to provide Airport Agents with funds to maintain their uniforms; (4) failed to provide Airport Agents with proper seating; and (5) engaged in unfair, unlawful, and/or fraudulent business practices in violation of California law to the detriment of Airport Agents and the general public.

4.    This class-action suit is founded upon violations of the California Labor Code, the California Code of Regulations (Industrial Welfare Commission Order 9), and the California Business and Professions Code.  The monetary damages and restitution sought by Plaintiff and the Class exceed the minimal jurisdictional amounts.

/ / / / /

### *PARTIES AND SUBSTANTIVE ALLEGATIONS*

5.     Plaintiff was employed by ATS as an Airport Agent at Palm Springs in the State of California throughout the relevant period.  Plaintiff brings this action on behalf of herself, on behalf of all others similarly situated, and pursuant to California Business and Professions Code section 17200 *et seq.*

6.     Plaintiff is informed and believes, and based thereon alleges, that ATS and DOES 1–100 are corporations that conduct significant amounts of business within Riverside County and are primarily involved in the airline business providing passenger flight service at Palm Springs (PSP) and at least the following, additional locations within the State of California:  Burbank (BUR), Ontario (ONT), San Diego (SAN), San Jose (SJC), and Santa Ana (SNA).  ATS offers passenger check-in and ticketing, passenger boarding, VIP lounge staffing, baggage services, aircraft loading and unloading, aircraft marshaling, aircraft pushback, aircraft fueling, aircraft deicing, aircraft cabin cleaning, cargo warehouse functions (receiving and delivery, and document processing.

7.     Plaintiff contends that she was not provided with all required wages under California law on account of ATS's failure to provide adequate meal-break compensation.  Under the California Labor Code, "[a]ll wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."  Cal. Lab. Code § 204(a).  Compensation for missed meal periods constitutes wages within the meaning of section 220 *et seq.* of the California Labor Code.   As to such wages, section 512 of the Labor Code provides, in relevant part:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day

without providing the employee with a second meal period of not less than
30 minutes, except that if the total hours worked is no more than 12 hours,
the second meal period may be waived by mutual consent of the employer
and the employee only if the first meal period was not waived.

Id. § 512(a).  Similarly, Industrial Welfare Commission ("IWC") Wage Order 9 states, in
pertinent part, that "[n]o employer shall employ any person for a work period of more
than five (5) hours without a meal period of not less than 30 minutes."  8 Cal. Code Regs.
11090 § 11(A).  Furthermore, according to section 226.7 of the Labor Code, "[i]f an
employer fails to provide an employee a meal period . . . in accordance with an applicable
order of the Industrial Welfare Commission, the employer shall pay the employee one
additional hour of pay at the employee's regular rate of compensation for each work day
that the meal period . . . is not provided."  Cal. Lab. Code § 226.7(b).

      8.     The nature of the work at ATS is such that there are times when Airport
Agents may not be able to take lunch breaks.  However, during the period of time
commencing four years prior to the filing of the original Complaint to the present, ATS
failed to provide Plaintiff and Airport Agents with meal-period premium wages for those
occasions on which they were not provided with adequate meal periods.  ATS failed to
provide such wages despite the fact that it kept track of those instances so that it could
reverse the automatic meal-period deduction taken by its payroll system each workday.
For example, attached hereto as Exhibit 1 is a printout of Plaintiff's pay stub for the
weekly pay period of February 28, 2011, through March 6, 2011, along with a copy of
her corresponding "Employee Weekly Time Sheet."  The documents reflect the fact that,
although Plaintiff was not provided with an adequate meal period on February 28, 2011,
she was not provided with an accompanying meal-period premium wage.  On
information and belief, Plaintiff alleges that, during the period of time commencing four
years prior to the filing of the original Complaint to the present, ATS likewise failed to
provide other Airport Agents in California with meal-period premium wages for
inadequate meal breaks.  In addition to subjecting ATS to compensatory and

1   restitutionary damages, ATS's failure to provide such compensation subjects it to civil

2   penalties.  See Cal. Lab. Code §§ 210, 558, 2698 *et seq.*; 8 Cal. Code Regs. 11090 § 20.

