**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLLETTE McDONALD, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AIRPORT TERMINAL SERVICES, INC., <br><br> Defendant. | Case No. EDCV 11-01946 VAP (SPx) <br><br> **NOTICE TO CLASS OF PROPOSED SETTLEMENT OF CLASS ACTION** |

THIS NOTICE PERTAINS TO A PROPOSED CLASS-ACTION SETTLEMENT THAT PLAINTIFF COLLETTE McDONALD HAS REACHED WITH DEFENDANT AIRPORT TERMINAL SERVICES, INC. ("ATS"). IF YOU WERE EMPLOYED AS A NON-EXEMPT EMPLOYEE BY ATS IN CALIFORNIA FROM NOVEMBER 2, 2007, THROUGH _____, AND HAVE RECEIVED THIS NOTICE, THEN YOU ARE ENTITLED TO A CASH PAYMENT FROM THIS PROPOSED SETTLEMENT, UPON FINAL APPROVAL. THE TOTAL SETTLEMENT AMOUNT IS $250,000.

THE PROPOSED SETTLEMENT CONCERNS ATS' ALLEGED FAILURE TO PROVIDE PROPER MEAL BREAKS UNDER CALIFORNIA LAW, AS WELL AS ATS' ALLEGED FAILURE TO REIMBURSE EMPLOYEES FOR UNIFORM-MAINTENANCE COSTS OR PROVIDE SEATING TO EMPLOYEES UNDER CALIFORNIA LAW. PLEASE BE ADVISED THAT, IN ORDER TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE PROPOSED SETTLEMENT, YOU MUST COMPLETE THE CLAIM FORM ACCOMPANYING THIS NOTICE AND RETURN IT TO THE CLAIMS ADMINISTRATOR ON OR BEFORE _____.

## WHAT IS THIS CASE ABOUT?

Plaintiff Collette McDonald initiated this Lawsuit on November 2, 2011. The Lawsuit primarily alleges that ATS failed to provide meal-period premium pay for "cancelled" breaks in violation of California Labor Code sections 226.7 and 512, as well as of the applicable Industrial Welfare Commission wage order. In addition, the Lawsuit also alleges that ATS failed to reimburse employees for the costs of maintaining their uniforms under section 2802 of the California Labor Code and that ATS failed to provide adequate seating to employees in violation of the applicable Industrial Welfare Commission wage order. Based on those allegations, the Lawsuit also alleges a claim for improper pay stubs under California Labor Code section 226; a claim for the non-timely payment of wages under California Labor Code sections 201, 202, and 203; and a claim for unfair business practices under California Business and Professions Code section 17200 *et seq.*

After the exchange of relevant information and evidence, the Parties agreed to enter into private mediation to attempt to resolve the claims in the case. The Parties participated in mediation with Lynn S. Frank, a respected mediator of wage-and-hour class actions. With Ms. Frank's guidance, the Parties were able to negotiate a settlement of Plaintiff's claims. The settlement described in this Class Notice is a direct result of those negotiations.

Counsel for Plaintiff—who are the attorneys appointed by the Court to represent the Settlement Class, Harris & Ruble and the Law Offices of John P. Dorigan ("Class Counsel")—have investigated and researched the facts and circumstances underlying the issues raised in the case and the law applicable. While Class Counsel believe that the claims alleged in this Lawsuit have merit, Class Counsel recognize that the risk and expense of continued litigation justify settlement. Based on the foregoing, Class Counsel believe the proposed settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

ATS has denied, and continues to deny, the factual and legal allegations in the case, and ATS believes that it has valid defenses to Plaintiff's claims. By agreeing to settle, ATS is not admitting liability on any of the factual allegations or claims in the case, or that the case can or should proceed as a class action. ATS has agreed to settle the case as part of a compromise with Plaintiff.

## SUMMARY OF THE PROPOSED SETTLEMENT

Under the proposed settlement, ATS will provide $250,000 (inclusive of attorney's fees and costs, administrative fees and costs, and incentive awards to Plaintiff McDonald, if awarded by the Court) to settle the claims raised by the Lawsuit. The $250,000 Gross Settlement Payment will be used to pay the claims of those individuals who were employed as non-exempt employees by ATS in California from November 2, 2007, through _____. If approved by the Court, the proposed settlement will resolve the Lawsuit.

