Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
6424 Santa Monica Boulevard
Los Angeles, California 90038
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
78-560 Via Bolero
Telephone: (760) 564-3804
Facsimile: (760) 564-3807
jpdorigan@aol.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE McDONALD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1–100, inclusive,<br><br>Defendants. | Case No. EDCV 11-01946 VAP (SPx)<br><br>**DECLARATION OF COLLETTE McDONALD IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS**<br><br>*Assigned to Hon. Virginia A. Phillips*<br><br>Date: June 24, 2013<br>Time: 2:00 p.m.<br>Courtroom: 2 |

**COLLETTE McDONALD** declares under penalty of perjury of the laws of the United States and the State of California as follows:

1. I am the Plaintiff in the above-captioned action. If sworn as a witness, I could competently testify to each and every fact set forth herein from my own personal knowledge.

2. I am a former hourly-paid employee of Airport Terminal Services, Inc. ("ATS"). I first met with my attorneys herein regarding my employment with ATS in approximately mid-2011 after developing certain concerns about the compensation ATS had paid me, as well as concerns about what I perceived to be a lack of proper seating at my former worksite. Over the course of several meetings with my attorneys, I came to the conclusion that I was owed amounts for ATS's failure to provide me with adequate meal breaks and failure to reimburse me for the costs associated with maintaining my work uniform.

3. After coming to these conclusions, I assisted my attorneys with the drafting of the Complaint. I reviewed the Complaint before it was filed, and I thereafter had numerous discussions regarding this case with my attorneys. All told, I have spent more than fifteen hours discussing my case with my attorneys. I have also spent additional numerous hours—both before and after the Complaint was filed—reviewing various documents relating to my employment with ATS and providing my attorneys with the necessary factual background to understand and interpret these documents. I understand that my input with respect to ATS's payroll documents was instrumental, as the central factual inquiry for my claims concerns ATS's coding of "NO LUNCH" on employee time sheets and how that coding was treated on subsequent employee pay stubs.

4. In addition to assisting my attorneys with interpreting ATS's payroll documents, I attended the full-day mediation session that was held in this case, which required me to take time off from work. During the session, I actively conferred with my attorneys about case strategy, and I discussed with them any settlement offers and counteroffers. I intend on continuing to take an active role in this litigation until its

resolution.

5. In connection with this lawsuit, I believe that I have been—and that I can continue to be—a good representative of other individuals employed by ATS. As such a representative, I understand that I owe a duty of good faith to these employees and that I cannot—and will not—act solely in my own self-interest. My primary concern at all times has been—and will continue to be—that all of ATS's employees be treated fairly.

6. In light of the allegations made in my Complaint, I can think of no interest I have that is adverse to any interest of any ATS employee. Indeed, I believe that my individual claims are typical of the claims of ATS's other employees in that, among other things, I did not receive meal-period "premium" pay for those instances when my time sheets reflect a "NO LUNCH" coding.

7. I understand that any amounts provided to me under any class-wide settlement of my lawsuit must be approved by the Court. I have had an opportunity to review in detail the terms of the Settlement Agreement and General Release ("Settlement Agreement") attached to the concurrently filed Declaration of Alan Harris. I have thoroughly discussed the terms of the Settlement Agreement with my attorneys, I understand that it was drafted as a "long-form" version of what had been executed during the formal mediation, and I believe that the $250,000 Gross Settlement Payment called for by the Settlement Agreement represents a fair and reasonable resolution of this case for the employees I seek to represent. This is particularly true in light of the airline-industry-specific defenses that my attorneys have explained ATS intends on asserting in this case.

I have read the foregoing, and the facts set forth therein are true and correct of my own personal knowledge. Executed 5/9/13, in the County of Riverside, State of California.

Collette McDonald