## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Settlement Agreement") is entered as of May 7, 2013, by and among Plaintiff Collette McDonald ("Plaintiff"), individually and on behalf of others similarly situated, and Defendant Airport Terminal Services, Inc. ("Defendant"). Plaintiff and Defendant also shall be referred to herein individually as a "Party" and collectively as the "Parties."

## 1.    **Case Description.**

The following pending action is covered by the settlement memorialized in this Settlement Agreement: the putative class action filed on November 2, 2011, in the Riverside County Superior Court, Case Number INC 1108937, entitled *McDonald v. Airport Terminal Services, Inc.* (the "Lawsuit"), subsequently removed to the Central District of California, Case Number EDCV 11-01946 VAP (SPx).

The Lawsuit asserts claims for (i) the alleged non-payment of meal-period premiums in violation of California Labor Code sections 226.7 and 512, as well as the applicable Industrial Welfare Commission Wage Order; (ii) the alleged failure to reimburse for uniform-maintenance expenses in violation of California Labor Code section 2802; (iii) the alleged failure to timely pay wages in violation of California Labor Code sections 201, 202, and 203 stemming from Defendant's alleged failure to pay meal-period premiums and alleged failure to reimburse for uniform-maintenance expenses; (iv) the alleged failure to provide accurate information on pay stubs in violation of California Labor Code section 226 stemming from Defendant's alleged failure to pay meal-period premiums; and (v) alleged unfair business practices under California Business and Professions Code section 17200 *et. seq.* stemming from Defendant's alleged failure to pay meal-period premiums and alleged failure to reimburse for uniform-maintenance expenses. In addition, the Lawsuit alleges civil-penalty liability from either an alleged failure to provide adequate seating to employees or from the aforementioned alleged violations, including such civil penalties stemming from California Labor Code sections 204, 220 *et seq.*, 226.3, 558, 1198, 1199, 2698, 8 Cal. Code Regs. 11090 § 9(A), and the applicable Industrial Welfare Commission Wage Order.

Plaintiff's counsel, Alan Harris and David Zelenski of Harris & Ruble, and John P. Dorigan of the Law Offices of John P. Dorigan, diligently pursued an investigation of Plaintiff's claims against Defendant, including any and all applicable defenses and the applicable law. The investigation included, *inter alia*, the exchange of information, as well as numerous conferences between the Parties' respective counsel.

This Settlement Agreement was reached after extensive arm's length negotiations, and it was negotiated in light of all known facts and circumstances, including the mutual risks of significant delay, costs, and uncertainty associated with litigation; various defenses asserted by Defendant; and numerous potential appellate issues. With the assistance of a formal private mediation under the auspices of an experienced wage-and-hour mediator, Lynn Frank, the Parties have agreed to this Settlement Agreement to wholly and finally resolve the Lawsuit and the claims asserted within the Lawsuit.

15611430v.4

**2.**      <u>**Defendant's Non-Admissions Clause.**</u>

Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in the Lawsuit and further denies that, for purposes other than the settling of the Lawsuit, any part of the Lawsuit is appropriate for class certification.  The Lawsuit, the negotiation and execution of the Settlement Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement (i) shall not be used as an admission or evidence of wrongdoing on behalf of Defendant; (ii) shall not be an admission or evidence of fault on behalf of Defendant in any action before a civil, criminal, or administrative agency; and (iii) shall not be deemed to be, and may not be used as, an admission or evidence of the appropriateness of these or similar claims for class certification in the Lawsuit or with respect to any other proceeding.

**3.**      <u>**Settlement-Class Definition.**</u>

For purposes of this Settlement Agreement, the class will be comprised of all non-exempt employees who were employed by Defendant within California from November 2, 2007, to the date of entry of preliminary approval of the Settlement Agreement ("Settlement Class").  The Settlement Class, however, will not include any person who files a timely request for exclusion, as detailed below.  Individuals who do not request exclusion will be "Class Members."

**4.**      <u>**Appropriateness of Settlement Class.**</u>

For purposes of this Settlement Agreement (and steps taken toward effectuating this Settlement Agreement) only, the Parties conditionally stipulate to certification of the Settlement Class.

Plaintiff's counsel believe that the settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate and that it is in the best interest of Settlement Class members' claims in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation, various defenses asserted by Defendant, and numerous potential appellate issues.  Defendant and its counsel also agree that the settlement is fair, reasonable, and adequate and that it is in the best interest of Settlement Class.

**5.**      <u>**Court Approval as Condition to the Settlement.**</u>

Plaintiff, on behalf of herself and Class Members, along with Defendant, and subject to the approval of the Court, stipulate that the Lawsuit will be compromised, settled, and dismissed pursuant to the terms and conditions set forth in this Settlement Agreement and that, after the Court's final approval of this settlement, judgment shall be entered, subject to the continuing jurisdiction of the Court as set forth below and subject to the definitions, terms, and conditions within this Settlement Agreement, which by this reference become an integral part of this Settlement Agreement.

15611430v.4

6.      **Appointment of Class Counsel.**

The Parties agree to the appointment of Alan Harris and David Zelenski of Harris & Ruble, and John P. Dorigan of the Law Offices of John P. Dorigan, as class counsel ("Class Counsel") for Class Members for purposes of effectuating this settlement.

7.      **Settlement Payments.**

A total sum of $250,000 ("Gross Settlement Payment") shall be paid in consideration for the releases, covenants, and promises set forth in this Settlement Agreement in full settlement of all claims set forth in the Lawsuit, including all amounts itemized below in sections 7A through 7E.  The Gross Settlement Payment shall be a fixed common-fund settlement, and no portion shall revert to Defendant unless this Settlement Agreement is not finally approved by the Court. Said payment shall be made at the times and in the manner set forth in section 17 herein, and said payment shall be distributed among Class Members who submit valid and timely claim forms, Plaintiff, the Claims Administrator (defined below), and Class Counsel as set forth in this section.

