UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  **SACV 11-00508-JVS (RNBx)**          Date  March 11, 2013

Title  **Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.**

Present: The Honorable     James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                          Not Present

**Proceedings:**  (In Chambers)   Order re Plaintiff's Motion for Attorney Fees and Non-Taxable Costs (Fld 2-11-13)

The Court, having been informed that the parties submit on the Court's tentative ruling previously issued, hereby GRANTS IN PART the Plaintiff's motion referenced above and rules in accordance with the tentative ruling as follows:

Plaintiff Virginia Velazquez and Steven Berry ("Plaintiffs") move this Court for an award of attorneys' fees and non-taxable costs. (Mot., Docket No. 192.) Defendant Costco Wholesale Corporation ("Costco") opposes the motion. (Opp'n, Docket No. 203.) Plaintiffs have filed a reply brief. (Docket No. 207.) For the following reasons, the Court GRANTS the motion in part.

## I.      Background

Plaintiffs commenced this action in 2011 on behalf of themselves and similarly situated employees against Costco for (1) failure to pay overtime compensation; (2) failure to provide accurate itemized wage statements; (3) "continuing wages" due to failure to pay unpaid wages upon termination; and (4) unfair competition under California Business & Professions Code § 17200 et seq. ("UCL"). (See Compl., Docket No. 1.) On May 31, 2011, Plaintiffs amended their Complaint and added Ed Whitaker ("Whitaker") as a named Plaintiff. (First Amended Compl., Docket No. 15.) On July 14, 2011, the Court dismissed the second claim for failure to provide accurate itemized wage statements. (Docket No. 26.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 11-00508-JVS (RNBx)** | Date | March 11, 2013 |
| Title | **Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.** | | |

     On October 11, 2011, the Court denied Plaintiffs' motion for class certification. (Docket No. 53.) On August 14, 2012, Whitaker's claims were severed and transferred to the Eastern District of California. (Docket No. 69.) On August 27, 2012, the Court granted summary judgment in favor of Costco on Velazquez's "continuing wage" claim. (Docket No. 72.)

     The matter proceeded to bench trial as to Plaintiff Velazquez and Berry's individual claims, including (1) claims for unpaid overtime; (2) Berry's claim for continuing wages; and (3) the UCL claim. (Docket No. 115.) The bench trial resulted in judgment for Plaintiffs on all three causes of action. (Docket No. 181.) Plaintiff Velazquez was awarded $102,144.47 in damages, restitution, and interest, and Plaintiff Berry was awarded $39,262.46 in damages, restitution, and interest. (Id.)

     Plaintiffs now move for an award of attorneys' fees in the sum of $275,872.28 and costs in the amount of $20,930.12. (Mot. Br. 1.)

**II.**      **Legal Standard**

     "State law establishes the required showing for attorney's fees in an action in diversity." Winterrowd v. Am. Gen. Annuity Ins. Co., 556 F.3d 815, 827 (9th Cir. 2009) (citing Kern Oil & Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1388–89 (9th Cir. 1986)); see also Bass v. First Pac. Networks, Inc., 219 F.3d 1052, 1055 n.2 (9th Cir. 2000) ("[A] federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction."). At issue in this case is California Labor Code section 1194, which provides, in relevant part, that:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 11-00508-JVS (RNBx)** | Date | March 11, 2013 |
| Title | **Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.** | | |

"Existing Ninth Circuit precedent has applied state law in determining not only the right to fees, but also in the method of calculating the fees." Mangold v. Cal. Pub. Utilities Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995) (citing Kern, 792 F.2d at 1380). Under California law, as under federal law, the calculation of attorney's fees is guided by the "lodestar/multiplier" analysis. See Ketchum v. Moses, 24 Cal. 4th 1122 (2001); see also Hensley v. Eckerhart, 461 U.S. 424 (1983). "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'" Ketchum, 24 Cal. 4th at 1131–32 (quoting Serrano v. Priest, 20 Cal. 3d 25, 48 (1977)). In determining reasonable compensation, courts "must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation.'" Id. at 1132 (quoting Serrano, 20 Cal. 3d at 48).

