Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
4771 Cromwell Avenue
Los Angeles, California 90027
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
78-560 Via Bolero
La Quinta, California 92253
Telephone: (760) 564-3804
Facsimile: (760) 564-3807
jpdorigan@aol.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE McDONALD, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1–100, inclusive,<br><br>        Defendants. | Case No. EDCV 11-01946 VAP (SPx)<br><br>**DECLARATION OF DAVID ZELENSKI IN RESPONSE TO OBJECTION TO PROPOSED SETTLEMENT**<br><br>*Assigned to Hon. Virginia A. Phillips*<br><br>Date: November 18, 2013<br>Time: 2:00 p.m.<br>Courtroom: 2 |

1    **DAVID ZELENSKI** declares under penalty of perjury of the laws of the United

2    States and the State of California as follows:

3        1.    I am a member in good standing of the State Bar of California and am one of

4    the attorneys for Plaintiff Collette McDonald in the within action.  I make this

5    Declaration in response to the lone "Objection to Proposed Settlement" submitted herein.

6    I aver that all of the documents appended to this Declaration have been maintained in my

7    office in the ordinary course of business under my direction and control, and, if sworn as

8    a witness, I could competently testify to each and every fact set forth herein from my own

9    personal knowledge.

10        2.    On June 24, 2013, Plaintiff's Motion for preliminary approval of the

11    Settlement Agreement and General Release ("Settlement Agreement") came on for

12    hearing.[1]  During the hearing, the Court issued a Tentative Ruling addressing issues of

13    commonality and Class Counsel's lodestar.  A true and correct copy of the Tentative

14    Ruling is attached hereto as **Exhibit 1**.  At the conclusion of the hearing, the Court

15    requested supplemental briefing addressing these points.

16        3.    After Plaintiff had filed her supplemental briefing, the Court granted

17    preliminary approval of the Settlement Agreement and directed that the Class Notice,

18    claim form, and opt-out form be delivered to the Settlement Class.  In response to the

19    Class Notice, Class Counsel received only one objection—the "Objection to Proposed

20    Settlement" submitted by Silvija Spahn.  The papers submitted with Ms. Spahn's

21    Objection—received by my office on or about September 10, 2013—consist entirely of

22    the same documents that were submitted to the Court as reflected in the Court's

23    September 20, 2013, Notice of Document Discrepancies rejecting the Objection.  A true

24    and correct copy of the Court's Notice of Document Discrepancies—including the papers

25    submitted by Ms. Spahn in support of the Objection—is attached hereto as **Exhibit 2**.

26        4.    As of the execution of this Declaration, Class Counsel have not received any

27  _____

28    [1] Unless otherwise noted, capitalized terms used herein have the meanings set forth in
the Settlement Agreement, attached most recently as Exhibit 1 to the October 21, 2013,
Declaration of Alan Harris in support of final approval.

other objections to the Settlement Agreement.  Furthermore, according to the Court's docket, no further objections have been filed with the Court.  A true and correct copy of the Court's docket, printed out from the Court's PACER system, is attached hereto as **Exhibit 3**.  As reflected by the docket, since the Court's rejection of Ms. Spahn's Objection, she has never re-filed her Objection or filed any further papers.  She has also never served Class Counsel with any further papers in support of her Objection.

5.    As reflected in the Notice of Document Discrepancies, certain of the documents submitted with Ms. Spahn's Objection appear to have been signed by John C. Spahn.  In those documents, Mr. Spahn represents that he is an attorney licensed to practice law in the State of California and that he is a member of the United States District Court, Central District of California.  Mr. Spahn is also registered with the California State Bar at the same address as Ms. Spahn:  401 South El Cielo Road, Apartment 188, Palm Springs, California 92262.  A true and correct copy of a printout from the California State Bar's website reflecting this fact is attached hereto as **Exhibit 4**.

6.    Although my office's contact information—including a telephone number—was provided on the Class Notice delivered to the Settlement Class, neither Ms. Spahn nor Mr. Spahn ever contacted me or my colleagues to discuss the Objection or to request any documents.  As a matter of fact, on September 10, 2013, I called the telephone number listed on the Objection.  No one answered my call, so I left a voicemail message.  To date, no one has returned my call.

I have read the foregoing, and the facts set forth therein are true and correct of my own personal knowledge.  Executed November 8, 2013, in the County of Los Angeles, State of California.

_____/s/ *David Zelenski*_____
David Zelenski

DECL. OF DAVID ZELENSKI IN RESP. TO OBJECTION TO PROPOSED SETTLEMENT

# EXHIBIT 1



**TENTATIVE**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-1946VAP(SPx)                     Date:  June 24, 2013

Title:   COLLETTE McDONALD, individually and on behalf of all others similarly situated -v- AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, inclusive
================================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard                              None Present
Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR                 ATTORNEYS PRESENT FOR
PLAINTIFFS:                           DEFENDANTS:

        None                                 None

PROCEEDINGS:         MINUTE ORDER DENYING PLAINTIFF'S MOTION FOR
                     PRELIMINARY APPROVAL OF CLASS ACTION
                     SETTLEMENT (IN CHAMBERS)

     Before the Court is a Motion for Preliminary Approval of Class-Action Settlement and Conditional Certification of Settlement Class filed by Plaintiff Collette McDonald ("Plaintiff") on behalf of herself and others similarly situated ("Proposed Class Members") (Doc. No. 26) ("Motion" or "Mot.").  For the reasons set forth below, the Court DENIES Plaintiff's Motion.

### I. BACKGROUND
     On November 2, 2011, Plaintiff filed a complaint in the California Superior Court (Ex. 1 to Not. of Removal (Doc. No. 1) ("Complaint") against Defendant Airport

MINUTES FORM 11                         Initials of Deputy Clerk _____
CIVIL -- GEN
                          Page 1

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-
100, inclusive
MINUTE ORDER of June 24, 2013

Terminal Services ("Defendant"), alleging (1) failure to provide meal-period wages in
violation of Cal. Labor Code §§ 226.7 and 512; (2) failure to provide adequate pay
stubs in violation of Cal. Labor Code § 226; (3) failure to reimburse for uniform-
maintenance expenses in violation of Cal. Labor Code § 2802; (4) failure to timely
pay all wages in violation of Cal. Labor Code §§ 201-203; and (5) violation of Cal.
Bus. & Prof. Code §§ 17200, et seq. (See Compl.)[1]

On December 9, 2011, Defendant removed the action to this Court.  (See Not.
of Removal.)

On October 25, 2012, Plaintiff filed a Notice of Tentative Settlement, providing
that the parties intended to have a settlement agreement executed by November 15,
2012.  (See Doc. No. 21 ("Notice of Tentative Settlement") at 2.)

On May 2, 2013, this Court issued an Order to Show Cause regarding
dismissal for failure to prosecute.  (Doc. No. 22 ("OSC").)  On May 10, 2013, Plaintiff
responded that though the parties had completed a "short-form Memorandum of
Understanding" in October of 2012, they were still "actively engaged in negotiating a
long-form Settlement Agreement and General Release" and awaiting execution of
the settlement agreement.  (See Doc. No. 23 ("Response").)  On May 15, 2013,
Plaintiff filed a Notice of Execution of the Long-Form Settlement Agreement.  (See
Doc. No. 24.)

On May 23, 2013, Plaintiff filed the instant Motion.  With the Motion, Plaintiff
filed the Declaration of Alan Harris (Doc. No. 27) ("Harris Decl.") with Exhibit 1 (Doc.
No. 27-1) ("Proposed Settlement Agreement") and Exhibit 2 (Doc. No. 27-2)
("Proposed Class Notice"); and the Declaration of Collette McDonald (Doc. No. 28)
("McDonald Decl.").  On May 31, 2013, Defendant filed a Notice of Non-Opposition
to Plaintiff's Motion for Preliminary Approval (Doc. No. 30).

---

[1]Although the parties stipulated for an extension of time to file a first
amended complaint ("FAC") (see Doc. No. 20), the FAC was never filed.

MINUTES FORM 11                                    Initials of Deputy Clerk _____
CIVIL -- GEN                        Page 2

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, inclusive
MINUTE ORDER of June 24, 2013

# II. LEGAL STANDARDS

## A.    Class Certification

Parties seeking class certification for settlement purposes must satisfy the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1996).  A court considering such a request should give the Rule 23 certification factors "undiluted, even heightened, attention in the settlement context."  Id.

To bring a class action under Rule 23(a), a plaintiff must demonstrate:
(1) the class is so numerous that joinder of all members is impracticable ["numerosity"]; (2) there are questions of law or fact common to the class ["commonality"]; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ["typicality"]; and (4) the representative parties will fairly and adequately protect the interests of the class ["adequacy of representation"].

