Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
4771 Cromwell Avenue
Los Angeles, California 90027
Telephone: (323) 962-3777
Facsimile: (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
78-560 Via Bolero
La Quinta, California 92253
Telephone: (760) 564-3804
Facsimile: (760) 564-3807
jpdorigan@aol.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE McDONALD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1–100, inclusive,<br><br>Defendants. | Case No. EDCV 11-01946 VAP (SPx)<br><br>**SUPPLEMENTAL DECLARATION OF DAVID ZELENSKI REGARDING FINAL CLAIMS-ADMINISTRATION STATISTICS**<br><br>*Assigned to Hon. Virginia A. Phillips*<br><br>Date: November 18, 2013<br>Time: 2:00 p.m.<br>Courtroom: 2 |

**DAVID ZELENSKI** declares under penalty of perjury of the laws of the United States and the State of California as follows:

1. I am a member in good standing of the State Bar of California and am one of the attorneys for Plaintiff Collette McDonald in the within action. I make this Declaration to provide the Court with finalized claims-administration statistics in advance of the hearing on Plaintiff's Motion for final settlement approval. If sworn as a witness, I could competently testify to each and every fact set forth herein from my own personal knowledge.

2. Attached hereto as **Exhibit 1** is a true and correct copy of a Declaration executed by Markham Sherwood, a case manager for Gilardi & Co., LLC ("Gilardi"). Gilardi was the Claims Administrator chosen by the Parties under the Settlement Agreement and General Release ("Settlement Agreement").[1] Mr. Sherwood's Declaration sets forth the finalized claims-administration statistics in this action.

3. In connection with preparing the attached Declaration, Mr. Sherwood advised me on November 14, 2013, that there was an error in his originally filed Declaration concerning the number of Class Members who had submitted claim forms. In Mr. Sherwood's prior Declaration, he stated that there were a total of 1,238 individuals in the Settlement Class, 549 of whom had experienced "NO LUNCH" workdays. (See Oct. 21, 2013, Decl. of Markham Sherwood re Mailing of Notice to Class of Proposed Settlement of Class Action, Claim Form, & Req. for Exclusion Form & Report on Claim Forms & Exclusions Received ("Oct. 21, 2013, Sherwood Decl.") [Docket No. 46] ¶ 5.) Mr. Sherwood also stated in his prior Declaration that the total number of canceled meals across all 549 individuals was 4,965. (Oct. 21, 2013, Sherwood Decl. [Docket No. 46] ¶ 5.) In addition, Mr. Sherwood stated in his prior Declaration that, of the 1,238 individuals to whom the Class Notice had been mailed, 373 submitted timely claim forms, and that, of those 373 individuals, a total of 195 had experienced "NO LUNCH"

---

[1] Capitalized terms used herein have the meanings set forth in the Settlement Agreement.

1  workdays. (Oct. 21, 2013, Sherwood Decl. [Docket No. 46] ¶ 14.) According to Mr.
2  Sherwood's earlier Declaration, the total number of "NO LUNCH" workdays across
3  those 195 individuals was 1,663. (Oct. 21, 2013, Sherwood Decl. [Docket No. 46] ¶ 14.)
4  As reflected in the attached, amended Declaration of Mr. Sherwood, the 195 figure was
5  actually the number of Class Members who had *not* experienced any "NO LUNCH"
6  workdays, meaning that the correct figure for those experiencing "NO LUNCH"
7  workdays was actually 178. (Ex. 1 at ¶ 6.) All of the other figures noted in Mr.
8  Sherwood's earlier Declaration, including the total number of "NO LUNCH" workdays
9  for Class Members who submitted claim forms, remain correct. (See Ex. 1 at ¶¶ 2, 6.) In
10 other words, across the 178 Class Members with "NO LUNCH" codings who submitted
11 timely claim forms, there were a total of 1,663 such codings.

