Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
4771 Cromwell Avenue
Los Angeles, California 90027
Telephone:  (323) 962-3777
Facsimile:  (323) 962-3004
aharris@harrisandruble.com
dzelenski@harrisandruble.com

John P. Dorigan (SBN 98964)
LAW OFFICES OF JOHN P. DORIGAN
78-560 Via Bolero
La Quinta, California 92253
Telephone:  (760) 564-3804
Facsimile:  (760) 564-3807
jpdorigan@aol.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE McDONALD, individually and on behalf of all others similarly situated, | Case No. EDCV 11-01946 VAP (SPx) |
| Plaintiff, | **JUDGMENT OF DISMISSAL** |
| v. | *Assigned to Hon. Virginia A. Phillips* |
| AIRPORT TERMINAL SERVICES, INC., and DOES 1–100, inclusive, | Date:  November 18, 2013<br>Time:  2:00 p.m.<br>Courtroom:  2 |
| Defendants. | |

1

On July 16, 2013, this Court preliminarily approved the Settlement Agreement and General Release ("Settlement Agreement") reached in the within action between Plaintiff Collette McDonald, on behalf of herself and all others similarly situated, and Defendant Airport Terminal Services, Inc.[1]  In connection with the Order granting preliminary approval, the Court conditionally certified the Settlement Class defined in the Settlement Agreement, namely, all non-exempt employees who were employed by Defendant within California from November 2, 2007, to July 16, 2013.  Plaintiff has now moved the Court for final approval of the Settlement Agreement, as well as for an award of fees and costs associated with prosecuting and settling the Lawsuit.  Having read and considered the unopposed moving papers, having conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e), having issued an Order granting final approval [Docket No. 52], and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.     The following Class is certified under Federal Rule of Civil Procedure 23(c): All members of the Settlement Class preliminarily approved on July 16, 2013, who did not properly and timely request exclusion pursuant to the procedures specified in the Settlement Agreement.  As explained in the Order granting final approval, the Settlement Class meets the four requirements of Rule 23(a) and the predominance requirement of Rule 23(b).

2.     As also explained in the Order granting final approval, the Settlement Agreement is fair, reasonable, and adequate to the Class when balanced against the probable outcome of extensive and costly litigation.  Substantial informal discovery, investigation, and research have been conducted such that the Parties' respective counsel have been reasonably able to evaluate their respective positions.  The Settlement Agreement was the result of intensive, non-collusive, arm's length negotiations,

---

[1] Unless otherwise noted, capitalized terms herein have the meanings used in the Settlement Agreement, attached as Exhibit 1 to the October 21, 2013, Declaration of Alan Harris [Docket No. 45].

including private mediation before an experienced wage-and-hour mediator; thorough factual and legal investigation; and the good-faith exchange of information and documents.  The Court has considered the nature of Plaintiff's claims, the amounts and kinds of benefits to be paid under the Settlement Agreement, the allocation of the settlement proceeds to the Class, and the fact that the Settlement Agreement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  The Court further finds that the response of the Class to the terms of the Settlement Agreement supports final approval.  Specifically, of the 1,238 individuals in the Settlement Class, 374 individuals submitted timely claims, and an additional 12 individuals submitted untimely claims through November 14, 2013, equal to 31% of the Settlement Class.  This is within the response range of other approved class-wide settlements.  In addition, only one member of the Settlement Class submitted an objection, and only sixteen members validly requested exclusion.  The absence of a large number of objectors and opt-outs raises a strong presumption that the Settlement Agreement's terms are favorable.  As to the lone objection—which takes issue with the amount of attorney's fees and costs—it was never actually filed pursuant to the procedures set forth in the Settlement Agreement and therefore is not properly before the Court.  In any event, even if it were before the Court, it lacks merit and would be overruled based on the Court's conclusions regarding the reasonableness of the claimed fees and costs, as discussed below in paragraph 8 of this Judgment.  The Settlement Agreement thus merits final approval under Federal Rule of Civil Procedure 23(e).