3   　　　9.　　In addition to failing to provide adequate meal-period premium wages,

4   Plaintiff contends that ATS failed to provide her with adequate pay stubs.  In this regard,

5   section 226 of the California Labor Code provides:

6   　　　　　(a)　　Every employer shall, semimonthly or at the time of each

7   　　payment of wages, furnish each of his or her employees, either as a

8   　　detachable part of the check, draft, or voucher paying the employee's wages,

9   　　or separately when wages are paid by personal check or cash, an itemized

10   　　statement in writing showing (1) gross wages earned, (2) total hours worked

11   　　by the employee, except for any employee whose compensation is solely

12   　　based on a salary and who is exempt from payment of overtime under

13   　　subdivision (a) of Section 515 or any applicable order of the Industrial

14   　　Welfare Commission, (3) the number of piece-rate units earned and any

15   　　applicable piece rate if the employee is paid on a piece-rate basis, (4) all

16   　　deductions, provided, that all deductions made on written orders of the

17   　　employee may be aggregated and shown as one item, (5) net wages earned,

18   　　(6) the inclusive dates of the period for which the employee is paid, (7) the

19   　　name of the employee and his or her social security number, (8) the name

20   　　and address of the legal entity that is the employer, and (9) all applicable

21   　　hourly rates in effect during the pay period and the corresponding number of

22   　　hours worked at each hourly rate by the employee.  The deductions made

23   　　from payments of wages shall be recorded in ink or other indelible form,

24   　　properly dated, showing the month, day, and year, and a copy of the

25   　　statement or a record of the deductions shall be kept on file by the employer

26   　　for at least three years at the place of employment or at a central location

27   　　within the State of California.

28   　　. . . .

(e)    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g)    An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.  Similarly, IWC Wage Order 9 requires an employer to keep time records of meal periods unless all operations cease during such periods.  See 8 Cal. Code Regs. 11090 § 7(A)(3).

10.    On information and belief, Plaintiff contends that ATS failed to provide Airport Agents with the data required by section 226 of the California Labor Code and IWC Wage Order 9.  For example, Exhibit 1 hereto fails to indicate that Plaintiff is owed additional wages on account of working through meal periods.  In addition to subjecting ATS to the damages specified in section 226(e), ATS's failure to provide such information subjects it to civil penalties.  See Cal. Lab. Code §§ 226.3, 2698 et seq.; 8 Cal. Code Regs. 11090 § 20.

11.    In addition to failing to provide adequate meal-period premium wages and failing to provide adequate pay stubs, Plaintiff contends that ATS failed to reimburse her for the maintenance of her uniform.  In this regard, section 2802 of the Labor Code states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in the direct consequence of the discharge of his or her duties."  Id. § 2802(a).  Similarly, Wage Order 9 provides that, "[w]hen uniforms are required by the employer to be worn by the employee as a condition of employment, such

uniforms shall be provided and maintained by the employer."  8 Cal. Code Regs. 11090 § 9(A).

12.    On information and belief, Plaintiff contends that ATS failed to reimburse Airport Agents for the maintenance of their uniforms.  In addition to subjecting ATS to damages, ATS's failure to provide such reimbursement subjects it to civil penalties.  See Cal. Lab. Code § 2698 *et seq.*; 8 Cal. Code Regs. 11090 § 20.

13.    On account of ATS's failure to reimburse Airport Agents for the maintenance of their uniforms, as well as ATS's failure to provide meal-period premium wages, ATS is liable to former employees—including Plaintiff herself—for continuing wages pursuant to sections 201 through 203 of the Labor Code.  Section 201 of the Labor Code states that, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).  Similarly, section 202 of the Labor Code provides that, "[i]f an employee . . . quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."  Id. § 202(a).  According to section 203 of the Labor Code, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201[ or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  Id. § 203(a).  In addition to subjecting ATS to damages, ATS's failure to timely pay all outstanding wages upon the termination of employment subjects it to civil penalties.  See Cal. Lab. Code § 2698 *et seq.*

14.    In addition to failing to provide meal-period premium wages, failing to provide adequate pay stubs, and failing to reimburse uniform-maintenance expenses, Plaintiff contends that ATS failed to provide her with adequate seating.  In this regard, IWC Wage Order 9 states that "[a]ll working employees shall be provided with suitable

seats when the nature of the work reasonably permits the use of seats." 8 Cal. Code Regs. 11090 § 14(A).