Court-approved Class Counsel will ask the Court for up to 33% of the $250,000 Gross Settlement Payment, *i.e.*, up to $82,500, as fees for investigating the facts, litigating the case, and negotiating the settlement, plus reimbursement of litigation expenses of up to $15,000. The issue of whether to award attorney's fees and costs to Class Counsel will be determined by the Court. Any amount awarded as attorney's fees must be approved by the Court in the final-approval hearing as discussed below.

Your legal rights are affected whether you act or don't act. *Accordingly, please read this Class Notice carefully. In order to obtain the financial benefits of this settlement, you must fill out the Claim Form included with this Notice and return it to the Claims Administrator postmarked on or before _____.* There will be a final-approval hearing at which the Court will consider objections, if any, to the proposed settlement and at which the Court will determine whether the proposed settlement should be approved. This hearing will be held on _____, at _____ __.m. in Courtroom 2 at the United States District Court, 3470 Twelfth Street, Riverside, California 92501. Requests for exclusion must be postmarked on or before _____. Objections must be filed and served on or before _____.

IRS Forms W-2 and 1099 will be distributed to participating Class Members and the appropriate taxing authorities reflecting the payments they receive under the settlement. Class Members should consult their tax advisors concerning the tax consequences of the payments they receive under the settlement.

**SETTLEMENT TERMS**

*1.   THE SETTLEMENT TERMS AND WHAT YOU WILL RECEIVE*

ATS has agreed to make a Gross Settlement Payment of $250,000. The Court will review and may approve payment of the following from the Gross Settlement Payment: attorney's fees (up to $82,500) and costs (up to $15,000) to Class Counsel, administrative expenses (up to $20,000) to the Claims Administrator for administering the claims process, and an incentive award to Plaintiff McDonald (up to $5,000) for her services in connection with prosecuting the Lawsuit. The balance of the Gross Settlement Payment will be distributed entirely to make distributions to and for the benefit of Settlement Class members who submit properly completed, timely Claim Forms. ***IF YOU WANT TO RECEIVE A SHARE OF THE SETTLEMENT FUND, YOU MUST RETURN THE CLAIM FORM INCLUDED WITH THIS NOTICE, POSTMARKED ON OR BEFORE _____.*** If you return your Claim Form and the settlement is finally approved, you will be sent a check in an amount to be computed by the Claims Administrator, calculated as described below.

*2.   CALCULATION OF PAYMENTS TO CLASS MEMBERS*

After deducting from the Gross Settlement Payment the amounts described in the immediately preceding paragraph (as approved by the Court), the balance (the "Net Settlement Fund") will be paid to Settlement Class members who have timely completed and submitted the enclosed Claim Form. Payments will be calculated in a two-step process. In the first step, 33.33% of the Net Settlement Fund will be distributed *pro rata* among Settlement Class members who submit timely Claim Forms based on the relative number of their "cancelled" meal periods as reported to and reflected in ATS' payroll records. In the second step of the distribution, 66.67% of the Net Settlement Fund will be divided evenly among all Settlement Class members who submit timely Claim Forms.

**RESULT OF THE SETTLEMENT**

*3.   THE SETTLEMENT-APPROVAL PROCEDURE*

The Court has preliminarily approved the settlement and has scheduled the final-approval hearing, at which it will hear arguments in favor of and opposed to the settlement. The Court will also hear objections to the settlement from Settlement Class members who have notified the Court in advance that they want to address the Court at the hearing. The hearing will take place on _____, at _____ __.m. in Courtroom 2 at the United States District Court, 3470 Twelfth Street, Riverside, California 92501. *It is not necessary for you to attend this hearing*.

If you exclude yourself from the Settlement Class, you are not entitled to object to, or comment on, the settlement or to speak at the hearing. If you do not exclude yourself from the settlement and you want to object to, or comment about, the settlement, you must submit your comments in writing as described below. If you want to appear at the hearing and address the Court, you must indicate your intent to do so in writing as described below. If you do not comply with these procedures, you will not be entitled to object to, or comment about, the settlement; to be heard at the hearing; to contest the approval of the settlement; or to appeal from any orders or judgments.

If the Court approves the settlement, the Court will enter a final judgment. The judgment will bind all Settlement Class members—except those who have excluded themselves—and will release all such Settlement Class members' settled claims as described in section 4 of this Notice, directly below.