As discussed below, the Gross Settlement Payment shall be used to satisfy (i) attorneys' fees and costs; (ii) claims-administration fees, including the reasonable fees charged by the Claims Administrator to cover any costs associated with the required tax reporting on any individual settlement payments, and the issuing of any and all 1099 and W-2 IRS Forms; (iii) Plaintiff's enhancement payment; and (iv) payment to Class Members, including any resulting employer-side tax liabilities to Defendant.  The Gross Settlement Payment shall be used to satisfy any and all payments (and associated costs) required by the Settlement Agreement.

A.      **Attorneys' Fees and Costs.**

As part of the overall settlement and release of claims, and subject to approval by the Court, Defendant agrees that the amount of attorneys' fees to be allocated from the Gross Settlement Payment to Class Counsel shall be determined by the Court.  Class Counsel will also request that the Court reimburse Class Counsel for actual and reasonable costs and expenses incurred in bringing and maintaining the Lawsuit.

Defendant will not object to Class Counsel's request for attorneys' fees not to exceed thirty-three percent (33%) of the total Gross Settlement Payment.  Defendant will not object to Class Counsel's request for reimbursement of costs and expenses in an amount not to exceed $15,000 to be paid from the Gross Settlement Payment.  Class Counsel will file their request for attorneys' fees and costs to be paid from the Gross Settlement Payment on or before the date that Class Notice is mailed out by the Claims Administrator.   The attorneys' fees and costs awarded by the Court shall be paid to Class Counsel after the distribution of settlement checks to Class Members who submit valid and timely claims forms. The Claims Administrator—not Defendant—shall issue an IRS Form 1099 to Class Counsel reflecting the awarded attorneys' fees and costs.

Except as set forth herein, Plaintiff, Class Members, and Defendant shall bear their own attorneys' fees and costs.  Except as herein expressly provided regarding payment to the Claims

Administrator, Class Counsel assume full responsibility for payment of all costs of any sort whatsoever, including witness and expert fees, incurred by Plaintiff or by any of Plaintiff's counsel of record related to this matter.

B.    Claims-Administration Fees.

Subject to approval by the Court, the reasonable fees charged by the Claims Administrator shall be paid from the Gross Settlement Payment after final approval and funding of the settlement.  These reasonable fees shall include any costs associated with the required tax reporting on any individual settlement payments, and the issuing of any and all 1099 and W-2 IRS Forms.

C.    Plaintiff's Enhancement Award.

Subject to approval by the Court, Defendant agrees that Plaintiff can receive an enhancement of up to $5,000 (subject to an IRS Form 1099) for serving as a class representative. Plaintiff assumes sole responsibility for tax reporting regarding this payment.  Any enhancement payment awarded by the Court shall be paid to Plaintiff after the distribution of settlement checks to Class Members who submit valid and timely claim forms.

D.    Payment to the Settlement Class.

After deducting from the Gross Settlement Payment (i) Class Counsel's attorneys' fees and costs as awarded by the Court, (ii) Plaintiff's enhancement award as awarded by the Court, (iii) any tax liabilities the Settlement Agreement creates for Defendant, and (iv) the fees and costs associated with claims administration, the remainder ("Net Settlement Fund" or "NSF") shall be distributed to Class Members who submit valid and timely claim forms.

Two-thirds, or approximately 66.67%, of the NSF will be evenly distributed among all Class Members who submit valid and timely claim forms.  The remaining one-third, or approximately thirty-three and a third percent 33.33%, of the NSF will be distributed pro rata based on number of cancelled meal periods as reported by Defendant for Class Members who have submitted valid claim forms.  Defendant will provide a summary of the Settlement Class' cancelled meal periods so that the Claims Administrator may calculate the pro rata share for each Class Member who submits a valid and timely claim form, and should there be a dispute regarding this number Defendant's records will control.

The portion of the NSF evenly distributed among all Class Members who submit valid and timely claim forms will be characterized as 75% expense reimbursement and 25% interest. The portion of the NSF distributed based on Class Members' pro rata share of cancelled meal periods will be characterized 50% as wages, 25% as liquidated damages, and 25% as interest. As to that portion of Class Members' settlement proceeds that constitutes wages, any and all employer taxes, including but not limited to the employer FICA, FUTA, and SDI contributions ("Employer Taxes"), will be paid from the Gross Settlement Payment. The Claims Administrator will provide to Defendant an accounting of the Employer Taxes paid for all Class Members who submit valid and timely claim forms.

15611430v.4

E.    <u>No Warranty by Defendant.</u>

Plaintiff understands and agrees that Defendant is not providing Plaintiff or Class Members with tax or legal advice and that Defendant makes no representations regarding tax obligations or consequences, if any, related to this Settlement Agreement.

With the exception of a lien in the amount of $67,500 issued by RD Legal Funding, LLC, pursuant to a transferred and assigned right to such settlement funds from Class Counsel (specifically Dale Alan Harris, Esq. or Harris & Ruble), Plaintiff and her attorneys certify that (i) they have no knowledge of any other liens on the settlement proceeds and that (ii) no other notices of any liens have been filed in the Lawsuit. The $67,500 subject to RD Legal Funding, LLC's lien is an amount less than Class Counsel's anticipated recovery of attorneys' fees and costs, as described above in section 7A.

The Parties agree that the Claims Administrator will satisfy the RD Legal Funding, LLC lien from settlement funds distributed pursuant to section 7A.