After the lodestar figure has been calculated, the court may adjust it upward or downward based on a number of factors, including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." Id. The party seeking attorneys' fees always bears the burden of proving that the fees it seeks are reasonable. Gorman v. Tassajara Dev. Corp., 178 Cal. App. 4th 44, 98 (2009).

### III.     Discussion

Costco does not dispute that California Labor Code § 1194(a) authorizes reasonable attorneys' fees and costs of suit for plaintiffs who succeed on their claims. (Opp'n Br. 4.) Therefore, the Court turns to the issue of whether the requested fees and costs are reasonable. Plaintiffs request an award of $275,872.28, representing a total of 662.80 hours worked multiplied by a mixed hourly rate of $416.22. (Mot. Br. 9, 21; Harris Decl. ¶ 9.)

Costco argues that Plaintiffs' fee request is unreasonable and should be significantly reduced. (Opp'n Br. 1.) It contends that the request is unreasonable because of (1) the request for fees incurred by and for former-plaintiff Whitaker, who has not prevailed; (2) the duplicative nature of the work in this case, for which Plaintiffs' counsel was already compensated following a prior trial; (3) the minimal additional work

3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | <u>SACV 11-00508-JVS (RNBx)</u> | Date | <u>March 11, 2013</u> |
| Title | <u>Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.</u> | | |

actually performed; (4) Plaintiffs' limited success and "the amount of damages awarded as compared to the amount sought"; and (5) the unreasonableness of specific billing entries and non-taxable costs. (<u>Id.</u>) The Court considers these arguments as it discusses the lodestar below.

  **A. Hourly Rate**

 The Court first considers whether the hourly rates charged by Plaintiffs' attorneys are reasonable. Plaintiffs seek to recover attorneys' fees based on the following hourly rates:

| Attorney | Hourly Rate |
|---|---|
| Alan Harris | $600.00 |
| David Zelenski | $322.50 |
| Abigail Treanor | $322.50 |
| Priya Mohan | $322.50 |
| Matthew Kavanaugh | $266.25 |

(Mot. Br. 7.) In support, Plaintiffs submit the relevant experience and background of the attorneys, as well as a declaration from Peter D. Zeughauser. (Harris Decl. ¶¶ 2–6, 8 & Ex. 2, Docket No. 193.) Plaintiffs also contend that these hourly rates are reasonable because they were approved by the court in the single-plaintiff action <u>Drenckhahn v. Costco Wholesale Corp.</u>, 2:08-cv-1408 JHN (SSx). (RJN, Ex. 4, at 10, Docket No. 194.) <u>Drenckhahn</u> was an unpaid-overtime case brought by a former Costco receiving manager, in which the plaintiff was awarded a judgment of $57,108.13. (RJN Ex 1; Ex. 3.) In <u>Drenckhahn</u>, the court reduced Mr. Harris's hourly rate from $800 to $600, taking into considering his "skill, experience, and reputation," as well as "the relatively small damage award and the straight-forward issues presented in this single plaintiff wage-and-hour claim." (Ex. 4, at 9.) The court also applied a 25 percent reduction to the requested hourly rates of other counsel, thus resulting in the rates charted above. (<u>Id.</u> at 10.) Plaintiffs argue that, since these same rates were previously approved by the Central District, "they should be approved once again by the within Court." (Mot. Br. 24.)

4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | <u>**SACV 11-00508-JVS (RNBx)**</u> | Date | <u>March 11, 2013</u> |
| Title | <u>**Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.**</u> | | |

    Costco contends that Mr. Harris's rate of $600 is unreasonable, and should be reduced to $425 an hour. (Opp'n Br. 15.) First, it argues that Plaintiffs do not submit any evidence that reasonable, paying clients would pay a $600 rate for this type of litigation. Second, it contends that actual evidence shows that the hourly rate is unreasonable, citing a report indicating that attorneys with more than 31 years in practice have an average rate of $465. (Opp'n, Yang Decl. ¶ 6, Docket No. 204.) It also gives evidence of hourly rates for its own counsel in this matter, ranging from $315 to $468. (Id.) Lastly, it argues that the Court should not permit an hourly rate greater than $481, which is the reduced hourly rate applied in <u>Jacobs v. Cal. State. Auto. Ass'n Inter-Ins. Bureau</u>, 2009 WL 3562871, at *4 (N.D. Cal. 2009). There, the court reduced Mr. Harris's hourly rate to $481. Id. The plaintiffs in that case reached a settlement in the amount of $1,500,000.00. Id. at *1.