Fed. R. Civ. P. 23(a).

In addition to these requirements, a plaintiff must satisfy one of the Rule 23(b) prongs to maintain a class action.  Here, Plaintiffs move for class certification under Rule 23(b)(3).  (Mot. at 19.)

Where a plaintiff moves for class certification under Rule 23(b)(3), she must prove:

the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include: (A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against

Initials of Deputy Clerk _____

class members; [and] (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum.[2]
Fed. R. Civ. P. 23(b)(3).

## B.    Preliminary Approval of Settlement Under Rule 23

Rule 23(e) states: "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  The Court must hold a hearing and find that the settlement "is fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  Review of a proposed settlement generally proceeds in two stages, a hearing on preliminary approval followed by a final fairness hearing.  See Federal Judicial Center, Manual for Complex Litigation, § 21. 632 (4th ed. 2004).

At the preliminary approval stage, a court determines whether a proposed settlement is "within the range of possible approval" and whether or not notice should be sent to class members.  Vasquez v. Coast Valley Roofing, Inc., 670 F. Supp. 2d 1125 (E.D. Cal. 2009); In re Tableware Antitrust Liti., 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); In re Corrugated Container Antitrust Litig., 643 F.2d 195, 205 (5th Cir. 1981); Gautreaux v. Pierce, 690 F.2d 616, 621 n. 3 (7th Cir. 1982) (stating the purpose of a preliminary approval hearing is to "ascertain where there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing."); Manual for Complex Litigation, § 21.632.

## III. DISCUSSION

## A.    Rule 23 Class Certification

In the Complaint, Plaintiff seeks certification of a California settlement class, described as: "[a]ll persons employed by ATS in California and commonly referred to

---

[2]The Court need not consider a fourth factor – the likely difficulties in managing a class action – in the context of a class action settlement.

Initials of Deputy Clerk _____

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, inclusive
MINUTE ORDER of June 24, 2013

as [Airport Agents][3] from approximately October 12, 2007, to the date of the filing of a motion for class certification." (Compl. ¶ 19.)

Plaintiffs have not sufficiently established a proper basis for class certification under Rule 23(a), as discussed below.

### 1.    Numerosity

To satisfy the numerosity requirement under Rule 23(a)(1), joinder of all class members must be "impracticable," but not necessarily impossible. Parkinson v. Hyundai Motor Am., 258 F.R.D. 580, 588 (C.D. Cal. 2008). "Plaintiffs need not identify with precision the number of class members and may instead rely on reasonable inferences." Id. Furthermore, there is no specific number requirement, as the court may examine the specific facts of each case. Ballard v. Equifax Check Servs., INc., 186 F.R.D. 589, 594 (E.D. Cal. 1999). Indeed, courts have not required evidence of a specific class size or identity of class members to satisfy the requirements of Rule 23(a)(4). Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993).

Here, Plaintiff states "there are approximately 1,098 individuals who have been employed [by Defendant] in California since November 2, 2007." (Harris Decl. ¶ 7.) Plaintiff has specifically identified the number of Proposed Class Members, and bases this number on reasonable investigation and inference: information gleaned from Defendant's payroll and personnel records. (See Proposed First Amended Complaint (Ex. A to Doc. No. 20) ¶ 20.) It would be impractical to join 1,098 individuals. Accordingly, Plaintiff has satisfied the numerosity requirement.

---

[3]Plaintiff includes the following under the label Airport Agents: Agents, Lead Agents, Supervisor Agents, Ramp Agents, Ramp Leads, Ramp Supervisors, Cargo Agents, Cargo Leads, Cargo Supervisors, Passenger Service Agents, Passenger Service Leads, Passenger Service Supervisors, Station Agents, Lead Station Agents, Supervisor Station Agents, and Cabin Grooming Agents. (Compl. at ¶ 19.)

Initials of Deputy Clerk _____

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-
100, inclusive
MINUTE ORDER of June 24, 2013

## 2.    Commonality

Commonality is "the rule requiring a plaintiff to show that 'there are quests of law or fact common to the class.'"  <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541, 2551-52 (2011) (quoting Fed. R. Civ. P. 23(a)(2)).  "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'"  <u>Id.</u> (quoting <u>General Telephone Co. of Southwest v. Falcon</u>, 457 U.S. 147, 157 (1982)). "Their claims must depend upon a common contention."  <u>Id.</u> at 2551.  Even a single common question will suffice.  <u>Id.</u> at 2556.

Here, Plaintiff identifies four common issues in her Complaint: (1) whether Defendant's policy of not providing meal-period premium wages for documented inadequate meal breaks violates the California Labor Code's express requirement that wages be provided for missed meal breaks, as well as the requirement that pay stubs reflect all compensation due and owing; (2) whether Defendant is required to reimburse Airport Agents for uniform-cleaning costs; (3) whether the failure to reimburse for uniform-cleaning costs (as well as the failure to provide meal-period premium wages) constitutes a failure to pay all outstanding wages upon the termination of employment; and (4) whether Defendant's policy constitutes unfair competition.  (Compl. ¶ 26.)

Plaintiff fails to provide evidence in support of a finding regarding these common questions.  The only evidence Plaintiff sets forth is that the payroll records of 410 of the 1,098 Potential Class Members were stamped with a "NO LUNCH" coding, indicating their meal periods were canceled.  (Harris Decl. ¶ 7.)  Plaintiff declares she did not receive meal-period premium pay when her pay records were stamped with a "NO LUNCH" coding.  (McDonald Decl. ¶ 6.)  Plaintiff, however, has not set forth any other evidence to demonstrate a common question.  Accordingly, Plaintiff has not satisfied the commonality requirement.

## 3.    Typicality

The Ninth Circuit in <u>Hanlon v. Chrysler Corp.</u> explained that "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  150 F.3d 1011, 1020 (9th Cir. 1998).  Thus, to find typicality, a "court does not need to find that the claims of the

Initials of Deputy Clerk _____

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, inclusive
MINUTE ORDER of June 24, 2013

purported class representatives are identical to the claims of the other class members." <u>Haley</u>, 169 F.R.D. at 649.  The class representative "must be able to pursue [her] claims under the same legal or remedial theories as the unrepresented class members." <u>Paxil</u>, 212 F.R.D. at 549.

Here, Plaintiff argues:

> The fact-pattern for Plaintiff is similar, if not identical, to the fact pattern for other Settlement Class members: Plaintiff and Settlement Class members earned hourly wages but were never provided meal-period compensation for documented cancelled meals, and they were required to shoulder the expense of maintaining their uniforms.

(Mot. at 19.)  Plaintiff provides her own declaration in support of her argument, in which she declares: (1) she is a "former hourly-paid employee of [Defendant] (McDonald Decl. ¶ 2.); and (2) she "believe[s] that [her] individual claims are typical of the claims of [Defendant's] other employees in that, among other things, [she] did not receive meal-period 'premium' pay for those instances when [her] time sheets reflect a 'NO LUNCH' coding" (McDonald Decl. ¶ 6).

Plaintiff's evidence is insufficient.  Plaintiff does not present evidence regarding when she worked for Defendant and what position she held.  Moreover, Plaintiff does not present sufficient evidence demonstrating how her claims are typical of the class.  Accordingly, Plaintiff has not satisfied the typicality requirement.

### 4.    Adequacy of Representation

Rule 23(a)(4) demands that "representative parties will fairly and adequately protect the interests of the class."  This determination "is a question of fact that depends on the circumstances of each case." <u>In re Nat'l W. Life Ins. Deferred Annuities Litig.</u>, No. 05-1018, 2010 WL 2735732, at *5 (S.D. Cal. July 12, 2010) (citing <u>McGowan v. Faulkner Concrete Pipe Co.</u>, 659 F.2d 554, 559 (5th Cir. 1981)).

> Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[,] and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, inclusive
MINUTE ORDER of June 24, 2013

<u>Hanlon</u>, 150 F.3d at 1020.

As to the adequacy of the named Plaintiff, Plaintiff declares she has substantially contributed to the pursuit of the action on behalf of the proposed class by discussing the case for "more than fifteen hours" with counsel, spending "additional numerous hours" reviewing various documents related to her employment, providing her attorneys with the factual background to understand these documents, and attending a full-day mediation session.  (McDonald Decl. ¶¶ 3-4.)  Plaintiff also declares that she does not have a conflict of interest.  (<u>Id.</u> at ¶¶ 5-6.)