12      4.    Because one-third of the Net Settlement Fund (*i.e.*, $44,805.74) is to be
13 distributed to participating Class Members who experienced "NO LUNCH" workdays,
14 the average estimated payment to such Class Members as set forth in Plaintiff's final-
15 approval papers is incorrect. The final-approval papers calculated an average payment to
16 "NO LUNCH" Class Members of $230 (= $44,805.74 ÷ 195 Class Members), or $27 per
17 "NO LUNCH" workday (= $44,805.74 ÷ 1,663 "NO LUNCH" workdays). (Oct. 21,
18 2013, Mem. of P. & A. in Supp. of Pl.'s Notice of Mot. & Mot. for Final Approval of
19 Class-Action Settlement ("Oct. 21, 2013, Mot. for Final Approval") [Docket No. 44] at
20 15:20–26.) Using the revised number of 178 set forth in paragraph 3 above, the correct
21 average payment to "NO LUNCH" Class Member is $252 (= $44,805.74 ÷ 178 Class
22 Members). Because the total number of "NO LUNCH" workdays remains unchanged,
23 the $27 amount calculated for each "NO LUNCH" workday also remains unchanged. As
24 explained in Plaintiff's final-approval papers, because an employee's damages for a
25 missed meal are equal to his or her hourly wage, and because the average hourly wage for
26 the Settlement Class is only $12.47, each participating Class Member will receive, on
27 average, more than twice what he or she is owed for each missed meal. (See Oct. 21,
28 2013, Mot. for Final Approval [Docket No. 44] at 15:20–16:9.) Put differently, each

participating Class Member will receive, on average, compensation for over 20 missed meals (= $252 ÷ 12.47) despite the fact that each such individual experienced, on average, only 9 missed meals (= 1,663 "NO LUNCH" workdays ÷ 178 Class Members).[2]

5. According to Mr. Sherwood's new Declaration, since the filing of Plaintiff's final-approval papers, 1 additional timely claim has been submitted, along with a total of 12 late claims, bringing the total number of submitted claims to 386. (Ex. 1 at ¶ 7.) Also according to Mr. Sherwood's new Declaration, of the 386 total claims, 186 were from Class Members who had experienced "NO LUNCH" workdays. (Ex. 1 at ¶ 7.) The total number of "NO LUNCH" workdays across all 186 Class Members is 1,694. (Ex. 1 at ¶ 7.) Assuming that all late claims are honored, the average estimated payment to participating "NO LUNCH" Class Members changes to $241 (= $44,805.74 ÷ 186 Class Members), or $26 per "NO LUNCH" workday (= $44,805.74 ÷ 1,694 "NO LUNCH" workdays

6. As to the remaining $89,624.92 portion of the Net Settlement Fund (*i.e.*, that portion of the Net Settlement Fund to be distributed *pro rata* to participating Class Members in satisfaction of Plaintiff's non-meal-period claims), assuming that all late claims are honored, the average estimated payment comes to $232 (= 89,624.92 ÷ 386 Class Members). As explained in Plaintiff's final-approval papers, this amount will be paid to each Class Member on top of whatever amounts he or she may receive for Plaintiff's "NO LUNCH" claim. (Oct. 21, 2013, Mot. for Final Approval [Docket No. 44] at 16:16–17.)

/ / / / /

---

[2] This exceeds the amount calculated in Plaintiff's Memorandum filed in response to the one and only objection submitted to the settlement. (See Nov. 8, 2013, Pl.'s Mem. of P. & A. in Resp. to Objection to Proposed Settlement [Docket No. 48] at 15:4–8 (estimating that Class Members would receive compensation for 18 missed meals, based on the figures supplied in Mr. Sherwood's earlier-filed Declaration).)

I have read the foregoing, and the facts set forth therein are true and correct of my own personal knowledge.  Executed November 14, 2013, in the County of Los Angeles, State of California.

              /s/ *David Zelenski*
              David Zelenski