3.     As explained in the Order granting final approval, the form, manner, and content of the Class Notice delivered to the Settlement Class constituted the best notice practicable under the circumstances.  Individual notice was provided to all members of the Settlement Class by regular mail to their respective last-known addresses on file with Defendant, as updated by the Claims Administrator through the National Change of Address database.  The Claims Administrator took further steps to provide the Class Notice, claim form, and exclusion-request form to the Settlement Class by performing a

skip-trace on all returned-undeliverable mail.  The Class Notice informed members of the Settlement Class of the terms of the Settlement Agreement, their right to object to the Settlement Agreement or to request exclusion, and their right to appear in person or by counsel at the final-approval hearing.  The Class Notice provided ample time for members of the Settlement Class to follow these procedures.  Accordingly, the form, manner, and content of the Class Notice meet the requirements of Federal Rule of Civil Procedure 23(c)(2).

4.      This Judgment applies to all claims or causes of action settled or released under the terms of the Settlement Agreement, and shall be fully binding with respect to all Class Members.  In other words, Class Members are hereby barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any and all claims released as provided in the Settlement Agreement.  All of the released claims shall be conclusively deemed released and discharged as to the Released Parties as provided in the Settlement Agreement.

5.      This Judgment shall have the force and effect of res judicata as to each Class Member.

6.      All claims asserted by Plaintiff in the Lawsuit are hereby dismissed with prejudice.

7.      All payments to Class Members, Class Counsel, and the Claims Administrator shall be disbursed pursuant to the terms of the Settlement Agreement. Class Counsel have requested, and Defendant does not oppose, that the twelve above-noted untimely submitted claims be honored.  In the interests of fairness and justice, the Court finds that those claims shall be treated as if they were timely.  Payments for Class Counsel's fees and costs, on the one hand, and the Claims Administrator's fees and costs, on the other hand, shall be made in the amounts specified below in paragraphs 8 and 9.

8.      Harris & Ruble and the Law Offices of John P. Dorigan are qualified to represent the Class, and the Court confirms their appointment as Class Counsel.  Class Counsel have requested attorney's fees in the amount of $82,500.00 and reimbursement

of incurred costs in the amount of $8,069.34.  As explained in the Order granting final approval, the Court finds the requested amounts are fair and reasonable in light of the time and effort expended by Class Counsel in prosecuting the Lawsuit, which time and effort benefitted the Class, and in light of the settlement awards each Class Member will receive.  Specifically, Class Counsel's requested fee is significantly below their submitted lodestar, as computed using the adjusted *Laffey* matrix.  Moreover, even when Class Counsel's fees and costs are awarded as requested, the Court finds Class Members will be reasonably compensated for missed meals under Plaintiff's theory of the case, and each participating Class Member will be reasonably compensated with an additional pre-tax award of $232 for Plaintiff's alleged non-meal-period and derivative claims.  Accordingly, the requested fees and costs are granted pursuant to Federal Rule of Civil Procedure 23(h).

9.    As explained in the Order granting final approval, the Court approves the payment of settlement-administration fees and expenses to the Claims Administrator—Gilardi & Co., LLC—in the amount of $20,000.

10.    As also explained in the Order granting final approval, the Court finds that it is appropriate to grant an enhancement payment in the amount of $2,000 to Plaintiff in recognition of her contributions to the Lawsuit and her services to the Class.  This payment shall be made pursuant to the procedures specified in the Settlement Agreement.

11.    Without affecting the finality of this Judgment in any way, the Court hereby retains jurisdiction over the parties, including the Class, for the purpose of construing, enforcing, and administering this Judgment, as well as the Settlement Agreement itself. This Judgment shall constitute a final judgment for purposes of Federal Rule of Civil Procedure 58.

/ / / / /

12.     This case is hereby **DISMISSED WITH PREJUDICE**, with all parties to bear their own fees and costs except as set forth herein.

**IT IS SO ORDERED.**

Dated:  _December 03, 2013_

_____

U.S. District Court Judge

[PROPOSED] J. OF DISMISSAL

Submitted Pursuant to Central District of California Local Rule 5-4.4 by:


HARRIS & RUBLE

    /s/ *David Zelenski*

David Zelenski
Alan Harris
*Attorneys for Plaintiff*


Endorsed Pursuant to Central District of California Local Rule 52-8 by:


SEYFARTH SHAW LLP

    /s/ *Simon Yang*

Aaron R. Lubeley
Simon L. Yang
*Attorneys for Defendant*

[PROPOSED] J. OF DISMISSAL