15.    On information and belief, Plaintiff contends that ATS failed to provide adequate seating to Airport Agents.  This subjects ATS to civil penalties.  See 8 Cal. Code Regs. 11090 § 20.

16.    Plaintiff is informed and believes, and based thereon alleges, that ATS's labor practices and all other aspects of its operations, as well as the job duties of Airport Agents, are stringently controlled and monitored pursuant to uniform standards established by ATS that apply throughout the company and certainly throughout California.  Plaintiff is informed and believes, and based thereon alleges, that ATS requires compliance with detailed standards for completing assigned tasks and running its operations.  As a result, ATS's stations in California function and operate in substantially the same manner and cause Airport Agents to be similarly situated regardless of location.

17.    Plaintiff is informed and believes and based thereon alleges that ATS uniformly applies policies and procedures to all Airport Agents with respect to compensation for missed meal periods.

18.    Plaintiff is further informed and believes that ATS uniformly applies policies and procedures to all Airport Agents with respect to the maintenance of employment records.  As a direct and proximate result of the unlawful actions of ATS, as alleged herein above and below, Plaintiff and Members of the Class have suffered and continue to suffer damages.

## CLASS-ACTION ALLEGATIONS

19.    The Federal Rules of Civil Procedure provide:

(a)    Prerequisites.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

and (4) the representative parties will fairly and adequately protect the interests of the class.

(b)    Types of Class Actions.  A class action may be maintained if Rule 23(a) is satisfied and if:

(1)    prosecuting separate actions by or against individual class members would create a risk of:  (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2)    the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3)    the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include:  (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. Proc. 23.  Pursuant to rule 23, Plaintiff seeks to represent the following Class:

All persons employed by ATS in California and commonly referred to as Agents, Lead Agents, Supervisor Agents, Ramp Agents, Ramp Leads, Ramp Supervisors, Cargo Agents, Cargo Leads, Cargo Supervisors, Passenger Service Agents, Passenger Service Leads, Passenger Service Supervisors, Station Agents, Lead Station Agents, Supervisor Station Agents, Cabin Grooming Agents, Lead Cabin Grooming Agents, and Supervising Cabin Grooming Agents from approximately November 2, 2007, to the date of the filing of a motion for class certification.

20.    The proposed Class is ascertainable in that its Members can be identified using information contained in ATS's payroll and personnel records.

21.    The Members of the Class are sufficiently numerous in that joinder of all such Members would be impracticable.  Further, the disposition of the claims of the Class in a class action will provide substantial benefits to both the parties and the Court.

22.    The provisions of the California Labor Code upon which Plaintiff bases her claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

23.    The nature of this action and the laws available to Plaintiff and Class Members make the class-action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  Further, this case involves a large corporate defendant and a large number of individual employees with many relatively small claims. If each employee were required to file an individual lawsuit, ATS would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior legal and financial resources.

24.    Requiring each Member of the Class to pursue an individual remedy would

also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers with respect to subsequent employment.

25.    Moreover, the prosecution of separate actions by individual Class Members would create a substantial risk of inconsistent or varying adjudications with respect to individual Class Members against ATS.

26.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions that may impact individual Class Members.  These common questions include whether ATS's policy of never providing meal-period premium wages for documented inadequate meal breaks violates the California Labor Code's express requirement that wages be provided for missed meal breaks, as well as the requirement that pay stubs reflect all compensation due and owing. The common questions also include whether ATS is required to reimburse Airport Agents for uniform-cleaning costs, as well as whether the failure to reimburse for such costs (as well as the failure to provide meal-period premium wages) constitutes a failure to pay all outstanding wages upon the termination of employment.  Finally, the common questions also include whether ATS's policy constitutes unfair competition.

27.    Proof of a common business practice or factual pattern that Plaintiff experienced is representative of that experienced by the Class and will establish the right of each Class Member to recover on the causes of action alleged.