*4.   RELEASES*

Members of the Settlement Class who do not exercise their right to exclude themselves from the settlement will release ATS and each of its officers, directors, employees, agents, direct and indirect subsidiaries or affiliated corporations, organizations, representatives, insurers, predecessors, successors, assigns, clients (and their respective officers, directors, employees, agents, managers, and fiduciaries), and counsel from the following:

- 3 -

Any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, penalties, damages, restitution, injunctive relief, or a remedy of any other type that is based on or arises out of the allegations the Lawsuit, including but not limited to such claims for (i) the alleged non-payment of meal-period premiums in violation of California Labor Code sections 226.7 and 512, as well as the applicable Industrial Welfare Commission Wage Order; (ii) the alleged failure to reimburse for uniform-maintenance expenses in violation of California Labor Code section 2802; (iii) the alleged failure to timely pay wages in violation of California Labor Code sections 201, 202, and 203 stemming from ATS' alleged failure to pay meal-period premiums and alleged failure to reimburse for uniform-maintenance expenses; (iv) the alleged failure to provide accurate information on pay stubs in violation of California Labor Code section 226 stemming from ATS' alleged failure to pay meal-period premiums; (v) alleged unfair business practices under California Business and Professions Code section 17200 *et. seq.* stemming from ATS' alleged failure to pay meal-period premiums and alleged failure to reimburse for uniform-maintenance expenses; and (vi) alleged civil-penalty liability from either an alleged failure to provide adequate seating to employees or from the aforementioned alleged violations, including such civil penalties stemming from California Labor Code sections 204, 220 *et seq.*, 226.3, 558, 1198, 1199, 2698, 8 Cal. Code Regs. 11090 § 9(A), and the applicable Industrial Welfare Commission Wage Order.

In addition, upon final approval of the settlement, each member of the Settlement Class who has not properly excluded himself or herself as provided below shall be deemed to have waived and released any and all provisions, rights, and benefits conferred by section 1542 of the California Civil Code, which section states:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Cal. Civ. Code § 1542 (emphasis supplied).

5.   *YOUR OPTIONS*

| YOUR OPTIONS UNDER THE PROPOSED SETTLEMENT | |
|---|---|
| **Receive a Payment** | In order to receive your portion of the $250,000 Gross Settlement Payment, you must timely submit a Claim Form, postmarked on or before _____, following the procedures described more fully below. |
| **Exclude Yourself** | If you choose not to accept the proposed settlement, you must submit a request for exclusion as described more fully below. You will not receive any portion of the $250,000 Gross Settlement Payment. However, you will preserve your right to be a party to any *other* litigation against ATS for the violations alleged in *this* case. |
| **Object** | Tell the Court why you don't like the proposed settlement, following the procedures described more fully below. However, if you exclude yourself from the settlement, you may not object. |
| **Do Nothing** | By doing nothing in response to this Notice, you will not receive any portion of the $250,000 Gross Settlement Payment. However, you will release ATS from the claims described more fully below. |

   i.   RECEIVE A PAYMENT

If you want to receive a payment, calculated by the Claims Administrator as explained above, *you must return the Claim Form included with this Notice to the Claims Administrator postmarked on or before _____* at the following address: _____. Your interests as a Class Member will be represented by Class Counsel without charge to you. You may (but are not required to) contact Class Counsel.

You may appear at the hearing and address the Court regarding the settlement. You may be represented by your own attorney at your own expense. If you wish to object, you or your attorney must file with the Clerk of the Court a notice of appearance, along with your objection, no later than _____. In addition, you or your attorney must serve a copy of your notice of appearance and your objection on Class Counsel and ATS' counsel, postmarked no later than _____. Counsel can be served at the following addresses:

|  |  |
|---|---|
| **Class Counsel** | **ATS' Counsel** |
| Alan Harris | Aaron R. Lubeley |
| David Zelenski | Simon L. Yang |
| HARRIS & RUBLE | SEYFARTH SHAW LLP |
| 6424 Santa Monica Boulevard | 333 South Hope Street, Suite 3900 |
| Los Angeles, California 90038 | Los Angeles, California 90071 |
| Telephone: (323) 962-3777 | Telephone: (213) 270-9600 |
| Facsimile: (323) 962-3004 | Facsimile: (213) 270-9601 |