Although settlement funds distributed pursuant to section 7A are anticipated to satisfy the entire amount of the above-referenced lien, the Claims Administrator will notify both Parties if the settlement funds distributed pursuant to section 7A are not sufficient to satisfy the entire amount of the above-referenced lien. Within seven (7) days of such notification from the Claims Administrator, Class Counsel will provide the Claims Administrator with a check in an amount equal to the amount by which the above-referenced lien in the amount of $67,500 exceeds the amount of settlement funds distributed pursuant to section 7A. Class Counsel agree and warrant that in no event should the satisfaction of the lien affect settlement-fund distributions other than those in section 7A, and that, to the extent any other conflict arises, Class Counsel will agree to waive any entitlement to section 7A payments to the extent necessary to provide settlement payments to Class Members.

## 8.    <u>Non-Monetary Relief.</u>

Not later than one-hundred-eighty (180) calendar days following final approval of this Settlement Agreement by the Court:

A.    Defendant shall provide refresher training to supervisors to clarify that all breaks that do not interfere with airline routes, rates, or services are permitted and authorized.

B.    Defendant shall inquire of third-party airport operators and regulators whether mats are permitted and, if so, shall request their installation at work locations.

C.    Defendant shall inquire of third-party airport operators and regulators whether additional seating is permitted and, if so, shall request provision of such seating at work locations where such seating would not interfere with the nature of, or practical realities regarding, the work there performed.

The Parties have agreed to memorialize the non-monetary relief set forth herein by posting a bulletin regarding Defendant's compliance with the terms of section 8 at all work

locations where any Class Member works and by providing a copy of said bulletin to Class Counsel. Defendant has also agreed to make that bulletin available to all currently employed Class Members, who may request and obtain a copy from their supervisor or manager.

**9.      Claims Administration.**

Subject to approval of the Court, the Parties will select a neutral third-party claims administrator ("Claims Administrator") to perform all acts related to providing the Class Notice (defined below) to the Settlement Class; calculating and distributing settlement funds as payments to Class Members who submit valid and timely claim forms, an enhancement payment to Plaintiff, attorneys' fees, employer-side tax liabilities to Defendant, and third-party administration fees and costs; processing all necessary 1099 and W-2 IRS Forms; and otherwise ensuring the terms of the Settlement Agreement are achieved.

**10.      Seeking Preliminary Approval from the Court.**

The settlement of the Lawsuit is conditioned upon the Court's providing both preliminary and final approval of the settlement terms. As promptly as possible, Class Counsel shall file a motion with the Court for preliminary approval of this Settlement Agreement. Defendant shall support the request for preliminary approval. Defendant shall file a statement of non-opposition with respect to Plaintiff's motion for preliminary approval of this Settlement Agreement. The submission for preliminary court approval will include the proposed forms of the Class Notice and all other necessary documents.

**11.      Information to the Claims Administrator.**

Not later than thirty (30) calendar days after receipt of notice of the Court's entry of an order of preliminary approval, Defendant shall provide to the Claims Administrator a database that contains the last-known name, mailing address, social security number, and number of meal-period cancellations for all members of the Settlement Class ("Confidential Information for the Claims Administrator"). Defendant shall cooperate and provide any additional information the Claims Administrator may reasonably request for the purpose of providing the Class Notice to Settlement Class members, allocating and distributing the settlement amounts, and otherwise administering this Settlement Agreement.

Defendant will provide the above information to the Claims Administrator confidentially. In exchange, the Claims Administrator must agree to use the Confidential Information for the Claims Administrator solely for the purposes of performing its third-party administrator duties of providing the Class Notice to the Settlement Class and thereafter executing the Settlement Agreement's terms. The Claims Administrator must agree to maintain in the strictest of confidence all Confidential Information for the Claims Administrator and not to disclose this information in any manner whatsoever, in whole or in part, except as specifically provided herein. The Claims Administrator acknowledges and understands that the Confidential Information for the Claims Administrator shall not be disclosed or released to Plaintiff, the Settlement Class, or their counsel under any circumstance without the express written consent of counsel for Defendant. The Claims Administrator shall destroy all Confidential Information for the Claims Administrator received in connection with processing and effecting this Settlement

Agreement after retaining such information for sixty (60) calendar days after issuing the final settlement payment.

**12.    Class Notice and Requests for Exclusion.**

      A.    <u>Notice to the Class and Requests for Exclusion.</u>

Not later than ten (10) calendar days after receipt of the information described in section 11, the Claims Administrator shall provide a Notice of Pendency of Class Action, Proposed Settlement, and Hearing Date for Court Approval ("Class Notice") to the Settlement Class. Such Class Notice shall include an explanation of the procedure for requesting exclusion from the Settlement Class. All such forms shall be attached to Plaintiff's motion for preliminary approval of this Settlement Agreement and shall first be approved by the Court. The Claims Administrator shall run the names and addresses of members of the Settlement Class through the National Change of Address database.

The Settlement Class shall have forty-five (45) calendar days from the date the Class Notices are mailed to postmark claim forms or requests for exclusion (such requests for exclusion are also referred to as "Opt Outs"). In order to validly request exclusion, the Opt Out must be completed in its entirety in accordance with all instructions set forth in the Class Notice.

The Claims Administrator will perform one (1) address follow-up on returned mail and will re-mail the Class Notice to an updated address (if any) within fifteen (15) calendar days of receipt of the returned mail. (The forty-five-day time limit will run from the date of the second mailing for those Class Members. To the extent a Class Notice from the initial mailing is not returned within that forty-five-day time limit, it shall be deemed to have been sent to a valid address even if it is thereafter returned.) It is the intent of the Parties that reasonable, but not extraordinary, efforts be used to locate members of the Settlement Class. If the initial Class Notice is returned, the Claims Administrator will search using the social security number of the Settlement Class member for a more current address. If no address is found within ten (10) calendar days, no further action is required.