    After reviewing the papers, the Court finds that the hourly rates requested are reasonable. As Plaintiffs point out, the Court must follow the lodestar test and not the "paying client rate" test set forth in the Second Circuit's <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections</u>, 522 F.3d 182, 189 (2nd Cir. 2007). Instead, a reasonable hourly rate is measured by the reasonable market value of the attorney's services. <u>Chacon v. Litke</u>, 181 Cal. App. 4th 1234, 1260 (2010). And based on prevailing market rates and the skills and experience of Plaintiffs' counsel, the rates requested are fair.

    In sum, the Court adopts the hourly rates requested by Plaintiffs.

    **B.    Number of Hours**

    The Court now considers the calculation of hours that Plaintiffs' counsel has devoted to this case.

    Plaintiffs' counsel have worked a total of 773.10 hours and anticipate working an additional twenty hours. (Harris Decl. ¶¶ 7, 13.) Of the total 793.10 total hours, Plaintiffs' counsel contends that they have voluntarily reduced that total time by 130.30 hours for a total of 662.80 hours. (Id.) This eliminated time "represents hours working on class-certification matters" and "hours spent working on Ed Whitaker's claims." (Mot. Br. 8; Harris Decl. ¶ 7.) Furthermore, the eliminated time represents hours spent working with an expert witness whose testimony was not used at trial and time spent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | __SACV 11-00508-JVS (RNBx)__ | Date | March 11, 2013 |
|---|---|---|---|
| Title | __Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.__ | | |

drafting initial objections to Costco's trial declarations. (Id.) In support of their motion, Plaintiffs submit time entries of all attorneys who worked on this case. (Harris Decl. ¶ 7 & Ex 1.)

Costco contends that counsel's billing times are unreasonable and must be further reduced, as discussed below.

### 1. *Hours worked generally*

In general, based on the previous Drenckhahn case, Costco argues that the 662.80 hours of time of unreasonable. First, it is 240 more hours than the Drenckhahn matter required.[1] (Opp'n Br. 9.) Costco also contends that Plaintiffs' counsel merely duplicated work they already performed in Drenckhahn. (Opp'n Br. 10–11.) Specifically, Plaintiffs' trial plan "merely sought to re-try Drenckhahn by eliciting testimony from those disclosed and discovered in other lawsuits but not here." (Id. at 11.) Lastly, Costco argues that this matter required much less work than the Drenckhahn in "almost every regard." (See Opp'n Br. 12 tbl.) For support, it points out that Costco's counsel billed just 61.7% of the attorneys' fees that it billed in Drenckhahn. (Yang Decl. ¶ 6.) Both cases also involved straightforward issues regarding simple wage-and-hour claims. (Opp'n Br. 12.)

The Court does not find Costco's wholesale argument convincing given that this case concerns different plaintiffs and thus a different set of facts and evidence. (See Reply Br. 20–22.) The fact that counsel benefitted from some of its work in a prior case does not render its request for hours presumptively unreasonable.

Further, Costco specifically lists fees that should be eliminated. The Court addresses these challenges in turn.

### 2. *Hours worked on Whitaker's claims*

Costco contends that Plaintiffs have insufficiently reduced their number of hours to

---

[1] As Plaintiffs point out, although the hours requested here exceed the amount awarded in Drenckhahn, they do not exceed the number of hours counsel actually worked in that matter. (See Reply Br. 5–6; RJN, Ex. 4, at 11.)