Plaintiff undoubtedly has spent time being involved in this action. The Proposed Settlement Agreement, however, sets forth an incentive award payment of $5,000.00 for her.  (Mot. at 10.)  This is significantly larger than the approximately $180 payment to each of the Proposed Class Members.  (<u>Id.</u>)  "Where, as here, the class representatives face significantly different financial incentives than the rest of the class because of the conditional incentive awards that are built into the structure of the settlement, we cannot say that the representatives are adequate."  <u>Radcliffe v. Experian Information Solutions, Inc.</u>, ___ F.3d ___, 2013 WL 1831760, at *6 (9th Cir. May 2, 2013).  A class representative's "divergent interests, as a result of the conditional incentive payments, undermine[ his or her] ability to 'fairly and adequately protect the interests of the class.'"  <u>Id.</u> (citing Fed. R. Civ. P. 23(a)(4)).  Accordingly, because of the significantly large incentive payment, when compared to the potential award for other Proposed Class Members, Plaintiff has not demonstrated she can fairly and adequately represent the proposed class.

As to the adequacy of class counsel, Plaintiff seeks to appoint as class counsel Alan Harris ("Harris") and David Zelenski ("Zelenski") from Harris & Ruble, and John P. Dorigan ("Dorigan") of the Law Offices of John P. Dorigan.  (Proposed Settlement Agreement at 1.)  In determining adequacy of counsel pursuant to Rule 23(g), the Court:

> must consider: (I) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, inclusive
MINUTE ORDER of June 24, 2013

asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1).

Harris's declaration details the work that he and Zelenski have completed thus far in prosecuting this action and negotiating a settlement. (Harris Decl. ¶¶ 4-8.) Harris has "been appointed to lead class counsel in many wage-and-hour class actions," in addition to representing "plaintiffs in complex business litigation for over thirty-six years" and employees in numerous wage cases. (Harris Decl. ¶ 2.) Zelenski "has also been appointed class counsel in numerous wage-and-hour actions." (Id. at ¶ 3.) Neither Harris nor Zelenski have a conflict of interest with Plaintiff or any class members. (Id. at ¶ 12.) As to Harris and Zelenski, Plaintiff has sufficiently established their "ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Unlike Harris and Zelenski, however, there is no evidence submitted setting forth Dorigan's qualifications. It has not been proven, therefore, that Dorigan can fairly and adequately represent the class.

Accordingly, while Plaintiff not submitted evidence to establish the adequacy of Dorigan, she has submitted evidence to establish the adequacy of Harris and Zelenski as class counsel. Therefore, Plaintiff has demonstrated counsel's "ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### 5. Class Certification Under Rule 23(b)(3)

Plaintiff requests class certification under Rule 23(b)(3). (See Mot. at 19-20.) Rule 23(b)(3) applies where "the court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Pertinent matters to consider include (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or

MINUTES FORM 11
CIVIL -- GEN                                    Initials of Deputy Clerk _____

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, Individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, inclusive
MINUTE ORDER of June 24, 2013

undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class. Fed. R. Civ. P. 23(b)(3).

The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation" and "focuses on the relationship between the common and individual issues." Hanlon, 150 F.3d at 1022 (internal quotation marks and citations omitted). "When common questions represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1778. When one or more of the central issues in the action are common to the class and can be deemed to predominate, certification may be proper under Rule 23(b)(3) even though other important matters, such as damages or affirmative defenses, will have to be tried separately. (Id.)

As discussed above, Plaintiff has not established that commonality exists among class members. As such, the Court cannot determine whether common and central issues predominate over questions affecting individual members. Thus, Plaintiffs do not satisfy Rule 23(b)(3).

## B.    Fairness and Adequacy of Settlement Agreement

In determining whether or not the settlement is fair, reasonable, and adequate, courts balance several factors, including: (1) whether the proposed settlement appears to be the product of serious, informed, non-collusive negotiations; (2) the strength of plaintiffs' case; (3) the risk, expense, complexity, and likely duration of further litigation; (4) the risk of maintaining class action status throughout the trial; (5) the amount offered in settlement; (6) the extent of discovery completed, and the stage of the proceedings; (7) the experience and views of counsel; (8) the presence of a governmental participant;[4] and (9) the reaction of the class members to the proposed settlement. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1291 (9th Cir. 1992); In re Tableware Antitrust Litig., 484 F. Supp. 2d at 1079 (citing Manual for Complex Litigation, Second § 30.44 (1985)).

--------

[4]As this factor does not apply to this case, the Court does not address it.

MINUTES FORM 11
CIVIL -- GEN

Initials of Deputy Clerk _____

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, inclusive
MINUTE ORDER of June 24, 2013

## 1.    Settlement Agreement Terms
### a.    Parties to the Settlement Agreement

The Proposed Settlement Agreement is between Plaintiff Collette McDonald, individually and on behalf of others similarly situated on the one hand, and Defendant Airport Terminal Services, Inc., on the other hand. (Proposed Settlement Agreement at 1.)

### b.    Settlement Payments

The Proposed Settlement Agreement requires Defendant to pay a total settlement sum of $250,000 ("Gross Settlement Payment"). (Proposed Settlement Agreement at 3.) The Gross Settlement Payment shall be used to satisfy: (I) attorneys' fees and costs; (ii) claims-administration fees; (iii) Plaintiff's enhancement payment; (iv) payment to Class Members; and (v) any and all payments (and associated costs) required by the Proposed Settlement Agreement. (Proposed Settlement Agreement at 3.) In terms of the payment to the settlement class, after deducting attorneys' fees, Plaintiff's enhancement award, any tax liabilities, and claim administration fees, the balance (the "Net Settlement Fund" or "NSF") will be distributed to Proposed Class Members who submit valid and timely claim forms. (Id. at 4.) Two-thirds of the NSF will be evenly distributed among all Proposed Class Members who submit valid and timely claim forms. (Id.) The remaining one-third of the NSF will be distributed pro rata based on the number of canceled meal periods as reported by Defendant. (Id.)

Assuming the Court approves $82,500 in attorneys' fees (33% of the Gross Settlement Payment), $15,000 in litigation expenses, $20,000 in claims-administration expenses, and a $5,000 incentive award for Plaintiff, $127,500 will remain for distribution to participating class members. (Mot. at 10.) Assuming participation from 100% of the Proposed Class Members, the average net payment to proposed class members who experienced canceled meals will be $103.65, and the average net payment to proposed class members for non-meal break claims will be $77.42. (Id.)

MINUTES FORM 11
CIVIL -- GEN
Initials of Deputy Clerk _____

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, Inclusive
MINUTE ORDER of June 24, 2013

### c.    Non-Monetary Relief

Under the Proposed Settlement Agreement, Defendant agrees to provide the following non-monetary relief, within 180 days of final approval of the settlement: (1) Defendant will provide refresher training to supervisors to clarify that all breaks that do not interfere with airline routes, rates, or services are permitted and authorized; (2) Defendant will inquire with third-party airport operators and regulators whether mats are permitted and, if permitted, will request their installation at work locations; (3) Defendant will inquire with third-party operators and regulators whether additional seating is permitted and, if permitted, will request provision of such seating at locations where it will not interfere with the nature of, or practical realities regarding, the work performed.  (Mot. at 11-12; Proposed Settlement Agreement at 5.)

### 2.    Whether the Proposed Settlement Is the Product of Non-collusive Negotiations

The Proposed Settlement Agreement appears to be the product of non-collusive negotiations.  The parties conducted extensive negotiations, including several settlement offers and counter-offers.  (Harris Decl. ¶ 8.)  The parties agreed to work with a private mediator in June 2012, and participated in mediation in September 2012.  (Id.)  The mediation was fruitful, and resulted in a short-form memorandum of understanding providing for the creation of a $250,000 settlement fund.  (Id.)  Since the execution of that memorandum, the parties proceeded to negotiate the terms of a long-form settlement agreement encompassing the terms of the memorandum of understanding.  (Id.)  These negotiations resulted in the execution of the Proposed Settlement Agreement in May 2013.  The Proposed Settlement Agreement appears to be the product of arm's length, informed, and non-collusive negotiations, and the Court finds this factor weighs in favor of approval.

### 3.    Strength of Plaintiff's Case

Plaintiff concedes that "certain potentially dispositive defenses exist that may obviate any and all damages in this case."  (Harris Decl. ¶ 9 (emphasis in original).)  First, Plaintiff's meal-break claims may be preempted under the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713.  (Mot. at 21; Harris Decl. ¶ 9.)  If preemption

applies, then potential class members are not entitled to any meal-period damages. (Id.) Even if preemption does not apply, Plaintiff's derivative claims for noncompliant pay stubs and continuing wages cannot be based on violations of California's meal-period statute. (Id.) Finally, Plaintiff's claim for improper seating may not apply because the nature of the work may not reasonably permit the use of seats. (Id.) According to Plaintiff, "[t]hese defenses potentially eliminate <u>any</u> liability for Plaintiff's pay-stub, continuing-wage, and seating claims." (Mot. at 23.) In light of these defenses, and in consideration of the weaknesses in Plaintiff's case, a $250,000 Gross Settlement Payment appears to be reasonable. Therefore, this factor weighs in favor of the proposed settlement.