28.    Such a pattern, practice, and uniform administration of illegal corporate policies with respect to employee compensation, as described herein, creates an entitlement in common for Plaintiff and the Class to recover in a civil action the unpaid balance of the full amount of the compensation owing, including interest thereon, reasonable attorney's fees, and costs of suit according to the mandate of the California Labor Code section 218.5.  Furthermore, Plaintiff and the Class are entitled in common to

restitution and disgorgement of funds withheld improperly by Defendant ATS. Accordingly, Plaintiff on behalf of the Class will seek the creation of a common fund made up of the aforementioned damages.

29.    Plaintiff asserts claims that are typical of those of the Class because she was employed by ATS as an Airport Agent at Palm Springs, she was subjected to ATS's uniform policies and procedures, and she was similarly injured as a result of ATS's actions.

30.    Plaintiff will fairly and adequately represent and protect the interests of the Class in that she has no disabling conflicts of interest that would be antagonistic to other Members of the Class.  Moreover, Plaintiff seeks relief that is not antagonistic or adverse to the Members of the Class in that the infringement of her rights and the damages that she suffered are typical of all other Members of the Class.  Additionally, Plaintiff has retained counsel that is competent and experienced in class-action litigation.

31.    Plaintiff and Class Members have all similarly suffered irreparable harm and damages as a result of ATS's unlawful and wrongful conduct.  This action will provide substantial benefits to both the Class and the public because, absent this action, ATS's unlawful conduct will continue un-remedied and uncorrected.  In point of fact, any violation of an IWC Wage Order regulating the working conditions of employees is a violation of the Labor Code, as well as a misdemeanor punishable by fine.  See Cal. Lab. Code §§ 1198–99.

### FIRST CLAIM FOR RELIEF

*Failure to Provide Meal-Period Premium Wages*

*In Violation of California Labor Code §§ 226.7 and 512*

32.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

33.    Within the four years before the filing of the original Complaint, ATS has employed Plaintiff and Class Members as Airport Agents throughout the State of California to conduct and transact its airline operations.

34.     On shifts where Airport Agents are required to take meal periods in accordance with California law but are deprived of the opportunity to take them, Airport Agents are not paid meal-period premium wages.  Those instances are recorded in ATS's payroll system.  Under the California Labor Code and the IWC's Wage Order, Airport Agents are therefore entitled to one additional hour of pay at their respective regular rates of compensation for each day that they were deprived of meal periods.  See Cal. Lab. Code §§ 512, 226.7; 8 Cal. Code Regs. 11090 § 11(A).

35.     Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful, and Plaintiff and Class Members are entitled to recover in a civil action the unpaid balance of the full amount of the meal-period premiums owing, reasonable attorney's fees, and costs of suit pursuant to the California Labor Code.  Plaintiff and the Class request such a recovery.

### SECOND CLAIM FOR RELIEF

*Failure to Provide Adequate Pay Stubs*

*In Violation of California Labor Code § 226*

36.     Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

37.     The California Labor Code requires employers to furnish each employee with an itemized statement on a semi-monthly basis or with each paycheck showing the gross wages earned, net wages earned, and all applicable deductions.  See Cal. Lab. Code § 226(a).  Furthermore, as noted above, IWC Wage Order 9 requires employers to maintain time records showing when employees begin and end their meal breaks.  See 8 Cal. Code Regs. 11090 § 7(A)(3).  Labor Code section 226 requires employers to provide access to such records.  See Cal. Lab. Code § 226(b).  Airport Agents are not exempt from this requirement and therefore are entitled to receive a statement of the hours they worked with each paycheck and to have access to such records upon request.

38.     Insofar as ATS automatically deducts minutes of paid time for meal periods taken by its employees, it is required to show this deduction on employees' itemized

statements, per section 226.  Also, insofar as California law provides that the additional one-hour meal-period premium is a wage, ATS is required to show this sum on its itemized wage statements.

39.    Plaintiff and Class Members were injured by ATS's failure to maintain and provide adequate payroll records, and they are therefore entitled to seek the amounts set forth in Labor Code section 226(e), including reasonable attorney's fees and costs of suit. In addition, Plaintiff requests injunctive relief pursuant to Labor Code section 226(g).