### ii.   EXCLUDE YOURSELF

If you do not want to be a Class Member, you must send a request for exclusion in writing to the Claims Administrator postmarked on or before _____ at the following address: _____. The request for exclusion must contain your name, address, and telephone number. In addition, it must state that you are requesting to exclude yourself from the settlement in *McDonald v. Airport Terminal Services, Inc.*, EDCV 11-01946 VAP (SPx), and it must be signed by you personally. By electing to be so excluded, (a) you will not receive the check generated by the settlement, even if you would otherwise be entitled to it; (b) you will not be bound by any further order or judgments entered for or against the Class; (c) you will have no right to object to the settlement or be heard at any hearing scheduled for the Court's consideration of the settlement; and (d) you may pursue any claims against ATS that were asserted by Plaintiff McDonald in this case by filing your own litigation at your own expense or by seeking to intervene in this lawsuit as an individual plaintiff at your own expense.

### iii.   OBJECT

If you do not exclude yourself from the Settlement Class, you will be a Class Member and may object to the settlement. Again, to object to the settlement, you or your attorney must file with the Clerk of the Court a notice of appearance, along with your objection, no later than _____. In addition, you or your attorney must serve a copy of your notice of appearance and your objection on Class Counsel and ATS' counsel, postmarked no later than _____. Counsel can be served at the following addresses:

|  |  |
|---|---|
| **Class Counsel** | **ATS' Counsel** |
| Alan Harris | Aaron R. Lubeley |
| David Zelenski | Simon L. Yang |
| HARRIS & RUBLE | SEYFARTH SHAW LLP |
| 6424 Santa Monica Boulevard | 333 South Hope Street, Suite 3900 |
| Los Angeles, California 90038 | Los Angeles, California 90071 |
| Telephone: (323) 962-3777 | Telephone: (213) 270-9600 |
| Facsimile: (323) 962-3004 | Facsimile: (213) 270-9601 |

### iv.   DO NOTHING

If you do nothing in response to this Notice (*i.e.*, if you do not submit a Claim Form and do not to exclude yourself from the settlement), you will not receive a check for your portion of the Gross Settlement Payment. However, you will be bound by any judgment entered with respect to the settlement, and you will release ATS, as explained in section 5 of this Class Notice, above.

**REQUESTING ADDITIONAL INFORMATION**

The foregoing is only a summary of the Lawsuit and the proposed settlement. For more detailed information, you may review the pleadings on file in the Lawsuit, which pleadings may be inspected at the Clerk's Office, United States District Court, 3470 Twelfth Street, Riverside, California 92501. The Clerk will make the files from the Lawsuit available to you for inspection and copying at your own expense.

Any questions you have concerning the Lawsuit, the settlement, or this Class Notice should be directed to the Claims Administrator or to Class Counsel—not to Court personnel. You may contact the Claims Administrator at the following address: _____. *Please include the case name and number, your name, and your return address on any letters, not just on the envelopes. You can also obtain additional information by calling the Claims Administrator at the following toll-free number:* _____.

*DO NOT CONTACT THE COURT FOR INFORMATION ABOUT THE ACTION OR THE SETTLEMENT.*

*******************************************************************************

## McDONALD v. AIRPORT TERMINAL SERVICES, INC. CLAIM FORM

Pursuant to the Court's order, this is a Claim Form that must be properly and timely completed, signed, and returned by Settlement Class members in order to receive any payment as a result of the settlement reached in *McDonald v. Airport Terminal Services, Inc*. **Do not submit your Claim Form to the Court.**

If you are a member of the Settlement Class, defined as all non-exempt employees who were employed by Airport Terminal Services, Inc. in California from November 2, 2007, through _____, then, in order to receive a distribution from the settlement, you must return this Claim Form, ***POSTMARKED no later than*** _____, to the following address:

[address]

The completed Claim Form and any information submitted with it will be kept confidential and will be used only for purposes of administering the settlement. No other Settlement Class member will see this information.

| CONTACT INFORMATION |
|---|
| Name: |
| Street Address: |
| City, State Zip: |
| Telephone Number: |

I acknowledge reading the release specified above and certify under penalty of perjury that the information provided above is true and correct and that the submission of false information may subject me to civil and/or criminal penalties.

Signature: _____      Date: _____

**This Claim Form must be signed by the Class Member.**