All Class Members who have submitted valid and timely claim forms and who have not requested exclusion will receive a payment of the NSF as set forth in sections 12D and 17 herein. If a Settlement Class member submits both a valid and timely claim form, on the one hand, and a valid and timely Opt Out, he or she will be deemed to have submitted a valid and timely claim form, and the Opt Out will be disregarded.

If any Settlement Class member submits a defective claim form or Opt Out that has been postmarked before the forty-five-day response deadline, the Claims Administrator shall send a cure letter to such individual, advising that the form is defective, stating the nature of the defect, and advising that the defect must be cured to render the claim form or Opt Out valid. The cure letter shall state that the individual has ten (10) calendar days from the date of the cure letter or the response deadline, whichever date is later, to postmark a revised claim form or Opt Out. Defective claim forms and requests for exclusion will be considered invalid and, if received after the response deadline, Settlement Class members shall have no right to cure them.

Any Settlement Class member who does not affirmatively opt out of the settlement by submitting a valid and timely request for exclusion shall be bound by all of the Settlement Agreement's terms, including those pertaining to the released claims, as well as any final judgment that may be entered by the Court, if the Court grants final approval of the Settlement Agreement.

B.    Claims Administration.

Settlement Class members shall mail all claim forms and Opt Outs directly to the Claims Administrator at the address indicated by the Class Notice.  If a claim form or Opt Out is sent to either Party or their counsel, that Party or its counsel shall forward the document to the Claims Administrator, and it shall be deemed mailed on the date of the original postmark.

If there is any dispute as to the information provided on the claim form or Opt Out, the Claims Administrator shall be solely responsible for resolving any such disputes after consultation with the parties.  The Claims Administrator's ruling will be binding on the Settlement Class member and cannot be appealed.  For purposes of any Settlement Class member disputes regarding the settlement payment amount or calculation thereof, Defendant's records will control.

C.    Reports.

Within ten (10) calendar days of the conclusion of the forty-five-day period noted above (extended, if necessary, by the time periods also noted above), the Claims Administrator will provide a written report to both Parties' counsel noting the number of Class Notices sent, the number that were returned as undeliverable (after the follow-up required herein), and the number of valid and timely claim forms and Opt Outs received.  Prior to the due date for this report, the Claims Administrator will reasonably respond to requests from either Party's counsel for a report on the current status of the claims-administration process.

D.    Revocation of Settlement Agreement.

If five percent (5%) or more of the Settlement Class submit valid Opt Outs by the forty-five-day response deadline, then Defendant may, at its election, rescind the Settlement Agreement, and all actions taken in furtherance of the Settlement Agreement will be null and void.  Defendant must exercise this right of rescission, in writing, to Class Counsel within fourteen (14) calendar days after the Claims Administrator notifies the Parties of the total number of valid and timely Opt Outs received by the forty-five-day response deadline.

E.    Payments.

The Claims Administrator shall be responsible for making all payments to any person or entity from the Gross Settlement Payment; for taking care of all required tax deductions, withholding, and reporting; and for communicating the information regarding status of the payments to the Parties' counsel.

15611430v.4

Pursuant to section 17 below, the Claims Administrator shall issue settlement checks to all Class Members who have submitted valid and timely claims forms, reflecting each respective Class Member's share of the NSF.

The Parties agree that all settlement checks mailed to Class Members will be voided if not negotiated within one-hundred-twenty (120) calendar days of the date of their mailing to the Class Member. Any funds represented by settlement checks returned as undeliverable and those settlement checks remaining un-cashed after the expiration of the one-hundred-twenty-day time period shall constitute "unpaid residuals in class-action litigation." *See, e.g.*, *Cundiff v. Verizon California, Inc*., 167 Cal. App. 4th 718 (2008). Those unpaid residuals shall escheat to the State of California Controller's Office unclaimed-property fund. *See, e.g.*, *Akaosugi v. Benihana Nat. Corp.*, 2013 WL 269083, at \*2 (N.D. Cal. Jan. 24, 2013) (granting final approval of distribution of unpaid class-settlement residuals "to escheat to the State of California Controller's Office's unclaimed property fund").

### 13.    **Objections.**

All objections to the settlement must be served and filed with the Court at least sixteen (16) court days before the date set for hearing the motion for final approval of the Settlement Agreement. All objections must be served on both Parties' counsel and filed with the Court, along with a notice of intention to appear. Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement, unless otherwise ordered by the Court. Only Class Members who do submit timely and valid Opt Outs may file objections. The Parties' counsel may file, at least five (5) court days before the final approval hearing (or some other date as set by the Court), responses to any written objections filed with the Court.