6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 11-00508-JVS (RNBx)** | Date | March 11, 2013 |
| Title | **Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.** | | |

account for time spent working on behalf of Whitaker, whose claims were severed on August 14, 2012. (Opp'n Br. 7–8.) For instance, Plaintiffs merely eliminate 18.20 hours to account for this work, and over half of those hours were related to Whitaker's deposition. (Id. at 7.) Costco also point to a billing entry in which Plaintiffs request fees for work done on Whitaker's behalf. (See Harris Decl. Ex. 1, at 18.) Furthermore, it argues that Plaintiffs have not eliminated billing entries reflecting time benefitting Whitaker but not specifically naming him—for example, time spent responding to written discovery requests that do not distinguish between Plaintiffs' discovery as oppose to Whitaker's. (Opp'n Br. 8; see Harris Decl. Ex. 1, at 11.) Costco therefore requests that, prior to August 14, 2012, such time spent not specifically identifying any Plaintiff should be reduced by one third. (See Yang Decl. Ex. 3.)

The Court agrees that some reduction is necessary given the fact that Whitaker is not a prevailing plaintiff and Plaintiffs cannot recovery for time spent advancing his claims. However, it recognizes that the number of hours cannot merely be reduced by one-third, as there is work that cannot be meaningfully divided because of the facts and law common to all Plaintiffs. The Court thus reduces any billing entries prior to August 14, 2012 that do not specifically identify any Plaintiff by 15 percent. Entries that mention one Plaintiff and Whitaker shall be reduced by 30 percent. Moreover, Plaintiffs shall discount any remaining time entries referring to Whitaker that have not yet been eliminated.

> 2. *Fees for the nonprevailing portion of Velazquez's Claims; fees for unsuccessfully opposing summary adjudication*

Costco contends that Velazquez only prevailed on 71 percent of her claim since it obtained partial summary judgment on her pre-December 30, 2005 overtime claim because it was time barred. (Opp'n Br. 19.) Thus, 29 percent of her recovery does not permit recovery of attorneys' fees. (See Yang Decl. Ex. 7.)

The Court declines to reduce these fees. Under the standard set forth in Hensley v. Eckerhart, 461 U.S. 424, 435 (2003), "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." (See Reply Br. 12–13.) Moreover, her unsuccessful overtime claim was substantially related to her successful claims and based on the same Labor Code provision. Thus, the fee award need not be reduced given that Velazquez "won substantial relief" on her overtime

7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | <u>**SACV 11-00508-JVS (RNBx)**</u> | Date | <u>March 11, 2013</u> |
| Title | <u>**Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.**</u> | | |

claim. <u>See</u> 461 U.S. at 440.

    Similarly, the Court declines to eliminate these fees for work expended opposing that partial summary judgment motion. (<u>See</u> Yang Decl. Ex. 6.) These hours were reasonably spent litigating the ultimately successful overtime claim. <u>See id.</u> at 435 ("[T]he court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.").

    3.    *Fees for opposing Costco's motion to sever and transfer*

    Costco contends that fees opposing the motion to transfer were incurred on Whitaker's behalf. (Yang Decl. Ex. 5.) However, as Plaintiff points out, in opposing the motion to transfer, results were ultimately obtained that benefitted both Plaintiffs Velazquez and Berry. (Reply Br. 17–18.) "Apportionment is not required when the issues in the fee and nonfee claims are so inextricably intertwined that it would be impractical or impossible to separate the attorney's time into compensable and noncompensable units." <u>Graciano v. Robinson Ford Sales, Inc.</u>, 144 Cal. App. 4th 140, 159 (2006). Thus, the Court declines to eliminate these fees.

    5.    *Fees for "clerical or secretarial work at attorney hourly rates"*

    Costco argues that fees for clerical or secretarial work should be eliminated. (Yang Decl. Ex. 8.) In their reply, Plaintiffs agree to eliminate 18.90 hours for tasks "such as electronic filing, organization and scanning of documents, calendaring, and preparing proofs of service." (Reply Br. 24; Harris Reply Decl. ¶ 11, Docket No. 208.) The Court finds that this reduction is sufficient to address the need to eliminate fees for clerical work.