### 4. Risk, Exposure, Complexity, and Likely Duration of Further Litigation

As stated above, Plaintiff faces the risk that she will not succeed on the merits of her claims. Furthermore, Plaintiff notes that even if she and the Proposed Class Members eventually prevail on the merits of the claim, they risk recovering less than the settlement because, as noted above, they may not be able to recover meal-period damages and damages from their derivative claims. Additionally, to litigate this action to its conclusion likely would be expensive and time consuming. (Mot. at 23.) For the foregoing reasons, this factor weights in favor of the proposed settlement.

### 5. Risk of Maintaining Class Action Status Throughout the Trial

There is a risk that Plaintiff's claims may be decertified before trial. (Mot. at 23-24.) It is difficult to "'determin[e] on a classwide basis whether [missed breaks] were violations . . . or whether individual class members voluntarily opted to start their meal break late, cut it short, or not take a break at all.'" (Mot. at 24 (quoting <u>Ordonez v. Radio Shack, Inc.</u>, 2013 WL 210223 at *7 (C.D. Cal. Jan. 17, 2013).) This factor weighs in favor of the proposed settlement.

### 6. Amount Offered in Settlement

The amount offered in settlement is $250,000. (Proposed Settlement Agreement at 3.) In exchange for the settlement, class members agree to release "any and all claims, debts, liabilities, demands, obligations, guarantees, costs,

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-
100, inclusive
MINUTE ORDER of June 24, 2013

*[handwritten: that's the other payment]*

expenses, attorneys' fees, penalties, damages, restitution, injunctive relief, or a remedy of any other type that is based on or arises out of the allegations in the Lawsuit . . . ." (Proposed Settlement Agreement at 9.) The Gross Settlement Payment "will likely result in the payment of 100% of participating Class Members' missed-meal compensation, as well as an additional $77.42 (at least) for Plaintiff's remaining allegations." (Mot. at 24.) Plaintiff, however, does not specify how the Gross Settlement Payment remedies Plaintiff's other alleged injuries, e.g., reimbursement for uniform maintenance. Accordingly, the Court cannot determine whether the Gross Settlement Payment appears to be adequate and reasonable. Thus, this factor weighs against the proposed settlement.

**7.    Extent of Discovery Completed, and Stage of    Proceedings**

"Plaintiff has not had occasion to undertake any 'formal' discovery," but has information, as provided by Defendant, regarding "the size of the Settlement Class, as well as the total number of cancelled breaks during the class period." (Mot. at 24; Harris Decl. ¶¶ 6-7.) In addition, counsel "undertook their own independent investigation to inform their negotiating position, including risk re-evaluation in light of the potentially dispositive defenses . . . ." (Mot. at 24-25.) Plaintiff has provided no specific information on which documents, if any, she received. The information that Plaintiff did receive -- the size of the settlement class and the number of cancelled breaks -- concerns only part of the injurious conduct upon which Plaintiff's Complaint is based. For example, Plaintiff does not provide any information regarding Defendant's failure to provide adequate pay stubs, failure to provide adequate seating, or failure to reimburse for maintenance of uniforms. (See Compl. ¶¶ 9, 12.) Plaintiff has also provided no specific information regarding her "independent investigation" and how it informed the proposed settlement. Thus, the Court cannot determine whether Plaintiff has conducted sufficient investigation of the various issues in this case to warrant approval.

*[handwritten: did provide data]*    *[handwritten: derivative]*

**8.    Experience and Views of Counsel**

As explained above, Plaintiff has demonstrated sufficiently counsel's experience. This factor weighs in favor of approval.

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-
100, inclusive
MINUTE ORDER of June 24, 2013

## 9.    The Reaction of the Class Members to the Proposed Settlement

The reaction of potential class members to the proposed settlement is unavailable because class notice has not been delivered.  (Mot. at 25.)  At this stage, this factor is neutral as to the proposed settlement.

Finding the factors are neutrally balanced, the Court cannot determine whether the settlement is fair, reasonable, and adequate.

## C.    Attorneys' Fees and Incentive Payment for Plaintiff

Plaintiff seeks allocation of settlement funds for attorneys' fees and costs, and for an incentive award payment.  Therefore, the Court also must evaluate the fairness and reasonableness of these allocations.

### 1.    Attorneys' Fees

Under the Proposed Settlement Agreement, Plaintiff's counsel requests attorneys' fees of up to 33 percent of the Gross Settlement Payment, and up to $15,000 in costs and expenses.  (Mot. at 14; Proposed Settlement Agreement at 3.)

Under both California and Ninth Circuit precedent, a court may exercise discretion to award attorneys' fees from a common fund by applying either the lodestar method[8] or the percentage-of-the-fund method.[9]  Wershba v. Apple Computer, Inc., 91 Cal. App. 4th 224, 254 (2001); Fischel v. Equitable Life Assurance Soc'y of U.S., 307 F.3d 997, 1006 (9th Cir. 2002) (citing Vizcaino v.

---

[8]Under the lodestar method, the court calculates the fee award by multiplying the number of hours reasonably spent by a reasonable hourly rate and then enhancing that figure, if necessary to account for the risks associated with representation.  Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989).

[9]Under the percentage-of-the-fund method, the court calculates the fee award by designating a percentage of the total common fund.  Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

MINUTES FORM 11
CIVIL -- GEN                                    Initials of Deputy Clerk _____

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, inclusive
MINUTE ORDER of June 24, 2013

Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002)). "Irrespective of the chosen method, 'the district court should be guided by the fundamental principle that fee awards out of common funds be 'reasonable under the circumstances.'" Alberto v. GMRI, Inc., 252 F.R.D. 652, 667 (E.D. Cal. 2008) (citations omitted).

"Although statutory awards of attorneys' fees are subject to 'lodestar' calculation procedures, a reasonable fee under the common fund doctrine is calculated as a percentage of the recovery." Six Mexican Workers, 904 F.2d at 1311. Twenty-five percent is the "'benchmark' award that should be given in common fund cases." Id. "The benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." Id.

Plaintiff argues that their 33 percent request, which exceeds the 25 percent benchmark for common fund cases, is warranted because (1) potential class members will receive 100% of their outstanding meal-period compensation and (2) based on a lodestar calculation, the amount of attorneys' fees is greater than 33 percent of the Gross Settlement Payment.

Plaintiff does not adequately demonstrate a reason for departing from the 25 percent benchmark. First, while potential class members may receive 100 percent of their outstanding meal-period compensation, Plaintiff neglects to address recovery for other alleged injuries (e.g., inadequate pay stubs, reimbursement for uniform maintenance). Second, Plaintiff has provided no information to determine the lodestar calculation. Thus, the Court finds the amount of attorneys' fees requested does not support preliminary approval of the settlement.

## 2.    Incentive Payment for Plaintiff
The Settlement proposes an incentive award of up to $5,000 to the Plaintiff for her efforts in bringing and prosecuting this case. (Mot. at 12; Proposed Settlement Agreement at 4.)

MINUTES FORM 11
CIVIL -- GEN

Initials of Deputy Clerk _____

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, Individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-
100, Inclusive
MINUTE ORDER of June 24, 2013

In determining the appropriateness of the incentive payment, the Court
may consider in determining whether to make an incentive award
include: 1) the risk to the class representative in commencing suit, both
financial and otherwise; 2) the notoriety and personal difficulties
encountered by the class representative; 3) the amount of time and effort
spent by the class representative; 4) the duration of the litigation; and 5)
the personal benefit (of lack thereof) enjoyed by the class representative
as a result of the litigation.

Van Vranken v. Atl. Richfield Co., 901 F. Supp. 294, 299 (N.D. Cal. 1995).  A
"significant disparity between the incentive awards and the payments to the rest of
the class members further exacerbate[s] the conflict of interest caused by the
conditional incentive awards."  Radcliffe, 2013 WL 1831760, at *5.  "The conditional
incentive awards removed a critical check on the fairness of the class-action
settlement, which rests on the unbiased judgment of class representatives similarly
situated to absent class members."  Id.

Plaintiff filed a declaration detailing the time she devoted to the case: meeting
with her attorneys, helping draft and review the complaint, reviewing and interpreting
Defendant's documents, and attending a full-day mediation session.  (McDonald
Decl. ¶¶ 2-4.)  Plaintiff also declared that her "primary concern at all times has been"
that Defendant's employees be treated fairly.  Plaintiff, however, has provided no
evidence regarding the risks she faced in commencing the suit; any notoriety or
personal difficulties encountered; and the duration of the litigation.

Moreover, there is a significant disparity between the proposed incentive
award for Plaintiff and the potential payment for other Proposed Class Members.
Specifically, the incentive award is roughly twenty-seven times greater than the
amount a Proposed Class Member can expect to receive.  This significant disparity
is indicative of a conflict of interest.

Accordingly, the Court finds that the incentive award is not reasonable in light
of the time expended, the applicable risks, and the disparity between the incentive
award and the awards other class members will receive.

MINUTES FORM 11
CIVIL -- GEN                         Page 17                    Initials of Deputy Clerk _____

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, inclusive
MINUTE ORDER of June 24, 2013

## D.    Notice and Administrative Procedures

Under Rule 23(e), the Court must "direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement.  Fed. R. Civ. P. 23(e)(1).  Plaintiff must provide notice that is "timely, accurate, and informative."  See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 172 (1989).  Likewise, claims forms must be informative and accurate.  Id. at 172; Churchill Village, LLC v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004) (notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alter those with adverse viewpoints to investigate and to come forward and be heard.").

### 1.    Claim Forms

Claim forms must be timely, accurate, and informative.  Hoffman-LaRoche, 493 U.S. at 172.  Plaintiff attached the proposed class action notice ("Class Notice") and claim form ("Claim Form") as Exhibit 2 to the Harris Decl. (Doc. No. 27-2) ("Proposed Class Notice").

According to the Claim Form, to receive payment, a class member must complete and submit the Claim Form to the settlement administrator by a date to be determined.  (Proposed Class Notice at 6.)  The Class Notice also provides class members the option of opting out, objecting, or doing nothing.  (Id. at 5.)

While the Claim Form generally appears acceptable, the Court notes one areas of concern.  The Claim Form lacks a convenient way for class members to exclude themselves.  Plaintiff provides general directions on how to submit a request for exclusion, but fails to provide a request for exclusion form.  The Court directs Plaintiff to provide class members with an exclusion form.

### 2.    Administrative Procedures

Plaintiff proposes retaining Gilardi & Co., LLC ("Gilardi") as the settlement administrator ("Settlement Administrator") over the claim proceedings.  (Harris Decl. ¶ 11.)  The estimated cost of claims administration if $19,974.  (Id.)

MINUTES FORM 11
CIVIL -- GEN                                Page 18

Initials of Deputy Clerk _____

EDCV 11-1946VAP(SPx)
COLLETTE McDONALD, individually and on behalf of all others similarly situated v. AIRPORT TERMINAL SERVICES, INC., and DOES 1-100, inclusive
MINUTE ORDER of June 24, 2013

The parties propose that within 30 calendar days of entry of preliminary approval, Defendant will provide the Settlement Administrator a database that contains the last-known name, mailing address, social security number, and number of meal-period cancellations for all members of the Settlement Class ("Class List"). (Proposed Settlement Agreement at 6.)  Within ten calendar days of receipt of the Class List, the Settlement Administrator will provide the Class Notice to potential class members.  (Id. at 7.)

After Class Notices are mailed, the Settlement Class shall have forty-five calendar days to respond and mail claim forms or opt-out requests.  (Id.)  The Settlement Administrator will make "reasonable, but not extraordinary, efforts" to locate members of the proposed class, including an "address follow-up on returned mail" and a corresponding extension of the response time for those class members. (Id. at 6.)

Apart from the noted concern regarding the Claim Form, the Court finds the notice and administrative procedures adequate.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Preliminary Approval of Class-Action Settlement and Conditional Certification of Settlement Class, without prejudice.

**IT IS SO ORDERED.**

MINUTES FORM 11
CIVIL -- GEN                    Page 19              Initials of Deputy Clerk _____

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge Phillips

From: L. Murray _____, Deputy Clerk    Date Received: 09/17/2013

Case No.: EDCV11-01946 VAP (SPx)    Case Title: Collette McDonald v Airport Terminal Services, Inc.

Document Entitled: (4) Proof of Services, Objection to Proposed Settlement, Certification and Notice of Interested Parties

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

☐ Local Rule 11-3.1    Document not legible
☐ Local Rule 11-3.8    Lacking name, address, phone, facsimile numbers and email address
☑ Local Rule 11-4.1    No copy provided for judge
☐ Local Rule 19-1     Complaint/Petition includes more than ten (10) Does or fictitiously named parties
☐ Local Rule 15-1     Proposed amended pleading not under separate cover
☐ Local Rule 11-6     Memorandum/brief exceeds 25 pages
☐ Local Rule 11-8     Memorandum/brief exceeding 10 pages shall contain table of contents
☐ Local Rule 7.1-1    No Certification of Interested Parties and/or no copies
☐ Local Rule 6.1      Written notice of motion lacking or timeliness of notice incorrect
☐ Local Rule 56-1     Statement of uncontroverted facts and/or proposed judgment lacking
☐ Local Rule 56-2     Statement of genuine disputes of material fact lacking
☐ Local Rule 7-19.1   Notice to other parties of ex parte application lacking
☐ Local Rule 16-7     Pretrial conference order not signed by all counsel
☐ FRCvP Rule 5(d)     No proof of service attached to document(s)
☐ General Order 10-07  Case is designated for electronic filing
☐ Other: _____

**FILED**
CLERK, U.S. DISTRICT COURT
SEP 20 2013
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

**Note: Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.**

---

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐   The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____          _____
Date                                U.S. District Judge / U.S. Magistrate Judge

☑   The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.*  Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

9/20/13                              _____
Date                                U.S. District Judge / U.S. Magistrate Judge

* The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

**COPY 1 -ORIGINAL-OFFICE    COPY 2 -JUDGE    COPY 3 -SIGNED & RETURNED TO FILER    COPY 4 -FILER RECEIPT**

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)
Silvija Z. Spahn
401 S. El Cielo Rd. # 188
Palm Springs, CA 92262
760-217-2422

RECEIVED
BUT
NOT FILED

SEP 1 7 2013

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Collette McDonald, individually and on behalf of all others similarly situated, | CASE NUMBER |
| PLAINTIFF(S), | EDCV 11-01946 VAP (SPx) |
| v. | |
| Airport Terminal Services, Inc., | PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE |
| DEFENDANT(S). | |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of _____ Riverside _____, State of California, and not a party to the above-entitled cause. On _September 9,_____, 20 13 _____, I served a true copy of _Proof of Service-Acknowledgement of Service (Omitted from 9-3-2013 mailing)_ by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served.  Attach additional pages if necessary.)

Place of Mailing: _Palm Springs, CA_____
Executed on _September 9_____, 20 13 _____ at _Palm Springs_____, California

Please check one of these boxes if service is made by mail:

☒ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☐ I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
Signature of Person Making Service

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.


_____          _____
Signature                                    Party Served

CV-40 (01/00)                    PROOF OF SERVICE - ACKNOWLEDGEMENT OF SERVICE

CASE No. EDCV 11-01946 VAP (SPx)


Service List (Objection to Proposed Settlement)


Class Counsel
Alan Harris
David Zelenski
Harris & Ruble
6424 Santa Monica Blvd.
Los Angeles, CA 90038

ATS' Counsel
Aaron Lubeley
Simon L. Yang
Seyfarth Shaw LLP
333 South Hope St., Suite 3900
Los Angeles, CA 90071

1    Silvija Z. Spahn

2    401 S. El Cielo Rd. # 188

3    Palm Springs, CA 92262

4    760-217-0199

RECEIVED
BUT
NOT FILED

SEP 17 2013

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

6              UNITED STATES DISTRICT COURT

7              CENTRAL DISTRICT OF CALIFORNIA

8

9    COLLETTE MCDONALD, et al.

10                Plaintiffs

11    v.

12    AIRPORT TERMINAL SERVICES INC.        CASE NO. EDCV 11-01946 VAP (SPx)

13                Defendant

14                                OBJECTION TO PROPOSED SETTLEMENT

15

16    STATEMENT OF OBJECTIONS:

17    I am a member of the Class in McDonald v. Airport Terminal Services, Inc.

18    I am a Class member because I was a non-exempt individual employee of Defendant between

19    November 2, 2007 through July 16, 2013.

20    I object to the proposed attorney fee award of up to $82,500.00, costs up to $15,000 and

21    administrative expenses of up to $20,000.00. Total: $117,500.00

22    My reasons for objecting:

23    1.Said fees and costs exceed 45% of the total settlement of $250,000.00. and are excessive.

24    2.Said fees will be deducted from the class settlement rather than shifted to the defendant to pay

25    separately.

26    3. Plaintiff cannot access the court website to view the court pleadings without paying a fee,

27    or driving sixty miles to the Riverside court house to view the pleadings in person.

28

-1-

1   4. Neither Plaintiff nor Defendant have posted a website where said pleadings can be viewed.

2   5. It is not clear to the class whether the court has applied a "common fund" or "lodestar"

3   approach to attorney fees.

4   LEGAL DISCUSSION:

5   1. The 9th Circuit has established 25% of the common fund as a benchmark award for attorney's

6   fees. *Dennis* v. *Kellog*, _____ F.3[rd] _____ 2012. WL 2870128 (9th Cir. July 2012).   The lodestar

7   method provides a check on the reasonableness of the percentage award. *Dennis* at p. 8126.

8   2. The settlement yields little for the plaintiff class. After payment of the above enumerated fees

9   and costs approximately $133,000.00 will remain of the fund to settle the claims of an unknown

10  number of class plaintiffs. The fee award is unreasonably large for the benefits conferred. In re

11  *Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297,350 (N.D. Ga. 1993). The common fund

12  theory may be limited by the United States Supreme Court's opinion in *Perdue* v. *Kenny* A.,

13  which calls for application of the lodestar method, without any multiplier, in many

14  circumstances. *See Perdue* v. *Kenny* A., 130 S. Ct. 1662, 1667-69, 176 L. Ed. 2d 494 (2010)

15  3. Separately, the requested attorney fees are approximately 33 % of the gross settlement amount,

16  and 8% above the 9th Circuit benchmark of 25%.

17  Because the settlement grants counsel "a disproportionate distribution of the settlement"

18  compared with the benefit to the class, it is possible the settlement was "driven by fees." *Dennis*

19  at p. 8125.

20  In conclusion, attorney fees and costs should be shifted to the defendant, or in the alternative

21  based on 25% of the common fund.

22

23  Respectfully Submitted,

24  Silvija Z. Spahn

25  *[signature]*

26  Date: 9/3/2013

27

28

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER

Silvija Z. Spahn
401 S. El Cielo Rd. # 188
Palm Springs, CA 92262
760-217-0199

RECEIVED
BUT
NOT FILED

SEP 1 7 2013

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

CLEAR FORM

ATTORNEY(S) FOR: in pro per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Collette McDonald, Individually and on behalf of all others similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>Airport Terminal Services Inc.<br><br>Defendant(s) | CASE NUMBER:<br><br>EDCV 11-01946 (SPx)<br><br>CERTIFICATION AND NOTICE<br>OF INTERESTED PARTIES<br>(Local Rule 7.1-1) |
| --- | --- |

TO:      THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for                    Silvija Z. Spahn
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in
the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification
or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
| --- | --- |
| Silvija Z. Spahn | Class Member |

September 3, 2013
_____
Date

_Silvija Z. Spahn_
_____
Signature

Attorney of record for (or name of party appearing in pro per):

Silvija Z. Spahn
_____

CV-30 (05/13)                              NOTICE OF INTERESTED PARTIES

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)
Silvija Z. Spahn
401 S. El Cielo Rd. #188
Palm Springs, CA 92262
760-217-2422

RECEIVED
BUT
NOT FILED

SEP 1 7 2013

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Colette McDonald, individually, and on behalf of all others similarly situated,<br><br>PLAINTIFF(S),<br><br>v.<br><br>Airport Terminal Services Inc.,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>EDCV 11-01946 VAP (SPx)<br><br>**PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of _____ Riverside _____, State of California, and not a party to the above-entitled cause. On _September 3_____, 20_13_____, I served a true copy of _____ Certification and Notice of Interested Parties, and Objection to Proposed Settlement _____ by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served.  Attach additional pages if necessary.)

Place of Mailing: _Palm Springs, California_____

Executed on _September 3_____, 20_13_____ at _Palm Springs_____, California.

Please check one of these boxes if service is made by mail:

☒ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☐ I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
Signature of Person Making Service

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.


_____        _____
Signature                                Party Served


CV-40 (01/00)                    **PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE**

CASE No. EDCV 11-01946 VAP (SPx)


Service List (Objection to Settlement)


Class Counsel
Alan Harris
David Zelenski
Harris & Ruble
6424 Santa Monica Blvd.
Los Angeles, CA 90038

ATS' Counsel
Aaron Lubeley
Simon L. Yang
Seyfarth Shaw LLP
333 South Hope St., Suite 3900
Los Angeles, CA 90071

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)
Silvija Z. Spahn
401 S. El Cielo Rd. #188
Palm Springs, CA 92262
760-217-2422

RECEIVED
BUT
NOT FILED

SEP 1 7 2013

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Colette McDonald, individually, and on behalf of all others similarly situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S), | EDCV 11-01946 VAP (SPx) |
| v. | |
| Airport Terminal Services Inc., | **PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |
| DEFENDANT(S). | |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of _____ Riverside _____, State of California, and not a party to the above-entitled cause. On  September 3 , 20 13 , I served a true copy of  Certification and Notice of Interested Parties, and Objection to Proposed Settlement  by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served.  Attach additional pages if necessary.)

Place of Mailing:  Palm Springs, California
Executed on  September 3 , 20 13  at  Palm Springs , California.

Please check one of these boxes if service is made by mail:

☒  I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☐  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☐  I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
*Signature of Person Making Service*

## ACKNOWLEDGEMENT OF SERVICE

I, _____ , received a true copy of the within document on _____ .

_____          _____
*Signature*                                          *Party Served*

CASE No. EDCV 11-01946 VAP (SPx)


Service List (Certification and Notice of Interested Parties)


Class Counsel
Alan Harris
David Zelenski
Harris & Ruble
6424 Santa Monica Blvd.
Los Angeles, CA 90038

ATS' Counsel
Aaron Lubeley
Simon L. Yang
Seyfarth Shaw LLP
333 South Hope St., Suite 3900
Los Angeles, CA 90071

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)
Silvija Z. Spahn
401 S. El Cielo Rd. # 188
Palm Springs, CA 92262
760-217-2422

```
RECEIVED
BUT
NOT FILED

SEP 1 7 2013

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Collette McDonald, individually and on behalf
of all others similarly situated,

                                    PLAINTIFF(S),

                    v.

Airport Terminal Services, Inc.,

                                    DEFENDANT(S).

CASE NUMBER

EDCV 11-01946 VAP (SPx)

**PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of _____ Riverside _____, State of California, and not a party to the above-entitled cause. On _September 9,_ , 20 13 , I served a true copy of _Proof of Service-Acknowledgement of Service (Omitted from 9-3-2013 mailing)_ by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served.  Attach additional pages if necessary.)

Place of Mailing: _Palm Springs, CA_

Executed on _September 9_ , 20 13 at _Palm Springs_ , California

Please check one of these boxes if service is made by mail:

☒ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☐ I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
*Signature of Person Making Service*

## ACKNOWLEDGEMENT OF SERVICE

I, _____ , received a true copy of the within document on _____ .

_____          _____
*Signature*                                              *Party Served*

CV-40 (01/00)                    PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE

CASE No. EDCV 11-01946 VAP (SPx)


Service List (Certification and Notice of Interested Parties)


Class Counsel                          ATS' Counsel
Alan Harris                            Aaron Lubeley
David Zelenski                         Simon L. Yang
Harris & Ruble                         Seyfarth Shaw LLP
6424 Santa Monica Blvd.                333 South Hope St., Suite 3900
Los Angeles, CA 90038                  Los Angeles, CA 90071

Case 5:11-cv-01946-VAP-SP    Document 37    Filed 09/20/13    Page 13 of 13    Page ID #:571

Hasler
09/16/2013
US POST

**Silvija Z. Spahn**
**401 S. El Cielo Rd. # 188**
**Palm Springs, CA 92262**

RECEIVED
CLERK, U.S. DISTRICT COURT

SEP 17 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

**Clerk's Office**
**United States District Court**
**3470 Twelfth Street**
**Riverside, CA 92501**

EXHIBIT 3

(SPx),DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA
## (Eastern Division - Riverside)
## CIVIL DOCKET FOR CASE #: 5:11-cv-01946-VAP-SP

Collette McDonald v. Airport Terminal Services, Inc. et al
Assigned to: Judge Virginia A. Phillips
Referred to: Magistrate Judge Sheri Pym
Demand: $75,000
Case in other court: Riverside County Superior Court, INC
                         1108937
Cause: 28:1441 Notice of Removal - Labor/Mgmnt.
Relations

Date Filed: 12/09/2011
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Diversity

**Plaintiff**

**Collette McDonald**
*individually and on behalf of all others
similarly situated*

represented by **D Alan Harris**
Harris and Ruble
4771 Cromwell Avenue
Los Angeles, CA 90027
323-962-3777
Fax: 323-962-3004
Email: aharris@harrisandruble.com
*ATTORNEY TO BE NOTICED*

**David Zelenski**
Harris and Ruble
4771 Cromwell Avenue
Los Angeles, CA 90027
323-962-3777
Fax: 323-962-3004
Email: dzelenski@harrisandruble.com
*ATTORNEY TO BE NOTICED*

**John Patrick Dorigan**
John P Dorigan Law Offices
82237 Odlum Drive
Indio, CA 92201
760-342-8074
Fax: 760-863-5868
Email: jpdorigan@aol.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Airport Terminal Services, Inc.**    represented by    **Aaron Robert Lubeley**
Seyfarth Shaw LLP
333 South Hope Street Suite 3900
Los Angeles, CA 90071-1406
213-270-9600
Fax: 213-270-9601
Email: alubeley@seyfarth.com
*ATTORNEY TO BE NOTICED*

**Simon L Yang**
Seyfarth Shaw LLP
333 South Hope Street Suite 3900
Los Angeles, CA 90071
213-270-9600
Fax: 213-270-9601
Email: syang@seyfarth.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-100, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/09/2011 | 1 | NOTICE OF REMOVAL from Riverside County Superior Court, case number INC 1108937 with CONFORMED FILED copy of summons and complaint. Case assigned to Judge Virginia A. Phillips, Discovery to Magistrate Judge Sheri Pym. (Filing fee $350 PAID). Filed by Defendant Airport Terminal Services, Inc.(aco) (Entered: 12/15/2011) |
| 12/09/2011 | 2 | NOTICE of Interested Parties filed by Defendant Airport Terminal Services, Inc. (aco) (Entered: 12/15/2011) |
| 12/09/2011 | 3 | DISCLOSURE STATEMENT filed by Defendant Airport Terminal Services, Inc. Airport Terminal Services, Inc., hereby states that it has no parent corporation or other publicly held corporation that owns ten percent or more of its stock. (aco) (Entered: 12/15/2011) |
| 12/09/2011 | 4 | DECLARATION of Ruthanne Whitner in support of Notice of Removal, 1 filed by Defendant Airport Terminal Services, Inc. (aco) (Entered: 12/15/2011) |
| 12/09/2011 | 5 | DECLARATION of Simon L. Yang in support of Notice of Removal, 1 filed by Defendant Airport Terminal Services, Inc. (aco) (Entered: 12/15/2011) |
| 12/09/2011 | 6 | NOTICE TO PARTIES OF ADR PROGRAM filed.(aco) (Entered: 12/15/2011) |
| 12/14/2011 | 7 | STANDING ORDER by Judge Virginia A. Phillips. (ad) (Entered: 12/15/2011) |
| 12/16/2011 | 8 | NOTICE of Compliance with 28 U.S.C. §1446(d) filed by Defendant Airport Terminal Services, Inc.. (Yang, Simon) (Entered: 12/16/2011) |

| | | |
|---|---|---|
| 12/16/2011 | 9 | NOTICE of Court's Standing Order filed by Defendant Airport Terminal Services, Inc.. (Yang, Simon) (Entered: 12/16/2011) |
| 12/29/2011 | 10 | NOTICE OF MOTION AND MOTION to Strike Defendant's Answer filed by Plaintiff Collette McDonald. Motion set for hearing on 1/30/2012 at 02:00 PM before Judge Virginia A. Phillips. (Attachments: # 1 Proposed Order Granting Motion to Strike Defendant's Answer)(Zelenski, David) (Entered: 12/29/2011) |
| 12/29/2011 | 11 | DECLARATION of David Zelenski in Support of MOTION to Strike Defendant's Answer 10 filed by Plaintiff Collette McDonald. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Zelenski, David) (Entered: 12/29/2011) |
| 01/05/2012 | 12 | STIPULATION to Continue Hearing on Motion to Strike, et al. from January 30, 2012, to March 5, 2012 Re: MOTION to Strike Defendant's Answer 10 filed by Plaintiff Collette McDonald. (Attachments: # 1 Proposed Order)(Zelenski, David) (Entered: 01/05/2012) |
| 01/09/2012 | 13 | Amendment to MOTION to Strike Defendant's Answer 10 filed by Plaintiff Collette McDonald. (Zelenski, David) (Entered: 01/09/2012) |
| 01/09/2012 | 14 | ORDER by Judge Virginia A. Phillips, re Stipulation to Continue 12 . The Court ORDERS as follows: 1. The hearing on Plaintiffs Motion to Strike is continued to March 5, 2012. ATSs Opposition to Plaintiffs Motion is due by February 13, 2012; Plaintiffs Reply to ATSs Opposition is due by February 20, 2012. 2. The class-certification deadline specified by Central District Local Rule 23-3 is continued for 35 days to facilitate the parties exploration of early settlement. (mrgo) (Entered: 01/10/2012) |
| 02/08/2012 | 15 | STIPULATION to Withdraw Motion MOTION to Strike Defendant's Answer 10 *and to Continue Various Deadlines* filed by Plaintiff Collette McDonald. (Attachments: # 1 Proposed Order)(Zelenski, David) (Entered: 02/08/2012) |
| 02/10/2012 | 16 | ORDER by Judge Virginia A. Phillips Re Stipulation Taking Defendant's Motion to Strike Off Calendar 15 : the Court ORDERS as follows: 1. Plaintiff's Motion to Strike 10 , currently set to be heard on 3/5/2012, is now off calendar. (see document image for specifics) IT IS SO ORDERED. (ad) (Entered: 02/10/2012) |
| 03/12/2012 | 17 | STIPULATION for Extension of Time to Amend filed by Plaintiff Collette McDonald. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Zelenski, David) (Entered: 03/12/2012) |
| 04/19/2012 | 18 | STIPULATION for Extension of Time to File First Amended Complaint and Motion for Class Certification filed by Plaintiff Collette McDonald. (Attachments: # 1 Exhibit 1 (First Amended Complaint), # 2 Proposed Order) (Zelenski, David) (Entered: 04/19/2012) |
| 05/01/2012 | 19 | ORDER by Judge Virginia A. Phillips GRANTING FURTHER STIPULATION RE DEADLINES IN LIGHT OF PARTIES CONTINUED ATTEMPTS AT EARLY RESOLUTION 18 : the Court ORDERS as follows: 1. Plaintiff Collette McDonald may file an amended complaint by June 18, 2012, by filing a First Amended Complaint, as attached to the Stipulation as Exhibit 1. 2. Defendant Airport Terminal Services, Inc. will have thirty days from the date that the amended complaint is filed to respond thereto. 3. The time for Plaintiff to file a motion for class certification is extended to October 16, 2012. IT IS SO |

|  |  |  |
|---|---|---|
|  |  | ORDERED. (ad) (Entered: 05/02/2012) |
| 06/18/2012 | 20 | STIPULATION for Extension of Time to Amend filed by Plaintiff Collette McDonald. (Attachments: # 1 Exhibit A (First Amended Complaint))(Zelenski, David) (Entered: 06/18/2012) |
| 10/25/2012 | 21 | NOTICE of Tentative Settlement filed by Plaintiff Collette McDonald. (Zelenski, David) (Entered: 10/25/2012) |
| 05/02/2013 | 22 | MINUTE ORDER ORDER TO SHOW CAUSE RE DISMISSAL FOR FAILURE TO PROSECUTE (IN CHAMBERS) by Judge Virginia A. Phillips: The Court orders Plaintiff to show cause, in writing, no later than May 13, 2013, why this matter should not be dismissed without prejudice for failure to prosecute. Failure to respond timely, in writing, will result in the dismissal of Plaintiffs action against Defendants. IT IS SO ORDERED. (ad) (Entered: 05/02/2013) |
| 05/10/2013 | 23 | RESPONSE filed by Plaintiff Collette McDonaldto Minutes of In Chambers Order/Directive - no proceeding held, Set/Reset Deadlines,, 22 (Zelenski, David) (Entered: 05/10/2013) |
| 05/15/2013 | 24 | NOTICE of Execution of Long-Form Settlement Agreement filed by Plaintiff Collette McDonald. (Zelenski, David) (Entered: 05/15/2013) |
| 05/16/2013 | 25 | MINUTE ORDER IN CHAMBERS EXTENDING TIME TO RESPOND TO ORDER TO SHOW CAUSE by Judge Virginia A. Phillips Re Order to Show Cause 22 : In light of Plaintiff's response, the Court extends the deadline to respond to the OSC, in writing, to May 28, 2013. Failure to respond timely to the OSC will result in the dismissal of this action. IT IS SO ORDERED. (ad) (Entered: 05/16/2013) |
| 05/23/2013 | 26 | NOTICE OF MOTION AND MOTION for Settlement Approval of Class-Action Settlement (Preliminary Approval) filed by Plaintiff Collette McDonald. Motion set for hearing on 6/24/2013 at 02:00 PM before Judge Virginia A. Phillips. (Attachments: # 1 Proposed Order)(Zelenski, David) (Entered: 05/23/2013) |
| 05/23/2013 | 27 | DECLARATION of Alan Harris in Support of MOTION for Settlement Approval of Class-Action Settlement (Preliminary Approval) 26 filed by Plaintiff Collette McDonald. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Harris, D) (Entered: 05/23/2013) |
| 05/23/2013 | 28 | DECLARATION of Collette McDonald in Support of MOTION for Settlement Approval of Class-Action Settlement (Preliminary Approval) 26 filed by Plaintiff Collette McDonald. (Zelenski, David) (Entered: 05/23/2013) |
| 05/23/2013 | 29 | RESPONSE filed by Plaintiff Collette McDonaldto Minutes of In Chambers Order/Directive - no proceeding held, Set/Reset Deadlines,, 25 (Zelenski, David) (Entered: 05/23/2013) |
| 05/31/2013 | 30 | NOTICE OF NON-OPPOSITION to MOTION for Settlement Approval of Class-Action Settlement (Preliminary Approval) 26 filed by Defendant Airport Terminal Services, Inc.. (Yang, Simon) (Entered: 05/31/2013) |
| 06/24/2013 | 31 | MINUTES OF PLAINTIFFS MOTION FOR SETTLEMENT APPROVAL OF CLASS-ACTION SETTLEMENT (PRELIMINARY APPROVAL), ECF No. 26 held before Judge Virginia A. Phillips: Court issues a tentative ruling, hears oral |

|  |  | argument. The Plaintiff will have not later than July 8, 2013, to file supplemental briefing. The matter stands submitted as of July 8, 2013.Court Reporter: Lisa Gonzalez. (am) (Entered: 06/28/2013) |
|---|---|---|
| 07/08/2013 | 32 | SUPPLEMENT to MOTION for Settlement Approval of Class-Action Settlement (Preliminary Approval) 26 *(Supplemental Memorandum of Points and Authorities)* filed by Plaintiff Collette McDonald. (Zelenski, David) (Entered: 07/08/2013) |
| 07/08/2013 | 33 | DECLARATION of Collette McDonald in Support of MOTION for Settlement Approval of Class-Action Settlement (Preliminary Approval) 26 *(Supplemental Declaration)* filed by Plaintiff Collette McDonald. (Attachments: # 1 Exhibit 1)(Zelenski, David) (Entered: 07/08/2013) |
| 07/08/2013 | 34 | DECLARATION of Alan Harris in Support of MOTION for Settlement Approval of Class-Action Settlement (Preliminary Approval) 26 *(Supplemental Declaration)* filed by Plaintiff Collette McDonald. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Harris, D) (Entered: 07/08/2013) |
| 07/08/2013 | 35 | DECLARATION of John P. Dorigan in Support of MOTION for Settlement Approval of Class-Action Settlement (Preliminary Approval) 26 filed by Plaintiff Collette McDonald. (Attachments: # 1 Exhibit 1)(Dorigan, John) (Entered: 07/08/2013) |
| 07/16/2013 | 36 | MINUTES ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (IN CHAMBERS) by Judge Virginia A. Phillips: The Court has considered the papers filed in support of the Motion, and for the reasons set forth below, the Court GRANTS Plaintiff's Motion. (See minutes for further details) 26 (yl) (Entered: 07/17/2013) |
| 09/20/2013 | 37 | NOTICE OF DISCREPANCY AND ORDER: by Judge Virginia A. Phillips, ORDERING 4) Proof of Services, Objection to Proposed Settlement, Certification and Notice of Interested Parties submitted by Plaintiff Collette McDonald received on 9/17/13 is not to be filed but instead rejected. Denial based on: No copy provided for judge. (am) (Entered: 09/24/2013) |
| 09/26/2013 | 38 | NOTICE OF MOTION AND MOTION for Attorney Fees *and Reimbursement of Costs* filed by Plaintiff Collette McDonald. Motion set for hearing on 11/18/2013 at 02:00 PM before Judge Virginia A. Phillips. (Zelenski, David) (Entered: 09/26/2013) |
| 09/26/2013 | 39 | DECLARATION of Alan Harris in Support of MOTION for Attorney Fees *and Reimbursement of Costs* 38 filed by Plaintiff Collette McDonald. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Harris, D) (Entered: 09/26/2013) |
| 09/26/2013 | 40 | DECLARATION of John P. Dorigan in Support of MOTION for Attorney Fees *and Reimbursement of Costs* 38 filed by Plaintiff Collette McDonald. (Attachments: # 1 Exhibit 1)(Dorigan, John) (Entered: 09/26/2013) |
| 09/26/2013 | 41 | REQUEST FOR JUDICIAL NOTICE re MOTION for Attorney Fees *and Reimbursement of Costs* 38 filed by Plaintiff Collette McDonald. (Zelenski, David) (Entered: 09/26/2013) |

| | | |
|---|---|---|
| 09/30/2013 | 42 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Declaration (Motion related) 39 . The following error(s) was found: Other error(s) with document(s): Exhibit 8, attached to document #39, were received sideways (horizontal) rather than vertical. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (adu) (Entered: 09/30/2013) |
| 09/30/2013 | 43 | NOTICE OF ERRATA filed by Plaintiff Collette McDonald. correcting Declaration (Motion related) 39 (Attachments: # 1 (Corrected Version of Harris Declaration))(Zelenski, David) (Entered: 09/30/2013) |
| 10/21/2013 | 44 | NOTICE OF MOTION AND MOTION for Settlement Approval of Class-Action Settlement (Final Approval) filed by Plaintiff Collette McDonald. Motion set for hearing on 11/18/2013 at 02:00 PM before Judge Virginia A. Phillips. (Attachments: # 1 Proposed Order)(Zelenski, David) (Entered: 10/21/2013) |
| 10/21/2013 | 45 | DECLARATION of Alan Harris in Support of MOTION for Settlement Approval of Class-Action Settlement (Final Approval) 44 filed by Plaintiff Collette McDonald. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Harris, D) (Entered: 10/21/2013) |
| 10/21/2013 | 46 | DECLARATION of Markham Sherwood in Support of MOTION for Settlement Approval of Class-Action Settlement (Final Approval) 44 filed by Plaintiff Collette McDonald. (Attachments: # 1 Exhibit A through C)(Zelenski, David) (Entered: 10/21/2013) |
| 10/22/2013 | 47 | NOTICE of Change of Attorney Business or Contact Information: for attorney David Zelenski counsel for Plaintiff Collette McDonald. Changing address to 4771 Cromwell Avenue, Los Angeles, California 90027. Filed by Plaintiff Plaintiff. (Zelenski, David) (Entered: 10/22/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/08/2013 11:01:21 | | | |
| PACER Login: | hr0109 | Client Code: | ATS |
| Description: | Docket Report | Search Criteria: | 5:11-cv-01946-VAP-SP End date: 11/8/2013 |
| Billable Pages: | 5 | Cost: | 0.50 |

EXHIBIT 4

State Bar of CA :: John Constantin Spahn                    http://members.calbar.ca.gov/fal/Member/Detail/107113



Tuesday, November 5, 2013

## ATTORNEY SEARCH

## John Constantin Spahn - #107113

### Current Status:  Active

This member is active and may practice law in California.

See below for more details.

### Profile Information

*The following information is from the official records of The State Bar of California.*

| | | | |
|---|---|---|---|
| **Bar Number:** | 107113 | | |
| **Address:** | 401 S El Cielo Rd Apt 188<br>Palm Springs, CA 92262<br>Map it | **Phone Number:** | Not Available |
| | | **Fax Number:** | Not Available |
| | | **e-mail:** | Not Available |
| **County:** | Riverside | **Undergraduate School:** | Univ of California Berkeley; Berkeley CA |
| **District:** | District 4 | | |
| **Sections:** | None | **Law School:** | Whittier Coll SOL; CA |

### Status History

| Effective Date | Status Change |
|---|---|
| Present | Active |
| 1/1/2009 | Active |
| 2/1/2007 | Inactive |
| 12/3/1982 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

**Disciplinary and Related Actions**

Overview of the attorney discipline system.

This member has no public record of discipline.

**Administrative Actions**

This member has no public record of administrative actions.

Start New Search »

State Bar of CA :: John Constantin Spahn                    http://members.calbar.ca.gov/fal/Member/Detail/107113

Contact Us  |  Site Map  |  Privacy Policy  |  Notices  |  Copyright  |  Accessibility  |  FAQ

© 2013 The State Bar of California

11/5/2013 6:36 PM