### THIRD CLAIM FOR RELIEF

*Failure to Reimburse for Uniform-Maintenance Expenses*

*In Violation of California Labor Code § 2802*

40.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

41.    The California Labor Code requires and IWC Wage Order 9 require employers to reimburse employees for the maintenance of employee uniforms.  <u>See</u> Cal. Lab. Code § 2802; 8 Cal. Code Regs. 11090 § 9(A).  Plaintiff and Class Members have not been compensated for the maintenance of their uniforms.  They are therefore entitled to damages, including interest thereon, and they request such relief.

### FOURTH CLAIM FOR RELIEF

*Failure to Timely Pay All Wages*

*In Violation of California Labor Code §§ 201–03*

42.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth herein.

43.    As noted above, section 203 of the Labor Code states that, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  Cal. Lab. Code § 203(a).  By failing to pay meal-period premium wages as

alleged above to Class Members, as well as by failing to reimburse Class Members for
uniform-maintenance costs, ATS has willfully failed to pay all wages due and owing to
those Class Members who are no longer employed by ATS.

44.    Plaintiff and Class Members are therefore entitled to seek the amounts set
forth in Labor Code section 203(e).

## FIFTH CLAIM FOR RELIEF

*Violation of California Business and Professions Code § 17200 et seq.*

45.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth
herein.

46.    California Business and Professions Code section 17200 *et seq.* prohibits
acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or
practice." Cal. Bus. & Prof. Code § 17200.  Plaintiff alleges that ATS has engaged in
unfair business practices in California by the above-described failure to pay meal-period
premium wages to Airport Agents, as well as by the above-described failure to reimburse
Airport Agents for uniform-maintenance costs.

47.    ATS's actions entitle Plaintiff and Class Members to seek the remedies
available pursuant to section 17200 *et seq.*  Plaintiff seeks full restitution of said amounts
from ATS, as necessary and according to proof, to restore any and all amounts—
including interest—withheld, acquired, or converted by ATS by means of the unfair
practices complained of herein.  Plaintiff, on behalf of herself and other similarly situated
employees, as well as on behalf of the general public, further seeks attorney's fees and
costs pursuant to sections 218.5 of the California Labor Code and 1021.5 of the
California Code of Civil Procedure.  In addition, Plaintiff seeks the appointment of a
receiver as necessary.  Finally, Plaintiff seeks an injunction to remedy and prevent ATS's
improper practices.

## SIXTH CLAIM FOR RELIEF

*Civil Penalties Pursuant to California Labor Code § 2698 et seq.*

48.    Plaintiff repeats and re-alleges the preceding paragraphs as if fully set forth

herein.

49.    Pursuant to section 2699.3(a)(1) of the Labor Code, on approximately December 30, 2011, Plaintiff gave written notice by certified mail to the California Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code alleged to have been violated by ATS, including the facts and theories set forth in the original Complaint.  Also on December 30, 2011, Plaintiff gave written notice by certified mail to ATS of the specific provisions of the Labor Code alleged to have been violated by ATS.

50.    On approximately January 24, 2012, Doug Hoffner, Undersecretary of the LWDA, sent a letter by certified mail to Plaintiff and ATS stating that the LWDA did not intend to investigate the alleged violations, a true and correct copy of which is attached hereto as Exhibit 2.  Accordingly, Plaintiff "may as a matter of right amend [the] existing [C]omplaint to add a cause of action arising under [the Labor Private Attorneys General Act ("LCPAGA")]."  Cal. Lab. Code § 2699.3(a)(2)(C).  The LCPAGA establishes civil penalties for violations of the Labor Code, including the violations alleged in this Complaint.

51.    Plaintiff contends that sections 201, 202, 210, 226, 226.3, 512, 558, 1198, 2802, and 2699 of the Labor Code enable her to recover civil penalties, as well as attorney's fees and costs, from ATS through a civil action on behalf of herself and other aggrieved employees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.    That the Court certify the class action described in this Complaint.

2.    With respect to the first claim for relief, that the Court enter judgment in favor of Plaintiff and the Class for meal-period premium damages, interest thereon, and reasonable attorney's fees and costs, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date.

3.    With respect to the second claim for relief, that the Court enter judgment in

favor of Plaintiff and the Class for pay-stub damages, reasonable attorney's fees, and costs of suit, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date, as well as injunctive relief.

4.    With respect to the third claim for relief, that the Court enter judgment in favor of Plaintiff and the Class for uniform-reimbursement expenses, interest thereon, and reasonable attorney's fees and costs, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date.

5.    With respect to the fourth claim for relief, that the Court enter judgment in favor of Plaintiff and the Class for continuing-wage damages, reasonable attorney's fees, and costs of suit, all according to proof, for the period of time from three years prior to the filing of the original Complaint to date.

6.    With respect to the fifth claim for relief, that it be adjudged that ATS's violations of sections 201, 202, 203, 204, 226.7, 512, and 2802 of the California Labor Code constitute violations of section 17200 *et seq*. of the California Business and Professions Code.  Accordingly, Plaintiff requests that the Court order Defendant to pay restitution to Members of the Class in the form of the compensation retained by ATS for the period of time from four years prior to the filing of the original Complaint to date. Furthermore, Plaintiff requests that the Court issue an order or decree pursuant to section 17203 of the Business and Professions Code that enjoins ATS from pursuing its practice of violating sections 201, 202, 203, 204, 226.7, 512, and 2802 of the Labor Code. Finally, Plaintiff requests that the Court award Plaintiff her reasonable attorney's fees and costs incurred in the prosecution of the Fifth Cause of Action.

7.    With respect to the sixth claim for relief, that the Court award Plaintiff and other aggrieved former and current employees their civil penalties, attorney's fees, and costs of suit, all according to proof, pursuant to section 2699 of the Labor Code.

/ / / / /

8.     For such further relief as the Court may order, including reasonable attorney's fees, costs of suit, and interest pursuant to sections 218.5 and 218.6 of the California Labor Code, as well as section 1021.5 of the California Code of Civil Procedure.


DATED: _____, 2012          HARRIS & RUBLE
                                  LAW OFFICES OF JOHN P. DORIGAN

                                  _____
                                  Alan Harris
                                  David Zelenski
                                  John P. Dorigan
                                  *Attorneys for Plaintiff*

### ***DEMAND FOR JURY TRIAL***

Plaintiff demands a trial by jury as to all counts.


DATED: _____, 2012          HARRIS & RUBLE
                                  LAW OFFICES OF JOHN P. DORIGAN

                                  _____
                                  Alan Harris
                                  David Zelenski
                                  John P. Dorigan
                                  *Attorneys for Plaintiff*

# EXHIBIT 1



111 Westport Plaza · Suite 400
St. Louis, Missouri 63146

00871286

| EARNINGS | HRS/UNIT | PAY RATE | GROSS | DEDUCTIONS | CURRENT | Y-T-D |
|----------|----------|----------|-------|------------|---------|-------|
| REGULAR | 39.8000 | 16.6500 | 662.67 | FED TAX | 76.37 | 354.51 |
| OVERTIME | 1.3000 | 24.9750 | 32.47 | FICA EE | 28.35 | 155.05 |
| SHIFTAMNT |  |  | 8.00 | MEDICARE E | 9.79 | 53.52 |
|  |  |  |  | CA WH TAX | 22.54 | 88.54 |
|  |  |  |  | CA SDI | 8.43 | 46.98 |
|  |  |  |  | DIR DEP A | 529.71 | 2993.14 |
|  |  |  |  | UHC EE | 25.02 | 200.16 |
|  |  |  |  | METLIFE EE | 2.93 | 23.44 |
| Total | 41.1000 |  | 703.14 | Total | 703.14 | 3915.34 |

| BENEFITS | HRS/DLLRS | Y-T-D |
|----------|-----------|-------|
| VAC AVAIL | 44.4604 |  |
| ---------- |  |  |
| UHC EE ER | 50.1200 | 400.9600 |
| METLFEE ER | 2.8200 | 22.5600 |

DIR DEP A : 9562

Attend. Points – Week: 0.00  YTD: 2.00

NET PAY: 529.71
YTD GROSS: 3,915.34
PAY PERIOD: 02/28/2011 thru 03/06/2011
CHECK DATE: 03/11/2011

| EMPLOYEE NAME | CHECK NO | FA | DEPT | EMP NO |
|---------------|----------|-----|------|--------|
| Collette McDonald | 000200871286 | 88 | 4085 | 9610016573 |



111 Westport Plaza · Suite 400
St. Louis, Missouri 63146

DATE
03/11/2011

AMOUNT
****VOID***

PAY *VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID***VOID*

Collette McDonald

TO
THE ORDER
OF

AIRPORT TERMINAL SERVICES, INC.

DIRECT DEPOSIT NOTICE

```
PR_0193                                    P A Y R O L L                                    Page   1
                                     Employee Weekly Time Sheet                             03/07/2011
                                                                                           12:30:34
88 ******************************************************************************************* 88


        Employee: McDonald, Collette                    Swipe Card: 00014605      Id: 9610016573
        Status: (01) ACTIVE, FT   Job Class: (4602) PAX SUPV    Dept.: (4085   ) 4085-PAX     Rule: (E ) 8 HR W/1


                                    Week Begin      Week End
                                    ----------      ----------
                                    02/28/2011      03/06/2011


                          Pay                          Hol.  Hol.  Hol.  3 Hr Min  -- PTO --      Inc
      DOW  MM/DD  Day Status    Group Start  End   Reg.  OT   DT   Wrk.  WOT   WDT   Use? Amt Cd.  Hrs.  JCLS Fac.  MD?  Attnd.Cd
      ---  -----  ------------  ----- -----  ----- ----  ---- ---- ----  ----  ---- ---- --- ---  ----  ---- ----  ---  --------
      Mon  02/28  Work          REG   05:25  14:44  8.0   1.2                                                 88   No
      Tue  03/01  Work          REG   04:59  13:58  8.0                                                       88   Yes
      Wed  03/02  Off
      Thu  03/03  Off
      Fri  03/04  Work          REG   04:57  14:04  8.0   0.1                                                 88   Yes
      Sat  03/05  Work          REG   04:58  07:58  3.0                                                       88
      Sat  03/05  Work          REG   09:56  14:45  4.8                                                       88
      Sun  03/06  Work          REG   04:57  13:58  8.0                                                       88   Yes
                                                   ----  ---- ---- ----  ----  ---- ---  ----
                                                   39.8   1.3  0.0  0.0   0.0   0.0  0.0   0.0  Total Hours: 41.1


      DOW  MM/DD  Day Status    Start  Note
      ---  -----  ------------  -----  ------------------------------------------------------------------------------------
      Mon  02/28  Work          05:25  NO LUNCH FORM
```

EXHIBIT 2



**STATE OF CALIFORNIA**
# Labor & Workforce Development Agency

GOVERNOR Edmund G. Brown Jr. • SECRETARY Marty Morgenstern

Agricultural Labor Relations Board • California Unemployment Insurance Appeals Board
California Workforce Investment Board • Department of Industrial Relations
Economic Strategy Panel • Employment Development Department • Employment Training Panel

January 24, 2012                                           **CERTIFIED MAIL**

Law Office of John P. Dorigan
82237 Odlum Drive
Indio, CA  92201

RE: Employer:    Airport Terminal Services
RE: Employee(s): Collette McDonald
RE: LWDA  No:  9704

This is to inform you that the Labor and Workforce Development Agency
(LWDA) received your notice of alleged Labor Code violations pursuant to
Labor Code Section 2699, postmarked December 30, 2011, and after
review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides
that "…civil penalties recovered by aggrieved employees shall be distributed
as follows: 75 percent to the LWDA for enforcement of labor laws and
education of employers and employees about their rights and responsibilities
under this code."  Labor Code Section 2699(l) specifies "[T]he superior court
shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward
a copy of the court judgment or the court-approved settlement agreement.
Please be certain to reference the above LWDA assigned Case Number in
any future correspondence.

Sincerely,

*Doug Hoffner*

Doug Hoffner
Undersecretary

Cc:   Airport Terminal Services
      111 Westport Plaza Drive, Suite 400
      St. Louis, MO 63146

800 Capitol Mall, Suite 5000 • Sacramento, California 95814 • TEL (916) 653-9900 • FAX (916) 653-6913 • www.labor.ca.gov