### 14.    **Releases.**

Upon final approval by the Court, Plaintiff and each Class Member releases Defendant and each of its officers, directors, employees, agents, direct and indirect subsidiaries or affiliated corporations, organizations, representatives, insurers, predecessors, successors, assigns, clients (and their respective officers, directors, employees, agents, managers, and fiduciaries), and counsel (collectively referred to as the "Released Parties") from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, penalties, damages, restitution, injunctive relief, or a remedy of any other type that is based on or arises out of the allegations the Lawsuit, including but not limited to such claims for (i) the alleged non-payment of meal-period premiums in violation of California Labor Code sections 226.7 and 512, as well as the applicable Industrial Welfare Commission Wage Order; (ii) the alleged failure to reimburse for uniform-maintenance expenses in violation of California Labor Code section 2802; (iii) the alleged failure to timely pay wages in violation of California Labor Code sections 201, 202, and 203 stemming from Defendant's alleged failure to pay meal-period premiums and alleged failure to reimburse for uniform-maintenance expenses; (iv) the alleged failure to provide accurate information on pay stubs in violation of California Labor Code section 226 stemming from Defendant's alleged failure to pay meal-period premiums; (v) alleged unfair business practices under California Business and Professions Code section 17200 *et. seq.* stemming from

Defendant's alleged failure to pay meal-period premiums and alleged failure to reimburse for uniform-maintenance expenses; and (vi) alleged civil-penalty liability from either an alleged failure to provide adequate seating to employees or from the aforementioned alleged violations, including such civil penalties stemming from California Labor Code sections 204, 220 *et seq.*, 226.3, 558, 1198, 1199, 2698, 8 Cal. Code Regs. 11090 § 9(A), and the applicable Industrial Welfare Commission Wage Order.

This release covers all claims for interest, attorneys' fees, and costs related to the Lawsuit. Class Members who have not timely returned complete and timely claim forms shall not share in the distribution of any part of the Gross Settlement Payment but nevertheless shall be bound by the release provisions of this Settlement Agreement. As they relate to these Released Claims, Class Members waive all rights under California Civil Code section 1542 and understand that they are releasing known and unknown claims within the scope of this release. Section 1542 states:

> A general release does not extend to claims which the creditor does not know about or does not suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

**15.    Stay of Proceedings.**

The Parties agree to refrain from further litigation of the Lawsuit, except such proceedings necessary to implement and obtain an order granting approval of the terms of the Settlement Agreement. The Parties further agree that the mutual, voluntary cessation of litigation shall terminate if the motion for final approval of the Settlement Agreement is denied by the Court.

**16.    Effective Date.**

The effective date of this Settlement Agreement ("Effective Date") is the date upon which (a) the Settlement Agreement is finally approved substantially in accordance with the terms of this Settlement Agreement and (b) the Court's entry of judgment and dismissal of the Lawsuit substantially in accordance with the terms of this Settlement Agreement ("Judgment") become final. For purposes of defining the Effective Date, the date upon which the settlement and Judgment become final is the last date of (a) final approval by the Court if there are no objections made and no further objections can be made; (b) if there are objections to the Settlement Agreement that are not withdrawn, and if no appeal, review, or writ is sought from the Judgment, the day after the period for appeal has expired; or (c) if an appeal, review, or writ is sought from the Judgment, the day after the Judgment is affirmed or the appeal, review, or writ is dismissed or denied.

**17.    Settlement Funding and Payout Deadlines.**

The Gross Settlement Payment shall be funded as set forth in this section.

      A.    <u>Initial Deposit ($ 20,000).</u>

Within five (5) business days upon entry of preliminary approval of this Settlement Agreement by the Court, Defendant shall deposit an initial $20,000 in an escrow account established and maintained by the Claims Administrator.  The Parties intend that these funds be used by the Claims Administrator to provide the Class Notice.

      B.    <u>Subsequent Deposit ($230,000).</u>

Defendant shall deposit the balance of the Gross Settlement Payment in the amount of $230,000 within ten (10) business days following the Effective Date.  The Claims Administrator shall issue settlement checks to all Class Members who have submitted valid and timely claim forms forthwith.  The Claims Administrator shall issue payments forthwith to Class Counsel and the named Plaintiff in accordance with sections 7A and 7C herein.

**18.    Communications with Class Members.**

Under no circumstances will any counsel or Plaintiff encourage a Settlement Class member to request exclusion.

The Parties and their respective attorneys agree that the terms of this Settlement Agreement and the negotiations leading to its execution shall not be discussed with or promoted to the media or legal community without the advance written consent of the opposite party or as required by the Court.  Notwithstanding the foregoing, either party (i) may respond to inquiries from the press, and may tell the public in general that this Lawsuit "has been resolved between the Parties"; and (ii) may disclose the terms of this Settlement Agreement to members of the Settlement Class, the Court, and the Claims Administrator in order to obtain preliminary and final approval of the Settlement Agreement.

**19.    Failure of the Settlement Due to Non-Approval by the Court.**

In the event of non-approval by the Court (or by any reviewing court) of this Settlement Agreement, the Settlement Agreement shall be deemed voided, and no party or counsel shall be entitled to the payment amounts contemplated herein.  Moreover, in the event of non-approval by the Court, no party (or other witness) may use the fact that the Parties agreed to settle the case, the settlement documents, or any communications regarding the Settlement Agreement as evidence of Defendant's liability or lack thereof or as proof of the suitability of the case for class certification or representative treatment.  Moreover, any payments made pursuant to section 17 are to be returned to Defendant in the case of non-approval by the Court (or by any reviewing court).

**20.    Tax Issues.**

This Settlement Agreement does not constitute tax advice to any recipient of monies. Settlement Class members will be advised to seek individual tax advice in the Class Notice. Defendant will not be held responsible for individual tax liability, if any, found to exist on behalf of Class Members who submit valid and timely claim forms.  Any tax withholdings, deductions,

15611430v.4

or obligations arising out of the distribution of the Gross Settlement Payment to Plaintiff and Class Members shall be funded exclusively by the Gross Settlement Payment.

**21.    Future Cooperation.**

The Parties and their respective counsel of record shall proceed diligently to prepare and execute all documents, to seek the necessary court approvals, and to do all other things reasonably necessary to conclude the settlement and dismiss the Lawsuit in accordance with this Settlement Agreement.  The Parties agree to cooperate fully to achieve final approval of the Settlement Agreement substantially in accordance with the terms outlined herein.

**22.    Construction and Interaction.**

This Settlement Agreement, including any Exhibits thereto, constitutes the entire agreement among the Parties.  No representations, warranties, or inducements have been made to any Party concerning the subject matter of this Settlement Agreement other than the representations, warranties, and covenants contained herein.  This Settlement Agreement terms shall each be construed according to their fair meaning and intent.  Each Party represents that his, her, or its counsel have participated and cooperated in the drafting and preparation of this Settlement Agreement; hence, in any construction to be made of this Settlement Agreement, the same shall not be construed against any Party on the basis that said Party was the drafter.

**23.    Governing Law.**

California law governs the interpretation and application of this Settlement Agreement and the administration of any claims.

**24.    Counterparts.**

This Settlement Agreement may be executed in one or more faxed or e-mailed counterparts, which counterparts may be filed with the Court.  All executed counterparts, and each of them, shall be deemed to be one and the same instrument.

**25.    Parties' Authority.**

The signatories hereto represent that they are fully authorized to enter this Settlement Agreement and bind the Parties to the terms and conditions hereof.

**26.    Continuing Jurisdiction.**

Except as otherwise specifically provided for herein, the Central District of California shall retain jurisdiction to enforce this Settlement Agreement; to supervise all notices, the administration of the Settlement Agreement, and the distribution of the Gross Settlement Payment; and to hear and adjudicate any dispute arising from or related to the Settlement Agreement.

15611430v.4

27.    **Class Signatures.**

It is agreed that, because the Settlement Class is so numerous, it would be impossible or impractical to have each Class Member execute this Settlement Agreement. Plaintiff therefore executes this Settlement Agreement on behalf of all Class Members. The Class Notice shall advise all members of the Settlement Class of the binding nature of the release, and such shall have the same force and effect as if this Settlement Agreement were executed by each Class Member.

28.    **Representations Regarding Other Matters.**

Class Counsel represent that they know of no other claims or attempted claims against Defendant or any related party.

29.    **Plaintiff's Individual Settlement.**

Notwithstanding the terms of section 30, Plaintiff's individual settlement agreement ("Individual Agreement"), attached hereto as Exhibit A, is incorporated within the terms of this Settlement Agreement. The executed Individual Agreement will be submitted to the Court in connection with the Parties' efforts to seek preliminary approval of the Settlement Agreement. Plaintiff's Individual Agreement is incorporated within this Settlement Agreement by this reference.

30.    **Sole and Entire Class-Wide Agreement.**

This Settlement Agreement sets forth the entire agreement between the Parties with respect to class-wide issues, and it fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter of this Settlement Agreement. No prior or other oral or written understanding shall be of any force or effect with respect to the class-wide matters covered by this Settlement Agreement.

This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their respective successors-in-interest.

/ / / / /

15611430v.4

31.  **Section Headings.**

Section headings in this Settlement Agreement are included herein for convenience of reference only and shall not constitute a part of this Settlement Agreement for any other purpose.

**REVIEWED AND ACCEPTED:**

Dated: May 9, 2013          Plaintiff Collette McDonald

_____
Collette McDonald

Dated:  May 7, 2013          Defendant Airport Terminal Services, Inc.

_____

By: _____

Its: _____

**APPROVED AS TO FORM AND CONTENT:**

Dated:  May 7, 2013          HARRIS & RUBLE

_____
Alan Harris
David Zelenski
*Attorneys for Plaintiff Collette McDonald*

Dated:  May 7, 2013          SEYFARTH SHAW LLP

_____
Aaron R. Lubeley
Simon L. Yang
*Attorneys for Defendant Airport Terminal Services, Inc.*

14

15611430v.4

**31.**   **Section Headings.**

Section headings in this Settlement Agreement are included herein for convenience of reference only and shall not constitute a part of this Settlement Agreement for any other purpose.


**REVIEWED AND ACCEPTED:**

Dated: May 7, 2013          Plaintiff Collette McDonald


                            _____
                            Collette McDonald


Dated: May 7, 2013          Defendant Airport Terminal Services, Inc.

                            _____

                            By: _Margaret D. Hohl_____

                            Its: _Vice President_____

**APPROVED AS TO FORM AND CONTENT:**

Dated: May 7, 2013          HARRIS & RUBLE


                            _____
                            Alan Harris
                            David Zelenski
                            *Attorneys for Plaintiff Collette McDonald*


Dated: May 7, 2013          SEYFARTH SHAW LLP


                            _____
                            Aaron R. Lubeley
                            Simon L. Yang
                            *Attorneys for Defendant Airport Terminal Services, Inc.*

15611430v.4

## SETTLEMENT AGREEMENT AND GENERAL RELEASE
### (Exhibit A:  Individual Settlement Agreement)

This individual settlement agreement ("Individual Agreement") is entered as of April 10, 2013, by Plaintiff Collette McDonald ("Plaintiff") and Defendant Airport Terminal Services, Inc. ("Defendant").  Plaintiff and Defendant also shall be referred to herein individually as a "Party" and collectively as the "Parties."

The terms of this Individual Agreement, which is Exhibit A to the Settlement Agreement and General Release ("Settlement Agreement") entered by the Parties, are wholly incorporated into the Settlement Agreement by its attachment as Exhibit A and the Settlement Agreement's explicit reference to the Individual Agreement in section 29 of the Settlement Agreement.

## 1.    Plaintiff's Additional Individual Release.

In addition to the releases provided in section 14 of the Settlement Agreement, Plaintiff does hereby—for herself and for her heirs, representatives, attorneys, executors, administrators, successors, and assigns—release, acquit, and forever discharge Defendant and all owners, affiliates, related companies, subsidiaries, divisions, parents, and the members, managers, investors, shareholders, officers, directors, partners, servants, agents, employees, representatives, attorneys, insurers, bankruptcy trusts, past, present, and future of Defendant, and all persons acting under, by, through, or in concert with any of them, and each of them, from any and all actions, causes of action, grievances, obligations, costs, expenses, damages, losses, claims, liabilities, suits, debts, demands, and benefits (including attorneys' fees and costs actually incurred), of whatever character, in law or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature whatsoever, based on any act, omission, event, occurrence, or nonoccurrence from the beginning of time to the date of execution of this Individual Agreement (or Settlement Agreement, using whichever date is later), including, but not limited, to any claims or causes of action arising out of or in any way relating to Plaintiff's employment relationship with Defendant.

Plaintiff agrees that this release of claims includes, but is not limited to, claims for breach of any implied or express contract or covenant; claims for promissory estoppel; claims of entitlement to any pay; claims for failure to reimburse expenses; claims of wrongful denial of insurance and employee benefits; claims for wrongful termination, public-policy violations, defamation, invasion of privacy, emotional distress, or other common-law or tort matters; claims of harassment, retaliation, or discrimination under federal, state, or local law; claims based on any federal, state, or other governmental statute, regulation, or ordinance, including, without limitation, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the California Fair Employment & Housing Act, the California Family Rights Act, the California Labor Code, the Fair Labor Standards Act, and the Employee Retirement Income Security Act.  Excluded from this release are any claims for breach of this Individual Agreement, any claims for compensation under California laws regarding workers' compensation for injury at work, any claims for unemployment insurance, and any other claims that cannot be waived by law.

15611430v.4

For the purpose of implementing a full and complete release, Plaintiff expressly acknowledges that the release she gives in this Individual Agreement is intended to include in its effect, without limitation, claims that she did not know or suspect to exist in her favor at the time of the execution of this Individual Agreement, regardless of her knowledge of such claims or the facts upon which they might be based, that would materially have affected the settlement of this matter, and that the consideration given under the Individual Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims. Plaintiff expressly waives the provisions of California Civil Code section 1542 and understands that she is releasing known and unknown claims within the scope of this release. California Civil Code section 1542 states:

> A general release does not extend to claims which the creditor does not know about or does not suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff, being aware of this section, hereby expressly waives and relinquishes all rights and benefits it may have under this section, as well as any other statutes or common-law principles of a similar effect.

Notwithstanding the foregoing, nothing in this Individual Agreement releases any claims that arise after Plaintiff's execution of this Individual Agreement (or Settlement Agreement, using whichever date is later) or precludes her from enforcing this Individual Agreement.

**2.    No Reemployment.**

Plaintiff waives any claim of reinstatement with Defendant, or any of its subsidiaries, parents, successors, or affiliated companies. Plaintiff agrees that she shall not knowingly apply for work as an employee or independent contractor with Defendant or any of Defendant's subsidiaries, parents, successors, or affiliated companies. Plaintiff further agrees that any application to be an employee or independent contractor that Plaintiff makes to Defendant, or any of Defendant's subsidiaries, parents, or affiliated companies, may be rejected by the company or entity to which application is made. Plaintiff understands and acknowledges that neither Defendant nor any related entity has an obligation to re-hire her or retain her as either an employee or independent contractor, and that any such refusal to re-hire her or retain her will not subject Defendant, or a related entity, to liability on any grounds.

**3.    Defendant's Release.**

In exchange for the promises contained in this Individual Agreement, Defendant agrees that it or any person acting by, through, or under it releases Plaintiff from any and all claims Defendant has against Plaintiff arising through the date of this Individual Agreement, and Defendant agrees that it will not institute any action or actions, cause or causes of action (in law or in equity), suits, debts, liens, claims, or demands, known or unknown, fixed or contingent, that it may have or claim to have in state or federal court, or before any state, federal, or local government agency, or before any administrative or advisory body, arising from or attributable

to Plaintiff through the date of this Individual Agreement (or Settlement Agreement, whichever date is later).

Defendant specifically agrees that it is compromising, settling, and releasing Plaintiff from any right or claim and for all liability that may presently exist for any potential employment-related claim. Defendant specifically acknowledges that it is aware of and familiar with the provisions of California Civil Code section 1542, which section provides:

> A general release does not extend to claims which the creditor does not know about or does not suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Defendant, being aware of this section, hereby expressly waives and relinquishes all rights and benefits it may have under this section, as well as any other statutes or common-law principles of a similar effect.

Notwithstanding the foregoing, nothing in this Individual Agreement releases any claims that arise after Defendant's execution of this Individual Agreement (or Settlement Agreement, using whichever date is later) or precludes Defendant from enforcing this Individual Agreement.

**4.    Time to Negotiate and Consider this Agreement.**

In addition to having the opportunity to negotiate this Individual Agreement (as well as the Settlement Agreement), the Parties, before signing the Individual Agreement (and the Settlement Agreement), have been advised to consult with, and have in fact consulted with, their attorneys to obtain advice concerning their rights and obligations under both the Individual Agreement and the Settlement Agreement.

The Parties represents that they have carefully read this Individual Agreement and find that it has been written in language that they understand. They also acknowledge that they are entering into this Individual Agreement knowingly, willingly, and voluntarly. In addition, Plaintiff has been given twenty-one (21) calendar days to consider whether to accept this Individual Agreement and has signed it only after reading, considering, and understanding it. If Plaintiff signs this Individual Agreement before the expiration of the twenty-one-day period, she is expressly waiving her right to consider the Individual Agreement for any remaining portion of that twenty-one-day period. The Parties agree that any changes made to this Individual Agreement from the version originally presented to Plaintiff, whether those changes are deemed material or non-material, do not extend the twenty-one-day period Plaintiff has been given to consider this Individual Agreement.

Accordingly, Plaintiff understands and agrees that:

/ / / / /

15611430v.4

A.    Plaintiff has had a reasonable time within which to consider this Individual Agreement before executing it;

B.    Plaintiff acknowledges she was advised by Defendant in writing to consult with her attorneys before executing this Individual Agreement;

C.    Plaintiff has discussed this Individual Agreement with her attorneys;

D.    Plaintiff has carefully read and fully understands all of the provisions of this Individual Agreement, including the fact that this Individual Agreement contains a release of claims;

E.    Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Individual Agreement; and

F.    Plaintiff knowingly and voluntarily intends to be legally bound by the same.

**5.    Revocation.**

Plaintiff has the right to revoke this Individual Agreement within seven (7) calendar days of its execution.  To revoke this Individual Agreement, Plaintiff must deliver a written and signed statement of revocation to Seyfarth Shaw LLP, 333 South Hope Street, Suite 3900, Los Angeles, California no later than 5:00 p.m. on the seventh day after Plaintiff signs this Individual Agreement.  Plaintiff agrees to keep written documentation proving that she delivered her revocation of this Individual Agreement as provided in this section.  If Plaintiff revokes this Individual Agreement, all of the promises made by Plaintiff and Defendant through or related to this Individual Agreement, as well as the Settlement Agreement, will not be effective, and Plaintiff will not be entitled to any of the settlement funds discussed therein.

**6.    Effectiveness of this Individual Agreement.**

Absent revocation by Plaintiff pursuant to the terms in section 4 of this Individual Agreement, the terms of this Individual Agreement will become effective on the date that the Court grants preliminary approval of the Settlement Agreement.

**7.    Remedies in Event of Breach.**

The Parties agree acknowledge that each would be irreparably harmed by any breach of the commitments in the Individual Agreement and that, in the event of any breach, the prevailing Party shall be entitled to the recovery of all costs and attorney's fees incurred in enforcing this Individual Agreement.

**8.    Counterparts.**

This Individual Agreement may be executed in one or more faxed or e-mailed counterparts, which counterparts may be filed with the Court.  All executed counterparts, and each of them, shall be deemed to be one and the same instrument.

15611430v.4

9.     **Parties' Authority.**

The signatories hereto represent that they are fully authorized to enter this Individual Agreement and bind the Parties to the terms and conditions hereof.

10.     **Sole and Entire Agreement.**

Other than the Settlement Agreement, this Individual Agreement sets forth the entire agreement between the Parties, and it fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter of this Individual Agreement. No prior or other oral or written understanding shall be of any force or effect with respect to the class-wide matters covered by this Settlement Agreement.

This Individual Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their respective successors-in-interest.

11.     **Section Headings.**

Section headings in this Individual Agreement are included herein for convenience of reference only and shall not constitute a part of this Individual Agreement for any other purpose.

12.     **Governing Law and Interpretation.**

This Individual Agreement shall be governed in accordance with the laws of the State of California without regard to its conflict-of-laws provisions.   The Parties consent to the jurisdiction of California in connection with the enforcement of this Individual Agreement.


**REVIEWED AND ACCEPTED:**

Dated:  May 9, 2013          Plaintiff Collette McDonald

_____
Collette McDonald


Dated:  May 7, 2013          Defendant Airport Terminal Services, Inc.

_____

By: _____

Its: _____


5

15611430v.4

9.     **Parties' Authority.**

      The signatories hereto represent that they are fully authorized to enter this Individual Agreement and bind the Parties to the terms and conditions hereof.

10.    **Sole and Entire Agreement.**

      Other than the Settlement Agreement, this Individual Agreement sets forth the entire agreement between the Parties, and it fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter of this Individual Agreement. No prior or other oral or written understanding shall be of any force or effect with respect to the class-wide matters covered by this Settlement Agreement.

      This Individual Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their respective successors-in-interest.

11.    **Section Headings.**

      Section headings in this Individual Agreement are included herein for convenience of reference only and shall not constitute a part of this Individual Agreement for any other purpose.

12.    **Governing Law and Interpretation.**

      This Individual Agreement shall be governed in accordance with the laws of the State of California without regard to its conflict-of-laws provisions.   The Parties consent to the jurisdiction of California in connection with the enforcement of this Individual Agreement.


**REVIEWED AND ACCEPTED:**

Dated:  May 7, 2013          Plaintiff Collette McDonald


                             _____
                             Collette McDonald


Dated:  May 7, 2013          Defendant Airport Terminal Services, Inc.

                             _____
                             By:  _Margaret D. Hohl_____

                             Its:  _Vice President_____

**APPROVED AS TO FORM AND CONTENT:**

Dated:  May 7, 2013           HARRIS & RUBLE

                              Alan Harris
                              David Zelenski
                              *Attorneys for Plaintiff Collette McDonald*

Dated:  May 7, 2013           SEYFARTH SHAW LLP

                              _____

                              Aaron R. Lubeley
                              Simon L. Yang
                              *Attorneys for Defendant Airport Terminal Services, Inc.*

**APPROVED AS TO FORM AND CONTENT:**

Dated:  May 7, 2013                 HARRIS & RUBLE

_____

Alan Harris
David Zelenski
*Attorneys for Plaintiff Collette McDonald*

Dated:  May 7, 2013                 SEYFARTH SHAW LLP

_____

Aaron R. Lubeley
Simon L. Yang
*Attorneys for Defendant Airport Terminal Services, Inc.*

6