    6.    *Fees and costs for travel time*

    Costco contends that fees for travel time and costs for mileage are unreasonable. (Yang Decl. Ex. 9.) Specifically, Costco argues that paying for travel time is "outmoded" and many of Costco's clients preclude counsel from billing any travel time. (Opp'n Br. 21–22.) However, it cites no evidence for this claim. On the other hand, Plaintiffs point out that prevailing parties are often granted their full hourly rate for reasonably expended travel time. (Reply Br. 24–25 (citing <u>Marbled Murrelet v. Pac. Lumber Co.</u>, 163 F.R.D.

Case 5:11-cv-01046-VAP-SP Document 39-6 Filed 09/26/13 Page 9 of 10 Page ID #:1593

Case 8:11-cv-00508-JVS-RNB Document 211 Filed 03/11/13 Page 9 of 10 Page ID #:11893

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 11-00508-JVS (RNBx)** | Date | March 11, 2013 |
| Title | **Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.** | | |

308, 327 (N.D. Cal. 1995); In re Immune Response Sec. Litig., 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007).) Thus, the Court declines to eliminate these fees or costs.

**C. Request for Costs**

Plaintiffs also request non-taxable costs in the amount of $20,930.12. (Harris Decl. ¶ 14.) California Labor Code § 1194(a) expressly provides for recovery of litigation costs. However, Costco contends that the following reductions should be made to the award of costs:

1. *Costs already requested and settled in connection with the bill of costs*

Plaintiffs previously filed an application to the clerk to tax costs in the amount of $5,409.10. (See Docket No. 182.) According to Costco, the parties have since settled the claim, and thus any costs duplicative of those settled should be denied. (Opp'n Br. 22; Ex. 10.) Plaintiffs do not discuss this issue in their reply brief. Thus, the Court cannot discern whether any requested costs are duplicative. However, to the extent that any costs in Plaintiffs' request have already been settled, those costs shall not be awarded.

2 *$13,251.47 in block-billed, vague, or excessive costs*

Costco also contends that block-billed, vague, or excessive costs should be eliminated, including copying costs, courier costs, and legal research costs. (Yang Decl. Ex. 11.) After reviewing the list of costs, the Court finds that the amount is generally reasonable. Moreover, Plaintiffs have shown that courts have used their discretion to award such costs. (See Reply Br. 25.) However, the Court finds that some reductions are necessary. For instance, there are entries prior to August 14, 2012 that do not name a particular Plaintiff, and so it is difficult to determine if the costs and expenses were made to benefit Whitaker's claim. Moreover, as Costco points out, courts in this district have reduced legal research costs to account for overhead. See Pierce v. Cnty. of Orange, 2012 WL 5906663, at *23 (C.D. Cal. Mar. 2, 2012) (listing cases). Lastly, Costco notes that the amount requested for copying costs is vague and excessive. (Opp'n Br. 23.) The Court agrees that most of the entries for copying are not sufficiently specific so that it may evaluate their reasonableness. (See Harris Decl. Ex. 1, at 43–44.)

Thus, to account for expenses that may have been improperly included in

9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 11-00508-JVS (RNBx)** | Date | March 11, 2013 |
| Title | **Virginia Velazquez, et al. v. Costco Wholesale Corp., et al.** | | |

Plaintiffs' request for costs, the Court makes the following reductions: (1) a reduction of 25 percent for all research costs and copying costs; and (2) a reduction of 15 percent thereafter for all costs incurred before August 14, 2012 not naming a particular Plaintiff.

    3.  *Costs incurred solely on behalf of Whitaker*

Lastly, Costco argues that costs incurred on behalf of Whitaker are unreasonable because he is a nonprevailing party. (Yang Decl. Ex. 4.) The Court agrees, and any costs incurred solely for the prosecution of Whitaker's claims are also denied.

**IV.**  **Conclusion**

For the foregoing reasons, the motion is GRANTED in part. Plaintiff shall recalculate fees based on the approved hourly rates and the reduction of hours billed on certain tasks, as set forth in this ruling. Plaintiffs shall also recalculate costs in accordance with this order. Thereafter, the parties shall meet and confer to reach a joint proposed order regarding the fee award. Plaintiff's counsel shall submit a proposed order and final judgment within 20 days.

IT IS ORDERED.

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |